FILED

JUN - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

Vyron Wheeler 10989-007

U.S.P.-Hazelton

~~Post Office Box 2000~~

Bruceton Mills West V.A. 26525
<small>(Full name of plaintiff(s))</small>

    vs

U.S. Dept of Justice, (EOUSA)
Executive Office of the United States Attorney's
~~Criminal Division 600 E. St N.W.~~ Suite 7300
~~Washington D.C.~~ D.C. 20530   (et. al)
<small>(Full name of defendant(s))</small>

CASE NUMBER   1:05CV01133

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 06/**7**/2005

<small>(Supplied by clerk)</small>

Ca

## COMPLAINT UNDER THE CIVIL RIGHTS ACT,
### ~~TITLE 42 U.S.C. §1983~~   *FOIA*

I.   PLACE OF PRESENT CONFINEMENT:

United States Penitentiary, Hazelton West Virginia.

II.   PARTIES:
    A.   Your name (Plaintiff(s)):
      Mr. Vyron Wheeler

    B.   Your address:
U.S.P. Hazelton P.O. Box 2000 Bruceton Mills West Virginia 26525

    C.   Defendant (name):
U.S. Dept of Justice, Executive Office of the U.S. Attorneys, Criminal Div.
                                    (et. al)

    is employed as:

      at 600 E. St N.W. Suite 7300 Washington D.C. 20530

RECEIVED

JUN - 7 2005

NANCY MAYER WHITTINGTON, CLERK

(D.DC 2005)

(42 USC §1983 Complaint)

1/

D.    Additional defendants (names and positions):

III.    STATEMENT OF CLAIM (Follow instructions carefully)

State as briefly as possible the essential facts of your case. Tell what each defendant did to you that caused you to file this suit against the defendant. If you are complaining about more than one wrong, use a separate numbered paragraph for each wrong, and describe each wrong in that paragraph. State only the facts. Do not include legal arguments.

Begin statement of claim:    -- Background and Exhaustion of Remedies----

On April 24,2004 plaintiff requested records from the Department of Justice (D.O.J.) Criminal Division, pertaining to his criminal case F1386-96. He generally sought records possessed by the United States Attorney's Office. The request was mailed the "Mail Referral Unit/ Justice Management Division of the D.O.J., dated May 4th,2004. In its initial response, the Justice Management Division, informed plaintiff that, what he sought was "Third Party Information" and directed him to complete a Certification idenity form. see ex 2 May 28, 2004. Declaration of Director Ronald L. Deacon. Plaintiff complied with request and submitted his FOIA request and Certification to the D.O.J./ United States Attorney's Office 600 E. St. N.W. Washington D.C. Suite 700, on June 24, 2004 see ex. 1 . This request went unanswered within the specified time of the F.O.I.A. so Plaintiff

III. STATEMENT OF CLAIM CONTINUED.

On July 21, 2004 resubmitted another identical request see ex 3P

On July 26,2004 (in its initial response) the Executive Office

for the U.S. Attorney's Office (EOUSA), notified plaintiff of

receipt of his FOIA request and assigned request No. 04-2424.

In (EOUSA's) response they noted," Your request for accounting

is denied, because U.S. Attorney criminal case files are exempt

from the accounting provision of 5USC§552c(1) by virtue of 5USC

§ 552a(j) &(k)" see ex 4 Declaration of Marie A O'Rourke. page 2.

Plaintiff then filed an Administrative Appeal on Sept 15. 04

informing the Office Of Information Privacy that his criminal case

was closed/final as of April 27, 04 see ex 15. (Denial of D.C.

Appeals Court), that there was no ongoing investigation which won

would preclude disclosure of document. see ex 5  page(2) ¶ 22.

    Plaintiff also mentioned that his request was upheld by

the U.S. Supreme Court in cases like Bagley v United States

105 S.Ct. 3373(1985).  see ex 5  pg  5 ¶ 6&7 .

    On Sept 16, 2004 (EOUSA) informed Plaintiff that his request

was being processed in a "first in first out" policy( Declaration

of Marie O'Rourke) see ex 6 .)Nov. 3, 04)

    On Nov. 3, 04 the Office of Information Privacy contacted

Plaintiff and informed him that,"they were waiting for his initial

request to be filled and if he still did not receive the information

mation,"[that (EOUSA) had previously denied plaintiff] they would open a New Appeal. see Declaration of Richard L. Huffex see ex 7 . ¶ 10 Special Note[EOUSA, notified plaintiff July 26, 04 he would receive part of his request in 9 months, Plaintiff has nothing.]

On Nov. 15,04 Plaintiff filed a more "Specified FOIA Request" to (EOUSA) see ex 8 . This request "only" requested," the information, records with dollar amounts of all witnesses, standby witnesses, including expert witnesses, friends, relatives who were paid with Government payment vouchers in plaintiffs case F-1386-96. United States v Vyron Wheeler (plaintiff), this request was made in Good Faith and Respect to all parties, the FOIA/PA Act's. Plaintiff specifically requested on page 3 ¶ 24 see exhibit 8 , that," If it should be determined that any material be deemed "Confidential" due to identiy of source, the permission is Granted to agency to "delete" "source" identification "only" from material for release. see Declaration of plaintiff ex 8 pg 3 and 4. see every F.O.I. request filed since April 24,04 pg 3&4.

On December 21,04 (EOUSA) assigned request no 4r4515 to this more specified request and labled it Third party (witness payments) see ex 9 . The office of (EOUSA) notified plaintiff that the records sought are generally exempt from disclosure pursuant (b)(6) and (b) (7)(C) of the FOIA §§552. see ex 9 ¶ 15 . Further (EOUSA) informed

plaintiff that, "We have not performed a search for records and

you must not assume that records concerning third part exist."

see ex 9  ¶18   Declaration of Marie A. O'Rouke. This reply also

directed plaintiff that he may appeal to the Office of Information

Privacy see ex 9 pg. 2, inwhich plaintiff filed am Appeal to on

January 28,2005 and this instant Civil Action FOIA/PA commences

after nonproduction of documents sought in plaintiffs January 28,

2005 administrative appeal, and the April 24.84 + July 21.84 request filed.

    Plaintiff notes that his FOIA/PA request filed  Nov. 15,04

(Inwhich this action commences from nonproduction of documents)

was made to protect unwarranted invasion of privacy, to protect

third party information and confidentiality of private persons.

This is the common goal of every statute cited by (EOUSA).

Exemption (6) of the Privacy Act Unwarranted invasion.

Exemption (b)(7)(c) and Third Party information all have one

common Goal. to protect private personal information see ex 10

pg(1). Plaintiff noted in his request that he sought material

pursuant 28CFR§16.45(a)," Disclosure of deleted material segrable

portions which are exempt", may be disclosed. see Ex 10 pg 2  ¶ 8.

Further Plaintiff specifically respected the Privacy Acts Central

provision 552a(d)(1) which is to gain access to agency records

to review all or any portion thereof in a form comprehensible to him. Id ex **10** Pg **2** (bottom of page). (**The Privacy Acts Central Provision).** Plaintiff requested by example of presenting a method of **Blocking out** any personal source identifying information see ex **10** pg **6&7.** This was the same language that plaintiff presented in his more specified request( inwhich this appeal commenced). see FOIA request Nov. 15 2004 ex **8** .

Since the filing of plantiffs January 28,05 FOIA Administrative Appeal, the Office of Information and Privacy has notified plaintiff

that his appeal has been received see declaration of Priscilla Jones ex **11** (Feb 14,05) Plaintiff wrote a letter of concernion April 1,05 because of no responsive decision letter was received on April 6,05. On April 7,05 the Office of Information and Privacy informed plaintiff," Your appeal has been assigned to a

member of our staff for processing. The delay in adjudicating appeals under FOIA is primary caused by large volumes of appeals. ...we anticipate that the delay will extend at least for several weeks." see ex **12** ¶§ **8.**

Petitioner charges, he have been filing for information under FOIA/PA for over a year from (EOUSA) and have not received any- thing. (EOUSA) have been evasive in complying with the nature of

(D.DC 2005)

the FOIA/PA Act's Central Provision.

"to gain access to agency records" by there continued prolonging and technique.

Plaintiff hold (EOUSA) in violation of:

Noncompliance and failure to allow plaintiff access to records contained in his criminal case F1386-96 Vyron Wheeler v United States of America upon plaintiff's request pursuant the Freedom of Information/ Privacy Act violation of Title 5 U.S.C 552a(d)(1). which states inpart," Upon request to gain information pertaining to him.... permit him to gain access to... all or any portion thereof." & 552(a)(3)(B)," agency shall provide the record in any form...".

Pursuant to title 5 USC 552a (g)(3)(B) this action is brought under 42 USC 1983 to gain civil relief, under the Privacy Act Pursuant to 5U.S.C. 552 (a)(4)(B) this action is brought under 42 U.S.C. 1983 to gain civil relief under the Freedom of Information Act.

IV.    RELIEF YOU REQUEST

State exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. DO NOT USE THIS SPACE TO STATE THE FACTS OF YOUR CLAIM. USE IT ONLY TO REQUEST REMEDIES FOR THE INJURIES YOU COMPLAIN ABOUT.

Pursuant to 552(a)(3)(B) plaintiff seek's attorney fees and other litigation cost against defendant ( including the $150.00 filing fee for this action but not limited to), under 552(a)(4)(E) Also (Any coping cost, search fee's, Mailing fee's, etc Associated with cost). Pursuant to 552a(g)(3)(A) plaintiff request the Honorable Court to Order production of the sought records. In his July & April F.O.I. request also in the more specified request submitted on Nov 15 04 inwhich plaintiff requested witness payment vouchers. Plaintiff provides exclusive example of how production can easily be accomplished in that request see Exhibit 10 on pages 6&7 of Administrative Appeal. *Plaintiff notes again "My Primary concern is securing records requested in my November 15,04 FOIA request and the January 28,05 Administrative Appeal." but (ESOUSA) hasn,t filled it's July 26,04 obligation," You may expect processing of your request may take 9 mo. see Declaration of Marie A O'Rourke. exhibit 4 pg. 1 ¶ 12. This is Bad Faith. Pursuant to 552a(g)(3)(b) plaintiff also seek attorney fees under the privacy act.; and other litigation and production fees against defendants. (coping, mailing, search fee, etc.) Plaintiff also request that no extention's be Granted for additional filing time that are outside the ream of the purpose of the FOI/PA ACT.

(D.DC 2005)

(42 USC §1983 Complaint)

V.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court relating to the same occurrence involved in this action.

[ ]YES                    [x]NO

1.    Parties to previous lawsuit:
Plaintiff(s):_____

_____

Defendant(s):_____

_____

B.    In which court was the lawsuit brought. (if in federal court, name the district; if in state court, name the county.):

_____

_____

C.    Docket number (if you know it):_____

D.    Current status of the case (for example: Was the case dismissed? Was it appealed? Is it still pending?):

_____

_____

_____

E.    Approximate date the case was filed:_____

F.    Approximate date of disposition:_____

Complaint signed this _____ day of __May_____, 2005 .

Mr Vyron Wheeler 10989-007

P.O. Box 2000

Bruceton Mills West V.A. 26525

_(Signature of plaintiff(s))_

# A P P E N D E X

AGENCIES:

( )  United States Parole Commission
( )  Federal Bureau of Investigation
( )  Immigration & Naturalization service
( )  Internal Revenue Service
( x)  United States Attorney
( )  Treasury Department
( )  Bureau of Prisons
( )  State Agency
( )  Other: _____

DIRECT RESPONSE TO:

Name:  Mr. Vyron Wheeler

Reg. No.:#  10989-007

Unit:  B1-119

Date:  April 24,04

TO:

United States Attorneys
Office/Dept of Justice
600 E, St N.W. Suite 7300
Washington D.C. 20530
[Freedom of Information]

IDENTIFICATION OF REQUESTER:
NAME:  Vyron Wheeler
ALIAS:  Von
DATE OF BIRTH:  11/14/64
PLACE OF BIRTH: Washington D.C.
F.B.I. NO:  658299FA7
SOC. SEC. NO: 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
OTHER:



RE:  FREEDOM OF INFORMATION ACT
( U.S.C. 552), PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 (6) (C)
(B) (7)), GENERAL ( U.S.C. 552 A
(J) (2)) OR SPECIFIC ( U.S.C.
552 a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. [illegible] F. 2d. 938, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in toto are no longer accorded exempt status unless under the specific exemption noted, and only with present specific citation of authority, Paton... La Prade, 524 F.2d 862, 868-69. (1143 1975).

[ EXHIBIT (1)]                    (1)

Examples of specific request:

1) Any scientific informating finding's maintained by your office as to physical evidence [including but not limited to knife] recovered from the crime scene in case # F1386-96. Any and all report's or Evidentiary findings of fiber and blood sample's received by Evidence Technician, Connie Hickman

2) Any deals, agreement's, inducements or promise's made to any person's, witness's or stand by witness's relating to case # F-1386-96.

3) Any statement's made by any person's, witness's or stand by witness's that is in the possession of the United States Attorney's Office or it's employee's relating to case# F1386-96.

4) Any investigation and/or investigatory reports, obtained by the United State's Attorney's Office relating to case # F1386-96.

5) Final and closing investigation report's as to case# F1386-96.

6) Any and all information, data or reports not otherwise exempt by statute (5U.S.C.(66)(c)(b)(7)).(5U.S.C.52a(j)(2),(k)(2),(k)(2), or law.Tarlton, v. Saxbe,507,F.2d.1116,165 U.S. App.D.C. 293 (1974), Menard v Saxbe, 498 F2d.1017, 162 U.S. App. D.C. 284(1974). Sullivan v Murphy, 478 F.2d. 938, 156 U.S. App. D.C. 28(1973). Your office is advised that the investigation reports in toto are no longer accorded exempt status unless the specific exemption noted and only with reference to specific citation of authority, Paton, 524 F.2d.862,68-69

7). The information, records with dollar amounts of all witnesses
including expert witnesses, friends, relatives, and standby
witnesses who were paid with Government vouchers in case No.
F1386-96. (Government duty to disclose continues see Mesorash
v U.S. 352 US1 (1959).

8). All  information and records relating to any social visits by
--- the U.S. Attorneys Office to any witness incarcerated or
otherwise, than visits that took place in normal course of
prison or jail operations.
For instance all information regarding social visits that took
place at the office of the U.S. Attorneys Office, the Superior
Court as to any witness or standby witness relating to case F
F1386-96.

9). I further request if you withhold requested material that I
be provided a (Vaughn Index see Vaughn v Rosen, 484 F2d 820
D.C.Cir 1973) together with justification for the denial of
each item which is withheld.

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department, as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.). *Sent by JMO*

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations. and the date as to when your Agency will be able to act upon request.

Yours truly,

*Vyron Wheeler*

Dated: *Apr 24th 2004*

*Mr Vyron Wheeler #10989-007*
*United States Penitentiary*
*Box 150160*
*Atlanta GA., 30315*

Note[BACK OF PAGE]                    (4)



**U.S. Department of Justice**

---

*Washington, D.C. 20530*

MAY 2 8 2004

Vyron Wheeler
Reg. No. 10989-007
U.S.P. - Atlanta
P.O. Box 150160
Atlanta, GA   30315

Dear Mr. Wheeler:

This is in response to your request, Certified Number 7002 0510 0003 6810 1066, dated April 24, 2004. Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ). Federal agencies are required to respond to a FOIA request within twenty business days. This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought.

While Privacy Act requests are processed under both the FOIA/PA to assure the fullest possible disclosure, access to records relating to an individual is governed by the Privacy Act. Therefore, the DOJ cannot process your request until Privacy Act requirements are met.

The DOJ must verify the identity of the person who is the subject of the records being requested. This verification is necessary to protect the individual's privacy and is required by Title 28, Code of Federal Regulations, Section 16.41(d)(2). Please send the enclosed Certification of Identity, Form DOJ-361, with a request for records directly to the component(s) you have selected at the address(es) shown on the enclosed "List of Department of Justice Components, Functions and Records Maintained." Please note that your signature is required.

Also, per your request we are sending you a copy of the "United States Department of Justice Title 28, CFR 16."

Sincerely,

*Ronald Deacon*

Ronald L. Deacon, Director
Facilities and Administrative
    Service Staff
Justice Management Division

Enclosures
Certification of Identity
List of Department of Justice Components,
    Functions and Records Maintained
Title 28, CFR 16
Incoming Letter

05 1133

**FILED**

JUN - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

[Exhibit(2)]

<u>Freedom of Information Request</u>

To:United States Attorneys
    Office/Dept of Justice
    600 E, St N.W. Suite 7300
    Washington D.C. 20530

    [Freedom of Infromation]

From:Mr Vyron Wheeler
    Fed Reg#10989007
    U.S.P. Atl
    Box 150160
    Atlanta G.A. 30315

Dear Sir/Madam

    I resubmit my FOI Request received by your office on June 21,

2004. see att. of cert ret/rec#7002 0510 0003 6810 1196. I write

to notify you that your office has failed to respond with in the

time prescribed 552a,(d) Access to records sec(1) and 552a(2)(A)

not later than 10 days .This information is time sensitive  delays are

crucial.

    I respectfully request my F.O.I. request to be filled. Please be

advised that any refusal to comply with this request will lead

to a law suit. If you continue to withhold such material requested

I seek a (Vaughn Index see Vaughn v Rosen, 484 F2d 820 D.C. Cirl973).

together with justification for the denial of each item which is

still withheld.

                                     Respectfully Submitted

                                      Mr. Vyron Wheeler
                                      Fed Reg# 10989007
                                      U.S.P. Atl
                                      Box 150160
                                      Atlanta G.A. 30315
                                      Unit B1-119
                                      Date July 21,2004

                                      **05 1133**

                                      **FILED**

                                      JUN - 7 2005

[EXHIBIT(3)]             cover                        NANCY MAYER WHITTINGTON, CLERK
                                                        U.S. DISTRICT COURT

U.S. Department of Justice

## Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  **Mr. Vyron Wheeler**

Citizenship Status [2]  **United States**    Social Security Number [3]  **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**

Current Address  **United States Penitentiary Box150160 Atlanta G.A. 30315**

Date of Birth  **11-14-1964**    Place of Birth  **Washington D.C.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _Vyron Wheeler_    Date  **July 21,2004**

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**The United States Attorneys Office Freedom of Information Section**

### Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 2/29/04

FORM DOJ-361
APR.01

AGENCIES:
(   )   United States Parole Commission
(   )   Federal Bureau of Investigation
(   )   Immigration & Naturalization service
(   )   Internal Revenue Service
( x )   United States Attorney
(   )   Treasury Department
(   )   Bureau of Prisons
(   )   State Agency
(   )   Other: _____

DIRECT RESPONSE TO:

Name:   Mr. Vyron Wheeler

Reg. No.:#   10989-007

Unit:   B1-119

Date:   July 21,2004

TO:

    United States Attorneys
    Office/Dept of Justice
    600 E, St N.W. Suite 7300
    Washington D.C. 20530
    **[Freedom of Information]**

IDENTIFICATION OF REQUESTER:
NAME:   Vyron Wheeler
ALIAS:   Von
DATE OF BIRTH:   11/14/64
PLACE OF BIRTH:   Washington D.C.
F.B.I. NO:   658299FA7
SOC. SEC. NO: 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
OTHER:



RE:    FREEDOM OF INFORMATION ACT
( U.S.C. 552), PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 (6) (C)
(B) (7)), GENERAL ( U.S.C. 552 A
(J) (2)) OR SPECIFIC ( U.S.C.
552 a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F. 2d. 938, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in total are no longer accorded exempt status unless under the specific exemption noted, and only with reference to specific citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975).

Examples of specific request:

1) Any scientific informating finding's maintained by your office as to physical evidence [including but not limited to knife] recovered from the crime scene in case # F1386-96. Any and all report's or Evidentiary findings of fiber and blood sample's received by Evidence Technician, Connie Hickman

2) Any deals, agreement's, inducements or promise's made to any person's, witness's or stand by witness's relating to case # F-1386-96.

3) Any statement's made by any person's, witness's or stand by witness's that is in the possession of the United States Attorney's Office or it's employee's relating to case# F1386-96.

4) Any investigation and/or investigatory reports, obtained by the United State's Attorney's Office relating to case # F1386-96.

5) Final and closing investigation report's as to case# F1386-96.

6) Any and all information, data or reports not otherwise exempt by statute (5U.S.C.(66)(c)(b)(7)).(5U.S.C.52a(j)(2),(k)(2),(k)(2), or law.Tarlton, v. Saxbe,507,F.2d.1116,165 U.S. App.D.C. 293 (1974), Menard v Saxbe, 498 F2d.1017, 162 U.S. App. D.C. 284(1974). Sullivan v Murphy, 478 F.2d. 938, 156 U.S. App. D.C. 28(1973). Your office is advised that the investigation reports in toto are no longer accorded exempt status unless the specific exemption noted and only with reference to specific citation of authority, Paton, 524 F.2d.862,68-69

2C

7). The information, records with dollar amounts of all witnesses
including expert witnesses, friends, relatives, and standby
witnesses who were paid with Government vouchers in case No.
F1386-96. (Government duty to disclose continues see Mesorash
v U.S. 352 US1 (1959).

8). All information and records relating to any social visits by
--- the U.S. Attorneys Office to any witness incarcerated or
otherwise, than visits that took place in normal course of
prison or jail operations.
For instance all information regarding social visits that took
place at the office of the U.S. Attorneys Office, the Superior
Court as to any witness or standby witness relating to case F
F1386-96.

9). I further request if you withhold requested material that I
be provided a (Vaughn Index see Vaughn v Rosen, 484 F2d 820
D.C.Cir 1973) together with justification for the denial of
each item which is withheld.

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (I), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations, and the date as to when your Agency will be able to act upon request.

Yours truly,

_Vyacm i Deel_

10789 007

Dated:  July 21, 2004

# CERTIFICATE OF SERVICE

I,    Vyron Wheeler                     hereby certify that I have served a true and correct

copy of the following:

> Freedom of Information Request, Request letter stating this
> is my second request wt. exhibits. via/ Certified Return Rec.
> United States mail # 7002 0510 0003 2609 3839

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the
court, *Houston v. Lack* 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or
his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

> The United States Attorneys Office/Dept Of Justice
> 600 E. Street N.W. Washington D.C. Suite 7300
>                  20530

and deposited same in the United States Postal Mail at the United States Penitentiary, Atlanta

Georgia, on this:      21        day of:        July            , 200 4

> **Mr. Vyron Wheeler**
> Fed #10989007
> U.S.P. Atlanta
> Box150160
> Atlanta G.A. 30315
> Unit B1-119

Declaration under penalty of perjury:

I,    Vyron Wheeler                 , hereby declare that the above
information is true and correct to the best of my knowledge. (28USC
§1746;18USC§1621.)

Date:    July 21, 2004


                                    Singature of Affiant



**U.S. Department ? Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: _04- 2434_                                          JUL **26** 2004

Subject:_ Self_

Requester:_ Vyron Wheeler_

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                        Sincerely,                                    **05 1133**

*Marie A. O'Rourke*

                        Marie A. O'Rourke          **FILED**
                        Assistant Director

JUN - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

[EXHIBIT(4)]                                          **(1)**

Privacy Act Request for Accounting of Disclosures

Your request for information concerning yourself includes "boilerplate" language requesting an accounting of all disclosures of our files.

Your request for accounting is denied because United States Attorney criminal case files are exempt from the accounting provisions of 5 U.S.C. § 552c(1) by virtue of 5 U.S.C. §§ 552a(j) and (k).

You may appeal my decision in this matter by a written request received within 60 days of the date of this letter. Appeals should be addressed to:

Office of Information and Privacy
United States Department of Justice
570 Flag Building
Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked Privacy Act Appeal.

If the Office of Information and Privacy affirms my decision, you will have an opportunity to provide us with a statement of disagreement which will then be placed in the file. 28 C.F.R. § 16.46.

(2)

PRIVACY ACT APPEAL 5USC§552,552a

FOI/PA Request No. _____04-2434_____          DATE: _Sept 15,04_

To: Office of Information and Privacy          From: Mr Vyron Wheeler
    United States Department of Justice              Fed# 10989007
    570 Flag Building                                U.S.P/Atlanta
    Washington D.C. 20530                            Atlanta GA-30315


     This is a "Administrative Appeal" under the Freedom of
Information Act, Title 5U.S.C. § 552(a)(6), and pursuant to
28 C.F.R. § 16.8.

     On July 26,2004 I received a letter from, Marie A O'Rourke
Assistant Director for the United States Attorneys Freedom of
Infromation Privacy Act Unit 600 E Street, N.W. Room 7300 Washing-
ton D.C. 20530, denying my request for, the information, records
with dollar amounts of all witnesses, including expert witnesses,
friends, and relatives, and standby witnesses who were paid
with Government vouchers in case No. F1386-96. Government duty
to disclose continues see Mesorash v U.S. 1 (1959). See ex 5

     You should note that your agency has withheld only the
above cited section from this request, without extending the
FOIA provision that specifies that "any reasonable segrable
portion of a record shall be provided to any person requesting
such record after deletion of the protions which are exempt".
I believe that there must be additional protions which do not
fall within the exemption cited.

## Exemptions cited                                    **05 1133**

     Your agency has cited,"Your request for accounting is denied
because United States criminal case files are exempt from the
accounting provision of 5USC § 552c(1) by virtue of 5USC §§
552a(j) and (k)." This exemption does not apply to my request
and files may not be withheld under this provision in my request.

1

**FILED**

JUN - 7 2005

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

[EXHIBIT(5)]               (1)

The exemption cited to withhold my request No.7 fails for
the following. Exemption 5U.S.C.§552c(1) states," Whenever a
request is made which involves access to records described in
subsection (b)(7)(A) see 5U.S.C.§552(b)" "552(b) protects from
disclosure,"records or information complied for law enforcement
purposes" only to the extent that [disclosure] could reasonably
be expected to interfere with enforcement proceedings". (b)(7)(A).
The purpose of this exemption is "to avoid" prejudice to a pro-
spective enforcement action. see Mapother v D.O.J., 3F3d 1533,1541
(DC Cir 1993), Pinkney v Huff et. al. C.V. No. 00-0637 (RCL)(2001).
(Memorandum opinion p.5) also Philadelphia News Inc. v Dept. of
Health and Human Serv., 69 F.Supp.2d 63.67(D.DC 1999)("Exemption
7(A) applies "only to future proceedings in an ongoing investiga-
tion"), compare Manna v US D.O.J. 51 F3d 1158.

As a threshold matter, the responsive records sought pertain
to witness payment vouchers in case no. F1386-96. Now the pro-
secution for Second Degree Murder and weapons charges satify exem-
ption 7's," Law Enforcement requirement", but the Department of
Justice has not satisfied the ,"[any] pending action or enforcement
proceeding", which would show interference with enforcement
proceedings.

## Discussion

My criminal case was affirmed on October 2.2003 inwhich I
filed several motions for rehearing which were finally denied
on April 27,2004 by the D.C. Court of Appeals. This CLOSED my
crimal case.

I first mailed a FOI/PA request to the Mail Referral Service
on April 24,2004 inwhich it was returned and I was informed to
file additional information to the proper office see ex____. I
complied with this request and on June 04 mailed a request to
your agency this request went unanswered so I mailed a second
request on July 21,2004 a response was mailed back to me on July
26,2004 inwhich this action proceeds.

## ARGUMENT PRESENTED

It is undisputed that at the relevant time of your agencys determination the D.C. Court of appeals had ruled to close my criminal case which was April 27,2004. see Bonner v U.S. Dept of State, 928 F.2d 1148,1152-53(D.C. Cir 1991).

Your office cannot aver that release of the disputed FOIA payment vouchers would hamper or interfere with any "Enforcement" proceeding nor jeopardize the Governments ability to present any cases. To answer the second requirement of 7(A) (A pending law enforcement proceeding) the answer is no. see Kansi v US D.O.J. 11F.Supp 2d 2444(D.DC.1998)("Plaintiffs case is still on appeal the potential for interference with witnesses and highly sensitive evidence that drived the 7(A) Exemption...exist at least until plaintffs conviction is final.")(internal citations omitted). This review does not end here however, the Department of Justice must determine if my FOIA request for witness payment voucher. disclosure would interfere with the law enforcement proceeding. if there is any. Your office has chosen to not demonstrate interference nor cite any future interference.

The D.C. Circuit has found such a generic approach satisfactory if the agency(1) defines the categories functionally. (2) conducts a document by document review of responsive records (3) explain how the release of each category would reasonably be expected to interfere with enforcement proceedings see Maydak v Department of Justice 218F3d 762.(A functional category is one that will "allow" the court to tract a rational link between the nature of the document and alledged likely interference. Bevis v Dept of State 801F2d1389 (quoting Crooker v Bureau of Alcohol, Tobacco and Firearms 789F2d64,67(DC.Cir1986)).

## CONCLUSION

The exemption cited by your office is conclusory and provides no explaination as to how release would interfere with enforcement. Also section 552(b) provides that segrable portion of the record may be removed. Agencys and courts are required to differentiate amoung the contents of a document rather than to treat it as an individual "record" for purpose of the Act., when a record is requested, they are permitted to divide the record into parts that are exempt, based on the kind of information contained.

Your office may remove all social security, phone numbers, signatures
and any addresses. I only require what I previously requested in
my former FOIA request see Line no. 7

   This information may fall into "Routine Use" which 552a(4)(7),
(b)(3),(d)(1),(A)(I) authorizes its' use. In section 552a(4) the
term "record" means,"any item, collection or grouping of informat-
ion, about an individual that is maintained by a agency, including,
but not limited to... [financial transactions], that contains his
name or [identifying number], my identifying number on the witness
payment vouchers is **Fl386-96** inwhich I require pursuant Freedom of
Information and Privacy Act 5 **U.S.C.** 552 § 552a."

Subsection 552a(7) Identifies "routine use" as, with respect to
disclosure of a record, not a file, the use of such record for the
purpose which it was collected. Thus, it appears Congress envisioned
"routine use disclosure," as complying with the general rule rather
that being exempt from those general rules. see Fattah v Bureau of
Alcohol, Tabaco & Firearms,328 F.3d 176(4thCir 2003). Thus the
General Rule is Public Disclosure, furthermore, even if this request
does not fall within the meaning of "routine ues".**citizens & Tax-
payers have a right to inspect public records to advance or further
a ligitimate private interest or a wholesome public intrest such
as to ascertain whether public money is beig properly expended
see 190 F2d 760 (1st Cir) also Voice of St. Matthews Inc., 519
S.W.2d 811 (Ky1974).**, or to bring to the attention of the public.
irregularities in the office in which the documents are filed, to
the end that such irregularities may be cured by proper public
action, either legislative or judicial. Clement v Graham 18 Vt.
290, 63 A 146 (1906).

   It has come to my attention that pursuant to 28USC 1821, &
D.C. Code 15-714, witnesses are allowed to receive $40.00 per day
for attendance in court. I wish to check the records in my Case
Fl386-96 United States v Vyron Wheeler to ascertain whether public
money was properly expended. This request is compatible with the
purpose for which the information was collected.

(4)

Case law in support of this request

Now, even if disclosure does not fall within the stated disclosure will have no adverse effect because my case as cited is final and closed, and witnesses names were proviede to me under brady disclosure inwhich no confidentially order was ever issued. see Hoyle v United States Cr 92-284(D.DC).

My request has been upheld by the Supreme Court in cases' such as  United States v Bagley 105 S.Ct 3375(1985). In Bagley two principal Government witnesses testified about firearms and narcotics charges, and the court found respondent guilty. Subsequently, in response to request made pursuant to the Freedom of Information Act and Privacy Act, respondent received copies of ATF contracts singed by the principal Government witnesses' during the undercover investigation and stating that the Government would pay money to the witnesses commensurate with the information furnished. Id at 3376. My FOIA request, line 7#2 see enclosed ex." seeks exactly what the courts uphold. If your agency does not possess this material ,I request that you direct me to the division which may most likely possess responsive records.

If your division possess such responsive records, But continue to withhold said request, I ask that a Vaughn Index see Vaughn v Rosen, 484 F.2d820(D.C. CIR1973) together with the jurisdiction for the denial of each item which is still withheld.

I expect a reply within the twenty working day time limit pursuant to title 5 U.S.C §552(6)(A)(ii). Please be advised that refusal to comply with the FOI/PA request will lead to a civil action.

Sincerly

Mr Vyron Wheeler
10989-007
USP/ATL
Box 150160
601 McDonough Blvd., SE
Atlanta G.A. 30315
September 15,04

# CERTIFICATE OF SERVICE

I, ___Vyron Wheeler 10989007___ hereby certify that I have served a true and correct copy of the following:

> Freedom of Information/Privacy Act Appeal 5USC 552§552a
> No. 04-2434
> wt. Exhibits 1-5

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, *Houston v. Lack* 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

> Office of Information and Privacy
> United States Department of Justice
> 570 Flag Building
> Washington D.C. 20530

and deposited same in the United States Postal Mail at the United States Penitentiary, Atlanta Georgia, on this: ___15th___ day of: ___September___, 200 4

Certified Reciept No. 7002 0510 0003 6810 1103

_Vyron Wheeler_
U.S.P./Atlanta
Box 150160
601 McDonough Blvd, SE
Atlanta GA 30315

Declaration under penalty of perjury: #10989007

I, ___Vyron Wheeler___, hereby declare that the above information is true and correct to the best of my knowledge. (28USC §1746;18USC§1621.)

Date: ___Sept 15, 04___

_Vyron Wheeler_
**Singature of Affiant**



**U.S. Departme. of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

SEP 16 2004

Requester: Vyron Wheeler _____ Request Number: 04-2434

Subject of Request: Self

Dear Requester:

This is in response to your recent letter/telephone call regarding the status of your pending Freedom of Information Act/Privacy Act request.

Due to the large number of requests received by the Executive Office for United States Attorneys and the limited resources available to process such requests, this office has been unable to process your request as of this date.

In order to process all requests as equitably as possible, this office has adopted a "first-in-first-out" policy of processing all incoming requests.  This policy complies with the decision in <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976) and is applied consistently by this office.  Your request is being handled as equitably as possible and all records which can be released will be made available at the earliest possible date.

You may appeal my decision in this matter by writing within sixty (60) days to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your **05 1133** principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

**FILED**

Marie a. O'Rourke  JUN - 7 2005

Marie O'Rourke
Assistant Director  **NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT**

Form No. 013 - 6/02

[EXHIBIT(6)]

(1)

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

NOV - 3 2004

Mr. Vyron Wheeler
Register No. 10989-007
United States Penitentiary
P.O. Box 150160
Atlanta, GA 30315

     Re:  Request No. 04-2434

Dear Mr. Wheeler:

     This responds to your letter dated September 15, 2004, in which you sought to appeal from the failure of the Executive Office for United States Attorneys to respond to your request for access to records.

     I have notified the EOUSA of your communication. It is my understanding that the EOUSA is still processing your request. Although the Act authorizes you to treat the failure of the EOUSA to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the EOUSA. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the EOUSA completes its action on this particular request if any of the material is denied. We will then open a new appeal and review the EOUSA's substantive action on your request.

     In the event that the EOUSA still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

                 Sincerely,

                 Richard L. Huff
                 Co-Director

05 1133

RLH:PAJ:CIH

[EXHIBIT(7)]

**FILED**

JUN - 7 2005

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

A G E N C Y

Direct Response To:

United States Attorney's
Freedom of Information
and Privacy Unit
600 E Street, N.W.
Washington D.C. Room 7300
20530

From: Mr Vyron Wheeler
Fed# 10989-007
U.S.P/Atlanta
601 McDonough Blvd.,
S.E. Atlanta GOA1 30315

Marie A O'Rourke
Assistant Director

RE: Freedom of Information Act
5U.S.C 552, Privacy Act
5U.S.C 552a(d)(1) Request:
Exemptions 5U.S.C 552(b)(c)(1)(b)(7),
General U.S.C. 552a(K)(2), 552a(J)(2)
Not Applicable to this request

IDENTIFICATION OF REQUESTOR:



Name: Vyron Wheeler
Alais: Von, Vaughn
Soc.: 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

Dear Sir/Madam

I request disclosure and release of all available records
and/or data, contained in this request, contained in the files
of your agency. Your agency should be advised that, my criminal
case has been closed since April 27,2004 by the D.C. Superior
Court of Appeals (see Kansi v U.S. Dept of Justice 11 F. App
2d 2444 (D.D.C. 1998) ("Plaintiffs case is still on appeal, the
potential for interference with witnesses and highly sensitive
evidence... exist at least until plaintiffs conviction is final
at the close of the Appellate process.") internal cit
omitted). compare Maydak v Dept of Justice 218 F3d 762.

**05-1133**

**FILED**

JUN - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I). There has never been confidentiality orders issued in
that pertains to related case No.F1386-96 United States vs
Vyron Wheeler and disclosure of the requested material will
have no adverse effect. see Hoyle Cr. 92-284(D.DC. 2004)

[EXHIBIT(8)]                    (1)

(II). This request is to ascertain whether public money was properly expended in MY criminal case F1386-96 United States vs Vyron Wheeler pursuant to 28 U.S.C.§ 1821 & DC Code 15-714. (witnesses recieve $40.00 per day for attendance in court).

(III). I wish to check witnesses payment vouchers in accordance to the provision of FOIA/PA which cites records as," any item, collection or grouping if information, about an individual that is maintained by a agency, including, but not limited to... financial transactions, that contain his name or identifying No",. Requestors Identifying No. on requested payment vouchers is **F1386-96 United States vs Vyron Wheeler.**

(IV). This request has been upheld in cases like United States vs. Bagley 105 S.Ct. 3375 (1985) In which pursuant FOI/PA request respondent recieved copies of "ATF" contracts signed by the principal Government witnesses commensurate with the information furnished. Id at 3376.

(V). Your office should be advised," A party may in Good Faith, file with the same agency successive request for identical public records and thereafter appeal within thirty days of the denial of any portion of a particular request". see "Freedom of Information Acts 57A AM JUR 2d § 446" Board of Education v F.O.I. Comm. 545 A2d 1064. Requestor files this request in good faith to notify your agency that his criminal appeal is closed and his case is final as of April 27, 2004.

The following is a **specified request**, please be advised, if your agency withholds any part of this request, provide Jurisdiction for such action. I await a response pursuant to 5USC § 552(6)(A)(i), within TEN Days after reciept, excluding Sat, Sun & Holidays.

I Further agree to pay any reasonable cost, or file In Forma Pauper's, for search and copying of material over $100.00 in cost,.

(2)

This request consist of:

**1)** The information, records with dollar amounts of **all** witnesses, including expert witnesses, friends, relatives of and standby witnesses who were paid with Government payment vouchers in case No. F1386-96 United States vs Vyron Wheeler.

## conclusion

Requestor notes with clarity the following exemptions do not apply to this request;

Exemption 5U.S.C § 552c(1) " Whenever a request is made which involves access to records described in subsection (b)(7)(A) see 5U.S.C. § 552(b)". Section 552(b) "protects from disclosure, "records on information complied for law enforcement purposes" [only to the extent that [disclosure] could reasonably be expected to interfere with enforcement proceedings]". (b)(7)(A) The purpose is "to avoid" prejudice to a prospective enforcement action. see Mapother v D.O.J., 3F3d 1533, 1541 (DC Cir 1993), Pinkney v Huff et. al. C.V. No. 00-0637 (RCL)(2001) also see Philadelphia News Inc. v Dept of Health & Human Service., 96 F.Supp 2d 63, 67 (D.DC 1999)("Exemption 7(A) applies "Only to futuer proceedings in an "ongoing" investigation") compare Manna y D.O.J. 51 F3d 1158. Requestors case has been final since April 27, 2004 see enclosed exhibit. There is no ongoing investigation or actions.

Mr. Vyron Wheeler
Fed # 10989-007
U.S.P Atlanta
Box 150160
601 McDonough Blvd., S.E.
Atlanta G.A. 30315

Thank You in Advance

If for any reason it is determined that any portion of the material and records sought is exempt by statute or by regulation, I request specific citation of authority for such exemption. If it should be determined that any material be deemed CONFIDENTIAL due to identity of source, the permission is granted to Agency to delete

source identification **"ONLY"** from the material for release, see PATON V LAPARDE, 524 F.2d 862 (CA3 1975), Chastain v Kelly, 510 F.2d 1232.

Pursuant to Title 5U.S.C. 552(6)(A)(i), it is noted that your agency has (10) working days to provide information and material sought. Should any delay occure, it is requested that your agency inform me of this delay as provided by regulation and the date as to when your agency will be able to act upon request.

### Certification

I, **Vyron Wheeler** hereby certify that I have served a true andand correct copy of the following:

Freedom of Information/Privacy Act to the United States Attorneys Freedom of Information and Privacy Unit, 600 E Street, N.W. Washington D.C. Room 7300, Zip 20530 Att. **Marie A O'Rourke, Assistant Director**

and deposited same day in the U.S.P mail at **The U.S.Penn, Atl GA.**, on this: _15th_ day of November 2004 via, certified/return reciept mail #_ 7002 0510 0003 6810 1080 __

U.S.P. Atl
Vyron Wheeler
BOX 150160
601 McDonough Blvd., SE.
Atlanta Georgia 30315

Declaration under penalty of perjury:

I Vyron Wheeler, hereby declare that the above information is true and correct to the best of my knowledge.(28USC§1746;18USC§1621).

Date: Nov 15, 04                    s/ Vyron Wheeler

end of document
**(4)** (4)



**U.S. Departme... of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

**DEC 2 1 2004**

Request Number: <u>04-4515</u>   Date of Receipt: <u>November 19, 2004</u>

Requester: <u>Vyron Wheeler</u>

Subject of Request: <u>Third parties (witnesses payment, etc.)</u>

Dear Requester:

The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C.§552a. These records are also generally exempt from disclosure pursuant to sections ·(b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. §552.

We have not performed a search for records and you must not assume that records concerning the third party exist. We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express of authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. §1001.

**05 1133**

(Page 1 of 2)
Form 006 - 6/02

**FILED**

**JUN - 7 2005**

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

[EXHIBIT(9)]          (1)

This is a final determination and your request for information will be closed.  You may appeal my decision in this matter by writing within 60 days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure

FREEDO OF INFORMATION/PRIVACY AC APPEAL

FOI/PA Request No. 04-4515                           Date: Jan 26, 05

To: Office of Information and Privacy      From: Vyron Wheeler
    United States Dept. of Justice               Fed#10989007
    570 Flag Building                            USP Atl
    Washington D.C. 20530                        Box 150160
                                                 Atlanta G.A. 30315


              This is an "Administrative Appeal" under
            the Freedom of Information Act, Title 5USC
              § 552(a)(6) and pursuant to 28C.F.R.§16.8


        On December 21, 04, I received a response from Marie A. O'Rourke
Assistant Director for United States Attorney's Freedom of Infor-
mation Unit 600 E Street N.W., Room 7300 Washington D.C. 20530
denying my updated FOI/PA request for: information, records with
dollar amounts of all witnesses, including expert witnesses,
friends, and relatives and standby witnesses who were paid with
Government payment voucher's (stipens) in my criminal case number
F1386-96 United States v Vyron Wheeler, this was a updated second
request my first request for this information dated April 24, 2004
was denied pursuant to the Law Enforcement provision of the FOI/PA
Act sec., 5U.S.C on July 26, 2004 by your office.


**In my Freedom of Information Request Denial Exemptions Cited**

        The following exemptions are cited by your agency as statute
to deny my FOI request. The following exemptions have one common
goal......, to protect disclosure of confidentially and unwarranted
invasion of personal privacy.

I. Exemption (6) Privacy Act 552(a)

II. Exemption (b)(7)(c)

III. Third Party Disclosure

05 1133 **FILED**

June- 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I fully agree that private personal information can be harmful
and in some cases should not be released e.g.[names, addresses,
phone no., soc.sec. no, signatures and other identifying information
or symbles in some cases] but as specified on **pp.** 2 of my FOI. I

**[EXHIBIT(10)]**                    **(1)**

state your agency i y delete **source informatio...** This is in accordance to your own agency regulation **28CFR§16.45** which clearly states," The record shall not be disclosed to the requestor **unless** the componet is able to **"delete"** the confidential source Id, 28CFR 16.45(a). This was surley drafted in accordance to the **Segregating** provision of the FOI which directs," Where disclosure of an entire record would result in a clearly unwarranted invasion of privacy, the statute [requires] that the agency **must** provide "[A]ny reasonable segrable portion...after deletion of the portions which are exempt". Id.5USC&552(b).

I'm not interested in the witnesses information only in the amount paid by stipen/voucher. This can be accomplished in the following manner: e.g. Witness's identifying information can be blocked out and the amount paid exposed on the stipen's also date's, along with the reason i.e. transportation or appearing in court. see pp14-15 of the Attorney Generals Memorandum on the 1974 Amendments to the Act, which states," Even "Unintelligible portions" of records **must** be released. Id. National Prison Project of the ACLU v Sigler 390 F,Supp at 794. also Robles v E.P.A., 489 F2d at 847-48. As you will note confidentality & privacy was not intended to defete the 1974 Freedom of Information Admendment. [Noting Exemption 7 does not apply to information compiled to determine whether an agency's internal operations comport with the law (DC Code 15-714 & 28USC §1821)(witnesses should receive $40.00 per day for fee and/or transportation cost).

Your agency has denied me the entire record and has made no effort to even look for it. see Letter of Denial page (1) states," We have not performed a search for records and you must not assume the records concerning the Third Party exist". Your agency is not entitled to presume the information doesn't exist nor that the requested is exempt see.e.g. US v Landano 24 L.Ed2d 845(1993). There were over 14 different witnesses's who testified at my trial. If your office does not possess this material, than direct me to the component which may possess it.

**The Privacy Act's Central Provision**

- The Central Provision of the Privacy Act Access Right is §552a(d)(1) which provides that each agency maintaining a system of records **must** upon request by an individual to gain access to his records or to gain access to any information pertaining to him which is contained in the System, permit him... to review the record and have a copy made of all or **any portion thereof** in a form comprehensible to him.

(2)

## Public Intrest | Disclosure

According to the Supreme Court of the United States in Rose <u>425 US</u> <u>372,375,378-82</u>, the weight in the scale opposite privacy is " the presevation of the basic purpose of the Freedom of Information Act, to open Agency actions to the light of public scrutiny". 425 US 372.

-    Thus, the wightiest cases for the public intrest are those inwhich the information will serve to inform the public about agency (mis)behavior. As noted in <u>Ferri v Bell 645 F2d 1218</u> the 3rd Cir found an indirect public purpose in exposure by an inmate of a deal between a prosecutor and a witness that overcame the privacy intrest in the witness arrest record.

- In light of the stated and to the extent that the public has a idterest to know if your agency is in compliance with the law I request you to release the requested information by "Segregating" the record, which would overcome Exemption 6 & 7.

-    The FOIA doesn't permit withholding on grounds of ongoing Administrative Action or litigation. Your office cited in my first FOIA for this information,it would wait until my prior FOIA were filed and if I did not receive request you would review further.

-    The FOIA doesnt confer greater access, not is it a bar to using the Act to secure information, not other wise available, <u>see NLRB v</u> <u>Sears 412 US 132,143 n.10 see e.g.</u>

## I.  Exemption 6 of the Privacy Act 552a

Exemption 6 provides that the FOIA does not apply to matters that are: personal and medical files and similar files, the disclosure of which constitute a clearly unwarranted invasion of personal privacy.

-    The Exemption balancing approach is an exception to the Act's General "any person rule", and that while the public interest is predominate in the disclosure side of the scale. The requestor is certainly part of the public and his interest can be considered for that reason alone. see e.g. <u>Ditlow v Shultz, 517F2d 170-71</u>. For simular reason the D.C. Cir now suggest that no limitation on the requester's use is appropriate Id at 171-72

-    The clearly Unwarranted Invasion of personal privacy, enunciate a policy that will involve a balancing of interest between the protection of an individual's private affairs from unnecessary public scrunity, and the preservation of the right to Government Information. <u>S. Rep. No. 813, 89th Cong. 1st Sess (1965)</u> at.9 see also <u>H.R. Rep.</u>

(3)

No. 1495, 89th Cong., 2d Sess.(1966) at 11. Although exemption 6 was unchanged by the 1974 Admenments, a related provision was enacted exempting "investigatory records" compiled for law enforcement. purposes, but only to the extent that production of such records would.....(c) Constitute an unwarranted invasion of personal privacy". Exemption 7, as admended in 1974.

-    Thus, material in personal files may or may not be exempt depending upon the  outcome of the balancing process. Schonberger v National Transportation Safty Board 508 FSupp941 (D.D.C 1981).

### The meaning of "A Clearly Unwarranted Invasion of Personal Privacy."

The meaning of "A Clearly Unwarranted Invasion of Personal Privacy."
I. The cases are uniform in holding that the language "clearly unwarranted" the statute instructs the court to tilt the balance in favor of disclosure". Gotman v NRLB, 450 F2d 670,674(DC CIR 1971), Rose 425 US 378 n.16, Board of Trade 627 F2d at 398, Ditlow v Schultz 517 F2d 166,169 (DC Cir 1975); Robles v EPA 484 F2D 843,846 (4th CIR 1973); Rural Housing Alliance 498 F2d 77. also see NPP of ACLU v Sigler 390 F.Supp 789 (D.DC 1975)(released deletion of identifying details held sufficient).

### III. Exemption (7)(c) Law Enforcement Exemption & Third Party Info.

Exemption 7 in essentially its present language was introduced by Sen. Philip Hart 1974 Amnd. It allow's but does not require withholding of investigatory records not whole files "compiled for Law Enforcement purposes, but only to the extent that the production of such record would" cause one of six specifically harms.

Unwarranted Invasion of privacy is unlike exemption 6 "Clearly" unwarranted invasion of personal privacy. However, as with exemption 6, the balance is to be tilted in favor of disclosure see Congressional News Syndicate v Dept of Justice 438 F.Supp at 542 quoting Getman v NRLB 450 F2d 670,674 (DC Cir 1971).There is no per se rule that mere connection of an individual with criminal investigation constitutes unwarranted invasion of privacy. Common Cause v Nat. Archives & Records Serv. 628 F2d 179,184 (DC Cir 1980).

The most common use of 7(c) is to delete names of third parties under investigation.see e.g. Bast v U.S. Dept of Justice 665 F2d1251 (D.C. Cir 1981); Kuehnert v FBI 620 F2d 662,667 (5th Cir 1980).....
However this is not a per se rule, a strong enought showing of public interest, or statutory policy can over come "even" this sort of 7(c) claim. see Foundation Constitutional Government 656 F2d at 862.

Legislative history of 7(c) indicates that exemption intended to "make clear" that the protections in (exemption 6) for personal privacy also apply to disclosure under (exemption 7)[1975 FOIA Source Book  333 (Remarks of Senator Hart)]. As with all exemptions the Government has the burden of proving that requested is properly withheld.

Your agency cited [exemption 552 (b)(7)(c)] for withholdinng information. This exemption, like exemption 6, involves a balancing of the public interest in disclosure against the degree of the invasion of privacy which would result from disclosure. Lesar v. Dept. of Justice, 636 F.2d 486.  (b)This exemption applies to matters that are ....(7) investigatory records compiled for law enfprcement purposes but only to the extent that production of such records would.... (c) Constitute an unwarranted invasion of personal privacy. Noting the language was drafted in favor of disclosure.see Congressional News syndicate v Department of Justice, 438 F.Supp 542, quoting Getman v. NLRB, 450 F.2d 670, 674 (D.C. Cir 1971).

## Conclusion

In closing, I note that your agency has the right to properly segregate document's when a statue exempts information of a personal private nature. see Iron v Gottschalk 548 F2d 992 (DC Cir 1976). also Irons v Parker 434 US 965 (1977). This can be accomplished as stated in this appeal. If Your agency continue to withhold the material which was denied in my initial request to your agency. I ask that you send me justification for such denial of deletion of said witness source idenity information within the twenty working day time limit pursuant 552(6)(A)(ii). Be advised that my next appeal will be in the District Court of the District of Columbia, if we cant resolve this matter amoung our selves. **Thank You.**

This is a specified example of a method of blocking out personal unwarranted information:

**Ex.1:**Voucher/Stipen #00001
Case ID No: Fl386-96
Name of Witness: Renika Young
Social Security No: 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
Address: 2622 Dougles Place S.E. #2
Phone No: (202) 678-6165
Reason: Witness Fee
Date   : 2/28/97
Amount: $40.00                                    s/ *Renika Young*

------------------------------------------------------------

**Ex.2:**Voucher/Stipen #00006
Case ID No: Fl386-96
Name of Witness: Renika Young
Social Security No: 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
Address: 2622 Dougles Place S.E. #2
Phone No: (202) 678-6165
Reason: Witness Fee/Transportation
Date   : 3/1/97
Amount: $50.00                                    s/ *Renika Young*

------------------------------------------------------------

The above vouchers can be segregated in the following manner. Blockout (Name, Address, Phone No., Social Security No., & Signature). The information that is left fall's into FOIA/PA disclosure. *Please note in **(Ex.1 & Ex.2)**the witness is Renika Young. The date of each payment is different and the Voucher/Stipen no. is different, to cure this problem of same or like payment identification per witness, requestor ask that "every" payment made to same person be labled ( A-Z ). see the following example on the proceeding page.

(6)

**Ex.1:**Voucher/Stipen #00001

**Ex.1, Blockedout** persuant to 5USC 552 & 552(a)

Case ID No. F1386-96

Name of Witness:                                          **Witness (A)**

Social Security No.

Address:

Phone No.:

Reason: Witness Fee

Date   : 2/28/97

Amount: $40.00                                    s/_____

---------------------------------------------------------------

**Ex.2:**Voucher/Stipen #00006 **Blockedout** pursuant to 5USC 552 & 552(a)

Case Id No: F1386-96

Name of Witness:                                          **Witness (A)**

Social Security No:

Address:

Phone No.:

Reason: Witness Fee/Transportation

Date   : 3/1/97

Amount: $50.00                                    s/_____

_____

Note the following:

1) All "Unwarranted Invasion of Personal Private Identifying infor-
mation has been deleted".

2) All " Source Idenity" information has been removed.

3) The information that exist is,to Public Monies spent by your
agency "only".

4) Requestor's "Idenifying No. F1386-96", is on the requested in-
formation inwhich he is entitled.****:c**Notice that every payment
made to Ms. Young is [L]abled "Witness A" with** DATE, REASON,and AMOUNT. **]**
Requestor request that this process be followed for every person
as requested in his prior FOIA/PA request. see attachment.

As stated, there were over 14 different witnesses who testified at
my trial inwhich I have names.I request payment of these witnesses
without revealing their idenity's. Thank You.

(7)

My suspician as to your agency concerning witness payment has been hightened by articles appearing in the NewPaper, "Washington Post" and the "USA TODAY". see enclosed

## Certificate of Service

I **Vyron Wheeler**, certify that a true accurate original copy of this,"Administrative Appeal", was mailed this **28**th day of January to The Office of Infromation and Privacy United States Department of Justice Flag Building, Suite 570 Washington D.C. 20530 Cert. Ret/Rec Mail The Forwarded is true under the penality of perjury.

Certified Ret/Rec.# _____

Vyron Wheeler
10989-007
United States Penitentiary
Box 150160
Atlanta G.A. 30315

s/ _____

# Abuse of Superior Cy
# For Witnesses Found
# In Probe of D.C. Case

**PROSECUTOR,** *From B1*

nancial inducement.

The investigation by the Office of Professional Responsibility focused on a major murder and drug trafficking case that Howes tried in federal court, but it also found that his abuses of vouchers apparently extended to a conspiracy case that Howes wrapped up in D.C. Superior Court in the spring of 1994.

Authorities alleged that a group of drug traffickers and a D.C. police officer had engaged in murder. That trial, before Judge Herbert B. Dixon, led to the convictions of several people, including Javier Card, Jerome Edwards Jr. and Antoine W. Rice.

A number of people connected to the case received vouchers, according to some of the defense attorneys. But the vouchers, which should have been from Superior Court, were from U.S. District Court, where Howes's federal investigation, known as the Newton Street case, was prosecuted. And many of the people who were paid were not even witnesses, the lawyers found.

In the Newton Street case, which involved several trials, disclosures of misconduct have led to dropped charges and significant reductions in sentences. In 2002, prison terms were reduced for four defendants who had been sentenced to multiple life sentences. Two were given 23-year terms, and two were given 18-year terms. This month, the 30-year sentences of two defendants in another of the Newton Street trials were cut by more than half, and the defendants are expected to be released in the spring.

The Justice Department investigation, kept under seal for years, found that the voucher system was loosely run and easily manipulated. Howes's abuse of the payments was intentional and could have warranted criminal charges, investigators said. But prosecuting him would have been "virtually impossible" because he could have argued that he was acting in the interest of justice and not for personal gain, the investigators said.

Many developments in the case over the last two years have been reported in Legal Times. Howes left the office in 1995 and is now a partner at the San Diego-based firm Lerach Coughlin Stoia Geller Rudman & Robbins LLP. A receptionist at the Houston office, where Howes has been working on a class-action suit against Enron, said yesterday that he was out of the office.

A receptionist at the firm's San Diego headquarters said she would e-mail Howes and his secretary in an attempt to reach him for comment. John Hundley, a Washington lawyer who has represented Howes, could not be reached yesterday by phone at his office or by e-mail.

Card, Edwards and Rice were sentenced to long terms in prison. But under the agreement between prosecutors and defense attorneys, all three men are likely to complete their sentences sooner than they could have expected a decade ago.

Card, 39, and Edwards, 34, will still stand convicted of murder, but second-degree murder instead of first-degree premeditated murder, according to court filings in the case. Rice, 39, allegedly the lookout, was convicted of aiding and abetting murder, but that felony murder charge will be thrown out, leaving him with only a weapons conviction.

With credit for good time, allowed under the sentencing system in place when he was convicted, Rice will be out soon after the agreements are executed by Dixon next month, said his attorney, Sandra Levick. "I am delighted that Mr. Rice will very soon be free," she said in a statement.

Levick, a lawyer in the D.C. Public Defender Service, who has worked on the case for several years, said many important questions remain unanswered.

"I am troubled that there will never be a full public reckoning of the purposeful misconduct by Howes that undermined the fairness of this and other trials," she said.

Asked whether the agreement was an acknowledgment that misconduct by Howes had tainted the case, Channing Phillips, a spokesman for the U.S. attorney's office, issued a statement explaining the decision.

"In the interests of fairness and justice, an agreement to a reduction of sentence was, in our view, the most practical and reasonable way to resolve this matter, given the uncertainty of having to possibly retry cases that are more than 10 years old," Phillips said. "It is important to note that most of the defendants' convictions remain and they are still serving significant sentences."

---

Dec 24, 04

# Misconduct
# Probe Cuts
# Sentences
# In D.C. Case

*By* **HENRI E. CAUVIN**
*Washington Post Staff Writer*

The U.S. attorney's office in the District has agreed to the release of a man convicted of murder and a reduction in the charges against two others in a case that defense attorneys say was riddled with deliberate prosecutorial misconduct.

The concessions in the case are the latest fallout from the work of a homicide prosecutor who handled some of the highest-profile trials in the District during the early 1990s and left a legal mess that is still being sorted out.

A confidential Justice Department investigation, conducted from 1996 to 1998 but unsealed only late last year, found that the prosecutor, G. Paul Howes, abused the stipend system for witnesses, doling out excessive amounts to cooperating witnesses and, more significantly, to the friends and family of witnesses.

Such payments are intended primarily to compensate witnesses for time spent testifying or preparing to testify in a case and are supposed to be given only to legitimate witnesses. When they are handed out to others, such as girlfriends, or when witnesses are summoned on days they are not needed simply to claim a voucher, the payments can verge on financial

*See* **PROSECUTOR,** B5, Col. 1



**U.S. Department of Justice**

Office of Information and Privacy

_____

Telephone: (202) 514-3642                    Washington, D.C. 20530

**FEB 1 4 2005**


Mr. Vyron Wheeler
Register No. 10989-007
United States Penitentiary
P.O. Box 150160
Atlanta, GA 30315

     Re:  Request No. 04-4515

Dear Mr. Wheeler:

     This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on February 1, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-0971**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

**FILED**

JUN - 7 2005

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

[EXHIBIT(11)]                                    05 1133



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**APR - 7 2005**

Mr. Vyron Wheeler
Register No. 10989-007
United States Penitentiary
Post Office Box 150160
Atlanta, GA  30315

     Re:  Appeal No. 05-0971

Dear Mr. Wheeler:

     This responds to your letter received in our office on April 6, 2005, regarding the status of your administrative appeal from the action of the Executive Office for United States Attorneys.

     Your administrative appeal has recently been assigned to a staff member of this Office for processing.  The delay in adjudicating appeals under the Freedom of Information Act and Privacy Act is primarily caused by the large volume of appeals received by the Department of Justice and the particularized and individual review each appeal receives.  Although the varying complexity of appeals makes it almost impossible to predict accurately when a determination will be reached in this case, we anticipate that the delay will extend at least for several weeks.

     I hope this information is of assistance to you, and again, request your continued patience.

                  Sincerely,

                  Priscilla Jones
                  Chief, Administrative Staff

**05 1133**

**FILED**

JUN - 7 2005

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

[EXHIBIT(12)]

# District of Columbia
# Court of Appeals

JAN 20 2004

Nos. 97-CF-1150, 00-CO-994, 01-CO-66, 01-CO-851 and 02-CO-931

VYRON WHEELER,

　　　　　　　　Appellant,

　　　　　　　　　　　F1386-96

　　v.

UNITED STATES,

　　　　　　　　Appellee.

BEFORE: Wagner, Chief Judge; Terry, Steadman, Schwelb, *Farrell, Ruiz, *Reid, Glickman, and Washington, Associate Judges; *Newman, Senior Judge.

## ORDER

On consideration of appellant's *pro se* petition for rehearing or rehearing en banc, it is

ORDERED by the merits division* that the petition for rehearing is denied; and it appearing that no judge of this court has called for a vote on the petition for rehearing en banc, it is

FURTHER ORDERED that the petition for rehearing en banc is denied.

## PER CURIAM

Copies to:

Honorable Harold L. Cushenberry, Jr.

Clerk, Superior Court

Vyron Wheeler
Fed. No. 10989-007
USP Atlanta
601 McDonough Blvd., SE
Atlanta, GA 30315

John R. Fisher, Esquire
Assistant United States Attorney

# District of Columbia
# Court of Appeals



Nos. 97-CF-1150, 00-CO-994, 01-CO-66, 01-CO-851 & 02-CO-931

VYRON WHEELER,
                    Appellant,

                                        F1386-96

        v.

UNITED STATES,
                    Appellee.

Before:  Farrell and Reid, Associate Judges.

## ORDER

On consideration of appellant's motion to stay issuance pending application for a writ of certiorari in the Supreme Court of the United States, and construing said motion as a request to recall the mandate as it issued on January 28, 2004, it is

ORDERED that the motion is granted, and the mandate issued by this court on January 28, 2004, is hereby recalled, and the clerk is directed to stay issuance of the mandate until February 27, 2004.

PER CURIAM.

Copies to:

Clerk, Superior Court

Vyron Wheeler
F Reg #10989-007
USP Atlanta
601 McDonough Blvd, SE
Atlanta, GA 30315

John R. Fisher, Esquire
Assistant United States Attorney

aj

**05 1133**

**FILED**

JUN - 7 2005

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

[EXHIBIT(14)]