# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER

      Plaintiff,

v.

DEPARTMENT OF JUSTICE, *et al.*,

      Defendants.

Civil Action No. 05-1133 (CKK)

# ORDER
(June 27, 2005)

Presently pending before the Court are Plaintiff's Motion to Proceed In Forma Pauperis and Motion for Appointment of Counsel. Plaintiff, who is incarcerated, has paid the $250 filing fee, but indicates in his Motion to Proceed In Forma Pauperis that he cannot pay the additional costs of service. After reviewing Plaintiff's motion and supporting affidavit, the Court shall grant Plaintiff's Motion to Proceed In Forma Pauperis.

Plaintiff also moves for the appointment of counsel to represent him in this Freedom of Information Act case. Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. *See Willis v. F.B.I.*, 274 F.3d 531, 532-33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding *in forma pauperis*, the court is authorized to appoint counsel under 28 U.S.C. § 1915 (e)(1), but is not obliged to do so unless the plaintiff demonstrates such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). "Whether exceptional circumstances exist requires an evaluation of the type and complexity of

each case, and the abilities of the individual bringing it." *Id*.

The Court has considered the potential merits of the claim, the complexity of the legal and factual issues involved, Plaintiffs' *pro se* representation to this early point in the proceedings, and the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel. *See* Local Civil Rule 83.11 (b)(3). The Court has also taken into consideration the limited *pro bono* resources available to the court. After carefully reviewing and weighing those factors, the Court concludes that appointment of counsel is not warranted at this time.

Accordingly, it is this 27th day of June 2005, hereby

ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis is GRANTED; it is further

ORDERED that Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge