UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER, )
 )
      Plaintiff )
 )
  v. ) Civil Action No. 05-1133(CKK)
 )
EXECUTIVE OFFICE OF U.S. ATTORNEYS, )
 )
      Defendant. )
_____ )

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant, the Executive Office of United States Attorneys, respectfully moves for summary judgment because there are no genuine issues in dispute and defendant is entitled to judgment in its favor as a matter of law.[1]  The reasons supporting this

---

[1] Plaintiff should take notice that any factual assertions contained in the declaration in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached declaration.  See, Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere

Motion are set forth in the accompanying *Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment*. Additionally, a *Statement of Material Facts Not in Dispute* and proposed Order are also attached hereto.

Date: November 28, 2005          Respectfully Submitted,

/s/ Kenneth L. Wainstein /kvm
_____
KENNETH L. WAINSTEIN, DC BAR # 451058
United States Attorney


/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney



/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

---

allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VYRON WHEELER, )<br>      Plaintiff )<br>  v. )<br>EXECUTIVE OFFICE OF U.S. ATTORNEYS, )<br>      Defendant. )<br>_____ ) | Civil Action No. 05-1133(CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff brought this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, based on FOIA requests submitted to defendant Executive Office of United States Attorneys ("EOUSA").  Relevant here, plaintiff requested information on witnesses' payment vouchers related to his trial. See Declaration of David Lucynski, ¶¶ 4 - 15 (November 10, 2005). However, summary judgment should be granted to defendant because there are no genuine issues in dispute and defendant is entitled to judgment as a matter of law.  Specifically, plaintiff failed to submit releases from the third parties who are the subject of his FOIA request and failed to present a public interest argument favoring disclosure notwithstanding third party privacy interests.  Accordingly, plaintiff's  complaint should be dismissed in entirety.

**I.    STATEMENT OF FACTS**

By letter dated April 24, 2004, plaintiff submitted his FOIA request for all records relating to him, and by letter dated July 21, 2004, renewed his request.  Luczynski Decl. ¶¶ 4 and 5, and Ex. A and B.  On July 26, 2004, EOUSA responded to plaintiff's request.  Id. ¶ 6 and Ex. 6.  EOUSA's response letter notified plaintiff of the receipt of his FOIA request and that it had been assigned a FOIA number.  Id.  On September 16, 2004, as a response to plaintiff's renewed inquiry, EOUSA notified plaintiff that his request would be handled on a first-in-first-out basis.  Id. ¶ 7.  Plaintiff was also notified of his appeal rights and provided contact information for the Office of Information and Privacy ("OIP").  Id. ¶ 7 and Ex. D.  On September 21, 2004, OIP received plaintiff's appeal.  Id. ¶ 8 and Ex. E.

On November 3, 2004, OIP informed plaintiff that EOUSA had not completed processing of plaintiff's request.  Id. ¶ 9.  OIP explained that it could not act on plaintiff's appeal until there had been an initial determination by the EOUSA.  Id.  Plaintiff was again informed of his appeals right if he deemed OIP's determination unsatisfactory.  Id. and Ex. F.

On or around November 15, 2004, submitted another request for witness payment vouchers and other financial transactions as related to his criminal trial.[2] Id. ¶ 10 and Ex. G.

On December 21, 2004, in response to this request, EOUSA notified plaintiff that he requested records containing third party information which generally cannot be released without express authorization and consent of the third party. Id. and Ex. H. In the alternative, plaintiff was informed that he could receive the records if he provided proof that the subject was deceased or demonstrated that the public interest in disclosure was greater than the privacy interest. Id. Plaintiff was notified of his appeal rights and provided contact information for OIP. Id.

On February 1, 2005, plaintiff filed an administrative appeal with OIP. Id. and Ex. I. OIP sent a letter to plaintiff dated February 14, 2005, informing him that his appeal had been received but due to a backlog had not been reviewed. Id. ¶ 13 and Ex. J. By letter dated October 24, 2005, plaintiff was informed by OIP that since subsequent to filing his appeal, but before receiving a response, plaintiff filed a complaint for judicial review, any further action by the OIP would be inappropriate and that his appeal file would be closed. Id. ¶ 14 and Ex. K.

---

[2]Plaintiff describes this request as "a more 'Specified FOIA Request.'" Pl.'s Compl. at 4.

3

On June 7, 2005, plaintiff filed his complaint before this Court stating that his primary concern was securing records requested in his November 2004 FOIA request and seeking attorney fees and other litigation costs.  Pl.'s. Compl. at 8.

## II.  STANDARD OF REVIEW

Summary judgment may be granted when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995). A genuine issue is one that could change the outcome of the litigation.  See Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 243 (1986).  While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the nonmoving party - when faced with a summary judgment motion - has the burden of establishing more than the "mere existence of a scintilla of evidence" demonstrating a genuine issue in dispute for purposes of defeating the moving party's motion.  See Lester v. Natsios, 290 F.Supp.2d 11, 19-20 (D.D.C. 2003), citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250.  As the Supreme Court has stated, "[o]ne of the principle purposes of the summary judgment

4

rule is to isolate and dispose of factually unsupported claims or defenses." <u>Celotex</u>, 477 U.S at 323-324.

### III.  ARGUMENT

The Privacy Act states, in pertinent part, that "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," unless falling within the 12 enumerated exceptions of the statute.  5 U.S.C. § 552a(b).  Although one of these exceptions encompasses disclosure of records *when required* by the FOIA (<u>see</u> 5.U.S.C. § 552a(b)(2)), the FOIA - consistent with the Privacy Act - contains provisions recognizing the privacy rights of individuals in information contained in government records about them and accords protections from disclosure of such information.

Specifically, the FOIA protects from disclosure information about individuals contained in government "personnel and medical files and similar files" when disclosure "would constitute a clearly unwarranted invasion of personal property." 5 U.S.C. § 552(b)(6).  This provision covers all information that may be contained in a government record applying to an individual. <u>See</u> <u>United States Department of State v. Washington Post Co.</u>, 456 U.S. 595, 602 (1982); <u>see also</u> <u>Voinche v. Federal Bureau of Investigation</u>, 940 F.Supp. 323, 329 (D.D.C. 1996), <u>aff'd</u>,

5

1997 WL 411685 (D.C.Cir. Jun 19, 1997), cert. denied, 522 U.S. 950 (1997). Additionally, the FOIA protects from disclosure records or information compiled for law enforcement purposes whenever such disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C); Burke v. U.S. Department of Justice, No.CIV.A. 96-1739(RMU), 1999 WL 1032814, *4 (D.D.C. Sept. 30, 1999).

Additionally, since the core purpose or "public interest" aspect of FOIA is to ensure that the citizeny has access to information that "sheds light on an agency's performance of its statutory duties," the objectives of the statute will simply not be met where a plaintiff fails to set forth the requisite public interest to support the requested disclosure (i.e., seeking information showing how an agency conducts its business) and demonstrates only an interest in delving into personal information about a private citizen. Reporters Committee for Freedom of the Press, 489 U.S. at 773-774. Accordingly, absent proof of death or a notarized waiver authorizing the release to the plaintiff of records pertaining to the subject of his request, both subsection (b) of the Privacy Act as well as the privacy interest exemptions of the FOIA prohibit their release unless the plaintiff presents a legally-sufficient public interest in disclosure.

In this matter, plaintiff's request fails to set forth a public interest sufficient enough to outweigh the privacy

6

interest of the third parties. Although plaintiff seems to suggest that there is a public interest in releasing witnesses' payment vouchers (i.e., to provide information on how the government spends its funds), it is evident that plaintiff wants the information for personal interests because he only seeks those documents related to his criminal case. See Luczynksi Decl., Ex. G (attached thereto).

Plaintiff's interest in this regard is simply not the type of "public interest" objective contemplated by the FOIA sufficient to compromise the privacy interest at stake here. In addition, because plaintiff failed to provide the requisite documentation which might have permitted the EOUSA to provide information regarding the subject of his request, plaintiff has not followed the proper procedures in making a third-party FOIA request. In short, plaintiff has not provided the appropriate documentation or authorization from the third parties subject of his request, nor has he shown sufficient, public interest to warrant a search for responsive records. See, e.g., Burke, 1999 WL 1032814, *3 (FBI under no obligation to search for responsive records where plaintiff failed to provide proof of death or privacy waiver with FOIA request for third party records.) Accordingly, EOUSA acted appropriately in responding to his November 2004 request.

**IV.   CONCLUSION**

For the reasons set forth herein, defendant requests summary judgment in its favor.

7

Date: November 28, 2005         Respectfully Submitted,


/s/ Kenneth L. Wainstein /kvm
_____
KENNETH L. WAINSTEIN, DC BAR # 451058
United States Attorney


/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney



/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of *Defendant's Motion for Summary Judgment* was made by the Court's Electronic Case Filing System and by first class, postage prepaid mail, this <u>28th</u> day of November, 2005 to:

Vyron Wheeler, No. 10989-007
U.S.P. - Hazelton
Post Office Box 2000
Bruceton Mills, West Virginia 26525

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney