IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VYRON WHEELER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **No.    1:05-CV-1133 CKK** |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, EXECUTIVE OFFICE FOR | ) | |
| UNITED STATES ATTORNEYS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release

and withhold records requested under the FOIA/PA. The statements I make in this Declaration

are made on the basis of my review of the official files and records of EOUSA, on my own

personal knowledge, or on the basis of information acquired by me through the performance of

my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by

this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned

Plaintiff, Vyron Wheeler. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

*FOIA request No. 04-2434*

4. By letter dated April 24, 2004, Plaintiff submitted his FOIA request for all records

relating to him. **Exhibit A**.

5. By letter dated July 21, 2004, Plaitiff renewed his FOIA request. **Exhibit B**.

6. On July 26, 2004 EOUSA responded to Plaintiff's request. The response letter

notified Plaintiff of the receipt of his FOIA request and that it has been assigned a FOIA No. 04-

2434. **Exhibit C**.

7. On September 16, 2004, as a response to Plaintiff's renewed inquiry, EOUSA notified

Plaintiff that his request will be handled on a first-in-first-out basis. The response informed him

that FOIA requests are processed in the order they are received. Plaintiff was notified of his

appeal rights and provided contact information for the Office of Information and Privacy and that

after the appeal has been decided, Plaintiff may have judicial review by filing a complaint.

**Exhibit D**.

8. On September 21, 2004, the Office of Information and Privacy has received Plaintiff's appeal. **Exhibit E**.

9. On November 3, 2004, Office of Information and Privacy informed Plaintiff that EOUSA has not completed processing of Plaintiff's request. OIP explained that it cannot act on Plaintiff's appeal until there has been an initial determination by the EOUSA. Plaintiff was given another option to appeal if the OIP's determination was not satisfactory. **Exhibit F**.

*FOIA request No. 04-4515*

10. On November 19, 2004, submitted another request for:

"Witnesses payment vouchers... financial transactions that contain his name or identifying No... and any item, collection or grouping of information about an individual that is maintained by an agency" **Exhibit G**.

11. On December 21, 2004, as a response to Plaintiff's inquiry, EOUSA notified Plaintiff that he requested records containing third party information which generally cannot be released without express authorization and consent of the third party. In the alternative, Plaintiff was informed that he can receive the records if he can provide proof that the subject is deceased or demonstrate that the public interest in disclosure is greater than the privacy interest. Plaintiff was notified of his appeal rights and provided contact information for the Office of Information and Privacy and that after the appeal has been decided, Plaintiff may have judicial review by filing a complaint. **Exhibit H**.

12. On February 1, 2005, Plaintiff filed an administrative appeal with the Office of Information and Privacy. **Exhibit I**.

13. OIP sent a letter to Plaintiff dated February 14, 2005, informing him that his appeal

has been received but due to the backlog has not been reviewed. Plaintiff's appeal was assigned
No. 05-0971. **Exhibit J**.

14. By letter dated October 24, 2005, Plaintiff was informed by OIP that since
subsequent to filing his appeal, but before receiving a response, Plaintiff filed a complaint for
judicial review, any further action by the OIP would be inappropriate and that his appeal file is
closed. **Exhibit K**.

<u>**EOUSA'S DETERMINATION**</u>

15. EOUSA sent a letter explaining to Plaintiff that without a release authorization from
the individuals, EOUSA will not perform a search nor release any records. Plaintiff's request
was denied in full. Plaintiff has not provided this office with any authorization or consents from
the third persons which would permit EOUSA to release their names or identifying information
which is why EOUSA has refused to confirm or deny to Plaintiff the existence of such records.

<u>**CONCLUSION**</u>

16. Each step in the handling of Mr. Wheeler's request has been entirely consistent with
the EOUSA and the United States Attorneys Office procedures which were adopted to insure an
equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November _10 ct_ , 2005.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

**AGENCIES:**

( ) United States Parole Commission
( ) Federal Bureau of Investigation
( ) Immigration & Naturalization service
( ) Internal Revenue Service
( x ) United States Attorney
( ) Treasury Department
( ) Bureau of Prisons
( ) State Agency
( ) Other: _____

**DIRECT RESPONSE TO:**

Name: Vyron Wheeler

Reg. No.: 10989-007

Unit: B1-119

Date: April 24, 2004.

TO:   United States Attorney's
      Office/ Dept of Justice
      600 E, St N.W. Suite 7300
      Washington ., D.C. 20530

**IDENTIFICATION OF REQUESTER:**
NAME: Vyron Wheeler
ALIAS: Von, Vaughn
DATE OF BIRTH: 11/14/64
PLACE OF BIRTH: Washington D.C.
F.B.I. NO: 658299PA7
SOC. SEC. NO: 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
OTHER:

RE:   FREEDOM OF INFORMATION ACT
      ( U.S.C. 552), PRIVACY ACT
      (5 U.S.C. 552a (d) (1)) Request:
      EXEMPTIONS (5 U.S.C. 552 (6) (C)
      (B) (7)), GENERAL ( U.S.C. 552 A
      (J) (2)) OR SPECIFIC ( U.S.C.
      552 a (k) (2)) NOT APPLICABLE TO
      THIS REQUEST.

Right Thumb        Right Index

| RT | RI |

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F.2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F. 2d. 938, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in toto are no longer accorded exempt status unless under the specific exemption noted, and only with reference citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975).

GOVERNMENT
EXHIBIT
A

Examples of specific request:

1) Any scientific informating finding's maintained by your office as to physical evidence [including but not limited to knife] recovered from the crime scene in case # F1386-96.✳ Any and all report's or Evidentiary findings of fiber and blood sample's received by Evidence Technician, Connie Hickman

2) Any deals, agreement's, inducements or promise's made to any person's, witness's or stand by witness's relating to case # F-1386-96.✳

3) Any statement's made by any person's, witness's or stand by witness's that is in the possession of the United States Attorney's Office or it's employee's relating to case# F1386-96.

4) Any investigation and/or investigatory reports, obtained by the United State's Attorney's Office relating to case # F1386-96.✳

5) Final and closing investigation report's as to case# F1386-96.✳

6) Any and all information, data or reports not otherwise exempt by statute (5U.S.C.(66)(c)(b)(7)).(5U.S.C.52a(j)(2),(k)(2),(k)(2), or law.Tarlton, v. Saxbe,507,F.2d.1116,165 U.S. App.D.C. 293 (1974), Menard v Saxbe, 498 F2d.1017, 162 U.S. App. D.C. 284(1974). Sullivan v Murphy, 478 F.2d. 938, 156 U.S. App. D.C. 28(1973). Your office is advised that the investigation reports in toto are no longer accorded exempt status unless the specific exemption noted and only with reference to specific citation of authority, Paton, 524 F.2d.862,68-69

7) **Information** , records with dollar amount and names of all witnesses,(including expert or scientific witnesses), and standby witnesses who were paid with government payment vouchers in case # **F1386-96.** (Government duty to disclose continues). see **Mesorash v US 352 US 1 (1959)**

8) **All information &** records relating to any social visits by by the U.S. Attorneys Office to any witness incarcerated or otherwise, than took place in normal course of prison or jail operations.

Special information:
Date and Place of Birth: Wash DC/11·14·64
Judicial district in which investigation occurred: The District of Columbia
F1386-96
*F·1386-96
United States v Vyron Wheele
Teresa Howie, Esquire was on behalf of the Government

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.). *Sent by JMD*

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion.  If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release.  Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought.  Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations. and the date as to when your Agency will be able to act upon request.

Yours truly,

Vyron Wheeler

Dated: _Apr. 24th 2004_

Mr Vyron Wheeler #10989-007
United States Penitentiary
Box 150160
Atlanta GA., 30315

(4)

AGENCIES:

( ) United States Parole Commission
( ) Federal Bureau of Investigation
( ) Immigration & Naturalization service
( ) Internal Revenue Service
( x) United States Attorney
( ) Treasury Department
( ) Bureau of Prisons
( ) State Agency
( ) Other: _____

DIRECT RESPONSE TO:

Name:   Mr. Vyron Wheeler

Reg. No.:#   10989-007

Unit:   B1-119

Date:   July 21,2004

TO:

United States Attorneys
Office/Dept of Justice
600 E, St N.W. Suite 7300
Washington D.C. 20530
[Freedom of Information]

IDENTIFICATION OF REQUESTER:
NAME:   Vyron Wheeler
ALIAS:   Von
DATE OF BIRTH:   11/14/64
PLACE OF BIRTH:   Washington D.C.
F.B.I. NO:   658299FA7
SOC. SEC. NO: 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
OTHER:

RE:   FREEDOM OF INFORMATION ACT
( U.S.C. 552), PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 (6) (C)
(B) (7)), GENERAL ( U.S.C. 552 A
(J) (2)) OR SPECIFIC ( U.S.C.
552 a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.



Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F. 2d. 938, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in accorded exempt status unless under the specific exemption noted, and only with refe citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975).

GOVERNMENT EXHIBIT B

Examples of specific request:

1) Any scientific informating finding's maintained by your office as to physical evidence [including but not limited to knife] recovered from the crime scene in case # F1386-96. Any and all report's or Evidentiary findings of fiber and blood sample's received by Evidence Technician, Connie Hickman

2) Any deals, agreement's, inducements or promise's made to any person's, witness's or stand by witness's relating to case # F-1386-96.

3) Any statement's made by any person's, witness's or stand by witness's that is  in the possession of the United States Attorney's Office or it's employee's relating to case# F1386-96.

4) Any investigation and/or investigatory reports, obtained by the United State's Attorney's Office relating to case # F1386-96.

5) Final and closing investigation report's as to case# F1386-96.

6) Any and all information, data or reports not otherwise exempt by statute (5U.S.C.(66)(c)(b)(7)).(5U.S.C.52a(j)(2),(k)(2),(k)(2), or law.Tarlton, v. Saxbe,507,F.2d.1116,165 U.S. App.D.C. 293 (1974), Menard v Saxbe, 498 F2d.1017, 162 U.S. App. D.C. 284(1974). Sullivan v Murphy, 478 F.2d. 938, 156 U.S. App. D.C. 28(1973). Your office is advised that the investigation reports in toto are no longer accorded exempt status unless the specific exemption noted and only with reference to specific citation of authority, Paton, 524 F.2d.862,68-69

7). The information, records with dollar amounts of all witnesses including expert witnesses, friends, relatives, and standby witnesses who were paid with Government vouchers in case No. F1386-96. (Government duty to disclose continues see Mesorash v U.S. 352 US1 (1959).

8). All information and records relating to any social visits by --- the U.S. Attorneys Office to any witness incarcerated or otherwise, than visits that took place in normal course of prison or jail operations.
For instance all information regarding social visits that took place at the office of the U.S. Attorneys Office, the Superior Court as to any witness or standby witness relating to case F1386-96.

9). I further request if you withhold requested material that I be provided a (Vaughn Index see Vaughn v Rosen, 484 F2d 820 D.C.Cir 1973) together with justification for the denial of each item which is withheld.

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations. and the date as to when your Agency will be able to act upon request.

Yours truly,

*Vyron W Keeler*

Fed Reg # 10989007

Dated:  **July 21, 2004**

( )



**U.S. Department    ustice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04- 2434

Subject:  Self

Requester:  Vyron Wheeler

JUL 2 6 2004

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number. Please give us this number if you write about your request.  If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process.  Requests for "all information about myself in criminal case files" are usually Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  Please do not send any payment at this time!  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

    Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 001 - 9/03

GOVERNMENT
EXHIBIT

Please note: Your request letter used standard language ("boilerplate") asking for all the records on yourself. You also personally listed specific records that you would like to receive. We have interpreted your request as one for all the records on yourself. If you wish us to search only for the specific records you listed, please notify us immediately and we will narrow our search to those items. We are proceeding with our search in the district(s) you requested.

U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

SEP 16 2004

Requester: Vyron Wheeler                Request Number: 04-2434

Subject of Request: Self

Dear Requester:

This is in response to your recent letter/telephone call regarding the status of your pending Freedom of Information Act/Privacy Act request.

Due to the large number of requests received by the Executive Office for United States Attorneys and the limited resources available to process such requests, this office has been unable to process your request as of this date.

In order to process all requests as equitably as possible, this office has adopted a "first-in-first-out" policy of processing all incoming requests.  This policy complies with the decision in Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976) and is applied consistently by this office.  Your request is being handled as equitably as possible and all records which can be released will be made available at the earliest possible date.

You may appeal my decision in this matter by writing within sixty (60) days to:

                    Office of Information and Privacy
                  United States Department of Justice
                        Flag Building, Suite 570
                        Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                            Sincerely,

                            *Marie A. O'Rourke*

                            Marie O'Rourke
                            Assistant Director


                                        Form No. 013 - 6/02


GOVERNMENT EXHIBIT

*rec'd 7-21-04*  *PM FOIA (P)*  *EQUEST (see tab)*

## PRIVACY ACT APPEAL 5USC§552,552a

FOI/PA Request No. ___(04-2434)___          DATE: Sept 15,04

*app*

To: Office of Information and Privacy          From: Mr Vyron Wheeler
  United States Department of Justice          Fed# 10989007
  570 Flag Building          U.S.P/Atlanta
  Washington D.C. 20530          Atlanta GA 30315 *Still Pending*

  This is a "Administrative (Appeal") under the Freedom of Information Act, Title 5U.S.C. § 552(a)(6), and pursuant to 28 C.F.R. § 16.8.

  On July 26,2004 I received a letter from, Marie A O'Rourke Assistant Director for the United States Attorneys Freedom of Infromation Privacy Act Unit 600 E Street, N.W. Room 7300 Washington D.C. 20530, denying my request for, the information, records with dollar amounts of all witnesses, including expert witnesses, friends, and relatives, and standby witnesses who were paid with Government vouchers in case No. F1386-96. Government duty to disclose continues see Mesorash v U.S. 1 (1959). see EX 5

  You should note that your agency has withheld only the above cited section from this request, without extending the FOIA provision that specifies that "any reasonable segrable portion of a record shall be provided to any person requesting such record after deletion of the protions which are exempt". I believe that there must be additional protions which do not fall within the exemption cited.

## Exemptions cited

  Your agency has cited,"Your request for accounting is denied because United States criminal case files are exempt from the accounting provision of 5USC § 552c(1) by virtue of 5USC §§ 552a(j) and (k)." This exemption does not apply to my request and files may not be withheld under this provision in my request.

OFFICE OF INFORMATION
AND PRIVACY

SEP 2 1 2

RECEI

GOVERNMENT
EXHIBIT
E

1

The exemption cited by your agency to withhold my request No. 7 fails for the following reasons. Exemption 552c(1) states ," Whenever a request is made which involves access to records described in subsection (b)(7)(A) see 5USC§552 b) (noting 552 (b) protects from disclosure, records or information complied for law enforcement purposes," only to the extent that disclosure could reasonably be expected to interfere with enforcement proceedings"., (b) (7)(A)". The purpose of this exemption is "to avoid" prejuducie to a prospective enforcement action see Mapother v D.O.J., 3F3d 1533,1541 (DC Cir1993), Pinkney v Huff et. al. C.V. No. 00-0637 RCL)(2001). (Memorandum opinion p.5) also, Philadelphia News Inc. v Dept. of Health and Human Serv., 69 F.Supp.2d 63,67(D.DC1999) "Exemption" 7(A) applies "only to future proceedings in an ongoing investigation") , compare Manna v US D.O.J. 51 F3d 1158.

As a threshold matter, the responsive records sought pertain to witness payment vouchers in the case F1386-96. Now the prosecution for Second Degree satify exemption 7's "Law Enforcement" requirement but the Department of Justice has not satisfied the, " any pending action or enforcement proceeding requirement", which would show interference with enforcement proceedings.

## Discussion

My criminal case was affirmed October 2,2003 inwhich I filed several motions for rehearing which were finally denied on April 27,2004 by the D.C. Court of Appeals. This Closed my criminal case.

I first mailed a FOI/PA request to the Mail Referral Service to find which office to forward my FOI/PA request to on April 24,2004 which was returned back to me to fill out additional information & submitt to your agency see ex 1,2,3+4 I complied with this request and on June 21,04 mailed the request now in question. This request went unanswered and after time pursuant to 5USC§552 a second request was submitted dated July 21,04, see Bonner 928F2d, 1153 DC.Cir # [5]. , inwhich a second request may be submitted, a response was finally returned to me on July 26,04 inwhich this appeal proceeds.

## ARGUMENT PRESENTED

It is "undisputed" that at the relevant time of your agency's determination, D.C. Court of appeals had ruled to close my Criminal Case which was April 27,04. see Bonner v U.S. Dept of State, 928 F2d 1148, 1152-53 D.C. Cir1991. (noting that the FOI/PA request dated April 24,04 did not actually reach your agency until June 21,04 which started the "Time" of 5USC 552(6)(1)(1)). Even considering the April24,04 date which was on my FOI/PA that was first sent, I filed a ,second identical request on July 21,04 which your agency did not respond to "undisputed" after the date which my case was closed April 27,02. Your office cannot aver that release of the disputed FOIA payment vouchers would in any way hamper or interfere with any "Enforcement" proceedings nor jeopardize the Government case or ability to present any cases.see Kansi v US D.O.J. 11F.Supp2d 2444(D. DC.1998)("Plaintiffs case is still on appeal the potential for interference with witnesses and highly sensitive evicdence that drived the 7(A) Exemption...exist at least until plaintiffs conviction is final.")(internal citation omitted). The D.C. Court of Appeals has held that your agency must explain how the release of this information would reasonably be expected to interfere with enforcement proceedings see Maydak v Department of Justice 218 F3d 762.(A functional category is one that will " Allow" the court to tract a rational link between the nature of the document and alleged interference. Bevis v Dept of State 801 F2d 1389 (quoting Crooker v Bureau of Alcohol,Tobacco and Firearms 789 F2d 64,67(DC.Cir 1986)).

## Supreme Court Law in support of this request

My request has been upheld by the Supreme Court of the United States in cases like United States v Bagley 105 S.Ct 3375(1985). In Bagley two principal Government witnesses testified about firearms and narcotics charges, and the court found respondent guilty. Subsequently, in response to request made pursuant to the Freedom of Information Act and Privacy Act, respondent received copies of AFT contracts signed by the principal Government witnesses commensurate with the information furnished. ID at 3376. My FOIA request,"Lines' 2&7 see ex." 2-d seeks exactly what the courts uphold. If your agency does

3

not possess this information please direct me to the proper
component if your agency possess this information please pro-
vide it in Good Faith.

## CONCLUSION

The exemption cited by your office is conclusory and
provides no explaination as to how release of the requested
would interfere with enfocement , also section 552(b) provides
that segrable portions of the record may be removed. Agencys
and courts are required to differentiate amoung the contents
of a document rather than to treat it as an individual "record"
for the purpose of the Act. When a record is requested, they
are permitted to divide the record into parts that are exempt.
Your agency may remove all social security no. phone no.,
and addresses. I only require what I previously requested
in my former request. see ¶7 of FOIA/PA request.

This information may even fall into "Routine Use" (hich
552a(4)(7),(b)(3),(d)(1),(A)(I) authorizes its' use. In section
552a(4) the term "record" means, any item,collection or group-
ing of information, about an individual that is maintained
by a agency, including, but not limited to ... financial trans-
actions , that contains his name or identifying number
my identifying number on the requested vouchers is F1386-96
which I require pursuant Freedom of Information and Privacy
Act.

Subsection 552a(7) Identifies "routine use" as, with respect
to disclosure of a record, not a file, the use of such record
for the purpose which it was collected. Thus, it appears
Congress invisioned "routine use disclosure," as complying
with the general rule rather than being exempt from those
rules. see Fattah v Bureau of Alcohol,Tabacco & Firearms,
328 F.3d 176(4th CIR 2002). Thus the General Rule is Public
Disclosure, furthermore, even if this request does not fall
within the meaning of "Routine Use", Citizens and tax payers
have a right to inspect public records to advance or further
a legitimate private intrest or a wholesome public intrest
such as to ascertaine whether public money is being properly
expended see 190F2d760 (1stCIR 1951).,see also Voice of St.
Matthews Inc., 519 S.W.2d811(Ky1974)., or to bring to the
attention of the public irregularities in the office in which
the documents are filed, to the end that such irregularities

may be cured by proper public action, either legislative or judicial. see Clement v Graham 18 Vt 290, 63 A 146 (1906). also U.S. D.O.J. v Reprots Comm. for Freedom of the Press 103 L.Ed2d 774 (11989).

Now, it has come to my attention that pursuant to 28USC§ 1821 & D.C. Code 15-714, witnesses receive $40.00 a day for attendance in court. I wish to check the records in my case no. Fl386-96 United States v Vyron Wheeler to ascertain whether public money was properly expended. This is what was ment by my FOIA/PA request, which is compatible with the purpose for which it was collected. Even if disclosure does not fall within the "Routine Use Exemption", disclosure will have no adverse effect because no confidentiality was ever issued in case Fl386-96 and this case is Final and Closed. see Hoyle Cr 92-284 (D.DC).

If you possess the responsive records but continue to withhold some of all of the material which was denied in my initial request, I ask that you send me an index of such material Vaughn Index , see Vaughn v Rosen, 484 F2d. 820 (D.C. Cir 1973) together with the juris diction for the denial of each item which is still withheld.

I expect a reply within the twenty working day time limit pursuant to title 5 USC§552(6)(A) ii).

Please be advised that refusal to comply with the FOI/PA will lead to a civil action.

Sincerly

Mr Vyron Wheeler#10989007
USP    Atlanta
Box    150160
601    McDonough   Blvd.,
S.E.  Atlanta  G.A.  30315
September   15rh 2004

end of document

# CERTIFICATE OF SERVICE

I, _Vyron Wheeler 10989007_____ hereby certify that I have served a true and correct

copy of the following:

      Freedom of Information/Privacy Act Appeal 5USC 552§552a
      No. 04-2434
      wt. Exhibits 1-5

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the

court, _Houston v. Lack,_ 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or

his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

      Office of Information and Privacy
      United States Department of Justice
      570 Flag Building
      Washington D.C. 20530

and deposited same in the United States Postal Mail at the United States Penitentiary, Atlanta

Georgia, on this: ____15+h____ day of: _September_____, 200 4

Certified Receipt No. 7002 0510 0003 6810 1103

               Mr. Vyron Wheeler
               U.S.P. Atlanta
               Box 150160
               601 McDonough Blvd, SE
               Atlanta GA 30315
               #10989007

Declaration under penalty of perjury:

    I, _Vyron Wheeler_____, hereby declare that the above
information is true and correct to the best of my knowledge. (28USC
§1746;18USC§1621.)

Date: _Sept 15,04___

                    _____
                    (Signature of Affiant



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

NOV - 3 2004

Mr. Vyron Wheeler
Register No. 10989-007
United States Penitentiary
P.O. Box 150160
Atlanta, GA  30315

    Re:  Request No. 04-2434

Dear Mr. Wheeler:

    This responds to your letter dated September 15, 2004, in which you sought to appeal from the failure of the Executive Office for United States Attorneys to respond to your request for access to records.

    I have notified the EOUSA of your communication. It is my understanding that the EOUSA is still processing your request. Although the Act authorizes you to treat the failure of the EOUSA to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the EOUSA. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the EOUSA completes its action on this particular request if any of the material is denied. We will then open a new appeal and review the EOUSA's substantive action on your request.

    In the event that the EOUSA still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

    Sincerely,

    Richard L. Huff
    Co-Director

RLH:PAJ:CIH




04-2134
010/DDC

A G E N C Y                                    Direct Response To:

United States Attorney's              From: Mr Vyron Wheeler
Freedom of Information                      Fed# 10989-007
and Privacy Unit               04 NOV 19 P 12:06   U.S.P/Atlanta
600 E Street, N.W.                          601 McDonough Blvd.,
Washington D.C. Room 7300                    S.E. Atlanta GA: 30315
20530

Marie A O'Rourke
Assistant Director


RE: Freedom of Information Act          IDENTIFICATION OF REQUESTOR:
    5U.S.C 552, Privacy Act
    5U.S.C 552a(d)(1) Request:
    Exemptions 5U.S.C 552(b)(c)(I)(b)(7),
    General U.S.C. 552a(K)(2), 552a(J)(2)
    Not Applicable to this request



Name: Vyron Wheeler
Alais: Von, Vaughn
Soc.: 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


Dear Sir/Madam

     I request disclosure and release of all available records
and/or data, contained in this request, contained in the files
of your agency. Your agency should be advised that, my criminal
case has been closed since April 27,2004 by the D.C. Superior
Court of Appeals (see Kansi v U.S. Dept of Justice 11 F. Supp
2d 2444 (D.D.C. 1998) ("Plaintiffs case is still on appeal, the
potential for interference with witnesses and highly sensitive
evidence... exist at least until plaintiffs conviction is final
at the close of the Appellate process.") internal citation
omitted). compare Maydak v Dept of Justice 218 F3d 762.

(I). There has never been confidentiality orders issued in In limine,
that pertains to related case No.F1386-96 United States vs
Vyron Wheeler and disclosure of the requested material
have no adverse effect. see Hoyle Cr. 92-284(D.DC. 2004)

GOVERNMENT EXHIBIT G

(II). This request is to ascertain whether public money was pro-
perly expended in MY criminal case F1386-96 United States vs
Vyron Wheeler pursuant to 28 U.S.C.§ 1821 & DC Code 15-714.
(witnesses recieve $40.00 per day for attendance in court).

(III). I wish to check witnesses payment vouchers in accordance
to the provision of FOIA/PA which cites records as," any item,
collection or grouping if information, about an individual that
is maintained by a agency, including, but not limited to... financial
transactions, that contain his name or identifying No",. Requestors
Identifying No. on requested payment vouchers is **F1386-96 United
States vs Vyron Wheeler.**

(IV). This request has been upheld in cases like United States vs.
Bagley 105 S.Ct. 3375 ( 1985) In which pursuant FOI/PA request
respondent recieved copies of "ATF" contracts signed by the prin-
cipal Government witnesses commensurate with the information
furnished. Id at 3376.

(V). Your office should be advised," A party may in Good Faith,
file with the same agency successive request for identical
public records and thereafter appeal within thirty days of the
denial of any portion of a particular request". see "Freedom
of Information Acts 57A AM JUR 2d § 446" Board of Education v
F.O.I. Comm. 545 A2d 1064. Requestor files this request in good
faith to notify your agency that his criminal appeal is closed
and his case is final as of April 27, 2004.

The following is a **specified request**, please be advised, if your
agency withholds any part of this request, provide Jurisdiction
for such action. I await a response pursuant to 5USC § 552(6)
(A)(i), within TEN Days after reciept, excluding Sat, Sun & Holidays.
    I Further agree to pay any reasonable cost, or file In Forma
Pauper's, for search and copying of material over $100.00 in
cost,.

(2)

This Request consist of:

**1)** The information, records with dollar amounts of **all** witnesses, including expert witnesses, friends, relatives of and standby witnesses who were paid with Government payment vouchers in case No. Fl386-96 United States vs Vyron Wheeler.

## conclusion

Requestor notes with clarity the following exemptions do not apply to this request;

Exemption 5U.S.C § 552c(l) " Whenever a request is made which involves access to records described in subsection (b)(7)(A) see 5U.S.C. § 552(b)". Section 552(b) "protects from disclosure, "records on information complied for law enforcement purposes" [only to the extent that [disclosure] could reasonably be expected to interfere with enforcement proceedings]". (b)(7)(A) The purpose is "to avoid" prejudice to a prospective enforcement action. see Mapother v D.O.J., 3F3d 1533, 1541 (DC Cir 1993), Pinkney v Huff et. al. C.V. No. 00-0637 (RCL)(2001) also see Philadelphia News Inc. v Dept of Health & Human Service., 96 F.Supp 2d 63, 67 (D.DC 1999)("Exemption 7(A) applies "Only to futuer proceedings in an "ongoing" investigation") compare Manna y D.O.J. 51 F3d 1158. Requestors case has been final since April 27, 2004 see enclosed exhibit. There is no ongoing investigation or actions.

Mr. Vyron Wheeler
Fed # 10989-007
U.S.P Atlanta
Box 150160
601 McDonough Blvd., S.E.
Atlanta G.A. 30315

Thank You in Advance

If for any reason it is determined that any portion of the material and records sought is exempt by statute or by regulation, I request specific citation of authority for such exemption. If it should be determined that any material be deemed CONFIDENTIAL due to identity of source, the permission is granted to Agency to delete

source identification **"ONLY"** from the material for release, see
PATON V LAPARDE,  524 F.2d 862 (CA3 1975), Chastain v Kelly, 510
F.2d 1232.

Pursuant to Title 5 U.S.C. 552(6)(A)(i), it is noted that your agency
has (10) working days to provide information and material sought.
Should any delay occure, it is requested that your agency inform
me of this delay as provided by regulation and the date as to
when your agency will be able to act upon request.

## Certification

I, **Vyron Wheeler** hereby certify that I have served a true
and correct copy of the following:

Freedom of Information/Privacy Act to the United States Att-
orneys Freedom of Information and Privacy Unit, 600 E Street, N.W.
Washington D.C. Room 7300, Zip 20530 Att. **Marie A O'Rourke, Assis-
tant Director**

**and deposited same day in the U.S.P mail at The U.S.Penn, Atl
GA., on this:** 15th day of November 2004 via, certified/return
reciept mail # 7002 0510 0003 6810 1080

U.S.P. Atl
Vyron Wheeler
BOX 150160
601 McDonough Blvd., SE.
Atlanta Georgia 30315

Declaration under penalty of perjury:

I Vyron Wheeler, hereby declare that the above information is
true and correct to the best of my knowledge.(28USC§1746;18USC§1621).

Date: Nov 15,04

s/ Vyron Wheeler

end of document



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    Vyron Wheeler #10989007

Current Address    U.S.P. Atlanta Box 150160, 601 Mc Donough Blvd SE AHG 30315

Date of Birth    11 X 14 /64

Place of Birth    Washington DC

Social Security Number [2]    577 96 0166

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]    Vyron W Keeler          Date Nov 15, 04

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: <u>04-4515</u>    Date of Receipt: <u>November 19, 2004</u>

Requester: <u>Vyron Wheeler</u>

Subject of Request: <u>Third parties (witnesses payment, etc.)</u>

Dear Requester:

DEC 2 1 2004

    The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

    You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C.§552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. §552.

    We have not performed a search for records and you must not assume that records concerning the third party exist. We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express of authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

    Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. §1001.

(Page 1 of 2)
Form 006 - 6/02



This is a final determination and your request for information will be closed.  You may appeal my decision in this matter by writing within 60 days, to:

> Office of Information and Privacy
> United States Department of Justice
> Flag Building, Suite 570
> Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure

050971

FOI/PA Request No. 04-4515                    Date: Jan 26th, 05

To: Office of Information and Privacy        From: Vyron Wheeler
        United States Dept. of Justice              Fed#10989007
        570 Flag Building      **OFFICE OF INFORMATION**      USP Atl
        Washington D.C. 20530      **AND PRIVACY**            Box 150160

                                **FEB 0 1 2005**              Atlanta G.A. 30315

# RECEIVED

> This is an "Administrative Appeal" under
> the Freedom of Information Act, Title 5USC
> § 552(a)(6) and pursuant to 28C.F.R.§16.8

On December 21, 04, I received a response from Marie A. O'Rourke
Assistant Director for United States Attorney's Freedom of Infor-
mation Unit 600 E Street N.W., Room 7300 Washington D.C. 20530
denying my updated FOI/PA request for: information, records with
dollar amounts of all witnesses, including expert witnesses ,
friends, and relatives and standby witnesses who were paid with
Government payment voucher's (stipens) in my criminal case number
F1386-96 United States v Vyron Wheeler, this was a updated second
request my first request for this information dated April 24,2004
was denied pursuant to the Law Enforcement provision of the FOI/PA
Act sec., 5U.S.C on July 26,2004 by your office.

## In my Freedom of Information Request Denial Exemptions Cited

The following exemptions are cited by your agency as statore
to deny my FOI request. The following exemptions have one common·
goal....., to protect disclosure of confidentially and unwarranted
invasion of personal privacy.

I. Exemption (6) Privacy Act 552(a)
II. Exemption (b)(7)(c)
III. Third Party Disclosure
I fully agree that private personal information can be harmful
and in some cases should not be released e.g.[names, addresses,
phone no., soc.sec. no, signatures and other identifying information
or symbles in some cases] but as specified on pp. 2 of my

**GOVERNMENT**
**EXHIBIT**

states your agency may delete source information in accordance to your own agency regulation 28CFR§16.45 which clearly states," The record shall not be disclosed to the requestor **unless** the componet is able to **"delete"** the confidential source Id. 28CFR 16.45(a). This was surley drafted in accordance to the **Segregating** provision of the FOI which directs," Where disclosure of an entire record would result in a clearly unwarranted invasion of privacy, the statute [requires] that the agency **must** provide "[A]ny reasonable segrable) portion...after deletion of the portions which are exempt". Id.5USC&552(b).

I'm not interested in the witnesses information only in the amount paid by stipen/voucher. This can be accomplished in the following manner: e.g. Witness's identifying information can be blocked out and the amount paid exposed on the stipen's also  date's,along with the reason ÷  transportation or appearing in court. see pp14-15 of the Attorney Generals Memorandum on the 1974 Amendments to the Act, which states," Even "Unintelligible portions" of records **must** be released. Id. National Prison Project of the ACLU v Sigler 390 F,Supp at 794. also Robles v E.P.A., 489 F2d at 847-48. As you will note confidentality & privacy was not intended to defete the 1974 Freedom of Information Admendment. [Noting Exemption 7 does not apply to information compiled to determine whether an agency's internal operations comport with the law (DC Code 15-714 & 28USC §1821)(witnesses should receive $40.00 per day for fee and/or transportation cost).
Your agency has denied me the entire record and has made no effort to even look for it. see Letter of Denial page **(1)** states," We have not performed a search for records and you must not assume the records concerning the Third Party exist". **Your agency is not entitled to presume the information doesn't exist nor that the requested is exempt see.e.g. US v Landano 24 L.Ed2d 845(1993}.** There were over 14 different witnesses who testified at my trial. If your office does not possess this material, than direct me to the component which may possess it.
**The Privacy Act's Central Provision**

-    The Central Provision of the Privacy Act Access Right is §552a(d)(1) which provides that each agency maintaining a system of records **must** upon request by an individual to gain access to his records or to gain access to any information pertaining to him which is contained in the System,permit him... to review the record and have a copy made of all or **any portion thereof** in a form comprehensible to him.

According to the Supreme Court of the United S_ :es in Rose <u>425 US</u> <u>372,375,378-82</u>, the weight in the scale opposite privacy is " the presevation of the basic purpose of the Freedom of Information Act, to open Agency actions to the light of public scrutiny". 425 US 372.

-    Thus, the wightiest cases for the public intrest are those inwhich the information will serve to inform the public about agency (mis)behavior. As noted in <u>Ferri v Bell 645 F2d 1218</u> the 3rd Cir found an indirect public purpose in exposure by an inmate of a deal between a prosecutor and a witness that overcame the privacy intrest in the witness arrest record.

- In light of the stated and to the extent that the public has a interest to know if your agency is in compliance with the law I request you to release the requested information by "Segregating" the record, which would overcome Exemption 6 & 7.

-    The FOIA doesn't permit withholding on grounds of ongoing Ad-ministrative Action or litigation. Your office cited in my first FOIA for this information,it would wait until my prior FOIA were filed and if I did not receive request you would review further.

-    The FOIA doesnt confer greater access, not is it a bar to using the Act to secure information, not other wise available, <u>see NLRB v</u> <u>Sears 412 US 132,143 n.10 see e.g.</u>_____

## I.  <u>Exemption 6 of the Privacy Act 552a</u>

Exemption 6 provides that the FOIA does not apply to matters that are: personal and medical files and similar files, the disclosure of which constitute a clearly unwarranted invasion of personal privacy.

-    The Exemption balancing approach is an exception to the Act's General "any person rule", and that while the public interest is predominate in the disclosure side of the scale. The requestor is certainly part of the public and his interest can be considered for that reason alone. see e.g. <u>Ditlow v Shultz, 517F2d 170-71</u>. For simular reason the D.C. Cir now suggest that no limitation on the requester's use is appropriate Id at 171-72

-    The clearly Unwarranted Invasion of personal privacy, enunciate a policy that will involve a balancing of interest between the pro-tection of an individual's private affairs from unnecessary public scrunity, and the preservation of the right to Government Information <u>S. Rep. No. 813, 89th Cong. 1st Sess (1965)</u> at.9 see also <u>H.R. Rep.</u>

No. 1495, 89th Cong., 2d Sess.(1966) at 11. Although exemption 6 was unchanged by the 1974 Admenments, a related provision was enacted exempting "investigatory records" compiled for law enforcement. purposes, but only to the extent that production of such records would.....(c) Constitute an unwarranted invasion of personal privacy". Exemption 7, as admended in 1974.

- Thus, material in personal files may or may not be exempt depending upon the outcome of the balancing process. Schonberger v National Transportation Safty Board 508 FSupp941 (D.D.C 1981).

## The meaning of "A Clearly Unwarranted Invasion of Personal Privacy."

The meaning of "A Clearly Unwarranted Invasion of Personal Privacy."
I. The cases are uniform in holding that the language "clearly unwarranted" the statute instructs the court to tilt the balance in favor of disclosure". Gotman v NRLB, 450 F2d 670,674(DC CIR 1971), Rose 425 US 378 n.16, Board of Trade 627 F2d at 398, Ditlow v Schultz 517 F2d 166,169 (DC Cir 1975); Robles v EPA 484 F2D 843,846 (4th CIR 1973); Rural Housing Alliance 498 F2d 77. also see NPP of ACLU v Sigler 390 F.Supp 789 (D.DC 1975)(released deletion of identifying details held sufficient).

## II. Exemption (7)(c) Law Enforcement Exemption & Third Party Info.

Exemption 7 in essentially its present language was introduced by Sen. Philip Hart 1974 Amnd. It allow's but does not require withholding of investigatory records not whole files "compiled for Law Enforcement purposes, but only to the extent that the production of such record would" cause one of six specifically harms.

Unwarranted Invasion of privacy is unlike exemption 6 "Clearly" unwarranted invasion of personal privacy. However, as with exemption 6, the balance is to be tilted in favor of disclosure see Congressional News Syndicate v Dept of Justice 438 F.Supp at 542 quoting Getman v NRLB 450 F2d 670,674 (DC Cir 1971).There is no per se rule that mere connection of an individual with criminal investigation constitutes unwarranted invasion of privacy. Common Cause v Nat. Archives & Records Serv. 628 F2d 179,184 (DC Cir 1980).

(4)

The most common use of 7(c) is to delete names of third parties under investigation.see e.g. Bast v U.S. Dept of Justice 665 F2d1251 (D.C. Cir 1981); Kuehnert v FBI 620 F2d 662,667 (5th Cir 1980).....
However this is not a per se rule, a strong enought showing of public interest, or statutory policy can over come "even" this sort of 7(c) claim. see Foundation Constitutional Government 656 F2d at 862.

Legislative history of 7(c) indicates that exemption intended to "make clear" that the protections in (exemption 6) for personal privacy also apply to disclosure under (exemption 7)[1975 FOIA Source Book  333 (Remarks of Senator Hart)]. As with all exemptions the Government has the burden of proving that requested is properly withheld.

Your agency cited [exemption 552 (b)(7)(c)] for withholdinng information. This exemption, like exemption 6, involves a balancing of the public interest in disclosure against the degree of the invasion of privacy which would result from disclosure. Lesar v. Dept. of Justice, 636 F.2d 486.  (b)This exemption applies to matters that are ....(7) investigatory records compiled for law enfprcement purposes but only to the extent that production of such records would.... (c) Constitute an unwarranted invasion of personal privacy. Noting the language was drafted in favor of disclosure.see Congressional News syndicate v Department of Justice, 438 F.Supp 542, quoting Getman v. NLRB, 450 F.2d 670, 674 (D.C. Cir 1971).

## Conclusion

In closing, I note that your agency has the right to properly segregate document's when a statue exempts information of a personal private nature. see Iron v Gottschalk 548 F2d 992 (DC Cir 1976). also Irons v Parker 434 US 965 (1977). This can be accomplished as stated in this appeal. If Your agency continue to withhold the material which was denied in my initial request to your agency. I ask that you send me justification for such denial of  deletion of said witness source idenity information within the twenty working day time limit pursuant 552(6)(A)(ii). Be advised that my next appeal will be in the District Court of the District of Columbia, if we can't resolve this matter amoung our selves. Thank You.

This is a specified example of a method of blocking out personal
unwarranted information:


**Ex.1:**Voucher/Stipen #00001

Case ID No: F1386-96

Name of Witness: Renika Young

Social Security No: 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

Address: 2622 Dougles Place S.E. #2

Phone No: (202) 678-6165

Reason: Witness Fee

Date   : 2/28/97

Amount: $40.00                              s/ Renika Young

------------------------------------------------------------------

**Ex.2:**Voucher/Stipen #00006

Case ID No: F1386-96

Name of Witness: Renika Young

Social Security No: 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

Address: 2622 Dougles Place S.E. #2

Phone No: (202) 678-6165

Reason: Witness Fee/Transportation

Date   : 3/1/97

Amount: $50.00                              s/ Renika Young

------------------------------------------------------------------

     The above vouchers can be segregated in the following manner.
Blockout (Name, Address, Phone No., Social Security No., & Signature).
The information that is left fall's into FOIA/PA disclosure.
* Please note in (**Ex.1 & Ex.2**)the witness is Renika Young. The date
of each payment is different and the Voucher/Stipen no. is different.
to cure this problem of same or like payment identification per wit-
ness,requestor ask that "every" payment made to same person be
labled ( A-Z ). see the following example on the proceeding page.


(6)

Ex.1:Voucher/Stipen #00001
Ex.1 Blockedout pursuant to 5USC 552 & 552(a)
Case ID No. F1386-96
Name of Witness:                          Witness (A)
Social Security No.
Address:
Phone No.:
Reason: Witness Fee
Date  : 2/28/97
Amount: $40.00                              s/_____

-----------------------------------------------------------------

Ex.2:Voucher/Stipen #00006 Blockedout pursuant to 5USC 552 & 552(a)
Case Id No: F1386-96
Name of Witness:                          Witness (A)
Social Security No:
Address:
Phone No.:
Reason: Witness Fee/Transportation
Date  : 3/1/97
Amount: $50.00
                                            s/_____
_____

Note the following:
1) All "Unwarranted Invasion of Personal Private Identifying infor-
mation has been deleted".
2) All " Source Idenity" information has been removed.
3) The information that exist is,to Public Monies spent by your
agency "only".
4) Requestor's "Idenifying No. F1386-96", is on the requested in-
formation inwhich he is entitled.***[:Notice that every payment
made to Ms. Young is [L]abled "Witness A" with DATE, REASON,and AMOUNT. ]
Requestor reque'st that this process be followed for every person
as requested in his prior FOIA/PA request. see attachment.

As stated, there were over 14 different witnesses who testified at        .
my trial inwhich I have names.I request payment of these witnesses
without revealing their idenity's. Thank You.

(7)

My suspician as to your agency concerning witness payment has been
hightened by articles appearing in the NewPaper, "Washington Post"
and the "USA TODAY". see enclosed Articles 1+2

### Certificate of Service

    I **Vyron Wheeler**, certify that a true accurate original copy of
this,"Administrative Appeal", was mailed this 28th day of January to
The Office of Infromation and Privacy United States Department of
Justice Flag Building, Suite 570 Washington D.C. 20530 Cert. Ret/Rec Mail
The Forwarded is true under the penality of perjury.

Certified Ret/Rec.# 7002 0510 0003 6810 1240

Vyron Wheeler
10989-007
United States Penitentiary
Box 150160
Atlanta G.A. 30315

s/ Vyron u Wheel



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*        *Washington, D.C. 20530*

FEB 1 4 2005

Mr. Vyron Wheeler
Register No. 10989-007
United States Penitentiary
P.O. Box 150160
Atlanta, GA 30315

      Re: Request No. 04-4515

Dear Mr. Wheeler:

      This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on February 1, 2005.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-0971**. Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

           Sincerely,

           Priscilla Jones
           Chief, Administrative Staff



EOUSA



**U.S. Department of Justice**

RECEIVED

Office of Information and Privacy

2005 OCT 25  PM 2: 20
DEPT. OF JUSTICE/EOUSA
FOIA/PA STAFF

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

OCT 2 4 2005

Mr. Vyron Wheeler
Register No. 10989-007
U.S.P.- Hazelton                    Re:  Appeal No. 05-0971
Post Office Box 2000                     Request No. 04-4515
Bruceton Mills, WV  26525                DJM:MAP:JYC:GLB

Dear Mr. Wheeler:

     You appealed from the action of the Executive Office for United
States Attorneys on your request for access to records concerning
payments made to third party witnesses in your trial.

     I have been informed that, subsequent to the filing of your
appeal with this Office, you filed a complaint for judicial review of
the action of the EOUSA in the United States District Court for the
District of Columbia.  Inasmuch as this matter is now before the
Court, any action by this Office would be inappropriate.  I am,
therefore, closing your appeal file in this Office pursuant to
28 C.F.R. § 16.9(a)(3) (2004).

                         Sincerely,

                         Daniel J. Metcalfe
                         Director

                         By:

                              Melanie Ann Pustay
                              Deputy Director

EOUSA



GOVERNMENT
EXHIBIT

K