IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER

V

THE UNITED STATES DEPARTMENT
OF JUSTICE

CASE NO.

05-1133(CKK)

## PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff comes now before this Honorable Court for a **Second** time pursuant 18 U.S.C. § 2251 and request that his name be added to the **Courts Pro Bono Panel of Attorneys** within this circuit for Appointment of Counsel. Plaintiff know's that this is not a **Right** and in most instances the Appointment of counsel is unwarranted unless the Plaintiff makes a sufficient showing that he will likely succeed on the merit's, but due to the nature of petitioner's case which the Defendant's continue to not answer and defy this court's instruction's to do so, Plaintiff feel's this court should **waive** their response and appoint him counsel. This is an unusual situation Plaintiff has been placed in by Defendants. See 18 U.S.C § 3006A(g).

Plaintiff **also** relies on the language held by many circuits that, "**Where the indigent is in no position to investigate crucial facts, counsel should often be appointed.**" In **Peterson v Nadler**, 452 F.2d 745 (8th Cir 1971) for example, the pro se **plaintiff a state prisoner-** sued his former attorney for selling his car, and keeping the proceeds, the attorney admitted to selling the car, but asserted several defenses to the charge of conversion. Because the prisoner

(1)

could not possibly investigate the truth of falsity of the attertion's, the 8th Cir held counsel should have been appointed **Shields v Jackson**, 570 F.2d 284 (8th Cir 1978). Plaintiff is in exactly the same situation. Plaintiff is in no position to investigate the " Department of Justice's EOUSA" even if they turn over the sought material. The only other option would be to ask this Honorable Court to do a in-camre review. Plaintiff is having a hare time relaying his responses to defendants, who just disregard them. Several circuits have allowed a PLaintiff who was proceeding in forma pauperis to be appointed counsel. see **Moore-Bey v Washington** 2000 US Dist Lexis 13875 (DC Cir), **Poindexter v FBI** 737 F.2d 1173, 1185-86 (DC 1984), **Messerschmidt v United States**, 2005 US Dist Lexis 3954 (DC 2005). see foot note, was appointed counsel on April 27, 2004 fron the Civil Pro Bono Panel. **Baker v Potter** 294 F.Supp 2d 33 (D.DC 2003). Court Granted Appointment of Counsel April 12, 2001. **see foot note/2.**

Some of the facts that different court's have held to constitute the Appointment of Counsel have been. 1). Plaintiff's ability to investigate facts. 2). Whether conflicting evidence implicate need for cross examination, will be major proof presented to the fact finder. 3) Indigent's ability to present case. 4). Complexity of legal issues. 5). Any special reason why Appointment of Counsel would be more likely to lead to a jury determination. **Id. Hodge v Police Officer** 802 F.2d 58, 61-62 (2nd Cir 1986). Plaintiff believes that he has demonstrated that the defendants have not proven their burden of proof and his claims have merit and likihood of success. This taken with the fact that defendants continue to defy the court's

(2)

direction and their past delay technigues which has caused plaintiff almost a (two) year delay also plaintiff's investigating the practices and policy of paying witness's by this agency and it's past practice's of paying inflated payment's thru witnesse's voucher's, make's this a complex case which should be counseled by a member of the bar.  Inwhich petitioner respectfully request, his name be added to the list of person's requesting a member of this court's pro bono services'. Plaintiff ask this court to enforce it's November 2005 Order inwhich Defendants were Ordered to respond or to turn over sought material.  Defendant's have not responded as of Dec 2, 2005.

Respectfully Submitted

Mr. Vyron Wheeler
#10989-007
USP Hazelton
P.O. Box 2000
Bruceton Mills WV. 26525

The forwarded is true under the penality of perjury pursuant to the rules of this circuit and the F.R.Cv.P.

*[signature: Vyron Wheeler]*
Date 4th Dec. 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VYRON WHEELER | * * * | |
| V | * | CASE NO. |
| THE UNITED STATES DEPARTMENT OF JUSTICE | * * * * | 05-1133(CKK) |

PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff comes now before this Honorable Court for a **Second** time pursuant **18 U.S.C. § 2251** and request that his name be added to the -**Courts Pro Bono Panel of Attorneys**- within this circuit for Appointment of Counsel. Plaintiff know's that this is not a **Right** and in most instances the Appointment of counsel is unwarranted unless the Plaintiff makes a sufficient showing that he will likely succeed on the merit's, but due to the nature of petitioner's case which the Defendant's continue to not answer and defy this court's instruction's to do so, Plaintiff feel's this court should **waive** their response and appoint him counsel. This is an unusual situation Plaintiff has been placed in by Defendants. See (18 U.S.C § 3006A(g)).

Plaintiff **also** relies on the language held by many circuits that, " **Where the indigent is in no position to investigate crucial facts, counsel should often be appointed.**" In **Peterson v Nadler**, 452 F.2d 745 (8th Cir 1971) for example, -the pro se **plaintiff a state prisoner**- sued his former attorney for selling his car, and keeping the proceeds, the attorney admitted to selling the car, but asserted several defenses to the charge of conversion. Because the prisoner

(1)

could not possibly investigate the truth of falsity of the attorney's assertion's, the 8th Cir held counsel should have been appointed **Shields v Jackson** 570 F2d 284 (8th Cir 1978). Plaintiff is in exactly the same situation. Plaintiff is in no position to investigate the "Department of Justice's EOUSA" even if they turn over the sought material. The only other option would be to ask this Honorable Court to do an in-camara review. Plaintiff is having a hard time relaying his responses to defendants, who just disregard them. Several circuit's have allowed a Plaintiff who was proceeding in forma pauperis to be appointed counsel see. **Moore-Bey v Washington** 2000 US Dist Lexis 13875 (DC CIR), **Poindexter v FBI** 737 F.2d 1173,1185-86 (DC 1984), **Messerschmidt v United States** 2005 US Dist Lexis 3954 (DC 2005). see foot note, was appointed counsel on April 27, 2004 from the court's Civil Pro Bono Panel. **Baker v Potter** 294 F.Supp 2d 33 (D.DC 2003). Court Granted Appointment of Counsel April 12, 2001. **see foot note /2.**

Some of the facts that different court's have held to constitute the Appointment of Counsel have been **1)**. Plaintiff's ability to investigate facts. **2)**. Whether conflicting evidence implicate need for cross examination, will be major proof presented to the fact finder. **3)** Indigent's ability to present case. **4)**. Complexity of legal issues. **5)**. Any special reason why Appointment of Counsel would be more likely to lead to a jury determination. Id. **Hodge v Police Officer** 802 F.2d 58, 61-62 (2nd Cir 19686). Plaintiffs believes that he has demonstrated that the defendants have not proven their burden of proof and his claims have merit and liklihood of success. This taken with the fact that defendants continue to defy the court's direction and their past delay techniques which has caused plaintiff almost a (two) year delay also

(2)

Plaintiff's investigating the practices and policy of paying witness's by this agency and it past practice's of paying inflated payment's thru witnesse's voucher's, make's this a complex case which should be counseled by a member of the bar. Inwhich Petitioner respectfully request, his name be added to the list of person's requesting a member of this court's pro bono services'. Plaintiff ask this court to enforce it's November 2005 <u>Order</u> inwhich Defendants were Ordered to respond or to turn over sought material. Defendant's have not responded as of Dec 2, 2005.

Respectfully Submitter

Mr. Vyron Wheeler
10989-007
USP Hazelton
P.O. Box 2000
Bruceton Mills WV.
26525

The forwarded is true under the penality of perjury pursuant to the rules of the circuit and the F.R.Cv.P.

Date 4th Dec. 2005

(3)

# Certificate of Service

I Vyron Wheeler certify that (2) original copies of this Second Motion for Appointment of Counsel were sent to the Clerk of the Court US Courthouse DC 333 Constitution Ave., N.W. Washington D.C. 20001 this 4th day of November 2005

Certified Return Receipt # 7005 2570 0001 2590 8803

*Vyron Wheeler*
Vyron Wheeler 10989007
USP Hazelton
Box 2000
Bruceton Mills WV
26525