UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER,                               )
                                             )
        Plaintiff                            )
                                             )
    v.                                       ) Civil Action No. 05-1133(CKK)
                                             )
EXECUTIVE OFFICE OF U.S. ATTORNEYS,           )
                                             )
        Defendant.                           )
_____)

**Defendant's Opposition to Plaintiff's
Motion for Default and Waiver to Answer**

Plaintiff brought this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, initially seeking all documents relating to him but subsequently limiting the scope of his request to witness payment vouchers and other financial transactions as related to his criminal trial.  See, e.g. Pl.'s Compl. at 4.  On November 28, 2005, defendant moved for summary judgment because, contrary to the FOIA, plaintiff failed to submit privacy releases from the third parties who are the subject of his FOIA request and failed to present a public interest argument favoring disclosure under the FOIA notwithstanding third party privacy interests.  See, e.g. Taylor v. U.S. Dept. of Justice, 257 F.Supp.2d 101, 112 (D.D.C. 2003).

In his motion for default which defendant also construes as an opposition to defendant's motion for summary judgment, plaintiff does not argue that he provided the requisite third party waivers nor does he present a public interest rationale for disclosing third party records under FOIA.  Id., quoting, Burke

v. U.S. Department of Justice, No.CIV.A. 96-1739(RMU), 1999 WL 1032814, *4 (D.D.C. Sept. 30, 1999)("The [Privacy Act] 'prohibits the FBI from disclosing information about a living third party without a written privacy waiver, unless FOIA requires disclosure.'"); see also Taylor v. U.S. Dept. of Justice, 268 F.Supp.2d 34, 38 (D.D.C.,2003), quoting, Burke, 1999 WL 1032814, *5 (Court held that FBI properly denied plaintiff's FOIA request where plaintiff failed to provide proof of death or privacy waiver from third parties and there was no public interest "that superceded the privacy interests of the third parties."); see also 5 U.S.C. § 552a(b).  Instead, plaintiff argues that defendant has refused to search for records related to witness payments, has not produced any records, and has failed to answer. Plaintiff does not present any factual issues in dispute here for purposes of defeating defendant's motion.

   Consistent with Burke, 1999 WL 1032814, *3, defendant has not searched and was under no obligation to search for records because plaintiff failed to provide the requisite waivers and failed to present a public interest argument supporting disclosure.  Plaintiff's clearly personal interest in witness vouchers as related to his criminal trial is simply not the type of "public interest" contemplated by the FOIA to support disclosure of otherwise privacy-protected third party records. See, e.g. Brown v. U.S. E.P.A., 384 F.Supp.2d 271, 280 (D.D.C.

2005)(In examining the propriety of disclosing third party, privacy protected information under FOIA Exemption 7(C), Court stated that "FOIA is not an avenue for obtaining documents for personal use...")(citations omitted).

Further, consistent with Fed. R. Civ. P. 12(b)(6) and 56, defendant moved for summary judgment instead of answering. See Fed. R. Civ. P. 12(b)6)("Every defense, in law or fact, to a claim for relief in any pleading...shall be asserted in the responsive pleading thereto if one is required, except that the the following defenses may at the option of the pleader be made by motion:...(6) failure to state a claim upon which relief can be granted...If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...)  Accordingly, defendant was not obligated to submit a responsive pleading as well.  Given that plaintiff failed to raise a genuine issue in dispute for purposes of defeating defendant's motion, summary disposition in defendant's favor is appropriate.

Plaintiff, in his recent filing, also seeks judgment by default.  However, Fed. R. Civ. P. 55(e) precludes entry of a default judgment against the United States.

>No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

Fed. R. Civ. P. 55(e).

As set forth in defendant's motion, plaintiff's suit should be dismissed for failure to satisfy the documentation requirements for disclosure of third party records pursuant to the Privacy Act, 5 U.S.C. § 552a(b), and FOIA, and failure to provide a public interest argument supporting disclosure under FOIA that would otherwise supersede third party privacy interests.  As such,  plaintiff cannot establish that he is entitled to the relief of default judgment against defendant, and his request for such should be denied.

A proposed Order consistent with defendant's opposition to plaintiff's motion for default is attached hereto.

                        Respectfully Submitted,

                        /s/ Kenneth L. Wainstein /dvh
                        _____
                        KENNETH L. WAINSTEIN, D.C. BAR # 451058
                        United States Attorney

                        /s/ R. Craig Lawrence
                        _____
                        R. CRAIG LAWRENCE, D.C. BAR # 171538
                        Assistant United States Attorney

```
                              /s/ Beverly M. Russell
                              _____
                              BEVERLY M. RUSSELL, D.C. Bar #454257
                              Assistant United States Attorney
                              United States Attorney's Office for the
                                District of Columbia
                              555 4th Street, N.W., Suite E-4915
                              Washington, D.C. 20530
                              Ph:  (202) 307-0492
```

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of **Defendant's Opposition to Plaintiff's Motion for Default and Waiver to Answer** was made by the Court's Electronic Case Filing System and by first class, postage prepaid mail, this <u>27th</u> day of December, 2005 to:

Vyron Wheeler, No. 10989-007
U.S.P. - Hazelton
Post Office Box 2000
Bruceton Mills, West Virginia 26525


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney