UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VYRON WHEELER<br><br>　　　Plaintiff,<br><br>v.<br><br>EXECUTIVE OFFICE OF U.S. ATTORNEYS,<br><br>　　　Defendant. | Civil Action No. 05-1133 (CKK) |

ORDER
(January 6, 2006)

　　　Presently pending before the Court are Plaintiff's [9] Motion for the Appointment of Counsel to Assist Pro Se Plaintiff, filed July 11, 2005, and [20] Plaintiff's Second Motion for Appointment of Counsel, filed December 7, 2005.  Plaintiff also filed [22] Judicial Notice of Clerical Error, related to the latter motion for appointment of counsel.

　　　Plaintiff moves for the appointment of counsel to represent him in this Freedom of Information Act case.  Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel.  *See Willis v. F.B.I.*, 274 F.3d 531, 532-33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981).  If a plaintiff is proceeding *in forma pauperis*, as is the Plaintiff in this case, the court is authorized to appoint counsel under 28 U.S.C. § 1915 (e)(1), but is not obliged to do so unless the plaintiff demonstrates such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness.  *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986).  "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it."  *Id*.

     The Court has considered the potential merits of the claim, the complexity of the legal and factual issues involved, Plaintiffs' *pro se* representation to this early point in the proceedings, and the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel. *See* Local Civil Rule 83.11 (b)(3). The Court has also taken into consideration the limited *pro bono* resources available to the court. After carefully reviewing and weighing those factors, the Court concludes that appointment of counsel is not warranted at this time.

     Accordingly, it is this 6th day of January, 2006, hereby

     ORDERED that Plaintiff's [9] Motion for the Appointment of Counsel to Assist Pro Se Plaintiff, and [20] Plaintiff's Second Motion for Appointment of Counsel are both DENIED without prejudice;

     ORDERED that the Clerk of this Court shall send a copy of this Order to the following address: Mr. Vyron Wheeler, #10989-007, U.S.P. Hazelton, P.O. Box 2000, Bruceton Mills, WV 26525.

                                                    /s/  
                                       COLLEEN KOLLAR-KOTELLY  
                                       United States District Judge