UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VYRON WHEELER<br><br>      Plaintiff,<br><br>v.<br><br>EXECUTIVE OFFICE OF U.S. ATTORNEYS,<br><br>      Defendant. | Civil Action No. 05-1133 (CKK) |

ORDER
(January 6, 2006)

On November 28, 2005, Defendant filed a Motion for Summary Judgment in this case. Plaintiff is representing himself, pro se.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise pro se plaintiffs of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." Id. at 509.

Subsequently, in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform pro se litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Id. at 7 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

Under Rule 56(e) of the Federal Rules of Civil Procedure,

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, a party, such as plaintiff, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient.  For these purposes, a verified complaint shall serve as an affidavit.

In accordance, this Court wishes to advise Plaintiff that he must respond to Defendant's previously filed motion by February 5, 2006.  If Plaintiff does not respond, the Court will treat the motion as conceded.

Accordingly, it is this 6th day of January, 2006, hereby

ORDERED that Plaintiff has until February 5, 2006, to respond to Defendant's Motion for Summary Judgment; it is also

ORDERED that the Clerk of this Court shall send a copy of this Order to the following address: Mr. Vyron Wheeler, #10989-007, U.S.P. Hazelton, P.O. Box 2000, Bruceton Mills, WV 26525.

/s/
_____
COLLEEN KOLLAR-KOTELLY
United States District Judge