IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER
        Plaintiff

v                                       Civil Action
                                        05-1133(CKK)
THE EXECUTIVE OFFICE OF THE
UNITED STATES ATTORNEY'S et. al.

_____

PLAINTIFF'S RESPONSE/ANSWER TO DEFENDANTS
OPPOSITION OF MOTION FOR DEFAULT AND WAIVER TO ANSWER

    Plaintiff addresses this most Honorable Court as to Defend-
ants motion filed the 27th of December 2005, stating an , Opp-
osition to Plaintiff's Motion for Default and Waiver to Answer.
In their Opposition, defendants inform plaintiff, for the first
time, that a Summary Judgment Motion has been filed before the
deadline set by this court.  Defendants, in their opposition,
fail to address "ALL" of plaintiff's Civil Complaint.  Their
opposition "mimics" their "Promised" Summary Judgment.  Since
defendants fail to address "ALL" of plaintiffs complaint, esp.
the part where defendants promised to release request inpart,
see **ex 1**., this court can accept the statement of fact's from
plaintiffs civil complaint without any serious dispute from
the Government.  Anderson v. Liberty Lobby Inc., 91 LED2D
202, 477 US 242, 106 SCT2502 Therefore, for that reason, plain-
tiff adopts & incorporate by reference those statements of
fact in his motion and alledge the same herein.  Defendants
have only argued inpart against plaintiffs Civil Action and
not against every claim presented, inwhich, Summary Dismissal

-1-

is inappropriate. <u>Maydak v United States D.O.J.</u> 2005 US DIST
LEXIS 5415 (D.DC). F.R.Cv.P. 8(d),

DECLARATION OF FACTS

1). Defendants in this action have filed ,"Three" extensions,
inwhich plaintiff opposed all.

2). In November, this court issued a Ex parte' "Notice", inform-
ing the defendants, to respond or release all documents sought.

3). Upon no compliance by defendants, plaintiff filed for Default
and Waiver to answer on Dec__7_05.

4). Defendants, without varification, certification or other
proof of service have claimed to forward a Summary Judgment
within the specified time, plaintiff has never received such
motion. see **ex_2**

5). Plaintiff has checked with the U.S.P. Hazelton Mail Room
and they varify that -NO- Legal Mail was received between the
time defendants claim a motion was sent. see **ex_2**.

6). Plaintiff has never "narrowed" any of his F.O.I.A. request.

7). Under Rule 4 of Civil Procedure, defendants as well as pla-
intiff's "must" be held accountable for producing proof of ser-
vice.

8). Plaintiff would be held accountable for such standard of
proof, and ask that the rules be equally applied in this action.

9). Plaintiff, assures, he would respect any pleading forwarded
by plaintiff. Viewing plaintiff's pleading record show's zeal
as to resolving this matter quickly. **1/ see foot note**

10. It wouldn't make much since for plaintiff to respond to
every motion and then stop.

11). Plaintiff has become "very perplex" by the very claim that
a "Summary Motion" was ever sent to him, undocumented, in the
first place. It is very strange how the most important motion
would become missing, and plaintiff has received every other
motion, even defendants Motion For Opposition.

12). Plaintiff can only view the claim with suspicion and as a technique to gain some technical advantage in this action. Maybe even a way for defendants to avoid sanction.

13). All cases cited by defendants are misapplied because none call's for "deletion" of "confidential source information."

14). Plaintiff files his civil action to make sure, Defendants have complied with D.C. Code 15-714 & 28 U.S.C. § 1841 [witness fee's].


I certify that the forwarded declaration is True and Accurate under the Penality of Perjury persuant to 28 U.S.C. 1746. this 4 day of January 06.

s/ Vyron Wheeler

Vyron Wheeler 10989-007

## STANDARD OF REVIEW TO BE APPLIED

Plaintiff notes, that, defendants have stated in their Opposition to Motion for Default/Waiver to Answer that, defendants also construes as an opposition to defendants "Motion for Summary Judgment" ( ref. to Plaintiff's Motion for Default ). Id. Defendants Opposition pg(1). This statement consents to, more than the requisite Standard of Review applied to a Motion for Default. Defendant's have invoked the "more" broader standard of review applied to "Summary Judgment" [ a review of the entire record and "ALL" pleadings, complaints, motions, declarations, etc, and all factual inferences, which "must" be resolved in favor of the non-movant, plaintiff. see Danzer v Norden Systems, inc, 151 F3d 50 (2nd CIR 1998), Adickes v Kress & Co. , 398 US 144, 26 L.ED 2d 142 (1970), Cooper v Pate 12 Led 2d 1030 (1964), Nordine v Shiley Inc., 240 F3d 1149 (9th CIR 2001)( Summary Judgment not proper if material factual issues exist for trial).

## Additional Argument that need's to be addressed

Plaintiff will,[before concluding this brief inquiry], address additional primary issues raised——by defendants in the "Motion in Opposition for Default and Waiver to Answer" fd.12/27/05. In their opposition, Defendants cite several causes as to why Plaintiff's case must be dismissed. I will not go over the fact that I never received a Summary Judgment Motion, but will request a Docket Entry forwarded for that date as to the court's records and everything else proposed thus far in the motion.... As the Defendant present several cases', "All" are misapplied in this action. Defendants cite Taylor v U.S. Dept of Justice, 257 F.Supp. 2d 101, 112 (D.DC 2003), Burke v U.S. Department of Justice, No. CIV.A. 96-1739(RMU), 1999 WL 1032814, *4(D.DC sept 30, 1999) quoting (" The Privacy Act 'prohibits the FBI from disclosing information about a living third party without written privacy waiver, unless FOIA requires disclosure.'"), Brown v U.S. E.P.A., 384 F.Supp.2d 271, 280 (D.DC 20050( as to 7(C) disclosure), and Taylor v U.S. Dept of Justice., 268 F.Supp.2d 34, 38 (D.DC, 2003) quoting , Burke 1999 WL 1032814, *5 (as to third party disclosure) and request for relief,as to a motion never sent or forwarded to Plaintiff, inwhich he is unable to defend. "ALL" of defendants cases are misapplied and improper as to Plaintiff's request. Now, the only simularities that these cases have to plaintiff's case is that they requested information that can be deleted 2/ but as to Taylor,who also, sought records pertaining to his criminal conviction, —— when the F.B.I. informed him that his request was "Too Voluminous," 2/ see foot note

-4-

Taylor filed another request to "narrow" the information sought.
Taylor as well as the rest, sought witness's names, addresses,
soc. sec. no., phone no., everything that was embarrassing and/
or stigmatizing to "The witness or party". Plaintiff's request
is completely different from Taylor because Plaintiff was promised
part of his F.O.I.A. request filed in April, which he filed an
identical request in July 3/, EOUSA promised plaintiff," You may
expect processing of your request may take 9 mo." see undisputed
fact in Plaintiff's Civil Action pg. (8) and Declaration of EOUSA
by Marie A O'Rourke July 26, 2004. Nothing in the F.O.I.A. pre-
vents filing of even a Identical request.    EOUSA denied part
of plaintiffs request, so on November 15, 2004, plaintiff filed for
that part additionally,with what he had already filed. see Civil
Complaint Page (8) Ln.6 inwhich plaintiff request(this court to
Order production of "all" sought record's in his July & April
F.O.I.A. request, also, in the more "specified" request submitted
on November 15, 2004 inwhich plaintiff request payment voucher's.)
Noting all request called for "Deletion" of confidential Information.
Plaintiff has never narrowed his request, he just simply filed a
second request for exempt information which agency suggested was
exempt.  In addition Taylor requested everything with no deleting
provision.

BURKE

     Burke fails in the same situation as Taylor v U.S. DOJ 268
F. Supp.2d 34, 38; Taylor v US DOJ, 257 F. Supp 2d 101,112 and
Brown v U.S. EPA, 384 F.Supp. 2d 271 (2005), "ALL" —— these cases
involved request that involved information of a personal nature.
3/ see foot note
4/ see foot note

Each defendant sought to receive names, as well as other identify-
ing information like addresses, soc. no, etc and as Taylor quoted
at 268 F.Supp. 2d 38, "the mere mention of a individual's name in
a law enforcement file will endanger comment & speculation and
carrie a stigmatizing cannotation."

.    Plaintiff's case is completely different and he does not
request such information. Plaintiff has and continue to file for
a different provision, class of information that would "Delete"
any names, addresses, soc. sec. No., phone no. etc, which would
identify any individuals. This has been done to respect privacy
not to inhibit or reveal it.

.    Plaintiff has set forth detailed examples as to how this
may be achieved in his FOIA/PA appeal forwarded to the Office of
Information and Privacy on 1/28/05. In any event, there is no
per se rule  that mere connection of an individual with a criminal
investigation constitutes an unwarranted invasion of privacy see
Common Cause v National Archives & Record Service 628 F2d 179, 184
(D.DC 1980).

THE PUBLIC INTREST IN PLAINTIFF'S REQUEST

A basic overview of plaintiff's case will reveal simularities
to Linn v United States , 1995 U.S. DIST LEXIS 9302 (D.DC.) 1995
at 27. In Linn, there were request made for "witnesses payment
vouchers" along with other request. Defendants (EOUSA) invoked
almost every exemption for non disclosure. Although it was not
entirely clear from the record, it appears that "EOUSA" did not with-
hold any documentation in full under Exemption 6 of the F.O.I.A., but merely
"deleted" names, and other identifying information, while releasing the record

-6-

in patrial form.  This is simular to plaintiff's case [but] different
because Linn , did not show a strong enought piblic interest as
plaintiff. [ i.e. to ascertain whether public money was properly expended
in plaintiff's criminal case F1386-96 United States v Vyron Wheeler
pursuant to 28 U.S.C.§ 1821 & D.C. Code 15-714](Witnesses receive $40.00 per day
for attendance in court). Id. in Pl. Comp. 15 of November 2004 pg. 2-3.

This court held, even though "EOUSA" [C]ould invoke 5 U.S.C.§
552 7(C)'s Clearly Unwarranted Invasion of Personla Privacy" exempt-
ion, that had Linn attempted to show a [S]trong enought 'Public
Intrest', he may have been able to overcome even this exemption.
Id. Linn v US, at 27; also see plaintiffs FOIA "Administrative
Appeal" filed on January 28,2005 see [Exhibit 10] of plaintiffs
civil action on page 2, Par. 2, Ln. 11. stating [ Exemption 7
does not apply to information compiled to determine whether an
agency's internal operations comport with the law, (D.C. Code
15-714 & 28 USC§ 1821).  This was another showing of a strong public
intrest in which plaintiff is a part of the public. see [ ex 10]
pg. 9  Article Supporting Misconduct Probe of the United States
Attorney's Office Dec 2004.

ADDITIONAL SUPPORT MEMORANDUM

'In Department of State v Ray 112 S.Ct at 548 n12/, the Supreme
Court has endorsed the approch used in Horner, emphasizing that
disclosure of a list of names and other identifyint information is
not "inherently and always a significant threat to the privacy"
of the named individual.

·Even with a prior promise of confidentiality, while sometimes
relevant to the degree of invasion of invasion of personal pri-

vacy, it is not determinative and cannot be used to frustrate the policy of the act. Washington Post Co. v HHS, 690 F2d 263.

•A promise of confidentiality, only has "special significance" where it helped elicit "private matters" that the individual would not otherwise have exposed to the public, [A]nd where the individual would be in danger of "mistreatment" absent anonymity. Dept of State v Ray, 112 S.Ct at 549.  Defendants have shown no danger for disclosure or burden of proof for nondisclosure.

•An expectation of disclosure in litigation can also defeat the exemption. see Miami Herald Pud Co. v US Small Business Admin., 670 F2d 615-16 (defaulting SBA borrower can expect exposure in litigation to collect and therefore cannot expect privacy).

•Prior public disclosure can defeat the exemption. Aronson v IRS 767 F.Supp. at 389, Von Tempske v HHS, 2GDS Para. 82, 091 (W.D. Mo. 1981); Radowich v United States Atty, 501 F.Supp. 284,288 (D. MD 1980), (4th CIR 1981).  Plaintiff has "All" transcripts and other reports which disclosed witnesses at trial.

•If a record contains information that is exempt, any reasonable segregable information must be released after deleting the exempt portion's. Trans-Pacific Policing Agreement v US Custom's Service, 177 F3d 1022, 1025-27 (DC CIR 1999), 5 USC§552(b).

## THE D.C. CIRCUIT

The D.C. Circuit Court of Appeals has held in Powell v US BOP 927 F2d 1239, 1242 n.4 (DC CIR 1991)(quoting Church of Scientology v Dept of Army, 611 F2d 738, 744 (9th CIR 1979).  That "A" court "err's" if it simply approves the withholding, without entering a finding on segergability or lack thereof."

Foot Notes

1/ Even as subsection 5USC § 552(a)(4)(D) has been repealed, the definition
and legislative history of the "Good Cause" standard which congress, replaced
numerous statutory provisions, directing civil docket priorities, make clear
that, the FOIA will continue to be accorded priority to the same extent pro-
vided under the repealed laws. see 28 USC § 1657, as added by § 401 of P.L.
98-620, H-Rpt. No. 985, 98th Congress 2d Sess 5-6 (1984), 130 CONG. REC. S129
30 (1984)( Colloquy between Senator's Leahy and Dole).

2/ See. Attorney General's Memorandum of the 1974 Amendment to the Act, which
states, even "unintelligible portions" of record must be released. Id National
Prison Projject of the ACLU v Sigler, 390 F. Supp. at 794. also Robles v EPA,
489 F2d at 847-49. As you will note, " Confidentality & Privacy was not in-
tended to defeat the 1974 " Freedom of Information Admendment.

3 / See cover of July 21, 2004 FOIA Request in plaintiff's Civil Action Complaint
[Exhibit(3)].

4/ See declaration of Marie A, O'Rourke Assistant Director of (EOUSA), July 26,
2004 in plaintiffs Civil Action Complaint, [Exhibit (4)] Par 3, Ln.5

FINAL CONCLUSION

± As " specified  in plaintiffs prior request. plaintiff seek's all requested
information without narrowing it as stated by defendants. This includes the
promised parts.

Plaintiff seek this and "ALL" that this court deems proper and Pray for
relief Granted.

This motion is true under the penality of perjury pursuant to 28 USC 1746.

CERTIFICATION.

Plaintiff certify that a true original copy was forwarded to the United States
District Court for the District of Columbia 333 Constitution Ave N.W. Wash D.C.
2001 and the United States Attorney's Office 555 4th Street N.W. Washington
Rm E-4915 Washington  DC 20530, this 4 day of January 2006

Mr. Myron Wheeler
10989-007
USP Hazelton
P.O. Box 2000
Bruceton Mills WV 26525

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| U.S.P. Mail Room Officer/Sup | January 3, 2006 |

| FROM: | REGISTER NO.: |
|---|---|
| Vyron Wheeler | 10989 007 |

| WORK ASSIGNMENT: | UNIT: |
|---|---|
| Education | F2.221 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I would like to know if any legal mail Arrived for me A U.S.P Hazelton Mail Room between November 21, 2005 -thru- December 25, 2005

If so please provide me a copy of the Legal Mail Log.

Thank You in Advance

(Do not write below this line)

DISPOSITION:

I looked through the entire months of November and December 2005, No record of you receiving any legal/special mail.

| Signature Staff Member: | Date: |
|---|---|
| D. M— | 1-3-06 |

Record Copy - File; Copy - Inmate                          Replaces BP-148 of OCT 86

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 04- 2434

JUL 2 5 2004

Subject:   Self

Requester:  Vyron Wheeler

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

[Exhibit( 2 )]