| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| U.S.P. Mail Room Officer/Sup | January 3, 2006 |
| FROM: Vyron Wheeler | REGISTER NO.: 10989-007 |
| WORK ASSIGNMENT: Education | UNIT: F2-221 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I would like to know if any legal mail arrived for me a U.S.P. Hazelton Mail Room between November 21, 2005 -thru- December 25, 2005

If so please provide me a copy of the Legal Mail Log.

Thank You in Advance

(Do not write below this line)

DISPOSITION:

I looked through the entire months of November and December 2005. No record of you receiving any legal/special mail.

Signature Staff Member: D. M_____

Date: 1-3-06

Record Copy - File; Copy - Inmate                                Replaces BP-148 of OCT 86

EX-1-

**U.S. Department of Justice**
United States Attorney
District of Columbia
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530

Official Business
Penalty for Private Use $300

US OFFICIAL MAIL
$300 Penalty
For Private Use

$02.440
Mailed From 20530
11/28/2005
Hasler
US POSTAGE

MEMORANDUM OF LAW IN SUPPORT OF (TRO)

Statement of Case

Are set forth in plaintiff's, "Motion for TRO/Pelimiary Injunction.

Facts

F.B.O.P. has held plaintiff's legal mail without his knowledge for 47 day's, in direct contradiction of it's prior staff statement that," No legal mail was received " see Ex 1 . In violation of plaintiff's Constitutional rights.

Argument

A). Plaintiff is threatened with irreparable harm.

Plaintiff is entitled to a TRO/Preliminary Injunction, because F.B.O.P. staff, interferred with his civil action. If not restrained, this will cause undue delay's and problems with this litigation. As a matter of law, the continuing deprivation of Constitutional Rights constitutes, irreparable harm. Elrod v Burns, 427 US 347,373; 96 S.Ct 2673 (1976).

This principle has been applied in prison litigation generally. see Newsom v Norris 888 F2d 371,378 (6th CIR 1989), Mitchell v Cuomo, 748 F2d 804;806 (2d CIR 1984)., Williams v Lane, 646 F.Supp. 1379,1409 (N.D. Ill 1986).

B). The Balance of hardship favor's the plaintiff/.

Plainitff is confined by the Department of Justice and is attempting to find out if "EOUSA" Dep't of Justice, has con-

formed to it's statutory duty pursuant to D.C. Code 15-714 & 28 U.S.C. § 1821 during plaintiffs criminal trial. This within its self constitutes a hardship and place's plaintiff at a disadvantage. Further delay practices' and interference will cause more harm.

C.) <u>The Plaintiff is likely to suceed on the merits.</u>

Plaintiff has a great likelihood of success on the merits What defendants have done is delayed, plaintiff's information that is upheld by the F.O.I.A./P.A. act's. Privacy was never intended to preclude disclosure. The Central Provision of the Privacy Act is," Privacy Act Access Right", 552a(d)(1) which provides that," each agency maintaining a system of records "must" upon request by an individual to gain access to his records or <u>to gaine access to [any] information pertaining to him  which is contained in the system,</u> permit him... to review the record and have a copy made of all or <u>any portion thereof</u>, in a "form" comprehensible to him.  see "Plaintiff's Administrative Appeal January 28, 2005 pg(2), 6,&7.

Plaintiff has respected "Third Party" information, throughout this action and request and has a likelihood of success.

D). <u>The relief sought will serve the public intrest.</u>

In this case, the grant of relief will serve the public intrest because it is alway's in the intrest of the public for the Government Officials, to obey the law. see <u>Duran v Anaya</u>, 642 F. Supp. 519, 527 (DNM 1986)(" Respect for law, particularly by Officials responsible for the administration of justice is

-2-

in itself a matter of the higest public interest."); see also Llewely v Oakland County Prosecutor's Office, 402 F.Supp. 1379, 1393 (ED Mich. 1975)(" the Constitution is the ultimate expression of the public intrest".)

### Point II

#### Plaintiff should not be required to post security

Plaintiff is indigent prisoner and unable to post security. The court has discretion to excuse an improverished litigent from posting security. Orantes-Hernandez v Smith, 541 F.Supp. 351,385 n.30 (D. Cal. 1982); J.L. v Parham, 412 F.Supp. 112, 140 (D.G.A. 1976), rev on other grounds, 442 US 584, 99 SCT 2493 (1979). In view of the seriousness of this Civil Action, (ie, Government agency conforming to the law), the court should Grant the relief requested without requiring plaintiff to post security.

### Conclusion

For the foregoing reasons, the court should Grant the motion in it's entirety.

Date  January 17, 2005
Name  Vyron Wheeler
      10989-007
      USP Hazelton
      P.O. BOx 2000
      Bruceton Mills WV. 26525

S /s/ Vyron Wheeler

-3-

05-1133 (CKK)

Judicial Notice

Plaintiff encloses the enclosed page to be applied to his Motiion for Summary Judgment filed January 12 06 with your agency. The copy enclosed is signed under the penality of perjury for Plaintiffs Summary Judgment. Thank You

The enclosed has the same force and effect as the original motion.

*Vyron Wheeler*
Vyron Wheeler
10989-007
USP Hazelton
P.O. BOX 2000
Bruceton Mills WV.
     26525
Jan 17, 2006

United States District Court for the 4th Circuit

- Taylor / Black 191 US. Dist. LEXIS 15787 (W.D.VA.) 03/07/91, Civil Action No. 87-0050-C, cited witness fee payments, [ Hon Judge James H. Michael Jr, U.S. Dist Judge]

- Goldstein v Costco Wholesale Co. 09/15/04, 2004 US Dist LEXIS 22041, cited witness fees paid, [ Hon Judge Robert Doumar, US Dist Judge ].(E.D.Va)

    These cases published witness fees paid to witnesses. These cases are precedent as to a public intrest in disclosure. Note that witnesses names were not deleted," as petitioner has requested from the beginning of his request." Petitioner brings these cases in the intrest of disclosure, in accordance to the FOIA/PA acts, and ask this Honorable Court to consider the Granting of the information that was promised by "EOUSA" in their July 26, 2004 response, which petitioner has not yet received. see exhibit no. __2__ Declaration of Marie A. O'Rourke.

    Also, exhibit no. __4__ April 7, 2005 Office of Information and Privacy Declaration of Priscilla Jones. Neither have been answered and petitioner ask this Court,...to enforce production in accordance to the FOIA/PA Act. And requested relief in this and the civil complaint filed No. 1:05CV01133, including the cost of this action, and associated cost.

                                         Thank You

The forwarded is true under the penalty of perjury pursuant to the Fed R. Civ. P. (28 U.S.C. § 1746)

                                         Mr. Vyron Wheeler
                                         10989-007
                                         USP Hazelton
                                         Box 2000
                                         Bruceton Mills WV. 26525
                                         Dated 12th 2005