IN THE UNITED STATES DISTRICT COURT    THE DISTRICT OF COLUMBIA

VYRON WHEELER
          Plaintiff,

v̇                                                    CASE NO.

THE "EOUSA", et. al.                                 05-1133(CKK)
          Defendants,                                                    )

BRIEF IN OPPOSITION TO DEFENDANTS SUMMARY JUDGMENT MOTION

Statement of the case

     This is a § 1983 action filed by a person a U.S.P. Hazel-
ton Correctional Facility, seeking disclosure and cost for
documents relating to plaintiffs identifying case F1386-96,
United States v Vyron Wheeler.  Defendants have filed a Motion
for Summary Judgment as to plaintiffs FOIA/PA nondisclosure
claim against defendants, arguing that their conduct was just-
ified by the Privacy Act's "5 USC § 552a(b) provision, Third
Party disclosrue & Public Intrest Standard, [inwhich] defendants
only address [p]art of plaintiffs F.O.I.A. calim.

Statement of facts

     · Plaintiff's declaration, sets forth plaintiff filed (3)
F.O.I.A./P.A. request, one on April 24, 04, one on July 21, 04,
& one on November 15, 04.

     · Defendants promised some of plaintiffs request on July 26,
2004, but never released it to plaintiff.  Defendants fail to
realize this fact.

     · Defendants have denied part of plaintiff's request under
"Third Party" exemption". Defendants cite but never prove a burden.

· Plaintiff states that, given the minor invasion of privacy that will be occasioned by the release of the information sought, by petitioner and the public intrest, the court should find information should be released. see <u>National Asso. of Retired Federal Emp. v Horner</u>, 633 F.Supp. 1241 (April 28, 1986).

Argument

Summary Judgment is to be granted only if the record before the court shows, "that their is no genuine issue as to [a]ny material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) F.R.Cv.P.  A "material" fact is one that "might" affect the outcome of the suite under the governing law". <u>Anderson v Liberty Lobby Inc</u>, 477 US 242,248 (1986).

The affidavits of the declaration's of the plaintiff's and the defendants are squarely contradictory as to Congressional Intent of the FOIA/PA meanings of Confidential, private information, the Law Enforcement provision, and as to plaintiff's ·enitial FOIA/PA request submitted, which defendants promised to fill within 1 to 9 months.  There is also dispute as to plaintiffs & defendants meaning of the "Public Intrest" in disclosure. and can plaintiff claim such intrest in payment of witnesses fees in his case?  The factual dispute is also material under the FOIA/PA.  Has defendants acted arbitrary and capricious, within the meaning of the bad faith standard, by causing undue delay's of processing.  The facts alleged by plaintiff show's the defendant are in violation of noncompliance

-2-

and failure to allow plaintiff access to recordas contained in
his criminal case F1386-96 United States v Vyron Wheeler upon
plaintiff's request, pursuant to the Freedom of Information /PA.
acts in violation of title 5 USC 552a(d)(C), "Upon request to
gain information pertaining to him...permit him to gain access
to..all or any portion thereof." & 5 USC 552 (a)(3)(B), " agency
shall provide the record in any form..." pursuant to title 5 USC
552a(g)(3)(B)," to gain civil relief under the Privacy Act &
under 5 USC 552(a)(4)(B) to gain civil relief under the FOIA.

 Evidence will show that, there is no per se rule that mere
connection of a individual with a criminal invastigation con-
stitutes unwarranted invasion of privacy. see Common Cause v
National Archives & Record Serv.; 628 F.2d 179,184 (DC CIR1980).
Even with a prior promise of confidentiality, while sometimes
relevant to the degree on invasion of personal privacy, it is
not determinative and cannot be used to frustrate the policy
of the act. Washington Post Co. v HHS, 690 F2d 263.

 • A promise of confidentiality, only has "special,signifi-
cance", where it helped elicit "private matters", the individ-
ual would not other wise have exposed to the public,[a]nd
where the individule would not otherwise be in danger of mis-
treatment absent anonymity. Dep't of State v Ray, 112 S.Ct 549.
Defendants have shown no danger or threats nor have they sat-
isfied their burden for withholding the record sought. see Pl.
Declaration at [16] pg 5 .

Justification for withholding

In order to justify it's burden of non-disclosure, an agency "must" provide a "relatively detailed justification" specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply. Mead – Data Central Inc., v U.S. Dep't of Airforce, 184 US App. D.C. 350, 566 F2d 242,251 (DC CIR 1977). If they are "conclusory", merely reciting statutory standard, (as defendants are doing), or if they are too vague or sweeping, they cannot support Summary Judgment, also see Vaughn index, see King 830 F2d 219, (citing inter alia Gardels v CIA, 223 US App DC 88, 689 F2d 1100,1105, 636 F2d 1287,1292 DC CIR 1980)). To grant Summary Judgment on an inadequately supported claim, "would constitute an "abandonment" of the trial courts obligation under the FOIA to conduct de novo review." King 830 F2d (quoting Allen v CIA, 636 F2d 1293).

Evidence will show that the FOIA/PA like it's D.C. counterpart are designed to promote the disclosure of information, not to inhibit it. Barry v Washington Post Co., 529 A2d 319,312 (DC 1987), Dunhill v Director District of Columbia Dep't of Trans 416 A2d 244 241 n.5 (DC 1980), Dep't of Airforce v Rose, 427 US 352, 48 L.Ed 2d 11 (1976); Sharyland Water Supply Corp v Block, 755 F2d 398,398 (5th CIR), 86 L.ED 2d 697||1985). The act was designed to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Rose at 361.

Defendants and plaintiffs are squarely contradictory as to the "Intent" of the "CORE PURPOSE" for which the FOIA/PA was enacted. Defendants state that a requestor seek's information about himself or agency action's relating to his criminal case does not show a intrest for disclosure. see Def/Mem. for S/J pg6,para2,. Plaintiff believes that the "CORE PURPOSE" for which the FOIA/PA was enacted was to [s]hed light on agency's performance of it's statutory duties, and for seeking information as to that performance.   In this case, it's," the proper expenditure of witness payment voucher's. see Pl/S/J Motion pg11,para2,¶10; also see Def/Mem. Exhibit I pg2/para3,,¶1. "the Central Provision"

Plaintiff and Defendants are squarely in contradiction as to plaintiffs April & July FOIA request.  Defendants assume, without fact or supporting evidence, that plaintiff disregarded these earlier request.  Plaintiff has never disregarded these requested document's that defendant's "promised" to him. Plaintiff will provide documentation in support of this claim, and undisputed fact.

For the reason's of factual dispute in this case, set forth in this motion, and the attached statement of fact and declaration, Summary Judgment for defendants should be DENIED.


Date January 1%, 06

Vyron Wheeler #10989-007
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills WV
                    26525
s/ _Vyron u Wheel_

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER
     Plaintiff,

v                             CASE NO.

THE "EOUSA", et. al.           05-1133(CKK)

     Defendants,


### STATEMENT OF DISPUTED ISSUES

Defendants have moved for Summary Judgment on the plaintiffs claim concerning his FOIA/PA request. Pursuant to the Local Rule 56(e) of the court, the plaintiff submitts the following list of genuine issues of material fact that require the denial of defendants Summary Judgment Motion:

1). Whether plaintiff filing a second FOIA request, prohibits defendants, obligation, made to plaintiff's first FOIA request, to release part of request within 1 to 9 month's.

2). Whether plaintiff filing for deleted confidential source information and deleting of identifying information, has to submit an "express authorization form" of a third Party??

3). Whether plaintiff can claim public intrest as to infor- mation that sheds' light on an agency's performance, statutory duty, and conforming to the laws.

4). Whether defendants have satisfied their burden for with- holding the records sought.

5). Whether plaintiff has presented genuine issues of dispute to this court as to his FOIA request and action.

DATE : January 18, 2005,
ADDRESS : Vyron Wheeler
Vyron Wheeler
USP Hazelton
Box 2000

S Vyron Wheeler

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER

      Plaintiff,

v

                                  CASE NO.
                                  05-1133(CKK)

THE "EOUSA", et. al.

      Defendants,


### DECLARATION IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Vyron Wheeler declares under penalty of perjury:

1). I am the plaintiff in the above entitled case. I make this declaration in opposition to defendants motion for Summary Judgment on my claim concerning non-disclosure of Information pursuant 5 USC § 552,552a. I am part of the public and a United States citizen see. <u>Van Fripp v Parks</u>, 2000 US Dist LEXIS 20158 March 15, 2000 (D.DC.), (calling BOP's assertion that the prison population is only a narrow segment of the public at large...[a] crabbed interpretation).

2). The defendants affidavits claim, in summary, that the sought after documents are exempt under "Third Party and Law Enforcement Exemption's" of the FOIA/PA Act's. They claim that they used these exemptions to justify a non search/ non disclosure, because, "plaintiff has not followed proper procedures in making a Third Party FOIA request. Id pg7,para2, ¶6 of Def/Mem for S/J.

3). Defendants claim in summary that "Plaintiff" narrowed his FOIA request submitted in April & July 04 when he filed his Nov 15,04. Plaintiff suggest he just filed a second re—

-1-

quest becasuse nothing in the FOIA/PA act's prohibited him from doing so.  In any event defendants had promised the earlier requested information inpart, and plaintiff was allowed to rely on their promise.

4).  Defendants state, plaintiff's intrest are not the type of public intrest which comtemplates FOIA disclosure see Def/ Mem. for S/J pg7. "It is evident that plaintiff wants infor- mation for personal intrest" (as quoted be def.) see Def/Mem.,S/J, para.,1/¶14.

5). Defendants state, plaintiff request fails to set forth a public intrest sufficient enought to weigh the public intrest of the Third Party Def/Mem S/J pg6.  Plaintiff states that he has made request consistent with the core purpose of the FOIA/PA acts.

6).  The defendants are not entitled to Summary Judgment be- cause their are genuine issues of material fact to be re- solved.  These issues are identified in the accompanying statement of disputed factual issues filed by plaintiff, pursuant to rule 56(e)of the Local Rules of this district court.  The facts are set out in this declaration.

7).  On April 24, 2004, plaintiff filed his first FOIA/PA re- quest for information pertaining to his Identifying Criminal Case F1386-96 United States v Vyron Wheeler,  This request was "General" for information  pertaining to his name & No, Because plaintiff did not receive a response before the (10) working day deadline, he filed a identical request for the same information on July 21,2004. [Both request set forth a

provision to delete any confidential source information/
third Party Info. see pg4 of both Plaintiff's FOIA request
April & July.

8). On July 26, 2004, defendants notified plaintiff of
receipt of his request inwhich, in summary, defendants
would process between 1 to 9 month's. see Declaration of
Marie A O'Rouke, Assistant Director ex 1a.

9). Plaintiff points out to this Honorable Court and
Defendant's that defendant's exhibit C is flawed,. It
does not contain all of the language that was forwarded to
plaintiff. The defendant's exhibit C, fails to contain
" Your request for information concerning yourself includes
"boiler plate" language requesting an accounting of all
disclosed of our files." "Your request for accounting is
denied because US Attorney Criminal case file are exempt
from the accounting provisions of 5 USC§552c(1) by virtue
of 5 USC§552a(J)&(K), you may appeal see Pl ex 4,/Pl/Civ. Com./p2

10). Plaintiff interpreted this as a denial of his witness
payment request, so he appealed Sep 15,2004 to "Office of
Information & Privacy". see  Pl/Civ Comp. Ex,5.

11). On Sept. 16,2004, plaintiff received a communication
from defendants on Sept. 16, 2004 stating his first request
in summary was being processes on a first-in-first-out policy.
see Dec. of Marie O'Rourke Pl Civ Comp. ex(6).

12). On Nov. 3, 04, Defendants "Office of Information/Privacy", notified plaintiff that, in summary, if "EOUSA" does not provide all responsive requested information you may appeal again to us. This was after my initial appeal for exempted information from my initial request, because it did not make since to have to wait for information that was said to be exempt, which was not going to be sent to me, not to be sent to me before I could appeal, plaintiff simply filed another "specified" request for the exempted information [a]lso, in conjunction with his enitial request. Res-judicata, nor second and successive filing applies, to FOIA/PA Acts.

13). Defendants would have this court believe that plaintiff narrowed his FOIA/PA request, but, this simply is not true. Defendant had the option to wait for the release of the promised FOIA information 1 to 9 month's and then after it was released, file an appeal for the exempted information or just simply, wait for the promised information 1 to 9 month's and file another request for the exempted information with a stronger agrument for the information, this is what he did. Plaintiff never narrowed any of his request.

14). Plaintiff has asked for deletion of confidential Third Party in all of his FOIA request, and has set forth specific examples of how to best achieve this in his Jan. 28, 04 Appeal. see pg 6&7 of this appeal.

15). Plaintiff has provided defendant "EOUSA" with a article from the "Washington Post" written by staff writer Henri E. Cauvin, dated December 24, 2004 as to, "MisUse of Stipends for Witness's in D.C. Cases." To support his public intrest in disclosure as the government state in their Memorandum for Summary Judgment, (ie, to provide information on how the government spend's it's funds) see Def/Mem. S/J, pg6, para2,¶6. Defendant's fail to recognize that plaintiff included in his request the statement," This request is to ascertain whether public money was proper expended in my criminal case F1386-96 United States v Vyron Wheeler pursuant to 28 USC§1821 & D.C. Code 15-714. (witness receive $40.00 per day for attendance in court)." see Civil Action ex 8. [request of plaintiff's Nov. 15, 2004] pg2,sec.II.

16). Plaintiff states, his criminal case has been closed since April 27, 2004,. This was another reason why plaintiff filed his July 21, 2004 request, so that defendant's could not claim that his criminal case was ongoing and deny his request with an ongoing law enforcement exemption, which they cited anyway. 552(b)(7). Defendants state,"the FOIA protects from disclosure records or information compiled for law enforcement,. This is true but only to the extent that disclosure could constitute an unwarranted invasion of personal privacy. 5 USC§552(b)(&)(C); see Burke v US Dep't of Justice No. CIV. A. 96-1739(RMU), 1999 WL 1032814, *4(D.DC Sept 30,1999). see Def/Mem., S/Jpg6,paral,¶2.

Defendants fail to recognize that their own statement and cited citation's support disclosure of the sought after information by plaintiff.  Plaintiff is seeking a way to release the information that would not constitute a unwarranted invasion of privacy.  The FOIA/PA demands that an agency must show, by more that conclusory statements, how the particular kind of violation will occur. see Campbell v Dep't of Health, 221 US App. DC 1, 682 F.2d 256,259(DC CIR 1982).

17).  Plaintiff states that cases' are uniform in holding that, the language "Clearly Unwarranted" the statutes instructs the court to [t]ilt the balance in favor of disclosure." Getman v NRLB, 450 F2d 670,674 (DC CIR 1971), Rose, 425 US 378 n.16, Board of Trade 627 F2d 398; Ditlow v Schultz 517 F2d 166,169(DC CIR 1975); Robles v EPA, 484 F2d 843,846 (4th CIR 1973); Rural Housing Alliance, 498 F2d 73,78; NPP of ACLU v Sigler, 390 F.Supp. 789(D.DC 1975)(release deletion of identifying details held sufficient)n.4 Exemption 7 in essentially it's present language was introduced by Senator Phillip Hart, in 1974 and It [a]llow's[[b]ut does not require,(as defendant's would like this court to believe), withholding of investigatory records not whole files,"complied for law enforcement purposes", [but] only to the extent "it causes harm." Defendants can show nor attempt to show any harm, inwhich they present no genuine issue of fact, and Summary Judgment can not be granted.

18).  Plaintiff declares, he does not wish to envade upon any person's privacy, and has gone to great extent not to

invade these privacies.  Plaintiff did not provide a "expr-
ess authorization form from any Third Party, because he
does not seek any personal information of Third Parties.
"Express Authorization" is consistent withhpersonal infor-
mation like names, addresses, soc sec no., medical files,
law enforcement criminal files, etc.  Information that
would have a stigamitizing effect upon the party.  The
information sought by plaintiff is consistent with "agency"
compliance with law, code's.  Defendant's even state, (to
provide information on how the government spends its funds),
it is evident plaintiff wants information for personal int-
rest....because he seek's document's related to his case. see
Luczynski Decl., Ex. G/ Id. Def/S,J, Mem./pg7/paral/¶3.

19).  Plaintiff declares his "only" intent is to see if
monies were properly expended in his criminal case # F1386-96,
in accordance to DC and Federal code.  Defendant's claim this
is a personal intrest in disclosure and not a public intrest,
this statement in it's language support's disclosure of the
FOIA also, which was "constructed" to obtain the requester's
personal information, and since the "CORE PURPOSE" or "PUBLIC
INTREST" aspect of the FOIA os to ensure that the citizenry
has access to information that [s]heds light on an agency's
performance of it's statutory duties, the objective of the
act will be met,[ in opposition of defendant's view's ] see
Def/Mot.,S/J.  "When it sheds light on whether government
officials obey the law. see Duran v Anaya, 642 F.Supp 519,527

(DNM 1986)("Respect for law, particularly by officials responsible for the administration of justice is in itself a matter of the "higest public intrest."), see also Llewely v Oakland County Prosecutor's Office, 402 F.Supp. 1379,1393 (ED Mich. 1975)("The Constitution is the ultimate expression of the public intrest").

20). Plaintiff states and declare, defendants have not satis-fied it's burden of withholding the sought after document's, nor have they satisfied showing a "burden" that supports the exemption's cited. [ that some danger will occure ] by release of the sought material. The defendants continue to [t]ilt it's burden on plaintiff, with it's prior assertion's of exemption 7(c), 6 (confidentiality of Third Party disclosure), and lack of public intrest, also we have not preformed a search for the documents. see Affidavit's, motion's of defendants.

21). Plaintiff's Summary Judgment Motion set's forth in great detail, why why this court should uphold disclosure of the sought after information. How to accomplish this. How to conform to the FOIA/PA Acts, and a non invasion of personal confidential information. Defendant's continue to just make, "vague" assertion's and cite cases inwhich requestor's requested "all" information, with out asking for deletion's. The case's defendant cites are "completly" different from what plaintiff seek's.

22). Plaintiff declare's that his request should not even be classified as "Third Party" because "deleting" "third

Party " information will leave the sought after information.
So, plaintiff totally disagrees with the Declaration of <u>David</u>
<u>Luczynski</u> in full.

23). Plaintiff also disagrees with this declaration of Mr.
Luczynski, statement that plaintiff's request was denied in
full, even he fails to recognize that plaintiff never rec
promised April & July material. see Dec/pg4.

24). Plaintiff declare's, contrary to defendants motion and
affidavit's that, "Third Party" information, "Confidential"
information not "Law Enforcement" information, etc., were
never ment to preclude "partial disclosure" in segregated,
deleted form, if so the language of the act's would have
stated so, when drafted by congress.

The primary question facing this court is, "Whether plain-
tiffs request, which authorizes deleting confidential source
information, see all request pg4. and Sep⊤ request pg3-4,
constitutes an invasion of privacy and is unauthorized dis-
closure under FOIA/PA.

Defendant's had the "Burden" of fact for nondisclosure
or nonproduction. Defendant's have shifted this burden on
plaintiff. Or attempted to do so.

Fore the foregoing factual allegations created, a genuine
issue of material fact has been presented and will, if proven
at trial, entitle plaintiff to a judgment. This material
dispute show's enought to preclude Summary Judgment for

-9-

the defendants, inwhich this court should Deny.

Plaintiff declares pursuant to 28 USC§ 1746 that the forwarded is true and correct under the penality of per-jury this $\underline{18}$ day of January 2006.

Respectfully Submitted

Vyron Wheeler 10989007
USP Hazelton
P.O. BOx 2000
Bruceton Mills WV.
                    26525

· -end-

E   X   H   I   B   I   T   S

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER,                          )
                                        )
            Plaintiff                   )
                                        )
    v.                                  )    Civil Action No. 05-1133(CKK)
                                        )
EXECUTIVE OFFICE OF U.S. ATTORNEYS,     )
                                        )
            Defendant.                  )
                                        )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff brought this suit pursuant to the Freedom of
Information Act ("FOIA"), 5 U.S.C. § 552, based on FOIA requests
submitted to defendant Executive Office of United States
Attorneys ("EOUSA").  Relevant here, plaintiff requested
information on witnesses' payment vouchers related to his trial.
See Declaration of David Lucynski, ¶¶ 4 - 15 (November 10, 2005).
However, summary judgment should be granted to defendant because
there are no genuine issues in dispute and defendant is entitled
to judgment as a matter of law.  Specifically, plaintiff failed
to submit releases from the third parties who are the subject of
his FOIA request and failed to present a public interest argument
favoring disclosure notwithstanding third party privacy
interests.  Accordingly, plaintiff's  complaint should be
dismissed in entirety.

1997 WL 411685 (D.C.Cir. Jun 19, 1997), cert. denied,
522 U.S. 950 (1997). Additionally, the FOIA protects from
disclosure records or information compiled for law enforcement
purposes whenever such disclosure "could reasonably be expected
to constitute an unwarranted invasion of personal privacy." 5
U.S.C. § 522(b)(7)(C); Burke v. U.S. Department of Justice,
No.CIV.A. 96-1739(RMU), 1999 WL 1032814, *4 (D.D.C. Sept. 30,
1999).

Additionally, since the core purpose or "public interest"
aspect of FOIA is to ensure that the citizeny has access to
information that "sheds light on an agency's performance of its
statutory duties," the objectives of the statute will simply not
be met where a plaintiff fails to set forth the requisite public
interest to support the requested disclosure (i.e., seeking
information showing how an agency conducts its business) and
demonstrates only an interest in delving into personal
information about a private citizen. Reporters Committee for
Freedom of the Press, 489 U.S. at 773-774. Accordingly, absent
proof of death or a notarized waiver authorizing the release to
the plaintiff of records pertaining to the subject of his
request, both subsection (b) of the Privacy Act as well as the
privacy interest exemptions of the FOIA prohibit their release
unless the plaintiff presents a legally-sufficient public
interest in disclosure.

In this matter, plaintiff's request fails to set forth a
public interest sufficient enough to outweigh the privacy

6

interest of the third parties.  Although plaintiff seems to suggest that there is a public interest in releasing witnesses' payment vouchers (i.e., to provide information on how the government spends its funds), it is evident that plaintiff wants the information for personal interests because he only seeks those documents related to his criminal case.  See Luczynksi Decl., Ex. G (attached thereto).

Plaintiff's interest in this regard is simply not the type of "public interest" objective contemplated by the FOIA sufficient to compromise the privacy interest at stake here.  In addition, because plaintiff failed to provide the requisite documentation which might have permitted the EOUSA to provide information regarding the subject of his request, plaintiff has not followed the proper procedures in making a third-party FOIA request. In short, plaintiff has not provided the appropriate documentation or authorization from the third parties subject of his request, nor has he shown sufficient, public interest to warrant a search for responsive records.  See, e.g., Burke, 1999 WL 1032814, *3 (FBI under no obligation to search for responsive records where plaintiff failed to provide proof of death or privacy waiver with FOIA request for third party records.) Accordingly, EOUSA  acted appropriately in responding to his November 2004 request.

IV.  CONCLUSION

For the reasons set forth herein, defendant requests summary judgment in its favor.

7

,153; 63 L.ED 2d 267 (1980); <u>National Treasury Employees Union v Griffin</u> , 258 US. App. DC. 302 (DC CIR 1987). <u>Before</u> 1986, the Act permitted the furnishing of documents without charge or at reduced cost, where agency determinations that waiver or reduction of the fee is in the public intrest because furnishing the information can be considered as primarily benefitting the General Public. <u>Griffin</u> 811 F.2d 646-47 (qouting 5USC § 552(a)(4)(A) (1982). [I]n addition, fee waiver denials were reviewed under the arbitarary and capricious standard. Id at 647; <u>Ely v United States Postal Service</u>, 243 US App. DC 345, 753 F.2d 163,165(DC CIR) see 85 LED 2d 854 (1985).

In 1986, Congress amended the standard governing <u>fee waivers</u> for FOIA request. see FOIA Reform Act 1986, Pub. L. No. 99-570§ 1804(b)(1) 100 stat. 3207-50. This amendment went into effect on April 25, 1987. The amendment applied to [any] request for "records" prior to the effective date of enactment, as well as to subsequent request and any civil litigation pending on effective date. The amendment established a "New Test" for deciding fee waiver request. If an intrest in privacy exist, then it must be balanced against the public intrest in disclosure, which, according to the Supreme Court, is limited to the "Core Purpose" for which the FOIA was enacted,"to" shed[] light on an agency's performance of its statutory duties." <u>Reporters Committee for Freedom of the Press</u>,489 US 773. The 1986 amendment created 3 seprate basis for Fee waivers; educational, news media and public interest waiver. 494 US 1029 108 Led 2d 615 (1990) see <u>National Security Archive v  US Dept of Defense</u> 880 F.2d 1381 (DC Cir 1989) Insofar as the withheld documents that "EOUSA" has withheld, they must provide an explaination of how the information could interfere with privacy intrest

11

FREEDOM OF INFORMATION/PRIVACY ACT ...

050971

FOI/PA Request No. 04-4515                          Date: Jan 26th, 05

To: Office of Information and Privacy        From: Vyron Wheeler
    United States Dept. of Justice                 Fed#10989007
    570 Flag Building          OFFICE OF INFORMATION      USP Atl
    Washington D.C. 20530           AND PRIVACY           Box 150160
                               FEB 01 2005               Atlanta G.A. 30315

## RECEIVED

This is an "Administrative Appeal" under
the Freedom of Information Act, Title 5USC
§ 552(a)(6) and pursuant to 28C.F.R.§16.8

On December 21, 04, I received a response from Marie A. O'Rourke
Assistant Director for United States Attorney's Freedom of Infor-
mation Unit 600 E Street N.W., Room 7300 Washington D.C. 20530
denying my updated FOI/PA request for: information, records with
dollar amounts of all witnesses, including expert witnesses,
friends, and relatives and standby witnesses who were paid with
Government payment voucher's (stipens) in my criminal case number
F1386-96 United States v Vyron Wheeler, this was a updated second
request my first request for this information dated April 24, 2004
was denied pursuant to the Law Enforcement provision of the FOI/PA
Act sec., 5U.S.C on July 26, 2004 by your office.

### In my Freedom of Information Request Denial Exemptions Cited

The following exemptions are cited by your agency as statute
to deny my FOI request. The following exemptions have one common
goal......, to protect disclosure of confidentially and unwarranted
invasion of personal privacy.

I. Exemption (6) Privacy Act 552(a)
II. Exemption (b)(7)(c)
III. Third Party Disclosure
I fully agree that private personal information can be harmful
and in some cases should not be released e.g.[names, addresses,
phone no., soc.sec. no, signatures and other identifying information
or symbles in some cases] but as specified on pp. 2 of my

GOVERNMENT EXHIBIT

⑤

state your agency may delete source information. This is in accordance to your own agency reg lation 28CFR§16.45 which c arly states," The record shall not be disclosed to the requestor unless the componet is able to "delete" the confidential source Id. 28CFR 16.45(a). This was surley drafted in accordance to the **Segregating** provision of the FOI which directs," Where disclosure of an entire record would result in a clearly unwarranted invasion of privacy, the statute [requires] that the agency must provide "[A]ny reasonable segrable) portion...after deletion of the portions which are exempt". Id. 5USC&552(b).

I'm not interested in the witnesses information only in the amount paid by stipen/voucher. This can be accomplished in the following manner: e.g. Witness's identifying information can be blocked out and the amount paid exposed on the stipen's also date's, along with the reason : transportation or appearing in court. see ppl4-15 of the Attorney Generals Memorandum on the 1974 Amendments to the Act, which states," Even "Unintelligible portions" of records must be released. Id. National Prison Project of the ACLU v Sigler 390 F,Supp at 794. also Robles v E.P.A., 489 F2d at 847-48. As you will note confidentality & privacy was not intended to defete the 1974 Freedom of Information Admendment. [Noting Exemption 7 does not apply to information compiled to determine whether an agency's internal operations comport with the law (DC Code 15-714 & 28USC §1821)(witnesses should receive $40.00 per day for fee and/or transportation cost).

Your agency has denied me the entire record and has made no effort to even look for it. see Letter of Denial page (1) states," We have not performed a search for records and you must not assume the records concerning the Third Party exist". Your agency is not entitled to pre-sume the information doesn't exist nor that the requested is exempt see.e.g. US v Landano 24 L-Ed2d 845(1993). There were over 14 different witnesses's who testified at my trial. If your office does not possess this material, than direct me to the component which may possess it.

**The Privacy Act's Central Provision**

- The Central Provision of the Privacy Act Access Right is §552a(d)(1) which provides that each agency maintaining a system of records must upon request by an individual to gain access to his records or to gain access to any information pertaining to him which is contained in the system, permit him... to review the record and have a copy made of all or **any portion thereof** in a form comprehensible to him.

(2)



U.S. Department    ustice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04- 2434

JUL 2 6 2004

Subject: Self

Requester: Vyron Wheeler

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 001 - 9/03



(EX 1A)

⑦

Please note: Your request letter used standard language ("boilerplate") asking for all the records on yourself. You also personally listed specific records that you would like to receive. We have interpreted your request as one for all the records on yourself. If you wish us to search only for the specific records you listed, please notify us immediately and we will narrow our search to those items. We are proceeding with our search in the district(s) you requested.

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number:_04- 2434_____                    JUL 2 6 2004

Subject:__Self_____

Requester:__Vyron Wheeler_____

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

               Sincerely,

               *Marie A. O'Rourke*

               Marie A. O'Rourke
               Assistant Director

                         Form No. 001 - 9/03

[EXHIBIT(4)]                    (1)

Privacy Act Request for Accounting of Disclosures

Your request for information concerning yourself includes "boilerplate" language requesting an accounting of all disclosures of our files.

Your request for accounting is denied because United States Attorney criminal case files are exempt from the accounting provisions of 5 U.S.C. § 552c(1) by virtue of 5 U.S.C. §§ 552a(j) and (k).

You may appeal my decision in this matter by a written request received within 60 days of the date of this letter. Appeals should be addressed to:

Office of Information and Privacy
United States Department of Justice
570 Flag Building
Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked Privacy Act Appeal.

If the Office of Information and Privacy affirms my decision, you will have an opportunity to provide us with a statement of disagreement which will then be placed in the file. 28 C.F.R. § 16.46.

## PRIVACY ACT APPEAL 5USC§552,552a

FOI/PA Request No. _____04-2434_____          DATE: Sept 15,04

To: Office of Information and Privacy          From: Mr Vyron Wheeler
    United States Department of Justice              Fed# 10989007
    570 Flag Building                                U.S.P/Atlanta
    Washington D.C. 20530                            Atlanta GA 30315

   This is a "Administrative Appeal" under the Freedom of
Information Act, Title 5U.S.C. § 552(a)(6), and pursuant to
28 C.F.R. § 16.8.

   On July 26,2004 I received a letter from, Marie A O'Rourke
Assistant Director for the United States Attorneys Freedom of
Infromation Privacy Act Unit 600 E Street, N.W. Room 7300 Washing-
ton D.C. 20530, denying my request for, the information, records
with dollar amounts of all witnesses, including expert witnesses,
friends, and relatives, and standby witnesses who were paid
with Government vouchers in case No. F1386-96. Government duty
to disclose continues see Mesorash v U.S. 1 (1959). See ex 5

   You should note that your agency has withheld only the
above cited section from this request, without extending the
FOIA provision that specifies that "any reasonable segrable
portion of a record shall be provided to any person requesting
such record after deletion of the protions which are exempt".
I believe that there must be additional portions which do not
fall within the exemption cited.

### Exemptions cited

   Your agency has cited,"Your request for accounting is denied
because United States criminal case files are exempt from the
accounting provision of 5USC § 552c(1) by virtue of 5USC §§
552a(j) and ( k)." This exemption does not apply to my request
and files may not be withheld under this provision in my request.

1

[EXHIBIT(5)]                    (1)

(II). This request is to ascertain whether public money was properly expended in MY criminal case Fl386-96 United States vs Vyron Wheeler pursuant to 28 U.S.C.§ 1821 & DC Code 15-714. (witnesses recieve $40.00 per day for attendance in court).

(III). I wish to check witnesses payment vouchers in accordance to the provision of FOIA/PA which cites records as," any item, collection or grouping if information, about an individual that is maintained by a agency, including, but not limited to... financial transactions, that contain his name or identifying No",. Requestors Identifying No. on requested payment vouchers is **Fl386-96 United States vs Vyron Wheeler.**

(IV). This request has been upheld in cases like United States vs. Bagley 105 S.Ct. 3375 (1985) In which pursuant FOI/PA request respondent recieved copies of "ATF" contracts signed by the principal Government witnesses commensurate with the information furnished. Id at 3376.

(V). Your office should be advised," A party may in Good Faith, file with the same agency successive request for identical public records and thereafter appeal within thirty days of the denial of any portion of a particular request". see "Freedom of Information Acts 57A AM JUR 2d § 446" Board of Education v F.O.I. Comm. 545 A2d 1064. Requestor files this request in good faith to notify your agency that his criminal appeal is closed and his case is final as of April 27, 2004.

The following is a **specified request**, please be advised, if your agency withholds any part of this request, provide Jurisdiction for such action. I await a response pursuant to 5USC § 552(6) (A)(i), within TEN Days after reciept, excluding Sat, Sun & Holidays.
   I Further agree to pay any reasonable cost, or file In Forma Pauper's, for search and copying of material over $100.00 in cost,.

(2)

I, ___Vyron Wheeler 10989-007___ hereby certify that I have served a true and correct copy of the following:

SUMMARY JUDGMENT OPPOSITION; STATEMENT OF DISPUTED, AND BRIEF IN OPPOSITION TO DEFENDANTS SUMMARY JUDGMENT MOTION, DECLARATION. Wt. Exhibits 1-12

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, *Houston v. Lack* 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

The United States District Court for the District of Columbia
333 Constitution Ave., N.W. Washington D.C. 20001 and the To make service on:
✱United States Attorney's Office 555 Fourth St., E-4915 Att. B. Russell/
Civil Division. (Plaintiff request the clerk to please forward the
U.S. Attorneys-Attorney's for Def. "EOUSA", et al. - A copy of the enclosed
Summary Judgment Opposition, by Electronic, filing, System.
Plaintiff does not have the necessary monies to send
Defendant's a copy) of the enclosed in which he is indigent.
                                    Thank You

and deposited same in the United States Postal Mail at the United States Penitentiary, Hazelton West VA on this: __January 18__ day of __January__ 2006.

Plaintiff ask that due to his indigent status 28 USC 1915 that
the clerk please provide "All" NECESSARY COPIE's. to "All".
Thanking You in Advance. - By Electronic Case filing.

**Declaration under penalty of perjury:**

I, ___Vyron Wheeler 10989-007___, **hereby declare that the above information is true and correct to the best of my knowledge. (28USC §1746;18USC§1621.)**

Date: Jan 18, 2006

Vyron Wheeler
Singature of Affiant
Vyron Wheeler 10989-007
U.S.P. Hazelton
Box 2000
Bruceton Mills WV 26525