IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER

    Plaintiff/Petitioner

v

THE UNITED STATES DEP'T OF
JUSTICE "EOUSA" et. al.
    Defendant/Respondent

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

*Let it be filed*
*Judge C Kllar-Ktlly*
*1/31/06*

CASE# **1:05CV01133**

Judge: Colleen Kollar-Kotelly

## MOTION FOR SUMMARY JUDGEMENT

Mr Vyron Wheeler
#10989-007
U.S.P. Hazelton
P.O. BOx 2000
Bruceton Mills WV.
          26525

STATEMENTS AND QUESTION'S PRESENTED UPHOLDING DISCLOSURE/RELIEF

PAGE #

· Plaintiffs justification for disclosure.............4

· EOUSA has not justified it's Burden of adequate search...5

· Is EOUSA comforming to it statutory duty............10

· Plaintiff has never narrowed any part of his F.O.I.A./PA..12

· Plaintiff has exausted his remedies, court has jurisdiction..13

· Why exemption 55(b)(2) doesn't apply to plaintiffs request..14

· Why exemption 552(b)(6) doesn't apply to plaintiffs request..15

· Why exemption 552(b)(7) doesn't apply to plaintiffs request..16-17

· Whether Seregable portions of the record must be released..19

# I N D E X

I-VI...................... Table of Cases

1......................... Summary Judgment Motion

2......................... A Brief History of the Case

3......................... Judicial Statement

4......................... Argument of the case
5......................... Burden of adequate search

6......................... Burke's Non Search

7......................... Justifying Non-Disclosure-Gov. Burden

8......................... Policy Favoring Disclosure

10........................ Public Intrest in Disclosure, Fee Waiver

12........................ Time of Search
13........................ Subject Matter Jurisdiction

14........................ Exemption -Cited 552(b)(2)

15........................ Exemption -Cited 552(b)(6)

16........................ Exemption -Cited 552(b)(7)

18........................ Determination of a Invastion of Privacy

19........................ Conclusion

20........................ Cases that Cite Witness Fees

Appendix

Certificate of Service

## Table of Cases

| Page(s) | Case |
|---|---|
| 1,2 | Anderson v Liberty Lobby Inc., 91 Led2d 202 477 US 242,248,240-50 |
| 1 | White v Fraternal Order of Police., 909 F2d 512,516(DC 1990) |
| 1 | US v Diebold 8 LED2d 176 |
| 1 | Green v Amritsar Auto Serv. Co. 206 F.Supp2d 4,7 (DDC 2002) |
| 2 | Celotex 477US 317,322 |
| 2 | Greene v Dalton 344 US APP DC 92, 164 F3d 671,675 (DC 1999) |
| 2 | Harding v Gray 9 F2d 150,154 (DC CIR 1993) |
| 2,3 | Nurse v Sec of Air Force, 231 F.Supp. 323 (D.DC) |
| 3 | Buckley v Valeo 46 L.ED2d 659, 424 US 246 |
| 3,4 | US v Levenite 277 F3d 454,462 (4th CIR) |
| 4 | Banks  v Dretke 157 LEd 2d 1166 |
| 4,10,12,17 | Linn v US1995 US Dist Lexis 9302,04 & 27 (D.DC); Linn 1995 Dist Lexis 12935 (D.DC)n.6 |
| 4 | Hoyle Cr 92-284 (D.DC) |
| 4 | Gaither v US 759 A2d 655,60 (DC 2001) |
| 4 | Antoine W. Rice Cr, No F-6601-92(03/12/04) also,01-303 (D.DC 11/12/03) |
| 4 | Cervanites Pacheco 826 F2d 310,15,16 (5th Cir 1987); 98 Led 762 (1988) |
| 4 | Brady v Md. 373 US 83 (1963) |
| 4 | Giglio v US 405 US 150 (1972) |
| 4 | Williams 81 F3d 1434,38,39 (7th CIr 1996) |
| 4 | Hoffa 385 US 293 (1966) |
| 4 | US v Bagley 473 US 667; 87 Led2d 1166 |
| 5 | Safe Card Serv. 926 F2d 1199, 1205-05(App. DC) |
| 5,6 | Ethyl Corp v US 25 F2d 1241,44,50 (1994)(4th CIR Cir) |
| 5,6 | Exxon Corporation v FTC 663 F.d 120,126 (D. DC 1980) |

## Table of Cases

| Page(s) | Case |
|---------|------|
| 6,12,13 | Oglesby v US Dept of Army 287 US App DC 126, 920 F2d 57,62,68 (DC CIR 1990) |
| 6 | Weisberg V US Dept Of Justice 240 US App DC 339, 745 F2d 1476,85 (DC CIR 1984) |
| 6 | Weisberg 705 F2d 1344,50,51 (D.DC 1983) |
| 6,7 | Burke v US 1999 US Dist Lexis 17542 (D.DC) |
| 7 | Mead Data Central Inc. v Dept of Air Force 184 US.APP.DC 350; 566 F2d 242,251 (DC CIR) |
| 7 | King 830 F2d 210,219 (DC CIR) |
| 7 | Gardels v CIA 223 US APP DC 88, 689 F2d 1100 1105 |
| 7,8 | Mark A. Allen v CIA 636 F2d 1287,93 (DC Cir 1980) |
| 8 | Costal States Gas Corp v Dept of Energy 199 US.APP.DC 272; 617 F.2d 854,861 (DC CIR 1980) |
| 8 | National Assoc. of Retired Federal Employees v Horner 633 F.Supp 1241 (DC CIR 1986) |
| 8,9 | Barry v Washington Post Co., 529 A2d 319,321 (DC 1987) |
| 8 | Dunhill v Dir, District of Columbia Dept. of Trans., 416 A2d 244,247 n.5 (DC1980) |
| 8,9,14,18 | Dept of Airforce v Rose., 425 US 352, 48 Led2d 11 (1976) |
| 8,9 | Sharyland Water Supply Corp. v Block, 755 F2d 397,398 (5th Cir), 89 LEd.2d 697 (1985) |
| 8 | Wheeler v CIA 271 F.Supp.2d 132,141(DC CIR 2003) |
| 9 | E.P.A. v Mink 410 US 73,80; 35 Led2d 119,128(1973)n( |
| 9,11 | United States Dep't of Justice v Reporters Committee for Freedom of the Press, 103 LEd2d 774, 795 (1989), 489 US 773 |
| 9,10 | Washington Post Co. v Minority. Business Opp. Comm. 560 A2d 517,521,522 |
| 9 | Alirez v NRLB 676 F2d 423,425 (10 CIR 1982) |
| 10 | Van Fripp v Parks 2000 US Dist Lexis 20158 03/15/00(D.DC) |
| 10 | Fitzgibbon 724 F.Supp 1052 |
| 10,11 | Kissinger v Reports Committee 445 US 136,153; 63 L.Ed2d 267 (1980) |

## Table of Cases

| Page(s) | Case |
| --- | --- |
| 11 | National Treasure Employees Union v Griffin 258 US App. DC. 302; 811 F2d 646-47 (DC1987) |
| 11 | Ely v United States Postal Service, 243 US. App.DC 753 F.2d 163, 165(DC CIR) |
| 11 | National Security Archive v US Dep't of Defense, 880 F2d 1381 (DC CIR 1989) |
| 13 | Cleaver v Kelley 427 F.Supp 80,82 (D.DC1976) |
| 14 | Schwaner v Dept of Air Force 898 F2d 793 , 794 796 (D.DC) |
| 14 | Crooker v Bureau of ATF 670 F2d 1051,1073-74 (DC CIR 1981) |
| 15,18 | Ditlow v Shultz 517 F2d 170-71 |
| 15 | Davis v US DOJ 296 US App. DC 405,407 |
| 16 | Campbell v Dep't of Health 221 US App.DC. 1; 682 F2d 256,259(DC CIR1982) |
| 17 | Bevis v Dep't of State 255 US App.DC 347, 801 F2d 1386,1388-90 (DC CIR 1986) |
| 17 | Kimberlin v DOJ 139 F3d 944,946 (04/07/98 DC) |
| 18 | Minnis v USDA 737 F2d 784 (1984), at 786 (9th CIR) |
| 18 | Van Bourg. Allen, Weinberg & Rodger v NLRB 728 F2d 1270 (9thCIR1984) at 1272 |
| 18 | Getman v NRLB 450 F2d 670,674 (DC CIR1971) |
| 18 | Board of Trade, 627 F2d 392,398 (DC App. 1974) |
| 18 | Rural Housing Alliance, 498 F.2d 73,78 (DC 1974) |
| 18 | NPP of ACLU v Sigler 390 F.Supp 789 (D.DC1975) |
| 18 | Robles v EPA, 484 F2d 843,846 (4th CIR1973).n4 |
| 19 | Church of Scientology 611 F2d 738,746 (9th CIR 1979) |
| 19 | Congressional News Syndicate v Dep't Of Justice 438 F.Supp 538, 542 (DC CIR 1977) |
| 19 | Common Cause v National Archives & Records Serv. 628 F2d 179,184(DC CIR1980) |
| 19 | National Assoc. of retired Fed. Employees v Horner, 633 F.Supp. 1241 (4/28/86 DC CIR)at 1245 |
| 20 | Atkins v Fischer 2002 US DIST Lexis 26492 |
| 20 | Planells v Howard University, 1984 US Dist Lexis 19338 |
| 20 | Zachary Aranow et. al. 905 F.Supp. 1122(D.DC)(1995) |
| 21 | McBride v Merrell Dow Pharmaceuticals 613 F.Supp 1349(D.DC 1985) |

Page(s)                          Case

21          Taucher v Rainer, 97-1711 (292 F.Supp.2d 124)
            (2002)

21          Zdunek v Washington Metropolitan Area Transit
            Authority 100 F.R.D. 689,691 (1983)

21          Oparaocha v Sun Co., 3 F.Supp.2d 4 (D.DC 1998)

21          Citizens Coordinating Commission on Friendship
            Heights Inc.,v Washington Metropolitan Tran-
            sit Authority, Civil Act.# 82-730(1984 D.DC)

21          Lam Que v Air America Inc., 667 F.2d 1059,60,
            215 US.App.Dc 181

21          Haarhuis v Kunnan Enter Ltd., 177 F3d 1007(1999)

21          Postow v OBA Fed Saving & Loan Ass'n 627 F2d
            1370,1389 (1980); 210 US AppDC 384

21          Davis County Solid Waste Mgnt & Energy Rec-
            overy Special Serv. v US EPA 169 F3d 775,757

21          Talley v Varma 689 A.2d 547,554 (1997)

21          Harris v Sears Roebuck & Co. 695 A2d 108,111 (DC)

21          Wilburn v US 340 A2d 810(1975)

21          Tyding v Tyding, 567 A2d 886,888(1989)

21          Wood v District of Columbia Nurses' Examing Bd.
            436 A2d 369,372(1981)

22          Taylor v Black 191 US Dist Lexis 15787 (W.D.VA.)

22          Goldstein v Costco. Wholesale Co. 2004 US Dist
            Lexis 22041 (9/15/04 E.D.Va.)

Statutes/Laws/Codes

3,11,13     552(a)(4)(B)
4,17        552 7(c)
4           Article Published in the Washington Post 12/24/04
5,10        28 U.S.C.§1841
5,10        DC Code 15-714
8           S.Rep.No. 93-584, 93rd Cong.,2d Sess.6(1974);
            Executive Order # 12,958; 60 Fed Reg. 19,825
            (04/17/1995)
9           Henery Steele Commanger,[New York Review of Bk's]
            ;Oct 5,1972 p.7
11          FOIA Reform Act 1986, Pub.L.No.99-570§1804(b)(1)
            100 stat. 3207-50
12,13       552(a)(6)(c)
13          552(a)(6)(A)(ii)

| Page(s) | Case |
|---------|------|
| 14 | F1386/96 |
| 14 | 552(b)(2) |
| 15 | S.Rep. No. 813, 89th Cong 1st Sess.3 (1965) |
| 16 | 552(b)(7) |
| 18 | [1975 FOIA Source Book 333]; |
| 18 | Fed.R.Civ.P. 28 USC 1746 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER

    Plaintiff/Petitioner

v                                                   CASE#  1:05CV01133

THE UNITED STATES DEPT OF

JUSTICE "EOUSA" et. al.

    Defendant / Respondent

## MOTION FOR SUMMARY JUDGMENT

Plaintiff moves this Honorable court for Summary Judgment under
Fed R. Civ. P. 56, due to the defendant presenting no genuine issue of
fact, nor proven is't burden of proof for non-disclosure throught-out
this request.

Under rule 56, summary judgment shall be rendered if pleadings,
dispositions, answers to interrogatories, admissions of file and
affidavits show there is no genuine issue of material fact and that
the moving party is entitled to judgment as a matter of law. Fed R.
Civ P. 56(c). Material facts are those that might affect the outcome
of the suit under the Governing law. Anderson v Liberty Lobby Inc.,
477 US 242,248, 91 LED 2d 202 also White v Fraternal Order of Police.,
909 F.2d 512,516 (DC App 1990); US v Diebold., 8 LED 2d 176. Incon-
sidering a motion for summary judgment the "evidence" of the non
moving party is to be believed, and all justifiable inferrences are
to be drawn in his favor. Id 255

While it is generally understood that when condersidering a
motion for summary judgment a court [m]ust "draw" all justifiable
inferences in the non-moving party's favor and accept the non-moving
party's evidence as true. Greene v Amritsar Auto Serv. Co. 206 F.Supp

1

2d 4,7 (D.DC 2002)(citing Anderson, 477 US 255), the non-moving
party must establish more than "the mere existence of a scintilla
of evidence in support of it's position." Anderson 477 US 252.
To prevail on a summary judgment motion the moving party must demon-
strate that the non-moving party failed to make a showing sufficient
to establish the existence of an element essential to the party's case,
and on which the party will bear the burden of proof at trial. Celotex,
477 US 322. The District of Columbia Circuit has stated that, the non-
moving party may not rely solely on mere conclusory allegations. Greene
v Dalton, 334 US App. DC 92, 164 F.3d 671,675 (DC CIR 1999); Harding v
Gray, 9 F3d 150,154 (DC CIR1993). Thus,"If the evidence is merely color-
able, or is not significantly probative," summary judgment may be gran-
ted. Anderson 477 US 249-50. ID 231 F.Supp. 323 Nurse v Sec of Air Force,
Nov.2, 2002(D.DC).

In which plaintiff request that his motion be granted for relief
sought.

## A BRIEF HISTORY OF THE CASE

Plaintiff was convicted in the D.C. Superior court on Feb.8,97.
Case NO. F1386/96. Plaintiff filed a series of criminal appeals and
motion's which were finally denied and criminal case affirmed on
April 27, 2004. Petitioner filed a FOIA request to "EOUSA" criminal
division on April 24,2004, for all information held by the United
States Attorney's Office pertaining to petitioner's case # F1386-96,
including but not limited to witness payment vouchers. This request
specifically requested that all confidential/ identifying information
be removed.Two identical request were filed for this information 1st
on April 24, 04. The second on July 21, 04 inwhich "EOUSA" promised
to respond within 9 months. see exhibit no's 1,2 . In it's July re-
sponse, "EOUSA" denied petitioner witness payments request inwhich

petitioner filed a new FOIA request for the information that was denied. see FOIA request filed November 15, 2005. This request was denied by "EOUSA" which stated, " we have not preformed [a] search and you must not assume that the sought after exist." see declaration Marie A O'Rouke / Willie C. Stwart, December 12, 2004. Petitioner appealed to the Office of Information and Privacy who informed him that it would take several weeks to answer. see Declaration of Pricilla Jones April 7, 2005. Petitioner has become frustrated by alleged delays and gaps in the process and now proceed under 552(a)(4)(B) which confers jurisdiction, in the Federal District Court to Order production of any agency's records which are improperly withheld, inwhich this civil action summary judgment commences.

## Judicial Statement

Quoted by the Honorable Judge

"poolong money from the public treasury' is fundamentally different from other forms of [a]ssociational or joint activities. It differs from volunteer work, endorsements, and the like. Money can be used to [b]uy favors, second giving money is a less visible form of associational activity. Buckley v Valeo 46 L.ED 2d 659, 424 US 246. The use of public funds from the public treasury to subsidize political or [g]overnment activity of private individuals, will produce profound questions about the nature of our democratic society. Buckley 46 L.ED 2d 659; 424 US 246.

Just as a [p]ayment may provide witness an incentive to come forward and testify at some risk to themselves, so too can the same payment provide an incentive to witnesses to come forward and lie simply for the purpose of recieving the payment. Even so, as long as there are adequate safeguards, the potential corruption should not condemn the practice. Indeed, in some rare cases, even a payment contingent on specific truthful testimony might be justifiable. Id U.S. V Levenite 277 F.3d 454,462."

Petitioner does not dispute that the payments made to witnesses were unauthorized by law, but wishes to shed light on the governments duty to disclose those payments.

**ARGUMENT OF CASE**

A basic overview of petitioner's case, will reveal simularities simular to Linn v U.S. 1995 US DIST LEXIS 9302 (D.DC) 1995 at 27. In Linn, there was request made for "witness payment voucher's" along with several other request. (EOUSA) invoked almost every exemption for non disclosure. Although it was not entirely clear from the case, it appears that "EOUSA" did not withhold any documentation in full under exemption 6 of the F.O.I.A. but merely DELETED names, and other identifying information while releasing the record in partial form. Now eventhough this court held that "EOUSA" [c]ould invoke 5USC §552 7(c)'s "Clearly Unwarranted Invasion of Personal Privacy" exemption, it specifically employed that had Linn attempted to show a [s]tronge enought 'Public Intrest', he may have been able to overcome even this exemption. Id Linn v US 1995 US Dist LEXIS 9302 (D.DC)1995 at 27.

Plaintiff's case is different from Linn's due to his continuing justification for disclosure which has been "Government Misconduct." in several published D.C. Superior Court Cases. This has caused a public intrest concern to plaintiff.see The Article Published in the Washington Post,12/24/05 ex  ,and cases cited by petitioner in his privacy act appeal #04-2434 ¶5, citing Hoyle Cr 92-284 (D.DC) also see Gaither v US 759 A.2d 655, 660 (10/21/2001)(DC), Antoine W. Rice Criminal No. F-6601-92 (March 12,04, DC), Hoyle Cr 92-284 (D.DC- New Allegations based on post conviction records, In re: Application of Antoine W. Rice memorandum opinion, misc No.01-303(D.DC Nov 12,2003, id memorandum opinion Dec 1,2003)); U.S. v Levenite 277 F.3d 454,462 (4th CIR); Cervanites-Pacheco  826 F. 2d 310, 315, 316 5th CIR App. (1987)....., ;Brady v Maryland 373 US 83(1963); Giglio v US 405 US 150 (1972); US v Williams 81 F.3d 1434,1438-39 (7th CIR 1996); Hoffa 385 US 293, 319(1966); United States v Bagley 473 US 667, 87 LED 481, see., Annotation:p.802,infra , Banks v Dretke 157 LED2d 1166, and DC

Code§15-714; 28 USC§1821 (witness fees).

The articles' and cases' cited by plaintiff, show's a pattern of misconduct by "EOUSA", in not disclosing all material during trial which is "EOUSA"'s statutory duty.

This circuit has held that, when such government misconduct,[as cited in case's like Hoylt, Gaither, & Rice], is justification for disclosure, the Public Intrest is "Insubstantial" unless the requester puts forth "Compelling Evidence" that the [A]gency denying the FOIA request is engaged in illegal activity and show's that the information is necessary to confirm or refute the evidence. Safe Card Service 926 F.2d 1205-06 (D.DC). These cases show a common scheme of "EOUSA"'s failure to disclose witness payments. In each case the court compeiled them to disclose pursuant to DC Code§15-714 ; 28 USC§1821. In Petitioners case F1386/96, " many "different witnesses were paid with vouchers. Disclosure of this information would contribute significantly to the Ultimate Goal of the PA/FOIA, Public Understanding of these operations see Fitzgibbon 724 F.Supp 1052. This court should take this into consideration when reviewing "EOUSA" Failure to SEARCH for REQUEST.

BURDEN OF ADEQUATE SEARCH

It can be said that "EOUSA" has not justified its Burden of a adequate search which is not to be placed on the plaintiff. Ethyl Corp v US 25 F.3d 1241 (1994)(conscious of the knowledge that the plaintiff is at a distinct disadvantage in attempting to test the claims alleged by [ the withholding agency ]) Exxon Corporation v FTC 663 F.3d 120,126 (DC CIR 1980) Id Ethyl at 25 F.3d 1249(4th CIR).

In it's December 21, 04, response,ex(5)"EOUSA" stated,"We have not performed a search for records and you must not assume that records conserning the third party exist." Declaration of Marie O'Rourke.

5

In demonstrating a adequate search, the agency may not rest even on an affidavit that simply avers that the search was conducted in a manner "consistent with customary practices and established practices," rather the attidavit must be "reasonable detailed" setting forth the search term and type. Oglesby v US Dep't of Army 287 US. App. DC 126, 920 F.2d 57,68 (DC CIR 1990).

"EOUSA" has not performed a adequate search and attempts to shift it's burden to plaintiff. In judging the adequacy of agency search for documents, the relevant question is whether the agency has "demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents." Weisburg v U.S. Dept of Justice 240 US App. DC. 339, 745 F.2d 1476,1485(DC CIR 1984)(quoting Weisberg 705 F.2d 1344, 50-51(D.DC 1983).

This aspect of petitioner's case is simular to Ethyl Corp v US EPA 25 F.3d 1241,44,50 (4th 1994)inwhich the Appeals court recognized that the District Court should have placed the burden of a adequate search on "EPA" not on Ethyl.[plaintiff is at a disadvantage] Exxon Corp v FTC 663 F.2d 120,126 (DC CIR 1980) id Ethyl at 25 F.3d 1249(4th CIR).

Now, noting that "EOUSA" does not just cite exemption's of why it chooses' non-disclosure, it fails to acknowledge existence of the sought after material. This practice was employed by the FBI in Burke v US 1999 US DIST LEXIS 17542 (D.DC).

Burke's Non Search

In Burke the FBI refused to search pursuant to a policy which calls for it to refuse to confirm or deny the existence of third party documents unless one of four condictions is met:(1) the subject of the request is deceased;(2) the subject of the request has provided a

6

notarized declaration authorizing the release of the requested infor-
mation to the requester;(3) the DOJ has officially acknowledged the
existence of records pertaining to the third party in question; or
(4) the Public Intrest in disclosure outweighs the third partie's
privacy intrest. see Kloss Dec P.13. The FBI stated that, in its
experience, this policy is justified by the fact that "merely affirming
that an individual is mentioned in FBI records is private information
and the inference drawn from such a fact can have an embarrassing or
stigmatizing effect." Id Burke v US supra p.11

Plaintiff's case is different from Burke in the since that he
alleges the Public Intrest in disclosure required, a history of mis-
conduct, and request the DELETING of confidential private information.
Thus, there will be no embarrasing or stigmatizing effect with disclosure.

Justifying Non-Disclosure-Gov. Burden

In order to discharge it's burden the agency must provide a
"relatively detailed justification" specifically identifying the
reasons why a particular exemption is relevant and correlating those
claims with the particular part of a withheld document to which they
apply. Mead Data Central Inc., v US Dep't of Airforce 184 US App. DC.
350, 566 F2d 242, 251(DC CIR 1977). Specificity is the defining re-
quirement of the Vaughn Index and affidavit; affidavits cannot sup-
port summary judgment . if they are "conclusory, merely reciting
statutory standard, or if they are too vague or sweeping," King 830
F.2d 219 (citing inter alia Gardels v CIA 223 US App DC 88, 689 F2d
1100,1105, 636 F2d 1287,1293 (DC CIR1980)). To Grant summary judg-
ment on an inadequately supported exemption claim "would constitute
an "abandonment" of the trial court's obligation under the FOIA to
conduct de novo review." King 830 F2d 219 (quoting Allen v CIA 636

7

F2d 1293).

Although it is true that the governments burden in justifying non-
disclosure is demanding...., the Circuit Court for our Circuit has
instructed repeatedly that,"those burdens may be avoided at the
option of the agency, however, by immediate disclosure." Costal
States Gas Corp v Dept of Energy 199 US App.DC. 272; 617 F2d 854 ,
861 (DC CIR 1980)(quoting Mead Data Central v US Dept of Air Force,
566 F2d 261). In fact Congress encouraged agencies to disclose exempt
material for which no compelling reason to withhold exist, and "an
agency's own balancing of the resource cost of justifying nondis-
closure against the veil of secrecy may provide a rough estimate of
how compelling is its reason for withholding." (citing S.Rep. No.
93-584, 93rd Cong., 2d Sess.6(1974)).

Given the minor invasion of privacy that will be occasioned by
release of information sought by Petitioner and the Public Interest
in Disclosure, the court should find that the information should be
released. see National Assoc. of Retired Federal Employees v Horner
633 F.Supp 1241 04/28/1986. also see "Exec. Order No. 12,958". 60 Fed
Reg. 19,825 (04/17/1995) and Wheeler v CIA 07/04/2003 271 F.Supp 2d 132,
141, even if this court chooses not to recognize prior misconduct.

POLICY FAVORING DISCLOSURE

The D.C. Superior Courts FOIA/PA, like it's Federal counter part,
is designed to promote the disclosure of information, not to in-
hibit it. Barry v Washington Post Co, 529 A2d 319,321 (DC1987), Dun-
hill v Director, District of Columbia Dep't of Trans, 416 A.2d 244,
247 n.5 (DC 1980), Department of Air Force v Rose, 425 US 352,
48 Led2d 11 (1976); Sharyland Water Supply Corp v Block, 755 F.2d
397,398 (5th CIR), 86 LEd2d 697 (1985). The act was designed to

"pierce the veil of administrative secrecy and to open agency action
to the light of public scrutiny." Rose, 425 US at 361. Boradly con-
ceived FOIA, seeks to permit access to official information long
shielded unnecessarily from public view and attempts to create a
judicially enforceable public right to secure such official infor-
mation from possibly unwilling official hands. EPA v Mink 410 US 73,
35 LED 2d 119(1973).

In the words of the noted historian Henery Steele Commager, [New
York Review of Books, Oct 5, 1972 p.7], expressly qouted by the
Supreme Court in United States Department of Justice v Reporters
Committee for Freedom of the Press, 103 LED 2d 774, 795 (1989)

> The Generation that made the nation thought secrecy in govern-
> ment one of the instruments of Old World Tyranny and committed
> itself to the principle that a democracy cannot function unless
> the people are permitted to know what their government is up to.
> Washington Post Co. v Minority, Business Opp. Com. 560 A2d 517,
> 521.

Just as the provision's of the act giving citizens the right to
access are to be generously construded, so the nine statutory ex-
emptions must be approached with a jaundiced eye. Rose 425 US 361.

Indeed these exemptions are to be narrowly construded, with
ambiguities resolved in favor of disclosure Barry 529 A.2d 321;
Rose 425 US 361-62; Alirez v N.R.L.B. 676 F.2d 423,425 (10 CIR 1982).
One who seeks to invoke one of these exemptions must prove that it
applies; the burden is on the agency to substain its action. Shary-
land Water Supply Corp. v Block supra. The key to interpreting the
act "lies in providing a working formula which encompasses, balac-
ces and protects all interest, yet places emphasis on the fullest
responsible disclosure." Mink supra, 410 US 80, 35 LED 2d 119(1973)

quoting S.Rep No. 813, 89th Cong 1st Sess. 3 (1965) 560 A2d 522.

## PUBLIC INTREST IN DISCLOSURE

The public intrest involved concerns the necessity of seeing if "EOUSA" is and has conformed to it's statutory duty of disclosing witness payments pursuant to D.C. Code 15-714 and 28 U.S.C. §1821 during criminal trials.

This circuit has held that the "prison population" can constitute the [p]ublic at large", within the meaning of FOIA. Dist LEXIS 12 935,, 1995 WL 631847 14 (D.DC Aug 22, 1995).

"nothing" in the [FOIA] statute supports a distinction between the public at large and a segment of the public, or specifically between the non-incarcerated public and the incarcerated public. Id Van Fripp v Parks 2000 U.S. Dist LEXIS 20158 March 15, 2000 D.DC., ["Calling the B.O.P.'s assertion that the "prison population" is only a narrow segment of the public and not the public at large .................[a] crabbed interpretation"].

To the extent that the lack of public understanding concerning the operations of a agency, and the information requested is likely to contribute significantly to the ultimate goal of public understanding of those operations, the requestor of such information is entitled to a fee waiver. Fitzgibbon 724 F.Supp 1052, (Disclosure would constitute significantly to public understanding where requesters dissemination of information would compensate for inadequacies of agency dissemination) Id Linn v US 08/22/1995 Dist LEXIS 12935.

## FEE WAIVER

The FIOA generally requires requestor to pay search and duplication cost. see Kissinger v Reports Committee 455 U.S. 136

10

,153; 63 L.ED 2d 267 (1980); <u>National Treasury Employees Union</u>
<u>v Griffin</u> , 258 US. App. DC. 302 (DC CIR 1987). <u>Before</u> 1986,
the Act permitted the furnishing of documents without charge or
at reduced cost, where agency determinations that waiver or re-
duction of the fee is in the public intrest, because furnishing
the information can be considered as primarily benefitting the
General Public. <u>Griffin</u> 811 F.2d 646-47 (qouting 5USC § 552(a)(4)
(A) (1982). [I]n addition, fee waiver denials were reviewed under
the arbitarary and capricious standard. Id at 647; <u>Ely v United</u>
<u>States Postal Service</u>, 243 US App. DC 345, 753 F.2d 163,165(DC CIR)
see 85 LED 2d 854 (1985).

  In 1986, Congress amended the standard governing <u>fee waivers</u>
for FOIA request. see FOIA Reform Act 1986, Pub. L. No. 99-570§
1804(b)(1) 100 stat. 3207-50. This amendment went into effect on
April 25, 1987. The amendment applied to [any] request for "records"
prior to the effective date of enactment, as well as to subsequent
request and any civil litigation pending on effective date. The
amendment established a "New Test" for deciding fee waiver request.
If an intrest in privacy exist, then it must be balanced against
the public intrest in disclosure, which, according to the Supreme
Court, is limited to the "Core Purpose" for which the FOIA was
enacted,"to" shed[] light on an agency's performance of its stat-
utory duties." <u>Reporters Committee for Freedom of the Press</u>,489
US 773. The 1986 amendment created 3 seprate basis for Fee waivers;
educational, news media and public interest waiver. 494 US 1029
108 Led 2d 615 (1990) see <u>National Security Archive v  US Dept of</u>
<u>Defense</u> 880 F.2d 1381 (DC Cir 1989) Insofar as the withheld docu-
ments that "EOUSA" has withheld, they  must provide an explaina-
tion of how the information could interfere with privacy intrest

of persons. see Linn v US DOJ 1995 US Dist LEXIS 12935 August 22, 1995.n6

TIME OF SEARCH

Petitioner restates that he filed his first FOIA/PA request April 24,2004 which was resubmitted on July 21,2004. The office of "EOUSA" informed petitioner on July 26,2004 that it had received his request and that his request would be processed within nine months from the date of that letter. Declaration of Marir A O'Rourke (Assistant Director) pg. 1 exhibit 2 .. It has been over 14 months since this letter and petitioner has not received anything.

As to petitioner's second FOIA request which was denied by "EOUSA", he appealed it to the "Office of Information Privacy" who has informed petitioner on February 14, 2005," Your appeal has been assigned a number 05-0971." Petitioner wrote a letter of concern which was responded to on April 7,2005, by "EOUSA" stating "we anticipate that the delay will extend at least several weeks." see exhibit 3 & 4 . Declaration of Priscilla Jones (Chief, administrative Staff). These tactical moves provide nothing else but to delay petitioner's request, and are made in Bad faith.

While an agency may not send the FOIA requestor on a scavenger hunt, it may make all responsive records available in one central location for appellants persual. Oglesby v US Dept of Army 287 US App. DC. 126.

The ten day construction exhaustion provision of FOIA 5 USC§ 552(a)(6)(C), permits a requester to bring suite in Federal Court "ONLY" if he has not yet received a determination from the agency on his request. If he has received an adverse determination before bringing suite, he must pursue the matter through the agency

appeal process, set out in 5USC § 552(a)(6)(A)(ii). Once the head
of the agency has made a determination on Appeal or the Twenty-day
statutory deadline for the appeal decision has passed, he may bring
suite in Federal Court pursuant to 5 USC§552(a)(4)(B). sec.§ 552(A)
(6)(C) "Unusual Circumstances" mean, but only to the extent reason-
able necessary to the proper processing of the particular request.
Id. <u>Oglesby v United States Dept of Army</u> (Dec 4,1990) . 920 F.2d 62.

## SUBJECT MATTER JURISDICTION

Because plaintiff attempted to administratively appeal the
non-production of documents and did all that he could do to obtain
a final determination decision on his request, the court should
find that petitioner has constructively exhausted all his adminis-
trative remedies and that the court has subject jurisdiction to
entertain plaintiffs complaint. see <u>Nurses v Sec'y of Air Force</u>
231 F.Supp 329.

This court may Order a agency to respond to a request see.
<u>Cleaver v Kelley</u> 425 F.Supp 80,82 (D.DC1976)("ORDERED" agency to
refrain from refusing to process the plainitffs request and to
produce the requested documents or provide sufficient justifica-
tion for withholding documents) or this court may review request
"de novo" 5 USC § 552(a)(4)(B).

In any event. Plaintiff's inital FOIA/PA has not been filled , nor
has the Office of Information and Privacy responded with a decision
to petitioner's appeal. In both instance's Bad Faith, evasive delay
techniques have been used inwhich under 5USC 552a(3) & 5 USC§ 552(a)
(4)(b), petitioner ask for cost to be awarded [including search fees
,coping cost & filing fee's which he has paid to the court] the
same is requested pursuant to the Public Intrest Standard of the
FOIA/PA Acts, and/or the prior misconduct of the "US Attorney Office."

## EXEMPTIONS CITED NO.  552(b)(2)

One of the exemption's cited by "EOUSA" has been exemption
2. This exemption exempts from disclosure material "related" solely
to internal personnel rules and practices of agency 552(b)(2). In
interpreting this provision, the court of Appeals for this circuit
has limited its use to material which is not only internal, but
which also relates to an existing agency rule or practice. Courts
must examine the consequences of the release of markings on files
and documents, as well as the agency's interest in withholding it's
codes & markings, to determine if they are exempt under this pro-
vision. ID Schwaner v Dept of Air Force 898 F2d 798, 794-96 (D.DC)
Specially, exemption 2 applies primarily to two types of material
Internal agency matters so routine or trivial that they could not
be "subject to... a genuine and significant public interest," as
well as internal agency matters of some public intrest., where
disclosure may risk circumvention of agency regulation or the law.
Departmant of Air Force v Rose 48 LED 2d 11 (1976); Crooker v
Bureau of ATF 670 F2d 1051,1073-74 (DC CIR 1981).

The requested information that petitioner has requested when
deleted in the public interest will not expose anything as to
agency that will jeopardize security or internal agency policy.
By deleting confidential information and placing identifying
Letter's or marks on each like/same witness payment made to
witnesses who appeared in petitioner's case F-1386/96,no
confidentiality will be revealed. Agency bears the burden for this
exemption and it's use.

14

EXEMPTION CITED NO. 552ε(b)(6)

In it's December 21, 2004 denial of petitioner's FOIA request
"EOUSA" cited exemption 552ε(b)(6) for non disclosure, with a general
statement,"These records are also [g]enerally exempt from disclosure
pursuant to sections (b)(6).... of the Freedom of Information Act."
As stated the government has the burden of providing a detailed
explaination for exemption's cited. This is not to be shifted to
the petitioner.

Exemption 6  provides that the FOIA does not apply to matters that are:
personal and medical files and similar files, the disclosure of which
constitute a clearly unwarranted invasion of personal privacy. The
exemption balancing approach is an exception to the Act's General
"any person rule " and that while the public intrest is predominate
in the disclosure side of the scale. The requestor is certainly part
of the public and his interest can be considered for that reason alone.
see e.g. Ditlow v Shultz, 517 F2d 170-71. For similar reasons the D.C.
CIR now suggest that no limitation on the requester's use is appropri-
ate. Id. 171-72 ; Davis v US DOJ., 296  US App. DC 405.

A clearly Unwarranted Invasion of personal privacy, enunciate
a policy that will involve a balancing of the intrest between the
protection of an individual's private affairs from unnecessary public
scrunity, and the preservation of the right to Government Information.
S. Rep. No. 813, 89th Cong. 1st Sess. (1965) at 9 see also H.R. Rep No.
1495, 89th Cong., 2d Sess. (1966) at 11. Although exemption 6 was un-
changed by the 1974 Admenments, a related provision was enacted exemp-
ting "investigatory records" complied for law enforcement., purposes,
but only to the extent that production of such records would....(c)
Constitute an unwarranted invasion of personal privacy" Exemption 7,
as admended in 1974.

15

## EXEMPTION CITED (b)(7)

In it's December 21, 2004 denial of petitioner's FOIA request "EOUSA" cited exemption 552(b)(7) also for non disclousre, with the general statement," These records are also [g]eneral exempt from disclosure pursuant to section (b)(7)......of the  Freedom of Information Act."As stated the government has the burden of providing a detailed explaination for exemption's cited. This burden is not to be shifted to the petitioner. see exhibit  5  .

Exemption 7 protects form disclosure :investigatory records" complied for law enforcement purposes, but only to the extent that production of such records," would cause one of six enumerable harms. 5USC 552 (b)(7)(A).

In order to assert this exemption, "the government must show, by more than conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding." Campbell v Dep't of Health 221 US App DC 1, 682 F.2d 256, 259(DC CIR 1982). [A]ccordingly, a baseline prerequisite for the application of this exemption is the "existence" of a pending criminal investigation. Id Campbell supra at 259.

An example of this type of "conclusory statement" was seen in Campbell, when D.E.A. applied this exemption to information in it's documents that pertained to fugitive(s) as of the date of this affidavit, the fugitives has not been apprehended... Info, concerning the fugitive(s) to plaintiff would constitute public release of that information, it is reasonable to conclude that such release would interfere with the ongoing effort to apprehend the fugitive(s) and proceed with prosecution. The Court found that this statement,"unspecified investigation against a fugitive, or perhaps more than one

16

fugitive, was ongioing in Dec 1992;" without any explaination of
how release of infomation requested by plaintiff would interfere
with efforts to apprehend this (or these) fugitive (or fugitives)
is patently "insufficient" to justify withholding of information
from plaintiff almost three and a half years latter. see e.g.
Bevis v Dep't of State, 255 US App. DC 347, '801 F.2d 1386,1388-90
(DC CIR 1986)(also holding that, if the agency demonstrates that
a prospective enforcement proceeding exists, it then must organize
documents by category, and explain how the release of each category
of documents would interfere with the prospective enforcement pro-
ceeding). Id Linn v US 1995 US Dist LEXIS 9302 (D.DC) 1995 at4 .

Petitioner show's again that "EOUSA" has not satisfied is't burden
for withholding the records sought. The agency has continued to
attempt to tilt it's burden of proof on petitioner with it's
prior assertions, exemption 7(c).

   Petitioner has specified to "EOUSA" that his criminal case
has been closed since April 27, 2004, and that there are no ongoing
investigations. Petitioner has requested: "EOUSA" remove ident-
ifying witness information that may be considered confidential and
release the deleted information, properly marked. see example that
petitioner has set forth in exhibit 6,7. This court has the expressed
authority to review, the segregated deleted material de novo as this
court did in Kimberlin v DOJ 139 F.3d 944 April 7,1998 (D.DC) at 946
In this case the District Court determined that the government pro-
perly withheld the information pursuant to exemption 7(c) of the FOIA
because the Dept had complied the requested for law inforcement [b]ut
because the District Court failed to determine whether any of the
information could be segregated and disclosed without compromising
the nondisclosable material, the Appeals Court reversed the case.

17

Viewing petitioners Privacy Act Appeal filed Jan 28,2005 pg 6 & 7
sheds[] light further on this topic see exhibit 6,7 .
"As with all exemptions the Government has the burden of proving
that requested is properly withheld. Id [1975 FOIA Source Book 333
(Remarks of Senator Hart]."

TO DETERMINE WHETHER AN INVASION OF PRIVACY IS CLEARLY UNWARRANTED

This court in Minnis v USDA 737 F2d 784,786(9th)stated, to det-
ermine whether an invasion of privacy is clearly unwarranted, this
court balances four factors: the plaintiffs interest in disclosure,
the public interest in disclosure, the degree on the invasion of
privacy, and the availability of any alternative means of obtain-
ing the requested information. Van Bourg, Allen, Weinberg & Rodger
728 f2d 1272; Church of Scientology of Cal v US Dep't of Army 611
F2d 738, 746 (9th CIR 1979). The cases are uniform in holding that
the language "clearly unwarranted" the statute instructs the court
to tilt the balance in favor of disclosure." Getman v NRLB 450 F2d
670,674 (DC CIR1971), Rose 425 US 378 n.16, Board of Trade 627 F2d
398; Ditlow v Schultz 517 F2d 166,169(DC CIR 1975); Robles v EPA
484 F2d 843, 846 (4th CIR 1973); Rural Housing Alliance 498 F2d 73,
78, see NPP of ACLU v Sigler 390 F.Supp 789 (D.DC 1975)(release
deletion of identifying details held sufficient), n4

Exemption 7 in essentially its present language was introduced
by Sen. Phillip Hart 1974 Amnd. It allow's but does not require with-
holding of investigatory records not whole files "complied for Law
Enforcement purposes," but only to the extent it causes harm.

Unwarranted Invasion of privacy is unlike exemption 6 "clearly
unwarranted invasion of personal privacy". However, as with exemption

6, the balance is to be tilted in favor of disclosure see <u>Congress-ional News Syndicate v Dept of Justice</u> 438 F.Supp538,542 (qouting <u>Getman v NRLB</u> 450 F2d 670,674 (DC CIR 1971). There is no per se rule that mere connection of an individual with criminal investi-gation constitutes unwarranted invasion of privacy. <u>Common Cause v National Archives & Records Service</u> 628 F2d 179,184 (DC Cir 1980).

SEGREGABILITY

If record contains information that is exempt, any reasonably segregable information must be released after deleting the exempt portions. <u>Trans-Pacific Policing Agreement v US Custom's Serv</u> 177 F3d 1022,1026-27 (DC CIR 1999) 5usc§552(b).
"[A] court err's if it simply approves the withholding, without entering a finding on segregability or the lack thereof" <u>Powell vUS B.O.P.</u> 927 F2d 1239,1242 n.4 (DC CIR 1991)( quoting <u>Church of Scientology v Dep't of Army</u> 611 F2d 738,744 (9th CIR 1979).

Given the minor invasion of privacy that will be occasioned by the released of the information sought by petitioner and the Public Interest in disclosure, the court should find that the information should be released. see <u>National Asso. of Retired Federal Employees v Horner</u>, 633 F.Supp. 1241 <u>April 28,1986.</u>

CONCLUSION

<u>Plaintiff</u> now, cites over 20 case's inwhich "witness fees" were published in various circuits. The majority of the cases cited are from the <u>DC District Court</u> and <u>D.C. District Court of Appeals</u>. Plaintiff reinstates that his initial request filed April 24,04 and refiled on July 21, 2004, still have not been answered and this should be viewed as Bad Faith of "EOUSA". The Office of Information and Privacy has chosen not to answer plaintiffs appeal filed Jan 28,05

please see exhibit no. please see petitioner's Appeal Brief filed.

Plaintiff further sets forth his proposed plain for segregating the record as in his privacy act appeal filed Jan. 28, 2005 see exhibit no. 6,7 ., as a ideal way to segregate and delete confidential private information. This and the former which were stated in petitioner's initial FOIA/PA request are the relief sought. That records be made available, in accordance to this summary judgment motion.

Petitioner reminds this Honorable Court that he has consolidated nondisclosure of his initial request/non-production of that request with non-response/non-production of his second request filed in November 2004 in which "EOUSA" did not produce or search for and The Office of Information and Privacy, did not answer the appeal of, but chooses to use evasive delay techniques to delay.

## CASES THAT CITE WITNESS FEE CASES

United States District Court (D.C.)

. Atkins v Fischer 5/6/02 US Dist LEXIS 26492, CV Action No. 98-0800 (CKK) cited witness fee payments, [Hon. Judge Colleen Kollar-Kotelly]

. Planells v Howard University 02/17/84, 1984 U.S Dist LEXIS 19338 cited witness fee payments, [Hon. Judge Pratt]
35 Empl. Prac Dec (CCH), 34 Fair Empl Prac case (BNA)66, p.34,669, No. 82-1173

. Zachary Aranow et. al. v D.C. 05/13/92, 719 F.Supp 318, cited witness fee payments, [Hon. Judge Charles R. Richey]

. Aranow v D.C. 791 F.Supp. 318, cites witness fees,[Hon. Judge Charles R. Richey]

. Machesney v Larry Bruni, P.C. 11/14/95 905 F.Supp. 1122(D.DC) cited witness fees [Hon Judge Stanley Sporkin, US Dist Magistrate Judge Alan Kay] published witness fees at 905 F.Supp 1138

. McBride v Merrell Dow Pharmaceuticals 06/13/85, 613 F.Supp 1349, cite witness fees. [ Judges, Barrington D. Parker, US Dist Court ]

. Taucher v Rainer 11/24/03, No. 97-1711, [ID. 292 F.Supp. 2d 124], citee witness fees. [ Hon. Judge John M. Facciola, United States Magistrate Judge]

. Zdunek v Washington Metropolitan Area Transit Authority 02/24/1983 (D.DC) Civ. Action No. 82-544, 100 F.R.D. 689,691, cite witness fees [Hon. Judge Corcoran,]

. Oparaocha v Sun Co. 03/16/98 3 F.Supp 2d 4 (D.DC), cited witness fee payments, [Hon. Judge Corcoran]

. Citizens Coordinating Commision on Friendship Heights, Inc v Washington Metro Transit Authority 02/22.84(D.DC) , Civil Action No. 82-730, cited witness fee payments, [Hon. Judge June L. Green]

United States Appeals Court District of Columbia

. Lam  Que v Air America, Inc. 10/20/81 (D.DC), 667 F2d 1059, 215 US App. DC 181 cited witness fee payments [Hon. Judge Bazelton, Senior Circuit Judge and Tamm, and Edwards, Circuit Judges] published at 667 F2d 1060.

. Haarhuis v Kunnan Enters, Ltd 05/28/99 App. DC, 177 F.3d 1007, cited witness fees [Hon. Judge Edwards, Chief Judge, Wald and Rodgers, Circuit Judges]

. Postow v OBA Fed Saving & Loan Ass'n 06/18/80, 627 F2d 1370 at 1389,210 US App. DC 384, cited witness fees, [Hon Judges Mc Gowan, Leventhal and Wald, Circuit Judges

. Davis County Solid Waste Mgmt & Energy Recovery Special Service v U.S. EPA 02/26/99, 335 US.App. DC 127; 169 F.3d 755 at 757, cited witness fee payments, [Hon. Judges Wald, Ginsburg and Randolph, Circuit Judges]

Superior Court of Appeals for the District of Columbia

. Talley v Varma 01/30/97, 689 A2d 547 at 554, cited witness fees, [Hon Judges Terry, Steadman, & King, Assoc. Judges]

. Harris v Sears Roebuck & Co. 06/12/97, 695 A.2d 108 at 111, cited witness fees, [Hon. Judges Terry & Farrell, Assoc. Judge Mack]

. Wilburn v US 07/03/75, 340 A2d 810, cited witness fees, [Judges Flickling, Kern & Nebeker, Assoc. Judges]

. Tyding v  Tyding 12/13/89, 567 A2d 886 at 888, cited witness fees,[Hon Judges Terry, Schwelb, & Farrell, Assoc Judges, opinion by Farrell]

. Wood v District of Columbia Nurse's Examining Board 10/09/81 436 A2d 369 at 372, cited witness fees, [Hon Judge Newman, Chief Judge and Kern and Ferren Assoc. Judges]

United States District Court for the 4th Circuit

. Taylor / Black 191 US. Dist. LEXIS 15787 (W.D.VA.) 03/07/91, Civil Action No.
  87-0050-C, cited witness fee payments, [ Hon Judge James H. Michael Jr, U.S.
  Dist Judge]

. Goldstein v Costco Wholesale Co.09/15/04 , 2004 US Dist LEXIS 22041, cited
  witness fees paid, [ Hon Judge Robert Doumar, US Dist Judge ].(E.D.Va)


     These cases published witness fees paid to witnesses. These
cases are precident as to a public intrest in disclosure. Note
that witnesses names were not deleted," as petitioner has requested
from the beginning of his request." Petitioner brings these cases
in the intrest of disclosure, in accordance to the FOIA/PA acts, and
ask this Honorable Court to consider the Granting of the inform-
ation that was promised by "EOUSA" in their July 26, 2004 response,
which petitioner has not yet received. see exhibit no. _2_ Declar-
ation of Marie A. O'Rourke.
     Also, exhibit no. _4_ April 7, 2005 Office of Information
and Privacy Declaration of Priscilla Jones. Neither have been
answered and petitioner ask this Court,...to enforce production
in accordance to the FOIA/PA Act. And requested relief in this and
the civil complaint filed No. 1:05CV01133,including the cost of this
action, and associated cost.
                                        Thank You


The forwarded is true under the penality of perjury pursuant to the
Fed R. Civ. P.(28 U.S.C. § 1746)


                              Mr. Vyron Wheeler
                              10989-007
                              USP Hazelton
                              Box 2000
                              Bruceton Mills WV. 26525
                              Dated ___2005

A P P E N D I X

# ...se of Stipends
# ...or Witnesses Found
# In Probe of D.C. Case

PROSECUTOR, *From B1*

nancial inducement.

The investigation by the Office of Professional Responsibility focused on a major murder and drug trafficking case that Howes tried in federal court, but it also found that his abuses of vouchers apparently extended to a conspiracy case that Howes wrapped up in D.C. Superior Court in the spring of 1994.

Authorities alleged that a group of drug traffickers and a D.C. police officer had engaged in murder. That trial, before Judge Herbert B. Dixon, led to the convictions of several people, including Javier Card, Jerome Edwards Jr. and Antoine W. Rice.

A number of people connected to the case received vouchers, according to some of the defense attorneys. But the vouchers, which should have been from Superior Court, were from U.S. District Court, where Howes's federal investigation, known as the Newton Street case, was prosecuted. And many of the people who were paid were not even witnesses, the lawyers found.

In the Newton Street case, which involved several trials, disclosures of misconduct have led to dropped charges and significant reductions in sentences. In 2002, prison terms were reduced for four defendants who had been sentenced to multiple life sentences. Two were given 23-year terms, and two were given 18-year terms. This month, the 30-year sentences of two defendants in another of the Newton Street trials were cut by more than half, and the defendants are expected to be released in the spring.

The Justice Department investigation, kept under seal for years, found that the voucher system was loosely run and easily manipulated. Howes's abuse of the payments was intentional and could have warranted criminal charges, investigators said. But prosecuting him would have been "virtually impossible" because he could have argued that he was acting in the interest of justice and not for personal gain, the investigators said.

Many developments in the case over the last two years have been reported in Legal Times.

Howes left the office in 1995 and is now a partner at the San Diego-based firm Lerach Coughlin Stoia Geller Rudman & Robbins LLP. A receptionist at the Houston office, where Howes has been working on a class-action suit against Enron, said yesterday that he was out of the office.

A receptionist at the firm's San Diego headquarters said she would e-mail Howes and his secretary in an attempt to reach him for comment. John Hundley, a Washington lawyer who has represented Howes, could not be reached yesterday by phone at his office or by e-mail.

Card, Edwards and Rice were sentenced to long terms in prison. But under the agreement between prosecutors and defense attorneys, all three men are likely to complete their sentences sooner than they could have expected a decade ago.

Card, 39, and Edwards, 34, will still stand convicted of murder, but second-degree murder instead of first-degree premeditated murder, according to court filings in the case. Rice, 39, allegedly the lookout, was convicted of aiding and abetting murder, but that felony murder charge will be thrown out, leaving him with only a weapons conviction.

With credit for good time, allowed under the sentencing system in place when he was convicted, Rice will be out soon after the agreements are executed by Dixon next month, said his attorney, Sandra Levick. "I am delighted that Mr. Rice will very soon be free," she said in a statement.

Levick, a lawyer in the D.C. Public Defender Service, who has worked on the case for several years, said many important questions remain unanswered.

"I am troubled that there will never be a full public reckoning of the purposeful misconduct by Howes that undermined the fairness of this and other trials," she said.

Asked whether the agreement was an acknowledgment that misconduct by Howes had tainted the case, Channing Phillips, a spokesman for the U.S. attorney's office, issued a statement explaining the decision.

"In the interests of fairness and justice, an agreement to a reduction of sentence was, in our view, the most practical and reasonable way to resolve this matter, given the uncertainty of having to possibly retry cases that are more than 10 years old," Phillips said. "It is important to note that most of the defendants' convictions remain and they are still serving significant sentences."

---

Dec 24, 04

# Misconduct Probe Cuts Sentences In D.C. Case

By HENRI E. CAUVIN
*Washington Post Staff Writer*

The U.S. attorney's office in the District has agreed to the release of a man convicted of murder and a reduction in the charges against two others in a case that defense attorneys say was riddled with deliberate prosecutorial misconduct.

The concessions in the case are the latest fallout from the work of a homicide prosecutor who handled some of the highest-profile trials in the District during the early 1990s and left a legal mess that is still being sorted out.

A confidential Justice Department investigation, conducted from 1996 to 1998 but unsealed only late last year, found that the prosecutor, G. Paul Howes, abused the stipend system for witnesses, doling out excessive amounts to cooperating witnesses and, more significantly, to the friends and family of witnesses.

Such payments are intended primarily to compensate witnesses for time spent testifying or preparing to testify in a case and are supposed to be given only to legitimate witnesses. When they are handed out to others, such as girlfriends, or when witnesses are summoned on days they are not needed simply to claim a voucher, the payments can verge on fi-

See PROSECUTOR, B5, Col. 1



**U.S. Department of Justice**

_Washington, D.C. 20530_

MAY 2 8 2004

Vyron Wheeler
Reg. No. 10989-007
U.S.P. - Atlanta
P.O. Box 150160
Atlanta, GA  30315

Dear Mr. Wheeler:

This is in response to your request, Certified Number 7002 0510 0003 6810 1066, dated April 24, 2004.  Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ).   Federal agencies are required to respond to a FOIA request within twenty business days.  This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought.

While Privacy Act requests are processed under both the FOIA/PA to assure the fullest possible disclosure, access to records relating to an individual is governed by the Privacy Act.   Therefore, the DOJ cannot process your request until Privacy Act requirements are met.

The DOJ must verify the identity of the person who is the  subject of the records being requested. This verification is necessary to protect the individual's privacy and is required by Title 28, Code of Federal Regulations, Section 16.41(d)(2).   Please send the enclosed Certification of Identity, Form DOJ-361, with a request for records directly to the component(s) you have selected at the address(es) shown on the enclosed "List of Department of Justice Components, Functions and Records Maintained."   Please note that your signature is required.

Also, per your request we are sending you a copy of the "United States Department of Justice Title 28, CFR 16."

Sincerely,

Ronald Deacon

Ronald L. Deacon, Director
Facilities and Administrative
   Service Staff
Justice Management Division

Enclosures
Certification of Identity
List of Department of Justice Components,
   Functions and Records Maintained
Title 28, CFR 16
Incoming Letter

[Exhibit( 1 )]

U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04- 2434

JUL 25 2004

Subject:  Self

Requester:  Vyron Wheeler

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                        Sincerely,

                        *Marie A. O'Rourke*

                        Marie A. O'Rourke
                        Assistant Director

[Exhibit( 2 )]

U.S. Department of Justice

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

FEB 14 2005

Mr. Vyron Wheeler
Register No. 10989-007
United States Penitentiary
P.O. Box 150160
Atlanta, GA 30315

        Re: Request No. 04-4515

Dear Mr. Wheeler:

        This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on February 1, 2005.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-0971**. Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                            Sincerely,

                            Priscilla Jones
                            Chief, Administrative Staff

[EXHIBIT( 3 )]

U.S. Department of Justice

Office of Information and Privacy

_Telephone: (202) 514-3642_                     _Washington, D.C. 20530_

APR - 7 2005

Mr. Vyron Wheeler
Register No. 10989-007
United States Penitentiary
Post Office Box 150160
Atlanta, GA 30315

      Re: Appeal No. 05-0971

Dear Mr. Wheeler:

      This responds to your letter received in our office on April 6, 2005, regarding the status of your administrative appeal from the action of the Executive Office for United States Attorneys.

      Your administrative appeal has recently been assigned to a staff member of this Office for processing. The delay in adjudicating appeals under the Freedom of Information Act and Privacy Act is primarily caused by the large volume of appeals received by the Department of Justice and the particularized and individual review each appeal receives. Although the varying complexity of appeals makes it almost impossible to predict accurately when a determination will be reached in this case, we anticipate that the delay will extend at least for several weeks.

      I hope this information is of assistance to you, and again, request your continued patience.

                       Sincerely,

                       Priscilla Jones
                       Chief, Administrative Staff

[EXHIBIT( 4 )]

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

DEC 2 1 2004

Request Number: 04-4515    Date of Receipt: November 19, 2004

Requester: Vyron Wheeler

Subject of Request: Third parties (witnesses payment, etc.)

Dear Requester:

The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C.§552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. §552.

We have not performed a search for records and you must not assume that records concerning the third party exist. We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. §1001.

(Page 1 of 2)
Form 006 ~ 6/02

[EXHIBIT( 5)]                    (1)

This is a specified example of a method of blocking out personal unwarranted information:

Ex.1:Voucher/Stipen #00001
Case ID No: F1386-96
Name of Witness: Renika Young
Social Security No: 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
Address: 2622 Dougles Place S.E. #2
Phone No: (202) 678-6165
Reason: Witness Fee
Date  : 2/28/97
Amount: $40.00                                s/ _Renika Young_

--------------------------------------------------------------

Ex.2:Voucher/Stipen #00006
Case ID No: F1386-96
Name of Witness: Renika Young
Social Security No: 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
Address: 2622 Dougles Place S.E. #2
Phone No: (202) 678-6165
Reason: Witness Fee/Transportation
Date  : 3/1/97
Amount: $50.00                                s/ _Renika Young_

--------------------------------------------------------------

     The above vouchers can be segregated in the following manner.
Blockout (Name, Address, Phone No., Social Security No., & Signature).
The information that is left fall's into FOIA/PA disclosure.
* Please note in (Ex.1 & Ex.2)the witness is Renika Young. The date
of each payment is different and the Voucher/Stipen no. is different,
to cure this problem of same or like payment identification per wit-
ness, requestor ask that "every" payment made to same person be
labled ( A-Z ). see the following example on the proceeding page.

[Exhibit (6)]

Ex.1:Voucher/Stipen #00001
Ex.1 Blockedout persuant to 5USC 552 & 552(a)
Case ID No. F1386-96

Name of Witness:                          **Witness (A)**

Social Security No.

Address:

Phone No.:

Reason: Witness Fee

Date  : 2/28/97

Amount: $40.00                          s/_____

----------------------------------------------------------------------

Ex.2:Voucher/Stipen #00006 **Blockedout** persuant to 5USC 552 & 552(a)

Case Id No: F1386-96

Name of Witness:                          **Witness (A)**

Social Security No:

Address:

Phone No.:

Reason: Witness Fee/Transportation

Date  : 3/1/97

Amount: $50.00                          s/_____

----------------------------------------------------------------------

Note the following:

1) All "Unwarranted Invasion of Personal Private Identifying infor-
mation has been deleted".

2) All " Source Idenity" information has been removed.

3) The information that exist is, to Public Monies spent by your
agency "only".

4) Requestor's "Idenifying No. F1386-96", is on the requested in-
formation inwhich he is entitled.***[:Notice that every payment
made to Ms. Young is [L]abled "Witness A" with DATE, REASON,and AMOUNT. ]
Requestor request that this process be followed for every person
as requested in his prior FOIA/PA request. see attachment.

As stated, there were over 14 different witnesses who testified at
my trial inwhich I have names.I request payment of these witnesses
without revealing their idenity's. Thank You.

**[Exhibit (7)]**

## C E R T I F I C A T E   O F   S E R V I C E

I Vyron Wheeler, certify that a true original copy of this
Summary Judgement Motion was mailed via., U.S. Certified/~~Return~~
Receipt # 7062 2570 0001 2589 9918 _____ to the United States
District Court of the District of Columbia, U.S. Courthouse, 333
Constitution Ave, N.W. Washington D.C. 20001, this 12th day of Jan-
uary 2006. Copies sent to Defendant also

The above is true under the penality of perjury.

Mr. Vyron Wheeler
#10989-007
USP Hazelton
Box 2000
Bruceton Mills WV
                26525

CERTIFICATION

Plaintiff Vyron Wheeler, certifies that a True, Accurate, Original copy of, **Motion for Summary Judgment, Declaration as to Motion,** and **Motion for Production of Summary Judgment & Extension of Time to Respond,** were forwarded to the United States District Court Washington D.C. 333 Constitution Ave. N.W. Washington D.C. 20001 **and** The United States Attorney's Office 555 Fourth St. N.W. Washington D.C. 20530 this _12th_ day of January 05.

Plaintiff is proceeding in **I.F.P.** statue and ask that the clerk "Please" provide "any" and "All" additional copies please to the court.

The forwarded is true pursuant 28 USC 1746

Certified Ret/Rec. # 7005 2570 0001 2589 9918, sent to the United States District Court 333 Const. Ave., N.W. Wash. D.C. 20001

Certified Rec.# 7005 2570 0001 2589 7891, sent to the United States Attorney's Office 555 Fourth St N.W. Washington D.C. Rm E-4915 , Att. B. Russell, Civil/Division.

Vyron Wheeler 10989-007
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills WV
                26525