UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VYRON WHEELER, )<br>)<br>      Plaintiff )<br>)<br>  v. )<br>)<br>EXECUTIVE OFFICE OF U.S. ATTORNEYS, )<br>)<br>      Defendant. )<br>_____ ) | Civil Action No. 05-1133(CKK) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this suit brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff, on or around April 24, 2004, submitted a request for records relating to himself and subsequently, on November 15, 2004, submitted a second request for witness payment vouchers and other financial transactions as related to his criminal trial. See Def.'s Mot. Summ. J., Declaration of David Lucynski, ¶¶ 4, 5 and 10, and Ex. A, B, and G attached thereto (November 10, 2005). Plaintiff described this latter request as a more "specified request." See Def.'s Mot. Summ. J., Ex. G, at 2; Pl.'s Compl. at 4. Given this description, Defendant interpreted this second request as superseding and narrowing the scope of the first request. See Affidavit of David Luczynski, ¶¶ 3 and 5, Jan. 27, 2006. Accordingly, by letter dated, November 19, 2005, Defendant notified Plaintiff that he had requested records containing third party information which generally cannot be released without

express authorization and consent of the third party.  <u>Id.</u> ¶ 4; <u>see also</u> Def.'s Mot. Summ. J., Lucynski Decl., Ex. H.

Defendant subsequently moved for summary judgment[1] because Plaintiff failed to provide a third party waiver or proof of death evidencing that disclosure of otherwise privacy-protected information would be appropriate.  <u>See</u> <u>Burke v. U.S. Department of Justice</u>, No.CIV.A. 96-1739(RMU), 1999 WL 1032814, *3 and *4 (D.D.C. Sept. 30, 1999).  In his opposition memorandum and Motion for Summary Judgment, Plaintiff fails to present any argument undermining Defendant's determination to protect the third party information here consistent with the requirements of the Privacy Act, 5 U.S.C. § 552a(b), and FOIA, 5 U.S.C. §§ 552(b)(6) and (7)(C).

Specifically, contrary to Plaintiff's argument, Defendant, in its motion, did not assert that there was any express communication to third parties that the records at issue would remain confidential, <u>see</u> Pl.'s Op. at 3.  This point is simply not relevant.  Defendant's argument, unchallenged by Plaintiff in any meaningful way, is that Plaintiff failed to present either a third party waiver/proof of death document or a legally-sufficient public interest argument that disclosure of the records at issue outweigh the privacy interest in those records.

---

[1]The motion is now one for partial relief for reasons stated herein.

As stated in Defendant's motion, although Plaintiff ostensibly suggests that there is a public interest in the records sought, i.e., to provide information on how the government spends its funds (see, e.g. Pl.'s Op., last page) and to show a scheme illustrating EOUSA's failure to disclose witness payments (see Pl.'s Mot. Summ. J., p. 5), it is clear that Plaintiff wants this information for personal interests because he only seeks those documents related to his criminal case, see Def.'s Mot. Summ. J., Luczynksi Decl., Ex. G (attached thereto). Further, a suspicion of agency wrongdoing, as Plaintiff presents in his Motion for Summary Judgment, is not a sufficient basis upon which to disclose otherwise privacy-protected records. See, e.g. National Archives and Records Administration v. Favish, 541 U.S. 157, 174 (2004)(The Supreme Court held that, when a requester seeks records containing information on third parties from an agency and the public interest being advanced is that Governmental officials acted negligently or otherwise improperly, a requester must produce actual evidence "that would warrant" a reasonable person to believe "that the alleged Government impropriety might have occurred" before such records should be considered for release.); McCutchen v. U.S. Dep't of Health & Human Servs., 30 F.3d 183, 188 (D.C. Cir. 1994)("A mere desire to review how an agency is doing its job, coupled with allegations that it is not, does not create a public interest sufficient to

override the privacy interest protected by Exemption 7(c)."); <u>Greenberg v. U.S. Dep't of Treasury</u>, 10 F.Supp.2d 3, 25 (D.D.C. 1998)(Court rejected plaintiffs' public interest argument that FBI records covered by Exemption 7(c) and related to investigation of alleged arms-for-hostages conspiracy should be disclosed particularly since plaintiff had not even alleged that any wrongdoing occurred during the investigation.)  Under the circumstances of this case, the public interest in disclosure does not outweigh the privacy-interest being protected.  <u>See, e.g.</u> <u>Department of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 773-74 (1989).  Accordingly, summary judgment should be granted to Defendant on Plaintiff's FOIA claim related to disclosure of witness payment vouchers.

As to Plaintiff's FOIA request for records related to himself, as indicated above, Defendant interpreted Plaintiff's second FOIA request for witness payment information as superseding and narrowing the scope of Plaintiff's first request based expressly on the type of descriptive language used in the second request.  Luczynski Aff. ¶ 5 (attached hereto). After a case is closed, as happened with Plaintiff's first FOIA request, records of other agencies are either returned to the agency or purged or shredded.  <u>Id.</u> ¶ 6. However, given Plaintiff's clear indication that he remains interested in receiving documents in response to his initial FOIA request, Defendant will undertake a

thorough search for records.  Id.  However, Defendant respectfully requests thirty days to search for records, and thirty days for the Executive Office of the United States Attorneys to review and process the records (if responsive records are found), and to release any responsive, non-exempt records to Plaintiff.

A proposed Order consistent with the relief requested herein is attached.

Date: February 24, 2006          Respectfully Submitted,


/s/ Kenneth L. Wainstein /dch
_____
KENNETH L. WAINSTEIN, DC BAR # 451058
United States Attorney


/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment* was made by the Court's Electronic Case Filing System and by first class, postage prepaid mail, this <u>24th</u> day of February, 2006 to:

Vyron Wheeler, No. 10989-007
U.S.P. - Hazelton
Post Office Box 2000
Bruceton Mills, West Virginia 26525

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney