T-089   P.002/004   F-297

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER             )
                                   )
             Plaintiff,     )
                                     )
            v.                  )
                                     )    **No.**     **1:05-CV-1133 CKK**
UNITED STATES DEPARTMENT OF  )
JUSTICE, EXECUTIVE OFFICE FOR  )
UNITED STATES ATTORNEYS,      )
                                     )
            Defendants.  )
_____ )

## AFFIDAVIT OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. Regarding Plaintiff's "RESPONSE TO DEFENDANT'S OPPOSITION FOR DEFAULT AND WAIVER TO ANSWER" and concern about lack of records released it is imperative that Plaintiff understands that no records have been received by EOUSA for processing.

2. On July 26, 2004 EOUSA responded to Plaintiff's initial request. The response letter notified Plaintiff of the receipt of his FOIA request and that it has been assigned a FOIA No. 04-2434. In addition the letter informed Plaintiff that the type of request he submitted, for all records relating to him, may take a considerable amount of time to process due to the backlog created by a large amount of requests. Plaintiff was informed that his request will take less time

if he narrows it down to specific records that he is looking for. (Luczynski Declaration, Exhibit C.)

3. On November 19, 2004, Plaintiff submitted his narrowed request for: "Witnesses payment vouchers... financial transactions that contain his name or identifying No... and any item, collection or grouping of information about an individual that is maintained by an agency." (Luczynski Declaration, Exhibit G.)

4. On December 21, 2004, as a response to Plaintiff's inquiry, EOUSA notified Plaintiff that he requested records containing third party information which generally cannot be released without express authorization and consent of the third party. In the alternative, Plaintiff was informed that he can receive the records if he can provide proof that the subject is deceased. (Luczynski Declaration, Exhibit H.)

5. EOUSA's response to Plaintiff's narrowed request was based purely on the type of descriptive language used in his request. To this point, EOUSA has not received any records as a result of a search performed by the District. While not all information may be released to the Plaintiff, it is possible that some records will be made available to the Plaintiff once EOUSA completes the processing of Plaintiff's request.

6. As part of further search efforts to satisfy the request, the FOIA Contact who is performing the search for records provided more insight. After a case is closed, such as plaintiff's was, the records of other agencies are either sent back to the agency or purged and shredded. The FOIA Contact indicated that as long as there is no certainty of the destruction of records, the Federal Records Center as well as the District's offices will be searched thoroughly.

7. Each step in the handling of Mr. Wheeler's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an

equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit