IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER
    Plaintiff,

v

THE "EOUSA" DEPT OF JUSTICE  et. al
    Defendant,

CASE NO. 1:05CV01133-CKK

RECEIVED
MAR 15 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S MOTION IN SUPPORT OF PLAINTIFF'S SUMMARY JUDGMENT
AND MOTION TO SUPPORT PAYMENT OF OTHER LITIGATION COST OF JUDGMENT

Plaintiff comes before this Honorable Court and move for Summary Judgment in opposition of defendant's opposition to such motion. Plaintiff request Judgment for other litigation cost at this time also.

The Executive Office of the United Attorney's (EOUSA), has moved this court to enter Judgment, essentially, in favor of Plaintiff, basically conceeding that the non-search it performed in response to plaintiff's FOIA request was unreasonable. "EOUSA" now, promises to look for documents of plaintiffs that were asked for in his prior request. Plaintiff have made repeated request for this information. see prior FOIA request in civil action.

Congress clearly did not mean that where [ a freedom of information act] suit had gone to trial or court and developements made it apparent that the judge was about to rule for the plaintiff, the government could abort any award of (attorney fee's and/or cost of litigation) by an [e]leventh hour tender of

-1-

the information. see <u>Vermont Low Income Advocacy Counsel v Usery.</u> 546 F2d 509, 513 (CA2 1976).

EOUSA's release of the information at this point, show's it's failed promise to plaintiff see <u>declaration of Marie O'Rourke Deputy Dir.</u> This has caused commencement of this action as "Necessary" to obtain this information. Thus, the treshold requirement for the Grant of litigation cost. ( That the lawsuit reasonable be regarded as necessary to obtain the information. see <u>Usery</u>, 547 F2d 509,514 (2d Cir 1976),; <u>Cox v U.S. D.O.J.</u>, 601 F2d 1,6 (D.C. CIR 1979). This court may assess cost against the "EOUSA" reasonable incurred in "any" case under the section inwhich the complainant substantially prevails. (5 USC&552(A)(4)(E)(1976)).

    EOUSA,has by conceeding to partial summary judgment, concented to payment of the cost provision of 552(A)(4)(E), and plaintiff has substantially prevailed and is entitled to such an award. see <u>Fund for Constitutional Gov. v Nat'l Archives</u>, 656 F2d 856, 870 (DC CIR 1981) also see <u>Judicial Watch</u>, 34 F.Supp. 2d 28.

### Third Party Exemption

    EOUSA continues to assert, third party, exemption for non disclosure of witness fee payment information. EOUSA have used the Law Enforcement exemption but abandons it in their response.noting ( Blanket exemptions for government records simply because they were found in investigatory files complied for law enforcement purposes were eliminated by exemption 7) see. <u>Nemacolin Mines Corp. v NLRB</u>, 467 F.Supp 521 (5th Dist W.D.Pa 1976). also ( Under exemption 7 witness statements in investigatory files must show that disclosure of these statements would interfere with a specific proceeding that is currently pending. see <u>Wayland v NLRB</u>, 627 F.Supp 1413.)

-2-

As to Third Party exemption's, Congress has made clear and plaintiff has continued to request that, deletion of confidential source information, can remove and delete stigamitizing, embarrassing, unwarranted information, and identity. De-minis Unwarranted Invasion of Privacy. see. 552a & 552 Act's.

### Importance of Segregability, 5 USC§ 552(b)

Where the disclosure of an entire record would result in a clear unwarranted invasion of privacy, the statute requires that the agency "must" provide "[a]ny reasonable segregable portion... after deletion of the portions which are exempt." 5 USC§ 552(b).

"EOUSA" act's as if this section does not exist or is not applicable to their records. This portion of the act complements subsection (a)(2) of the statute which provides, as to records required to be published by agency's that, "[t]o the extent required to prevent a clearly unwarranted invasion of personal privacy an agency may "delete" identity and/or identifying details" when it makes available or publishes an opinion, statement of policy, interpretation or staff manual or instruction."

Accordingly, an agency (or district court) "must" apply the exemption calculus seperately with respect to "each" disputed portion of "each" document, as it's outcome differs from portion to portion. see Arieff v Dep't of Navy, 712 F2d at 1466 ("... the exemptions to the FOIA **do not apply wholesale.** An item of exempt information, does not insulate from disclosure the entire file, as defendant's would have this court believe, in which it is contained, or even the entire **page** on which it appears.") see also Lame v Dept of Justice, 654 F2d 917,923 (3rd CIR 1981).

### Third Party does not "Negate" FOIA Disclosure

Whenever a requester's interest can be served by obtaining data that is not personally identifiable, pursuit of a request which "EXCLUDES" the identifiers helps substantially in overcoming exemption 6 claims. see Dept of Airforce v Rose 425 US at 375, had the segregability issue which was a major one for the "Supreme Court" it resolved by the majority in favor of segregation and release. Rose stated at 375,378-82 ([W]here files are involved [courts will] have to examine the record's themselves and require disclosure of portions to which the purpose of the exemption under which they are withheld does not apply" see. S. Rep. No. 93-854, p. 32(1974))also, Dept of State v Ray, 112 S.CT at 548 (disclosure of personal information without identifying details " Constitutes" de minimis invasion of privacy"); Carter v Dept of Commerce, 830 F2d 399 (D.C.Cir 1987)(Upholding release of records concerning dismissed disciplinary investigations after deletion of information which would identify the subject of the investigation).

### As to witness information

Defendants continue to assert "witness information/ third party information" is exempt but as in Van Bourg, Allen, Weinberg & Rodger v NLRB, 751 F2d 982 (9th CIR 1985), where NLRB contended that witnesses in unfair labor practices were confidential sources. The court rejected this contention because their was no promise of confidentiality, either expressed or implied at the hearing; also in Nemacolin Mines, Corp v NLRB, 467 F.Supp 521,525 and Irons v FBI, 811 F2d 681,689 (1st CIR 1987)(court rejected "per/se" potential witness rule" and held that "it was wrong as a matter of law

-4-

to equate an express or implied agreement to testify, without more, with a waiver" of confidentiality.) In the later, the court further clarified that the Actual giving of testimony "waives" that part of the exemption which governs, "identity" information, and waives protection for (1) subjectmatter of testimony (2) all related information. (Irons v FBI, 851 F2d 532)(1st CIR 1988). The last sentance of exemption 552(b) provides:

> " Any reasonable segregable portion of a record "shall" be provided to "any" person requesting such record after "deletion" of the portions which are exempt under this section".

To allow defendants to continue to withhold plaintiff's request for witness payment's in his case, will supersede the CONGRESSIONAL INTENT of the 1974 Amendment. In contrast, the Senate report on the 1974 Amendment cited with approval several cases inwhich courts had ordered deletion of exempt information and disclosure of the remainder of the document. S. Rep. No. 854, 93rd Cong., 2nd Sess.31 (1974). see, e.g. Wellford Engineering Corp. v Harding, 444 F2d 21 (4th CIR 1971); Grumman Aircraft Engineering Corp. v Renegotiation Board, 425 F2d 578 (DC Cir 1970); Bristol-Myers Co. v FTC, 424 F2d 935 (DC Cir) cert denied, 400 US 824 (1970).

The 1974 Senate Report further emphasizes what is presently understood by most courts but has gone unheeded by agencies,[the Segregability requirement], It would not be enough for the government to refuse disclosure of the record merely because it or the file it was in, contained such exempt information, since deletion of that information would provide full protection for the purposes to be served by the exemption. Thus, the government could not refuse to disclose the requested records merely because

-5-

it finds in those records some portions which may be exempt." see. S. Rep. No. 854, 93rd Cong., 2d Sess. 32 (1974).

The Attorney General's Memo, explaining Congress's "intent" to codify a deletion principle," notes that the language of section 552(b), supra should be read in conjunction with the **in camera** review provision of section 552(a)(4)(B) which states, "[a] court "may" examine the contents of the withheld agency's records incamer to determine whether such records or any part thereof shall be withheld under any of the exemptions... see A.G. Mem., supra at p. 14. also <u>Yeager,</u>, 678 F2d at 320 (" the segregation requirement, in conjunction with vaughn indexing and the provision of the act that allows in camera review of the requested documents, forecloses the possibility that an agency's sweeping claim of blanket exemption for an record or group of records will escape intensive court scrutiny.")

The Attorney Generals Memo. states that, after deletion of exempt materials from a requested file, "[t]he remaining material ...must be released if it is all intelligible...doubts about the intelligibility or responsiveness of remaining non-exempt material should be resolved in favor of disclosure. Id p. 15 also in addition to a statement for nondisclosure, an agency should also describe what proportion of the information in a document is dispersed throughout the document. Id at 261. see also <u>Wightman v BATF</u>, 755 F2d 979,982-983 (1st CIR 1985) and Vaughn Index.

### Plaintiff is Eligible for an Award of Cost

Plaintiff assert, that his filing suit, has caused "the EOUSA" defendant agency to look for sought after documents and records. e.g. Def Opp. to S.J. pg (4/5) see exhibit <u>1</u>.

The determination of whether the plaintiff has substantially prevailed is an essential part of the award of cost, and is "largely a question of causation." <u>Weisberg v Dept of Justice</u>, 745 F2d 1496; <u>Church of Scientology v Harris</u>, 653 F2d 584 (DC CIR 1981). Obviously, if the court compels the release of the requested document, the plaintiff has "substantially prevailed." [but] recent court decisions and the legislative history of 552(a)(4)(E) support...[the conclusion that] a judgment is not an absolute prerequsite to an award. <u>Fund of Constitutional Gov. v Nat'l Archives and Records Service</u>, 656 F2d 856,871 (DC CIR 1981); <u>Church of Scientology v Harris</u>, 653 F2d 587)("Largely a question of causation--did the institution and prosecution of the litigation cause the agency to release the documents obtained during the "pendency of the litigation/"). In <u>Vermont Low Income Advocacy Council v Usery</u>, 546 F2d 509,513 (2d CIR 1976). The court agreed with the virtually unanimous consensus that fees could be awarded even if the documents were "Voluntarily disclosed" by the government prior to judgment. Even where no documents are released, plaintiff may be deemed to have "substantially prevailed" if the suit compels an agency to "comply with the law." <u>Halperin v Dept of State</u>, 565 F2d 699,709 n.11 (DC CIR 1977).

    EOUSA states that," Defendant will undertake a through search for records. However, defendant respectfully request 30 day's to search for records." Plaintiff's action's have caused this to happen. The fact that filing suit affected the "speed as well as the simple fact of disclosure" is a relevant factor in determining that plaintiff has substantially prevailed," where the agency has ignored repeated request for expedited processing in connection with proceedings. see <u>Milic v Dept of State No. 81-</u>

2340 (DDC Jan 7, 1983) also <u>Republic of New Afrika v FBI</u>, 645 F. Supp. 117,120 (D.DC 1986)( Plaintiff's presistence forced FBI to quicken the pace of it's disclosure) also in <u>Birkland v Rotary Plaza, Inc</u>, 645 F.Supp. 223 (N.D. Cal 1986)(Plaintiff forced governmental publication of documents, as well as forcing government to release documents).

### Discretion of Court

Even though plaintiff may show he has substantially prevailed in terms of a fee award for other litigation cost, <u>Cuneo v Rumsfeld</u>, 553 F2d 1365-68., Plaintiff "must" fulfill four factors for such award.

1) Benefit to public deriving from case
2) Commercial benefit to the plaintiff
3) Nature of complainants intrest in records sought; and
4) Whether governments withholding had a reasonable basis in law./

### Public benefit in disclosure

First, this court should find the public benefit factor speaks for an award, because the public is alway's interested in whether the government comports/complies with the law see, <u>Federal Elections</u> 524 US 36; esp, an agency in the administration of the law. Publication of this case will serve the public as a tool to find out what the government is up to in payment of witness fees in criminal cases in the D.C. Superior Court. Inmates are part of the public and have interest as the public. see, <u>Van Fripp v Parks</u>, 2000 U.S. Dist LEXIS 20158 March 15, 200 (D.DC) also see Dist LEXIS 12935, 1995 WL 631847 14 (D.DC Aug 22, 1995)( D.C. Circuit holding that the "<u>prison population</u>" can constitute the [p]ublic at large"; within the meaning of FOIA).

### Commercial Benefit to Plaintiff

Even though plaintiff shall be able to benefit from a favorable ruling by this court, inwhich case law shall benefit all incarcerated person's, the commercial benefit of disclosing information as to EOUSA's compliance with the law does not bar recovery of cost because plaintiff was forced into this civil action by defendants. Defendants further consent that they will now look for documents that plaintiff was initially promised but never fulfulled by defendants. see attached ex 2.

### Nature of the complainants interest

Plaintiff sought material concerning his criminal case as well as the government's dealings in that case as to witness payments in compliance to the law. This was the purpose of the FOIA Act, and is not inconsistent with a equally strong public interest. It is in the interest of the public to discover, if "EOUSA" comports with the law or is entirely less than just in its dealings. see <u>Cazalas v Dept of Justice</u>, 709 F2d 1051 (5th CIR 1983).

### Reasonable Basis for Governments Withholding

Unreasonableness exist "if the withholding appears to be merely to avoid embarrassment or to frustrate the requester." [1974 Source Book at 171]. So far "EOUSA" defendants have no reasonable basis not to look for sought after records in plaintiffs FOIA request submitted in April-July 2004. Nor have they demonstrated the ability to withhold documents in plaintiff's November request for "witness Payments." There is no Legal basis not to have the document's segregated-deleted, as plaintiff request, as authorized

-9-

by Congress as to the act's which plaintiff states. The Government has shown no colorable basis for withholding information and thus does not satisfy this requirement for it's withholdings. compare <u>Lovell v Alderete</u>, 630 F2d 434. The Government's withholding "must" fail.

### Conclusion

In conclusion of this motion, plaintiff states that "EOUSA" is essentially trying to supersede the Congressional Intent of Congress and is asking this Honorable Court to uphold it's defiance of the law [onot segregating document's] 552(b). EOUSA clearly has failed to release records in plaintiffs enitial reguest and the later November request [b]ut now attempt's an eleventh hour appeal. Defendants have caused plaintiff to bring suit, just to secure record's and document's provided within the meaning of the FOIA/PA Act. In addition EOUSA now states that the document's may be destroyed see Def opp. to Plain. S.J. p4Ln.9 par.2 Plaintiff filed for an injunction eairler in this litigation for protection of these document's inwhich EOUSA promised would be preserved.

Plaintiff now respectfully request "FULL" Summary Judgment of "ALL" sought after record's and other litigation cost, fee's, etc. expenses and what this court deem's appropriate.

A itemized list of expensesfisrattached to this document.

The forwarded is true under the penality of perjury pursuant to 28 USC 1746.

## Relief Sought

Plaintiff seek $ 426.81 and "All" Fees waived in other litigation cost. see invoice and for EOUSA to turn over requested material as specified in plaintiff's prior request filed April 2004 and Nov 2004. Plaintiff has made a specific way to accompolish this in his Jan 05 Administrative Appeal. see ex 3 . This will accompolish a de miminus invasion of privacy and confidential information, ID pg 5-6

Other Litigation Cost includes Fees and Fee Waiver as amended in 1986, of the FOIA Laws, which established (3) types pf fees that may be charged. However the 1986 rules reduced or eliminated entirely the cost for small noncommerical request. e.g.:

1). Cost of copying documents
2). Cost of searching for documents
3). Cost of reviewing documents. ( Which is the process of examining documents to determine whether "any" portion is exempt for disclosure.) see 1986 Amendment of 5 USC 552 **Freedom of Information Act."**

If this court finds defendants acted less than just in this action, plaintiff request imposition of sanctions under 552(A)(g)(1) or 552a(d)(1), 552A(g)(3)(B)+ 552(a)(3)(B), 552(a)(4)(B) IN CAMERA REVIEW. 552(a)(4)(E) "cost of litigation". / 552a(g)(3)(A), 552a(g)(4)+ 552a(g)(4)(A) + 552a(g)(4)(B) "cost of litigation."
[ Please see attached invoice for itemized list of cost ]

<i>Vyron Wheeler</i><br>
Vyron Wheeler<br>
10989-007<br>
USP Hazelton<br>
P.O. Box 2000<br>
Bruceton Mills WV<br>
26525

Item ;   Green Return Receipt / Cert. Rec.   (A)

#No.

| | | |
|---|---|---|
| 0900 | $1.75 | $2.30 |
| 0184 | $1.75 | $2.30 |
| 1196 | $1.75 | $2.30 |
| 3839 | $1.75 | $2.30 |
| 0078 | $1.75 | $2.30 |
| 1240 | $1.75 | $2.30 |
| 1080 | $1.75 | $2.30 |
| 4977 | $1.75 | $2.30 |
| 1103 | $1.75 | $2.30 |
| Total | $15.75 | $20.70 |

\* Note, all Green receipts are certified ret/rec from 0900-1103.  I misplaced the green and white part [b]ut amount is $1575 for ret/rec and $2.30 for certified mail.


Item ;   Green and White / certified rec.   and/or ret. rec.

#No.

| | |
|---|---|
| 8812 | $5.55 |
| 7891 | $5.55 |
| 7990 | $2.96 |
| 8003 | $5.18 |
| 7952 | $2.85 |
| 0078 | $5.55 |
| 7511 | $2.96 |
| 6977 | $2.96 |
| 0003 | $5.18 |
| 0184 | $4.81 |
| 0191 | $2.96 |
| 0900 | $4.81 |

-12-

```
6984                           $5.55
6960                           $2.85
6194                           $6.29
2201                           $2.96
7860                           $5.09
          ----
Total                          $73.06
```

I have geen rec attached to 8003, 8812 & 003

"All" Green & White certified receipt for 8812-2201 wt. prices.

Copying Cards for Xerox

| | | |
|---|---|---|
| 1) | 10/11/05 | $6.50 |
| 2) | 10/24/05 | $6.50 |
| 3) | 11/08/05 | $6.50 |
| 4) | 11/14/05 | $6.50 |
| 5) | 12/05/05 | $6.50 |
| 6) | 01/09/06 | $6.50 |
| 7) | 01/19/06 | $6.50 |
|    | 01/19/06 | $6.50 |
| 8) | 03/09/06 | $6.50 |
|    | 03/09/06 | #6.50 |

Total                          $65.00

Copying Card for Electronic Law Library

1)    01/19/06                  $1.30


Both equal                      $66.30

Filing Fee for Civil Action

$250.00


$250.00
 52.00 Xerox
  1.30


### Total Exemptions

| | |
|---|---|
| $ 250.00 | Court Filing Fee |
| 65.00 | Copying Cards for Xerox |
| 1.30 | Copying Card for Electronic Law Library |
| 36.45 | Green Return Receipt/Cert. Rec |
| 73.06 | Green and White/Certified Rec. and/or Ret. Rec. |
| $426.81 | Total Cost |

The forwarded is true under the penality of perjury 28 USC 1746

Vyron Wheeler
10989-007

-14-

## CERTIFICATE OF SERVICE

I Vyron Wheeler Plaintiff in the forwarded action No 1:05CV01133 Certify that a True Original Copy of thie Plaintiff's Support for Summary Judgment and Motion for other Litigation Cost, was forwarded to the United States District Court of Washington D.C., 333 Constitution Ave, 20001 att Clerk of the Court and to Defendants Counsel, Ms. Beverly M. Russell Assistant United States Attorney, Civil Div. 555 4th St., N.W. Washington D.C. 20530 Rm. E-4915, this 10th day of March 2006. Plaintiff request that the Honorable Clerk of the Courts please make "ALL" necessary copies pursuant to 28 USC 1915 The above is true under the penalty of perjury.

7004 2510 0003 0399 1211

Respectfully Sybmitted

*/s/ Vyron Wheeler*

Mr. Vyron Wheeler
10989-007
USP Hazelton
P.O. Box 2000
Bruceton Mills WV
26525

override the privacy interest protected by Exemption 7(c)."); Greenberg v. U.S. Dep't of Treasury, 10 F.Supp.2d 3, 25 (D.D.C. 1998)(Court rejected plaintiffs' public interest argument that FBI records covered by Exemption 7(c) and related to investigation of alleged arms-for-hostages conspiracy should be disclosed particularly since plaintiff had not even alleged that any wrongdoing occurred during the investigation.)  Under the circumstances of this case, the public interest in disclosure does not outweigh the privacy-interest being protected. See, e.g. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773-74 (1989). Accordingly, summary judgment should be granted to Defendant on Plaintiff's FOIA claim related to disclosure of witness payment vouchers.

As to Plaintiff's FOIA request for records related to himself, as indicated above, Defendant interpreted Plaintiff's second FOIA request for witness payment information as superseding and narrowing the scope of Plaintiff's first request based expressly on the type of descriptive language used in the second request. Luczynski Aff. ¶ 5 (attached hereto). After a case is closed, as happened with Plaintiff's first FOIA request, records of other agencies are either returned to the agency or purged or shredded. Id. ¶ 6. However, given Plaintiff's clear indication that he remains interested in receiving documents in response to his initial FOIA request, Defendant will undertake a

EX(1)

thorough search for records. Id. However, Defendant respectfully requests thirty days to search for records, and thirty days for the Executive Office of the United States Attorneys to review and process the records (if responsive records are found), and to release any responsive, non-exempt records to Plaintiff.

A proposed Order consistent with the relief requested herein is attached.

Date: February 24, 2006                Respectfully Submitted,

                                       _____
                                       KENNETH L. WAINSTEIN, DC BAR # 451058
                                       United States Attorney

                                       _____
                                       R. CRAIG LAWRENCE, D.C. BAR # 171538
                                       Assistant United States Attorney

                                       _____
                                       BEVERLY M. RUSSELL, D.C. Bar #454257
                                       Assistant United States Attorney
                                       U.S. Attorney's Office for the
                                        District of Columbia, Civil Division
                                       555 4th Street, N.W., Rm. E-4915
                                       Washington, D.C.  20530
                                       Ph:  (202) 307-0492

5

This is a specified example of a method of blocking out personal unwarranted information:

Ex.1:Voucher/Stipen #00001
Case ID No: F1386-96
Name of Witness: Renika Young
Social Security No: 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
Address: 2622 Dougles Place S.E. #2
Phone No: (202) 678-6165
Reason: Witness Fee
Date   : 2/28/97
Amount: $40.00                                          s/ Renika Young

---

Ex.2:Voucher/Stipen #00006
Case ID No: F1386-96
Name of Witness: Renika Young
Social Security No: 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
Address: 2622 Dougles Place S.E. #2
Phone No: (202) 678-6165
Reason: Witness Fee/Transportation
Date   : 3/1/97
Amount: $50.00                                          s/ Renika Young

---

The above vouchers can be segregated in the following manner. Blockout (Name, Address, Phone No., Social Security No., & Signature). The information that is left fall's into FOIA/PA disclosure.
*Please note in (Ex.1 & Ex.2)the witness is Renika Young. The date of each payment is different and the Voucher/Stipen no. is different, to cure this problem of same or like payment identification per witness, requestor ask that "every" payment made to same person be labled ( A-Z ). see the following example on the proceeding page.

ex 3

5

Voucher/Stipen #00001
Blockedout persuant to 5USC 552 & 552(a)
ID No. F1386-96
ame of Witness:                          Witness (A)
ocial Security No.
ddress:
hone No.:
eason: Witness Fee
ate : 2/28/97
mount: $40.00                                      s/_____

---

x.2:Voucher/Stipen #00006 Blockedout pursuant to 5USC 552 & 552(a)
ase Id No: F1386-96
ame of Witness:                          Witness (A)
ocial Security No:
ddress:
hone No.:
eason: Witness Fee/Transportation
te : 3/1/97
ount: $50.00                                       s/_____

---

te the following:
  All "Unwarranted Invasion of Personal Private Identifying infor-
tion has been deleted".
  All " Source Idenity" information has been removed.
  The information that exist is, to Public Monies spent by your
ency "only".
  Requestor's "Idenifying No. F1386-96", is on the requested in-
rmation inwhich he is entitled.***[:Notice that every payment
de to Ms. Young is [L]abled "Witness A" with DATE, REASON, and AMOUNT. ]
questor request that this process be followed for every person
  requested in his prior FOIA/PA request. see attachment.
  stated, there were over 14 different witnesses who testified at
  trial inwhich I have names. I request payment of these witnesses
thout revealing their idenity's. Thank You.

6