UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VYRON WHEELER, )<br>)<br>    Plaintiff )<br>)<br>  v. )<br>)<br>EXECUTIVE OFFICE FOR U.S. ATTORNEYS, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No. 05-1133(CKK) |

**DEFENDANT'S OPPOSITION TO "PLAINTIFF'S
MOTION IN SUPPORT OF PLAINTIFF'S MOTION SUMMARY JUDGMENT
AND MOTION TO SUPPORT PAYMENT OF
OTHER LITIGATION COST OF JUDGMENT"**

In this suit brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff, on or around April 24, 2004, submitted a request for records relating to himself and subsequently, on November 15, 2004, submitted a second request for witness payment vouchers and other financial transactions as related to his criminal trial.  See Def.'s Mot. Summ. J., Declaration of David Lucynski, ¶¶ 4, 5 and 10, and Ex. A, B, and G attached thereto (November 10, 2005). Plaintiff described this latter request as a more "specified request." See Def.'s Mot. Summ. J., Ex. G, at 2; Pl.'s Compl. at 4.  Given this description, Defendant interpreted this second request as superseding and narrowing the scope of the first request. See Def.'s Reply, Affidavit of David Luczynski, ¶¶ 3 and 5, Jan. 27, 2006.  Accordingly, by letter dated, November 19, 2004, Defendant notified Plaintiff that he had requested records containing third party information which generally cannot be released without

express authorization and consent of the third party.  <u>Id.</u> ¶ 4; <u>see also</u> Def.'s Mot. Summ. J., Lucynski Decl., Ex. H.  Both parties have moved for summary judgment.

In his recent filing, styled as a "Motion in Support of Plaintiff's Motion [for] Summary Judgment and Motion to Suport Payment of Other Litigation Cost of Judgment," Plaintiff appears to argue that he is entitled to judgment and costs because the Executive Office for United States Attorneys ("EOUSA") has committed to searching for and producing non-exempt records which were the subject of Plaintiff's initial Freedom of Information Act request to EOUSA.  <u>See</u> 5 U.S.C. § 552; <u>see also</u> Def.'s Mot. Summ. J., Declaration of David Lucynski, Ex. A attached thereto (November 10, 2005).  Plaintiff, however, is not entitled to judgment for those reasons stated in "Defendant's Motion for Summary Judgment" and "Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment."  The arguments presented in these filings are incorporated by reference herein in opposing plaintiff's recent motion for judgment and costs.

The primary reason that Plaintiff's recent motion for judgment and costs lacks merit is that, in his second FOIA request (reasonably construed by EOUSA as superseding Plaintiff's first request), Plaintiff sought records on third parties but

2

failed to present either a third party waiver/proof of death document or a legally-sufficient public interest argument that disclosure of the records at issue outweigh the privacy interest in those records. See Def.'s Mot. Summ. J., Declaration of David Luczynski, ¶ 15 (Nov. 10, 2005). In response to Plaintiff's FOIA request, EOUSA expressly informed Plaintiff that, because he failed to provide the requisite release, the Agency had "not performed a search for records" and further that Plaintiff "must not assume that records concerning the third party exists." Id., Ex. H (attached thereto).

EOUSA's actions are in accord with applicable case law discussing agency obligations when a FOIA requester, like Plaintiff, fails to meet his procedural (e.g., a release/proof of death) or legal (public interest argument) burden when seeking third party information from government records. See, e.g. National Archives and Records Administration v. Favish, 541 U.S. 157, 174 (2004); Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773-74 (1989); Fisher v. U.S. Dept. of Justice, 772 F.Supp. 7, 12 (D.D.C. 1991)(In discussing similar action by the Drug Enforcement Agency, this Court stated, "because plaintiff failed to submit written authorizations and search fees, the DEA effectively neither confirmed or denied the existence of the requested information. The refusal to provide the plaintiff with the information sought was appropriate because even confirming the existence of the

3

information would constitute a clearly unwarranted invasion of personal privacy.")

Further, Plaintiff also argues, without merit, that he is entitled to costs because his Complaint served as a catalyst for the EOUSA's consideration of searching for records responsive to Plaintiff's initial FOIA request (i.e., for records about Plaintiff). Pl.'s Mot. at 2. As an initial matter, as indicated above, the EOUSA reasonably construed Plaintiff's second request for third party records as superseding his first given that the Plaintiff described the latter as a more "specified request." See Def.'s Mot. Summ. J., Ex. G, at 2; Def.'s Reply and Op., Affidavit of David Luczynski, ¶ 5, Jan. 27, 2006; see also Miller v. Casey, 730 F.2d 773, 777 (D.C. Cir. 1984)(agency bound to read FOIA request as drafted not as complainant or agency official wishes it to be read).

Second, the Supreme Court has rejected the award of costs in this context, i.e., where a plaintiff argues that his suit served as a catalyst for a change in behavior of a defendant agency. See Buckhannon Board and Care Home, Inc., 532 U.S. 598, 622 (2001). In Buckhannon, the petitioners requested attorney fees arguing that they were entitled to such under the "catalyst theory" which "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about voluntary change in the defendant's conduct." Buckhannon Board and Care Home, Inc., Id. at 601. The Supreme Court however

4

rejected this argument holding that a party is not a "prevailing party" unless it receives a judgment on the merits or a court-ordered consent decree.  Id. at 600.  "A defendant's voluntary change in conduct," the Supreme Court added, "although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."  Buckhannon Board and Care Home, Inc., Id. at 605 (emphasis in original); see also Oil, Chemical and Atomic Workers International Union, AFL-CIO, 288 F.3d 452, 456-457 (D.C. Cir. 2002); Landers v. Department of the Air Force, 257 F.Supp.2d 1011, 1012 (S.D. Ohio 2003).  Here, similar to Buckhannon, the EOUSA has agreed to process Plaintiff's initial FOIA request thus mooting any claim that he might have in this regard.  Additionally, Plaintiff simply has not obtained a judgment on the merits or a court-ordered consent decree to justify award of costs.

Further, even if there was a judgment on the merits entered in this case, Plaintiff cannot demonstrate that the public will benefit from the release of records responsive to his evidently personally-motivated FOIA requests or that EOUSA's response to his FOIA request (i.e., refusing to release third party information without a release and interpreting Plaintiff's second "specified" request as supeseding the first) undermined the purposes of the FOIA.  LaSalle Extension Univ. v. Federal Trade Comm'n, 627 F.2d 481, 484 (D.C.Cir.1980)( FOIA allows awards of

5

attorney fees and costs to a prevailing plaintiff for two purposes: (1) "to encourage Freedom of Information Act suits that benefit the public interest" and (2) to serve "as compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements."); <u>Northwestern University v. U.S. Dept. of Agriculture</u>, 403 F.Supp.2d 83, 88 (D.D.C. 2005).  Accordingly, Plaintiff's request for costs should be rejected.  Additionally, his request for judgment should be denied for reasons stated herein and in Defendant's previous filings.

A proposed Order consistent with the relief requested in this opposition is attached hereto.

Date: March 29, 2006     Respectfully Submitted,

/s/ Kenneth L. Wainstein /dch
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
  District of Columbia
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on <u>Wednesday, March 29, 2006</u>, service of **Defendant's Opposition to "Plaintiff's Motion in Support of Plaintiff's Motion Summary Judgment and Motion to Support Payment of Other Litigation Cost of Judgment"** was made by the Court's Electronic Case Filing System and pre-paid, first class mail to:

Vyron Wheeler, No. 10989-007
U.S.P. - Hazelton
Post Office Box 2000
Bruceton Mills, West Virginia 26525

/s/ Beverly M. Russell
_____
Beverly M. Russell
Assistant U.S. Attorney