IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER
    PLAINTIFF,

V

THE UNITED STATES, "EOUSA"
    DEFENDANT,

CASE NO.
05-1133 (CKK)

## EX PARTE' NOTICE FOR CORRECTION IN PLEADING

Plaintiff comes' before this Honorable Court, and bring to it's attention Ex parte, and to the attention of the Defendants an exigent matter which merits attention. i.e. pertaining Rule of Fed. Civil Pro. 7(a) which states:

" There will be a pleading, a answer and a response"

In the instant action the following has taken place in conjunction to Rule 7(a).

1). On 5/16/05 plaintiff filed his civil action. A succession of extension's were filed by defendant's afterwards'

2). On November 28,05, defendant's filed for Summary Judgment.

3). On or about January 28,06, plaintiff filed a response to defendant's Summary Judgment at the same time plaintiff filed a Cross-Summary Judgment [ Noting Opposition to def. S.J. and Plaintiff's S.J. Cross ].

4). On February 24,06, defendant's filed it's; ' Opposition to plaintiff's Opposition of their S.J. Motion; ² A Opposition to plaintiff's Motion for Summary Judgment (S.J. Mot.)...... This was an indication of a Nolo Prosequi action in defendant's pleading prescribed by F.R.Cv.P. 7(a)

5). In conjunction to said rule, on March 10,06, plaintiff filed

a Motion in Support of his S.J. /Motion to Support Payment of other litigation cost--[ Which is to be construded as plaintiff's Opposition to defendant's Opposition of his S.J. ] see #4 of this notice... This indicated a Nolo Prosequi action in plaintiff's pleading as prescribed by F.R.Cv.P.7(a) bringing the completion of the pleading process.

6). On March 29,2006, defendant's filed a <u>Unauthorized</u> motion titled Opposision to Plaintiff's Motion for Summary Judgment& Motion for Opposition of other litigation cost. This motion is unauthorized by the Rules of Pleading 7(a) because of finality of pleading.

Defendant's March 29,06 motion is unauthorized by the Rules as Untimely and plaintiff bring's this to the attention of the court. The issues and defenses in the motion must be WAIVED and not made part of the record.

Plaintiff states he has not brought any NEW issue's to this action because he notified DEFENDANTS of his intent to seek other litigation cost in his original complaint as well as in his Summary Judgment Motion on pg 22. see attached.

Thus, plaintiffs March 10,06 Motion was to be liberally construed see. <u>Frost v Symington</u>, 197 F3d 348 (9th CIR 1999), as a Nolo prosequi response in Opposition to defendant's opposition to plaintiff's motion for summary judgment and as putting the court on notice of defendant's conceeding position, which defendant's stated they would turn over some of the document's or at least look for them see pg (5) of defendant's opposition motion filed February 24, 2006.

Plaintiff ask that all partie's please follow the Rules of Civil Proceedure prescribed. Plaintiff ask this Honorable Court to please consider the fact's before it, without, the unauthorized pleading and except no more unauthorized pleadings.

MOTION SENT TO:
U.S. District Court D.C. 333 Const. Ave

U.S. Attorney's Office for Def. Wash. D.C.
this 11th day of April 2006

/Thank You

*Vyron Wheeler* (signature)

Vyron Wheeler
10989-007
USP HAZELTON
BOX 2000
BRUCETON MILLS WV 26525

thorough search for records. <u>Id.</u> However, Defendant respectfully requests thirty days to search for records, and thirty days for the Executive Office of the United States Attorneys to review and process the records (if responsive records are found), and to release any responsive, non-exempt records to Plaintiff.

A proposed Order consistent with the relief requested herein is attached.

Date: February 24, 2006                    Respectfully Submitted,


*[signature]*
KENNETH L. WAINSTEIN, DC BAR # 451058
United States Attorney

*[signature]*
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


*[signature]*
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492

5

United States District Court for the 4th Circuit

- Taylor / Black 191 US. Dist. LEXIS 15787 (W.D.VA.) 03/07/91, Civil Action No. 87-0050-C, cited witness fee payments, [ Hon Judge James H. Michael Jr, U.S. Dist Judge]
- Goldstein v Costco Wholesale Co. 09/15/04, 2004 US Dist LEXIS 22041, cited witness fees paid, [ Hon Judge Robert Doumar, US Dist Judge ].(E.D.Va)

These cases published witness fees paid to witnesses. These cases are precedent as to a public intrest in disclosure. Note that witnesses names were not deleted," as petitioner has requested from the beginning of his request." Petitioner brings these cases in the intrest of disclosure, in accordance to the FOIA/PA acts, and ask this Honorable Court to consider the Granting of the information that was promised by "EOUSA" in their July 26, 2004 response, which petitioner has not yet received. see exhibit no. __2__ Declaration of Marie A. O'Rourke.

Also, exhibit no. __4__ April 7, 2005 Office of Information and Privacy Declaration of Priscilla Jones. Neither have been answered and petitioner ask this Court,... to enforce production in accordance to the FOIA/PA Act. And requested relief in this and the civil complaint filed No. 1:05CV01133, including the cost of this action, and associated cost.

                                                                                     Thank You

The forwarded is true under the penality of perjury pursuant to the Fed R. Civ. P. (28 U.S.C. § 1746)

*[signature]*
Mr. Vyron Wheeler
10989-007
USP Hazelton
Box 2000
Bruceton Mills WV. 26525
Dated ____2006

the period expires on Tuesday. Three days are then added—Wednesday, Thursday, and Friday as the third and final day to act. If the period prescribed expires on a Friday, the three added days are Saturday, Sunday, and Monday, which is the third and final day to act unless it is a legal holiday. If Monday is a legal holiday, the next day that is not a legal holiday is the third and final day to act.

Application of Rule 6(e) to a period that is less than eleven days can be illustrated by a paper that is served by mailing on a Friday. If ten days are allowed to respond, intermediate Saturdays, Sundays, and legal holidays are excluded in determining when the period expires under Rule 6(a). If there is no legal holiday, the period expires on the Friday two weeks after the paper was mailed. The three added Rule 6(e) days are Saturday, Sunday, and Monday, which is the third and final day to act unless it is a legal holiday. If Monday is a legal holiday, the next day that is not a legal holiday is the final day to act.

### HISTORICAL NOTES

**Effective and Applicability Provisions**

**1946 Amendments.** Effective date of amendment to this rule, see rule 86(b).

## III. PLEADINGS AND MOTIONS

### Rule 7.  Pleadings Allowed; Form of Motions

(a) **Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

(b) **Motions and Other Papers.**

(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(2) The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.

(3) All motions shall be signed in accordance with Rule 11.

(c) **Demurrers, Pleas, etc., Abolished.** Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Apr. 28, 1983, eff. Aug. 1, 1983.)

#### ADVISORY COMMITTEE NOTES

##### 1937 Adoption

1. A provision designating pleadings and defining a motion is common in the state practice acts. See Smith-Hurd Ill.Stats. ch. 110, § 156 (Designation and order of pleadings); 2 Minn.Stat. (Mason, 1927) § 9246 (Definition of motion); and N.Y.C.P.A. (1937) § 113 (Definition of motion). Former Equity Rules 18 (Pleadings—Technical Forms Abrogated), 29 (Defenses—How Presented), and 33 (Testing Sufficiency of Defense) abolished technical forms of pleading, demurrers and pleas, and exceptions for insufficiency of an answer.

2. **Note to Subdivision (a).** This preserves the substance of [former] Equity Rule 31 (Reply—When Required—When Cause at Issue). Compare the English practice, *English Rules under the Judicature Act* (The Annual Practice, 1937) O. 23, r.r. 1, 2 (Reply to counterclaim; amended, 1933, to be subject to the rules applicable to defenses, O. 21). See O. 21, r.r. 1–14; O. 27, r. 13 (When pleadings deemed denied and put in issue). Under the codes the pleadings are generally limited. A reply is sometimes required to an affirmative defense in the answer. 1 Colo.Stat.Ann. (1935) § 66; Ore. Code Ann. (1930) §§ 1–614, 1–616. In other jurisdictions no reply is necessary to an affirmative defense in the answer, but a reply may be ordered by the court. N.C.Code Ann. (1935) § 525; 1 S.D.Comp.Laws (1929) § 2357. A reply to a counterclaim is usually required. Ark.Civ.Code (Crawford, 1934) §§ 123 to 125; Wis.Stat. (1935) §§ 263.20, 263.21. U.S.C. Title 28, [former] § 45 (District courts; practice and procedure in certain cases) is modified insofar as it may dispense with a reply to a counterclaim.

For amendment of pleadings, see Rule 15 dealing with amended and supplemental pleadings.

3. All statutes which use the words "petition", "bill of complaint", "plea", "demurrer", and other such terminology are modified in form by this rule.

##### 1946 Amendment

**Note.** This amendment eliminates any question as to whether the compulsory reply, where a counterclaim is pleaded, is a reply only to the counterclaim or is a general reply to the answer containing the counterclaim. The Commentary, *Scope of Reply where Defendant Has Pleaded Counterclaim*, 1939, 1 Fed.Rules Serv. 672; *Fort Chartres and Ivy Landing Drainage and Levee District No. Five v. Thompson*, Ill.1945, 8 Fed.Rules Serv. 13.32, Case 1.

##### 1963 Amendment

Certain redundant words are eliminated and the subdivision is modified to reflect the amendment of Rule 14(a) which in certain cases eliminates the requirement of obtaining leave to bring in a third-party defendant.

##### 1983 Amendment

One of the reasons sanctions against improper motion practice have been employed infrequently is the lack of clarity of Rule 7. That rule has stated only generally that