## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
VYRON WHEELER,                          )
                                        )
          Plaintiff                     )
                                        )
     v.                                 )  Civil Action No. 05-1133(CKK)
                                        )
EXECUTIVE OFFICE FOR THE U.S. ATTORNEYS,)
                                        )
          Defendant.                    )
_____)
```

## DEFENDANT'S RESPONSE TO THE COURT'S SEPTEMBER 18, 2006 ORDER AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, the Executive Office for the United States Attorneys, respectfully submits its response to this Court's September 18, 2006 Order issued in the above-captioned matter. In its Order, the Court denied without prejudice Defendant's motion for summary judgment filed on November 28, 2005, and required Defendant to file a brief and accompanying affidavit addressing the adequacy of Defendant's "Glomar" response to Plaintiff's Freedom of Information Act ("FOIA") request for witness voucher documents and to provide a status report on Defendant's efforts to fulfill Plaintiff's FOIA request for documents related to his criminal case. The accompanying memorandum and supporting documentation include Defendant's response to the Court's Order.

Further, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant moves for summary judgment, albeit on different grounds from its previous motion, because there are no genuine issues in dispute and Defendant is entitled to judgment

in its favor as a matter of law.[1]  The reasons supporting this
Motion are set forth in the accompanying Memorandum.
Additionally, a Statement of Material Facts Not in Dispute and
proposed Order are also attached hereto.

---

[1]Plaintiff should take notice that any factual assertions
contained in the declaration in support of Defendant's motion
will be accepted by the Court as true unless Plaintiff submits
his own declaration or other documentary evidence contradicting
the assertions in the attached declaration.  See, Neal v. Kelly,
963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules
of Civil Procedure which provides as follows:

> Supporting and opposing affidavits shall be made on
> personal knowledge, shall set forth such facts as would
> be admissible in evidence, and shall show affirmatively
> that the affiant is competent to testify to the matters
> stated therein.  Sworn or certified copies of all
> papers or parts thereof referred to in an affidavit
> shall be attached thereto or served therewith.  The
> court may permit affidavits to be supplemented or
> opposed by depositions, answers to interrogatories, or
> further affidavits.  When a motion for summary judgment
> is made and supported as provided in this rule, an
> adverse party may not rest upon the mere allegations or
> denials of the adverse party's pleading, but the
> adverse party's response, by affidavits or as otherwise
> provided in this rule, must set forth specific facts
> showing that there is a genuine issue for trial.  If
> the adverse party does not so respond, summary
> judgment, if appropriate, shall be entered against the
> adverse party.

Fed.R.Civ.P. 56(e).

Date: November 22, 2006          Respectfully Submitted,


                                 /s/ Jeffrey A. Taylor /dch
                                 _____
                                 JEFFREY A. TAYLOR, D.C. BAR #498610
                                 United States Attorney


                                 /s/ Rudolph Contreras
                                 _____
                                 RUDOLPH CONTRERAS, D.C. BAR #434122
                                 Assistant United States Attorney



                                 /s/ Beverly M. Russell
                                 _____
Of Counsel:                      BEVERLY M. RUSSELL, D.C. Bar #454257
David Luczynski, Esq.            Assistant United States Attorney
Executive Office of              U.S. Attorney's Office for the
 U.S. Attorneys                   District of Columbia, Civil Division
                                 555 4th Street, N.W., Rm. E-4915
                                 Washington, D.C.  20530
                                 Ph:  (202) 307-0492

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
VYRON WHEELER,                            )
                                          )
          Plaintiff                       )
                                          )
     v.                                   )  Civil Action No. 05-1133(CKK)
                                          )
EXECUTIVE OFFICE FOR THE U.S. ATTORNEYS,  )
                                          )
          Defendant.                      )
_____  )
```

MEMORANDUM IN SUPPORT OF
DEFENDANT'S RESPONSE TO THE COURT'S SEPTEMBER 18, 2006 ORDER AND
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Freedom of Information Act ("FOIA") provides the district courts with "jurisdiction to enjoin [an] agency from withholding agency records and to order the production of agency records improperly withheld from [a] complainant." 5 U.S.C. § 552(a)(B). The records that Plaintiff seeks under the FOIA have been released with the exception of information properly redacted and withheld under the statute. Accordingly, since defendant Executive Office for the U.S. Attorneys ("EOUSA") has fully met its obligation under the statute, and there is no material issue in dispute on this point, it respectfully moves for judgment in its favor.

I.  **BACKGROUND**

   A.  **Procedural History**

   In this suit brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff, on or around April 24, 2004, submitted a request for records relating to himself.  See

Ex. 1, Declaration of David Lucynski, ¶ 4, and Attach. A

(November 10, 2005).  Specifically, Plaintiff requested,

> all records and / or data contained in the files of
> your agency, and specifically under my name and / or an
> identifier assigned to my name. . .The records. .
> .[include] but [are] not limited to (1) arrest records,
> (2) investigation and / or investigatory reports,
> (3) reports or evidentiary and /or scientific
> information findings, (4) wants, warrants, and / or
> detainers, (5) final and closing investigation reports;
> and (6) any and / or all information, data, or reports
> not otherwise exempt by statute. . .

Ex. 1, Lucynski Decl., Attach A.

Plaintiff provided "examples of specific requests" which

included witness agreements, inducements or promises relating to

criminal case #F-1386-96 as well as records relating to payment

of witnesses in the same criminal case.  Id.

Subsequently, on November 19, 2004, Plaintiff submitted a

second FOIA request for witness payment vouchers and other

financial transactions as related to his criminal trial.  See Ex.

1, Lucynski Decl. ¶¶ 10, and Attach. G.  Plaintiff described this

latter request as a more "specified request." See Id., Ex. G, at

2; Pl.'s Compl. at 4.  Given this description, Defendant

interpreted this second request as superseding and narrowing the

scope of the first request.  See Ex. 2, Affidavit of David

Luczynski, ¶¶ 3 and 5, Jan. 27, 2006.  Accordingly, by letter

dated, November 19, 2005, Defendant notified Plaintiff that he

had requested records containing third party information which

generally cannot be released without express authorization and

2

consent of the third party.  Id. ¶ 4; see also Ex. 1, Lucynski
Decl., Ex. H.

On November 28, 2005, presuming that the only issue for
judicial review was that concerning Plaintiff's second FOIA
request for witness vouchers and payments, Defendant moved for
summary judgment on grounds that Plaintiff failed to provide a
third party waiver or proof of death evidencing that disclosure
of otherwise privacy-protected information would be appropriate.
R. 19, Def.'s Mot. Summ. J.  However, Plaintiff, in his own
Motion for Summary Judgment filed on January 31, 2006, indicated
that he remained interested in receiving a response to his
initial FOIA request. R. 35, Pl.'s Mot. Summ. J., at 19.

Given Plaintiff's representations, Defendant, in its reply,
stated that its November 28, 2005 motion should be construed as
one for partial relief for summary judgment on Plaintiff's claim
related to his FOIA request for witness vouchers.  See R. 36,
Def.'s Reply to Pl.'s Op. to Def.'s Mot. Summ. J. and Op. to
Pl.'s Mot. Summ. J., at 2, 4-5.  Further, given Plaintiff's
indication in his own Motion for Summary Judgment that he
remained interested in receiving documents in response to his
initial FOIA request, Defendant, in its Reply, indicated that it
would process this request which encompassed records related to
Plaintiff's second FOIA request. R. 36, Def.'s Reply to Pl.'s Op.

3

to Def.'s Mot. Summ. J. and Op. to Pl.'s Mot. Summ. J., at 4-5;
see also Ex. 1, Lucynski Decl., Attach A.

On September 28, 2006, this Court denied Defendant's partial
Motion for Summary Judgment and held Plaintiff's motion for
similar relief in abeyance.  The Court ordered Defendant to "file
a brief and accompanying affidavit(s)...addressing why a 'Glomar'
response was an adequate response to Plaintiff's request for
witness voucher documents with third-party information. .
.redacted from such payment statements."[2]  R. 41, Order, p. 1.
Additionally, the Court ordered Defendant to discuss in its brief
"why Plaintiff's request for the aforementioned information
coupled with Defendant's duty to segregate exempt from non-exempt
agency materials does not require disclosure of the requested
information as beyond the scope of 5 U.S.C. § 552(b)(6) and
(b)(7)(C)."[3]  Id. at 1-2.  The Court also ordered Defendant to

_____

[2]An agency's response that it can neither confirm nor deny
the existence or non-existence of responsive records has become
known as a "Glomar response," after the name of the vessel that
was the subject of a FOIA request for records in Phillippi v.
CIA, 546 F.2d 1009 (D.C. Cir. 1976). Defendant respectfully notes
that it did not raise a "Glomar" argument in its previously filed
partial Motion for Summary Judgment on Plaintiff's FOIA claim
related to his request for records for witness payment vouchers
and other financial transactions.  Defendant instead solely moved
for summary judgment because Plaintiff failed to provide a third
party waiver or proof of death evidencing that disclosure of
otherwise privacy-protected information would be appropriate.
Def.'s Mot. Summ. J., p. 7.

[3]As demonstrated herein, Plaintiff's first FOIA request has
since been processed.  In this regard, Defendant is filing an

(continued...)

4

"submit a status report to the Court. . .indicating whether or not and to what degree it has fulfilled Plaintiff's request, and further setting out a schedule to provide a Vaughn index to the Court with respect to any withheld or redacted documents and a dispositive motion if appropriate..."[4] Id. at 2.

**B.   Defendant's Response to Plaintiff's FOIA Request**

As suggested above, Plaintiff's second "specified request" resulted in a misinterpretation of the types of records Plaintiff was seeking, i.e., Defendant interpreted the second request as superseding the first.  Ex. 3, Declaration of David Luczynksi, ¶ 1 (Nov. 6, 2006)("Luczynksi II Decl."); see also Ex. 4, Luczynski Aff.  Defendant has resolved this conflict by processing Plaintiff's first FOIA request for records about himself.  Ex. 3, Luczynksi Decl. ¶ 1.

In this regard, Defendant notes that each United States Attorney's Office maintains the case files for criminal matters

─────────

[3](...continued)
unsigned affidavit from David Luczynzki today, November 22, 2006, which explains why the more expansive search for records responsive to Plaintiff's first FOIA request would encompass those relevant to Plaintiff's second request for witness payments and vouchers. Ex. 4, Affidavit of David Luczynski.  Pertinent to the Court's Order, Mr. Luczynski expressly notes that no records were found responsive to this latter request. Id. ¶ 6.  Because of travel, Mr. Luczynksi is unavailable today and the remainder of this week to sign the affidavit.  Defendant anticipates filing a signed version of the affidavit on Monday, November 27, 2006.

[4]Defendant responded to Plaintiff's initial FOIA request on November 6, 2006. A Vaughn declaration and Index are included as exhibits to this Motion.

prosecuted by that office.  Id. ¶ 3.  Accordingly, the EOUSA
forwarded Plaintiff's request to the FOIA contact for the U.S.
Attorney's Office for the District of Columbia ("USAO/DDC").  Id.
The FOIA contact, in turn, undertook a systematic search for
records on Vyron Wheeler to determine the location of any and all
files relating to him.  Id.  To accomplish the search, the FOIA
contact looked for records in the computer tracking system that
were listed under the name "Wheeler."  Id. ¶ 4.

     The systems utilized in searching for records were the
Public Access to Court Electronic Records ("PACER"), and the
Legal Information Office Network System ("LIONS").  Id. ¶ 5.  The
LIONS system is the computer system used by United States
Attorneys offices to track cases and to retrieve files pertaining
to cases and investigations.  Id.  The LIONS system allows a user
to access databases which can be used to retrieve information
based on a defendant's name, a USAO internal administrative
number, or a district court case number.  Id.

     In this case, the FOIA Contact used the LIONS system to
locate records based upon the name "Wheeler."  Id.  The FOIA
contact used the system to determine all possible locations of
responsive files.  Id. ¶ 4.  The records responsive to
Plaintiff's request are maintained in the Criminal Case File
System (Justice/USA-007) entitled United States v. Vyron Wheeler.
Id. ¶ 6.  The case pertains to the investigation, prosecution,

and conviction of the Plaintiff for his crime of homicide.  Id.

On November 6th, 2006, after completion of the search for responsive records, Defendant notified Plaintiff that records had been located. Id. ¶ 2.  Accompanying this notification were 22 pages of processed material that were released in full, and 42 pages that were released in part.  Id.  Plaintiff was also notified that 62 pages of materials were being withheld in full. Id.  In addition, Plaintiff was advised that FOIA exemptions 5 U.S.C. § 552 (b)(5) and (b)(7)(C), and Privacy Act Exemption 5 U.S.C. § 552a (j)(2), had been applied to the withheld material. Id.

## II.  **ARGUMENT**

### A.    **Standard of Review**

Summary judgment is the procedure by which courts resolve nearly all FOIA actions.  See, e.g. Misciavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in use are properly identified."); Evans v. U.S. Office of Personnel Management, 276 F.Supp.2d 34, 37 (D.D.C. 2003). Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; see also Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).

7

As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The FOIA generally provides that any person has a right, enforceable in court, of access to federal agency records, except to the extent that such records (or portions thereof) are protected from mandatory disclosure by one of nine exemptions. See 5 U.S.C. § 552(b). The Court's review of the matter is de novo. 5 U.S.C. § 552 (a)(4)(B).

In a FOIA dispute, the Government bears the burden of justifying nondisclosure of information, McCutchen v. HHS, 30 F.3d 183, 185 (D.C. Cir. 1994), which it sustains through detailed agency declarations that identify the information at issue and the bases for the exemption(s) claimed, see Summers v. Dep't of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998). Summary judgment for the federal government is appropriate in a FOIA case if the declarations submitted in support of the motion (1) describe the documents and justification for their nondisclosure in reasonably specific detail; (2) demonstrate that the information withheld logically falls within the claimed exemption; and (3) are not controverted by either (a) contrary

8

evidence in the record or (b) evidence of agency bad faith.  See Shaw v. United States Dep't of State, 559 F. Supp. 1053, 1056 (D.D.C. 1983) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)); see also Miller v. Casey, 730 F.2d 773, 776 (D.C. Cir. 1984).

Given the unique nature of FOIA cases, the court accords the agency's declarations substantial weight.  See, e.g. Gardels v. CIA, 689 F.2d 1100, 1104 (D.C. Cir. 1982).  Indeed, agency affidavits are to be accorded a presumption of good faith.  In re Wade, 969 F.2d 241, 246 (7th Cir. 1992)("Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned.") Thus, an agency should prevail on summary judgment based solely on its declarations if the declarations are clear, specific, reasonably detailed, and describe the withheld information in a factual and nonconclusory manner.  Miller, 730 F.2d at 776.

**B.   The Adequacy of EOUSA's Search**

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records.  Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983); Judicial Watch, Inc. v. U.S. Dept. of Commerce, 337 F.Supp.2d 146, 158 (D.D.C. 2004); Allen v. U.S. Secret Service, 335 F.Supp.2d 95, 97 (D.D.C. 2004); Cleary, Gottlieb, Steen &

Hamilton v. Dept. of Health, 844 F. Supp. 770, 776 (D.D.C. 1993). The adequacy of a search is necessarily "'dependent upon the circumstances of the case.'" Kronberg v. Department of Justice, 875 F. Supp. 861, 869 (D.D.C. 1995) (quoting Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Judicial Watch, Inc., 337 F.Supp.2d at 158. "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986).

Indeed, an agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Additionally, the search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Id.; see also Allen, 335 F.Supp.2d at 99-100 (mere fact that plaintiff discovered one document from a third source that possibly should have been uncovered by the defendant agency "does not render the search process unreasonable.")

The burden rests with the agency to establish that it has
"made a good faith effort to conduct a search for the requested
records, using methods which can be reasonably expected to
produce the information requested." Oglesby, 920 F.2d at 68.
"An agency may prove the reasonableness of its search through
affidavits of responsible agency officials so long as the
affidavits are relatively detailed, non-conclusory and submitted
in good faith." Miller, 779 F.2d at 1383; Goland v. Central
Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1987), cert.
denied, 445 U.S. 927 (1980).   Once the agency has proffered such
evidence, i.e., a legally-sufficient affidavit, the burden then
shifts to the requester to rebut the evidence by a showing of bad
faith on the part of the agency.  Miller, 779 F.2d at 1383.  It
is insufficient, however, for a requester to attempt to rebut the
agency affidavit with purely speculative claims.  See Carney v.
U.S. Department of Justice, 19 F.3d 807, 813 (1st Cir. 1994);
SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir.
1991).

The Luczynski declaration dated November 6, 2006
demonstrates that, in this case, the EOUSA engaged in "good faith
effort[s] to conduct. . .a search for the requested records,
using methods which [were] reasonably expected to produce the
information requested." Oglesby, 920 F. 2d at 68. Specifically,
the EOUSA searched for records in the location where responsive

documents were likely to be found, i.e., the United States
Attorney's Office for the District of Columbia.  Ex. 3, Luczynki
II Decl. ¶ 3.  The FOIA contact in that office searched two
computer systems using the name "Wheeler."  Id. ¶ 4.  Responsive
records were located in the Criminal Case File System under the
name, United States v. Vyron Wheeler.  Id. ¶ 6.  There are no
other record systems or locations within this office where files
pertaining to Plaintiff's criminal case were maintained.   Id. ¶
7.  The EOUSA released responsive documents to Plaintiff on
November 6, 2006, id. ¶ 2,  with the exception of those properly
withheld under the FOIA and the Privacy Act, 5 U.S.C. §
552a(j)(2).  Accordingly, for reasons stated above, to the extent
Plaintiff is challenging the EOUSA's search for responsive
records, his claim should be dismissed.

### C.    EOUSA's Proper Application of FOIA Exemptions

#### 1.    Exemption 5

Exemption 5 protects from disclosure inter- and intra-agency
communications that are covered by a traditional civil discovery
privilege.  See, e.g. Rockwell Internat'l Corp. v. Department of
Justice, 235 F.3d 598, 601 (D.C. Cir. 2001); Martin v. Office of
Special Counsel, 819 F.2d 1181, 1185 (D.C. Cir. 1987).  Further,
it does so without regard to the needs of a particular plaintiff.
Id. at 1184.  Here, Exemption 5 was used to withhold information

protected by the deliberative process and attorney work product
privileges.

The deliberative process privilege shields from disclosure
"the deliberative process that precedes most decisions of
government agencies." Russell v. Department of the Air Force,
682 F.2d 1045, 1047 (D.C. Cir. 1982); accord Edmonds Institute v.
U.S. Dept. of Interior, --- F.Supp.2d ----, 2006 WL 3069889, *5
(D.D.C. Oct. 30, 2006); National Sec. Archive Fund, Inc. v.
C.I.A., 402 F.Supp.2d 211, 217 (D.D.C. 2005).  For the privilege
to apply, however, the communication must be both predecisional,
i.e., "antecedent to the adoption of an agency policy," Jordon v.
Department of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978)(en
banc), overruled in part on other grounds, Crooker v. Bureau of
Alcohol, Tobacco, and Firearms, 620 F.2d 1051 (D.C. Cir. 1981)(en
banc), and deliberative "in that it makes recommendations or
expresses opinions on legal and policy matters," Vaughn v. Rosen,
523 F.2d 1136, 1143-144 (D.C. Cir. 1975).

"[T]he exemption protects not only communications which are
themselves deliberative in nature, but all communications which,
if revealed, would expose to public view the deliberative process
of an agency." Russell, 682 F.2d at 1048.

> There are essentially three policy bases for this
> privilege.  First, it protects creative debate and
> candid considerations of alternatives within an agency,
> and, thereby, improves the quality of agency policy
> decisions.  Second, it protects the public from the
> confusion that would result from premature exposure to

13

discussions occurring before the policies affecting it
had actually been settled upon.  And third, it protects
the integrity of the decision-making process itself by
confirming that "officials should be judged by what
they decided[,] not for matters they considered before
making up their minds."

Jordan, 591 F.2d at 772-73 (citation omitted).

Thus, the exemption "guard[s] against disclosure of
documents that suggest 'as agency position that which is as yet
only personal position.'" Russell, 682 F.2d at 1048 (quoting
Coastal States Gas Corp., 617 F.2d 854, 866 (D.C. Cir. 1980)).
In addition, when evaluating a claim of deliberative process
privilege, courts must defer to the agency's explanation of its
decisional process, given the agency's expertise in determining
"what confidentiality is needed 'to prevent injury to the quality
of agency decisions.'" Pfeiffer v. CIA, 721 F. Supp. 337, 340
(D.D.C. 1989), quoting Chemical Mfgrs. Ass'n v. CPSC, 600 F.
Supp. 114, 118 (D.D.C. 1984).  The critical factor "is whether
disclosure of the information would 'discourage candid discussion
within the agency.'" Access Reports v. Department of Justice, 926
F.2d 1192, 1195 (D.C. Cir. 1991), quoting Dudman Communications
Corp. v. Department of Air Force, 815 F.2d 1565, 1567-68 (D.C.
Cir. 1987).

The attorney work product privilege protects documents and
memorandum prepared by an attorney in contemplation of
litigation.  Coastal States Gas Corp. v. Dep't of Energy, 617
F.2d 854, 865 (D.C. Cir. 1980).  The privilege is not limited to

14

civil proceedings but extends to administrative and criminal
proceedings as well.  See, e.g. Gilchrist v. Dep't of Justice,
No. Civ. A. 05-1540(RJL), 2006 WL 3091534, *4 (D.D.C. Oct. 30,
2006); Exxon Corp. v. Dep't of Energy, 585 F. Supp. 690, 700
(D.D.C. 1983).  The work product privilege "extends to documents
prepared in anticipation of foreseeable litigation, even if no
specific claim is contemplated." Schiller v. N.L.R.B., 964 F.2d
1205, 1208 (D.C. Cir. 1992).

EOUSA asserted Exemption 5 to a document consisting of
photocopied pages of an attorney's notebook.  Ex. 3, Luczynski II
Decl. ¶ 11 and Vaughn Index (attached thereto), at 3.  The
portions of the record to which the attorney work product
privilege applies reflect such matters as trial preparation,
trial strategy, interpretations, and personal evaluations and
opinions pertinent to Plaintiff's criminal case.  Id. ¶ 12.  The
records contain deliberations concerning a homicide
investigation.  Id.  The records were prepared by or at the
request or direction of an attorney, and made in anticipation of
or during litigation.  Id.

In addition, these same records, in certain instances,
contain deliberative information of the United States Attorney's
Office and other federal and state agencies in their
consideration of possible criminal actions against Plaintiff.
Id. ¶ 13.  To disclose this information would reveal pre-

15

decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies.  Id.  Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making.  Id.  Accordingly, consistent with FOIA Exemption 5, the privileged information was appropriately redacted.

### 2.    Exemption 7

The Privacy Act states, in pertinent part, that "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," unless falling within the 12 enumerated exceptions of the statute.  5 U.S.C. § 552a(b).  Although one of these exceptions encompasses disclosure of records *when required* by the FOIA (see 5.U.S.C. § 552a(b)(2)), the FOIA - consistent with the Privacy Act - contains provisions recognizing the privacy rights of individuals in information contained in government records about them and accords protections from disclosure of such information.

One basis for withholding privacy sensitive information under the FOIA is Exemption 7 which protects from disclosure "records or information compiled for law enforcement purposes"

16

under certain circumstances.  5 U.S.C. § 552(b)(7).  "[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope."  Mittleman v. Office of Personnel Management, 76 F.3d 1240, 1243 (D.C. Cir. 1996), cert. denied, 519 U.S. 1123 (1997) (citing Pratt v. Webster, 673 F.2d 408, 420 n.32 (D.C. Cir. 1982)).  When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies."  Keys v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987) (citing Pratt v. Webster, 673 F.2d 408, 418 (D.C. Cir. 1982)).

    Pertinent here, FOIA Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent release of the information could reasonably be expected to constitute an unwarranted invasion of privacy.  5 U.S.C. § 552(b)(7)(C).  This exemption protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations.  Reporters Comm. for Freedom of the Press v. U.S. Dept. of Justice, 816 F.2d 730, 780 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), rev'd on other grounds, 489 U.S. 749 (1989); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996).

17

An agency in a FOIA case may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. Reporters Comm. for Freedom of the Press, 489 U.S. at 780; Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1206 (D.C. Cir. 1991).

The names of law enforcement officers who work on criminal investigations have also traditionally been protected against release by Exemption 7(C). Davis v. U.S. Dept. of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992); Lesar v. U.S. Dept. of Justice, 636 F.2d 472, 487-488 (D.C. Cir. 1980). Similarly, individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable privacy interests in their anonymity. Computer Prof'ls, 72 F.3d at 904; Farese v. U.S. Dept. of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987). The fact that the requester might be able to figure out the individuals' identities through other means or that their identities have been disclosed elsewhere does not diminish their privacy interests. Fitzgibbon v. CIA, 911 F.2d 755 (D.C. Cir. 1990); Weisberg v. Dept. of Justice, 745 F.2d 1476, 1491 (D.C. Cir. 1984).

The responsive information at issue here was all compiled for law enforcement purposes to assist in the investigation and

18

prosecution of Plaintiff.  Ex. 3, Luczynski II Decl. ¶ 14 and
Vaughn Index (attached thereto).  Exemption 7(C) was applied to
withhold the identities of and personal information about third
party individuals including witnesses and law enforcement
personnel.  Ex. 3, Luczynski II Decl. ¶ 15 and Vaughn Index
(attached thereto).  The release of such information could result
in unwanted efforts to gain further access to such persons or to
personal information about them, or cause them harassment, harm,
or exposure to unwanted and/or derogatory publicity and
inferences.  Id.

   Further, EOUSA determined that there was no public interest
in the release of this privacy-protected information because
dissemination of the information would not help explain the
activities and operations of the EOUSA or the United States
Attorney's office. Id. ¶ 16.  No public interest would
counterbalance the law enforcement and third party individuals'
privacy right in the information withheld under this exemption.
Id.  Accordingly, the personally identifiable information from
the law enforcement records was appropriately redacted pursuant
to FOIA Exemption 7(C).

   **D.   USDA's Disclosure of All Reasonably Segregable
          Information**

   The District of Columbia Circuit has held that a District
Court considering a FOIA action has "an affirmative duty to
consider the segregability issue sua sponte." Trans-Pacific
Policing Agreement v. U.S. Customs Service, 177 F.3d 1022, 1028

(D.C. Cir. 1999).  The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); Mead Data Cent., Inc. v. U.S. Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

In this case, EOUSA has demonstrated with reasonable specificity that all reasonably segregable information has been released.  Ex. 3, Luczynksi Decl. ¶ 18.  Indeed, all information withheld was exempt from disclosure pursuant to a FOIA exemption. Id. Where a document was withheld in its entirety, EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole.  Id. No reasonably segregable non-exempt information was withheld from Plaintiff.  Id.  Accordingly, the EOUSA's actions fully comport with FOIA requirements regarding segregability. See, e.g. Gutman v. U.S. Dep't of Justice, 238 F.Supp.2d 284, 296 (D.D.C. 2003).

## III. CONCLUSION

For the reasons stated herein, Defendant requests that its summary judgment motion be granted.

Date: November 22, 2006                Respectfully Submitted,


                                       /s/ Jeffrey A. Taylor /dch
                                       _____
                                       JEFFREY A. TAYLOR, D.C. BAR #498610
                                       United States Attorney


                                       /s/ Rudolph Contreras
                                       _____
                                       RUDOLPH CONTRERAS, D.C. BAR #434122
                                       Assistant United States Attorney


                                       /s/ Beverly M. Russell
                                       _____
Of Counsel:                            BEVERLY M. RUSSELL, D.C. Bar #454257
David Luczynski, Esq.                  Assistant United States Attorney
Executive Office of                    U.S. Attorney's Office for the
 U.S. Attorneys                         District of Columbia, Civil Division
                                       555 4th Street, N.W., Rm. E-4915
                                       Washington, D.C.  20530
                                       Ph:  (202) 307-0492



                                       21

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of ***Defendant's Response to the Court's September 18, 2006 Order and Defendant's Motion for Summary Judgment*** was made by the Court's Electronic Case Filing System and by first class, postage prepaid mail, this <u>22nd</u> day of November, 2006 to:

Vyron Wheeler, No. 10989-007
U.S.P. - Hazelton
Post Office Box 2000
Bruceton Mills, West Virginia 26525


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney