# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER                               )
                                            )
               Plaintiff,          )
                                            )
        v.                            )
                                            )      **No.    1:05-CV-1133 CKK**
UNITED STATES DEPARTMENT OF                 )
JUSTICE, EXECUTIVE OFFICE FOR               )
UNITED STATES ATTORNEYS,                    )
                                            )
              Defendants.          )
_____)

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

    2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release

and withhold records requested under the FOIA/PA. The statements I make in this Declaration

are made on the basis of my review of the official files and records of EOUSA, on my own

personal knowledge, or on the basis of information acquired by me through the performance of

my official duties.

    3. Due to the nature of my official duties, I am familiar with the procedures followed by

this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned

Plaintiff, Vyron Wheeler. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

*FOIA request No. 04-2434*

    4. By letter dated April 24, 2004, Plaintiff submitted his FOIA request for all records

relating to him. **Exhibit A.**

    5. By letter dated July 21, 2004, Plaitiff renewed his FOIA request. **Exhibit B.**

    6. On July 26, 2004 EOUSA responded to Plaintiff's request. The response letter

notified Plaintiff of the receipt of his FOIA request and that it has been assigned a FOIA No. 04-

2434. **Exhibit C.**

    7. On September 16, 2004, as a response to Plaintiff's renewed inquiry, EOUSA notified

Plaintiff that his request will be handled on a first-in-first-out basis. The response informed him

that FOIA requests are processed in the order they are received. Plaintiff was notified of his

appeal rights and provided contact information for the Office of Information and Privacy and that

after the appeal has been decided, Plaintiff may have judicial review by filing a complaint.

**Exhibit D**.

8.  On September 21, 2004, the Office of Information and Privacy has received Plaintiff's appeal. **Exhibit E**.

9.  On November 3, 2004, Office of Information and Privacy informed Plaintiff that EOUSA has not completed processing of Plaintiff's request.  OIP explained that it cannot act on Plaintiff's appeal until there has been an initial determination by the EOUSA.  Plaintiff was given another option to appeal if the OIP's determination was not satisfactory.  **Exhibit F**.

*FOIA request No. 04-4515*

10.  On November 19, 2004, submitted another request for:

"Witnesses payment vouchers... financial transactions that contain his name

or identifying No... and any item, collection or grouping of information about

an individual that is maintained by an agency" **Exhibit G**.

11.  On December 21, 2004, as a response to Plaintiff's inquiry, EOUSA notified Plaintiff that he requested records containing third party information which generally cannot be released without express authorization and consent of the third party.  In the alternative, Plaintiff was informed that he can receive the records if he can provide proof that the subject is deceased or demonstrate that the public interest in disclosure is greater than the privacy interest.  Plaintiff was notified of his appeal rights and provided contact information for the Office of Information and Privacy and that after the appeal has been decided, Plaintiff may have judicial review by filing a complaint. **Exhibit H**.

12.  On February 1, 2005, Plaintiff filed an administrative appeal with the Office of Information and Privacy.  **Exhibit I**.

13.  OIP sent a letter to Plaintiff dated February 14, 2005, informing him that his appeal

Ex. 1
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)
Page 3 of 39

has been received but due to the backlog has not been reviewed. Plaintiff's appeal was assigned No. 05-0971. **Exhibit J**.

14. By letter dated October 24, 2005, Plaintiff was informed by OIP that since subsequent to filing his appeal, but before receiving a response, Plaintiff filed a complaint for judicial review, any further action by the OIP would be inappropriate and that his appeal file is closed. **Exhibit K**.

## EOUSA'S DETERMINATION

15. EOUSA sent a letter explaining to Plaintiff that without a release authorization from the individuals, EOUSA will not perform a search nor release any records. Plaintiff's request was denied in full. Plaintiff has not provided this office with any authorization or consents from the third persons which would permit EOUSA to release their names or identifying information which is why EOUSA has refused to confirm or deny to Plaintiff the existence of such records.

## CONCLUSION

16. Each step in the handling of Mr. Wheeler's request has been entirely consistent with the EOUSA and the United States Attorneys Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November _10 CL_ , 2005.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

Ex. 1
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)
Page 4 of 39

AGENCIES:

( )  United States Parole Commission
( )  Federal Bureau of Investigation
( )  Immigration & Naturalization service
( )  Internal Revenue Service
( x )  United States Attorney
( )  Treasury Department
( )  Bureau of Prisons
( )  State Agency
( )  Other: _____

DIRECT RESPONSE TO:

Name: Vyron Wheeler

Reg. No.: 10989-007

Unit:  B1-119

Date: April 24, 2004.

TO:

United States Attorney's
Office/ Dept of Justice
600 E, St N.W. Suite 7300
Washington ., D.C. 20530

IDENTIFICATION OF REQUESTER:
NAME: Vyron Wheeler
ALIAS: Von, Vaughn
DATE OF BIRTH: 11/14/64
PLACE OF BIRTH: Washington D.C.
F.B.I. NO: 658299PA7
SOC. SEC. NO: 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
OTHER:

RE:    FREEDOM OF INFORMATION ACT
( U.S.C. 552), PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 (6) (C)
(B) (7)), GENERAL ( U.S.C. 552 A
(J) (2)) OR SPECIFIC ( U.S.C.
552 a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.

Right Thumb          Right Index

RT          RI

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974). Sullivan v. Murphy, 478 F. 2d. 938, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in toto are no longer accorded exempt status unless under the specific exemption noted, and only with reference to their citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975).

GOVERNMENT EXHIBIT A

Examples of specific request:

1) Any scientific informating finding's maintained by your office as to physical evidence [including but not limited to knife] recovered from the crime scene in case # F1386-96.✳ Any and all report's or Evidentiary findings of fiber and blood sample's received by Evidence Technician, Connie Hickman

2)  Any deals, agreement's, inducements or promise's made to any person's, witness's or stand by witness's relating to case # F-1386-96.✳

3) Any statement's made by any person's, witness's or stand by witness's that is  in the possession of the United States Attorney's Office or it's employee's relating to case# F1386-96.

4)  Any investigation and/or investigatory reports, obtained by the United State's Attorney's Office relating to case # F1386-96.✳

5) Final and closing investigation report's as to case# F1386-96.✳

6)  Any and all information, data or reports not otherwise exempt by statute (5U.S.C.(66)(c)(b)(7)).(5U.S.C.52a(j)(2),(k)(2),(k)(2), or law.Tarlton, v. Saxbe,507,F.2d.1116,165 U.S. App.D.C. 293 (1974), Menard v Saxbe, 498 F2d.1017, 162 U.S. App. D.C. 284(1974). Sullivan v Murphy, 478 F.2d. 938, 156 U.S. App. D.C. 28(1973). Your office is advised that the investigation reports in toto are no longer accorded exempt status unless the specific exemption noted and only with reference to specific citation of authority, Paton, 524 F.2d.862,68-69

7) **Information** , records with dollar amount and names of all witnesses,(including expert or scientific witnesses), and standby witnesses who were paid with government payment vouchers in case # **F1386-96.** (Government duty to disclose continues). see **Mesorash v US 352 US 1 (1959)**

8) **All information &** records relating to any social visits by by the U.S. Attorneys Office to any witness incarcerated or otherwise, than took place in normal course of prison or jail operations.

Special information:
Date and Place of Birth: Wash DC/11·14·64
Judicial district in which investigation occurred: The District of Columbia
F1386-96
*F-1386-96
United States v Vyron Wheele
Teresa Howie, Esquire was
on behalf of the Government

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.). *Sent by JMD*

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion.  If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release.  Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations. and the date as to when your Agency will be able to act upon request.

Yours truly,

Vyron Wheeler

Dated: Apr. 24th 2004

Mr Vyron Wheeler # 10989-007
United States Penitentiary
Box 150160
Atlanta GA., 30315

(4)

AGENCIES:
( )   United States Parole Commission
( )   Federal Bureau of Investigation
( )   Immigration & Naturalization service
( )   Internal Revenue Service
( x)  United States Attorney
( )   Treasury Department
( )   Bureau of Prisons
( )   State Agency
( )   Other: _____

DIRECT RESPONSE TO:

Name:   Mr. Vyron Wheeler

Reg. No.:#   10989-007

Unit:   B1-119

Date:   July 21,2004

TO:
    United States Attorneys
    Office/Dept of Justice
    600 E, St N.W. Suite 7300
    Washington D.C. 20530
    [Freedom of Information]

IDENTIFICATION OF REQUESTER:
NAME:   Vyron Wheeler
ALIAS:   Von
DATE OF BIRTH:   11/14/64
PLACE OF BIRTH:   Washington D.C.
F.B.I. NO:   658299FA7
SOC. SEC. NO: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
OTHER:

RE:   FREEDOM OF INFORMATION ACT
( U.S.C. 552), PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 (6) (C)
(B) (7)), GENERAL ( U.S.C. 552 A
(J) (2)) OR SPECIFIC ( U.S.C.
552 a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.



Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F. 2d. 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in this request are exempt status only under the specific exemption noted, and only with reference citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975).

GOVERNMENT
EXHIBIT

B

Examples of specific request:

1) Any scientific informating finding's maintained by your office as to physical evidence [including but not limited to knife] recovered from the crime scene in case # F1386-96. Any and all report's or Evidentiary findings of fiber and blood sample's received by Evidence Technician, Connie Hickman

2) Any deals, agreement's, inducements or promise's made to any person's, witness's or stand by witness's relating to case # F-1386-96.

3) Any statement's made by any person's, witness's or stand by witness's that is  in the possession of the United States Attorney's Office or it's employee's relating to case# F1386-96.

4) Any investigation and/or investigatory reports, obtained by the United State's Attorney's Office relating to case # F1386-96.

5) Final and closing investigation report's as to case# F1386-96.

6) Any and all information, data or reports not otherwise exempt by statute (5U.S.C.(66)(c)(b)(7)).(5U.S.C.52a(j)(2),(k)(2),(k)(2), or law.Tarlton, v. Saxbe,507,F.2d.1116,165 U.S. App.D.C. 293 (1974), Menard v Saxbe, 498 F2d.1017, 162 U.S. App. D.C. 284(1974). Sullivan v Murphy, 478 F.2d. 938, 156 U.S. App. D.C. 28(1973). Your office is advised that the investigation reports in toto are no longer accorded exempt unless the specific exemption noted and only with reference to specific citation of authority, Paton, 524 F.2d.862,68-69

7). The information, records with dollar amounts of all witnesses including expert witnesses, friends, relatives, and standby witnesses who were paid with Government vouchers in case No. F1386-96. (Government duty to disclose continues see Mesorash v U.S. 352 US1 (1959).

8). All information and records relating to any social visits by --- the U.S. Attorneys Office to any witness incarcerated or otherwise, than visits that took place in normal course of prison or jail operations.

For instance all information regarding social visits that took place at the office of the U.S. Attorneys Office, the Superior Court as to any witness or standby witness relating to case F1386-96.

9). I further request if you withhold requested material that I be provided a (Vaughn Index see Vaughn v Rosen, 484 F2d 820 D.C.Cir 1973) together with justification for the denial of each item which is withheld.

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations. and the date as to when your Agency will be able to act upon request.

Yours truly,

Vyron a Wheeler

Fed Reg # 10989007

Dated: __July 21, 2004__

( )



**U.S. Department** ustice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04- 2434

Subject:  Self

JUL 2 6 2004

Requester:  Vyron Wheeler

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number.  <u>Please give us this number if you write about your request</u>.  If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days).  There are some exceptions, for example, Project Requests take approximately nine months to process.  Requests for "all information about myself in criminal case files" are usually Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  <u>Please do not send any payment at this time</u>!  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 001 - 9/03


GOVERNMENT EXHIBIT

Please note: Your request letter used standard language ("boilerplate") asking for all the records on yourself. You also personally listed specific records that you would like to receive. We have interpreted your request as one for all the records on yourself. If you wish us to search only for the specific records you listed, please notify us immediately and we will narrow our search to those items. We are proceeding with our search in the district(s) you requested.

U.S. Department of Justice

SEP 16 2004

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: Vyron Wheeler          Request Number: 04-2434

Subject of Request: Self

Dear Requester:

This is in response to your recent letter/telephone call regarding the status of your pending Freedom of Information Act/Privacy Act request.

Due to the large number of requests received by the Executive Office for United States Attorneys and the limited resources available to process such requests, this office has been unable to process your request as of this date.

In order to process all requests as equitably as possible, this office has adopted a "first-in-first-out" policy of processing all incoming requests.  This policy complies with the decision in Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976) and is applied consistently by this office.  Your request is being handled as equitably as possible and all records which can be released will be made available at the earliest possible date.

You may appeal my decision in this matter by writing within sixty (60) days to:

                Office of Information and Privacy
                United States Department of Justice
                    Flag Building, Suite 570
                    Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                Sincerely,

                *Marie A. O'Rourke*
                Marie O'Rourke
                Assistant Director

                        Form No. 013 - 6/02

Ex. 1
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)
Page 15 of 39


GOVERNMENT EXHIBIT
D

PRIVACY ACT APPEAL 5USC§552,552a

FOI/PA Request No. 04-2434                    DATE: Sept 15,04

To: Office of Information and Privacy        From: Mr Vyron Wheeler
    United States Department of Justice            Fed# 10989007
    570 Flag Building                              U.S.P/Atlanta
    Washington D.C. 20530                          Atlanta GA 30315


        This  is  a  "Administrative  Appeal"  under  the Freedom of
Information  Act,  Title  5U.S.C.  §  552(a)(6),  and pursuant to
28 C.F.R. § 16.8.

        On July 26,2004 I received a letter from, Marie A O'Rourke
Assistant  Director  for  the  United States Attorneys Freedom of
Infromation Privacy Act Unit 600 E Street, N.W. Room 7300 Washing—
ton  D.C. 20530, denying my request for, the information, records
with dollar amounts of all witnesses, including expert witnesses,
friends,  and  relatives, and standby witnesses who were paid
with  Government  vouchers in case No. Fl386-96. Government duty
to disclose continues see Mesorash v U.S. 1 (1959). see ex 5

        You  should  note  that  your  agency  has withheld only the
above  cited  section  from  this  request, without extending the
FOIA  provision  that  specifies  that  "any  reasonable segrable
portion  of  a  record shall be provided to any person requesting
such  record  after  deletion  of the protions which are exempt".
I  believe  that  there  must be additional protions which do not
fall within the exemption cited.


## Exemptions cited

        Your agency has cited,"Your request for accounting is denied
because  United  States  criminal  case files are exempt from the
accounting  provision  of  5USC § 552c(1) by virtue of 5USC §§
552a(j)  and  ( k)." This  exemption does not apply to my request
and files may not be withheld under this provision in my request.

OFFICE OF INFORMATION
AND PRIVACY

SEP 2 1 2

RECEIV

GOVERNMENT
EXHIBIT
E

The exemption cited by your agency to withhold my request No. 7 fails for the following reasons. Exemption 552c(1) states ," Whenever a request is made which involves access to records described in subsection (b)(7)(A) see 5USC§552 b) (noting 552 (b) protects from disclosure, records or information complied for law enforcement purposes," only to the extent that disclosure could reasonably be expected to interfere with enforcement proceedings"., (b) (7)(A)". The purpose of this exemption is "to avoid" prejuducie to a prospective enforcement action see Mapother v D.O.J., 3F3d 1533,1541 (DC Cir1993), Pinkney v Huff et. al. C.V. No. 00-0637 RCL)(2001). (Memorandum opinion p.5) also, Philadelphia News Inc. v Dept. of Health and Human Serv., 69 F.Supp.2d 63,67(D.DC1999) "Exemption" 7(A) applies "only to future proceedings in an ongoing investigation") , compare Manna v US D.O.J. 51 F3d 1158.

As a threshold matter, the responsive records sought pertain to witness payment vouchers in the case F1386-96. Now the prosecution for Second Degree satify exemption 7's "Law Enforcement" requirement but the Department of Justice has not satisfied the, " any pending action or enforcement proceeding requirement", which would show interference with enforcement proceedings.

## Discussion

My criminal case was affirmed October 2,2003 inwhich I filed several motions for rehearing which were finally denied on April 27,2004 by the D.C. Court of Appeals. This Closed my criminal case.

I first mailed a FOI/PA request to the Mail Referral Service to find which office to forward my FOI/PA request to on April 24,2004 which was returned back to me to fill out additional information & submitt to your agency see ex 1,2,3+4 I complied with this request and on June 21,04 mailed the request now in question. This request went unanswered and after time pursuant to 5USC§552 a second request was submitted dated July 21,04, see Bonner 928F2d, 1153 DC.Cir # [5]. , inwhich second request may be submitted, a response was finally returned to me on July 26,04 inwhich this appeal proceeds.

2

## ARGUMENT PRESENTED

It is "undisputed" that at the relevant time of your agency's determination, D.C. Court of appeals had ruled to close my Criminal Case which was April 27,04. see Bonner v U.S. Dept of State, 928 F2d 1148, 1152-53 D.C. Cir1991. (noting that the FOI/PA request dated April 24,04 did not actually reach your agency until June 21,04 which started the "Time" of 5USC 552(6)(1)(1)). Even considering the April24,04 date which was on my FOI/PA that was first sent, I filed a ,second identical request on July 21,04 which your agency did not respond to "undisputed" after the date which my case was closed April 27,02. Your office cannot aver that release of the disputed FOIA payment vouchers would in any way hamper or interfere with any "Enforcement" proceedings nor jeopardize the Government case or ability to present any cases.see Kansi v US D.O.J. 11F.Supp2d 2444(D. DC.1998)("Plaintiffs case is still on appeal the potential for interference with witnesses and highly sensitive evicdence that drived the 7(A) Exemption...exist at least until plaintiffs conviction is final.")(internal citation omitted). The D.C. Court of Appeals has held that your agency must explain how the release of this information would reasonably be expected to interfere with enforcement proceedings see Maydak v Department of Justice 218 F3d 762.(A functional category is one that will " Allow" the court to tract a rational link between the nature of the document and alleged interference. Bevis v Dept of State 801 F2d 1389 (quoting Crooker v Bureau of Alcohol,Tobacco and Firearms 789 F2d 64,67(DC.Cir 1986)).

## Supreme Court Law in support of this request

My request has been upheld by the Supreme Court of the United States in cases like United States v Bagley 105 S.Ct 3375(1985). In Bagley two principal Government witnesses testified about firearms and narcotics charges, and the court found respondent guilty. Subsequently, in response to request made pursuant to the Freedom of Information Act and Privacy Act, respondent received copies of AFT contracts signed by the principal Government witnesses commensurate with the information

Ex furnished. ID at 3376. My FOIA request,"Lines' 2&7 see ex." 2-d

Wheeler v. EQUSA ,Civil Action No. 05c1133(CKK) uphold. If your agency does

3

not possess this information please direct me to the proper
component if your agency possess this information please pro-
vide it in Good Faith.

## CONCLUSION

The exemption cited by your office is conclusory and
provides no explaination as to how release of the requested
would interfere with enfocement , also section 552(b) provides
that segrable portions of the record may be removed. Agencys
and courts are required to differentiate amoung the contents
of a document rather than to treat it as an individual "record"
for the purpose of the Act. When a record is requested, they
are permitted to divide the record into parts that are exempt.
Your agency may remove all social security no. phone no.,
and addresses. I only require what I previously requested
in my former request. see ¶7 of FOIA/PA request.

This information may even fall into "Routine Use" (hich
552a(4)(7),(b)(3),(d)(1),(A)(I) authorizes its' use. In section
552a(4) the term "record" means, any item,collection or group-
ing of information, about an individual that is maintained
by a agency, including, but not limited to ... financial trans-
actions , that contains his name or identifying number
my identifying number on the requested vouchers is F1386-96
which I require pursuant Freedom of Information and Privacy
Act.

Subsection 552a(7) Identifies "routine use" as, with respect
to disclosure of a record, not a file, the use of such record
for the purpose which it was collected. Thus, it appears
Congress invisioned "routine use disclosure," as complying
with the general rule rather than being exempt from those
rules. see Fattah v Bureau of Alcohol,Tabacco & Firearms,
328 F.3d 176(4th CIR 2002). Thus the General Rule is Public
Disclosure, furthermore, even if this request does not fall
within the meaning of "Routine Use", Citizens and tax payers
have a right to inspect public records to advance or further
a legitimate private intrest or a wholesome public intrest
such as to ascertaine whether public money is being properly
expended see i90F2d760 (1stCIR 1951).,see also Voice of St.
Matthews v EOUSA, Civil Action No. 05-1133(CKK) ., or to bring to the
Page 19 of 39 of the public irregularities in the office in which
the documents are filed, to the end that such irregularities

Ex. 1

may be cured by proper public action, either legislative or judicial. see Clement v Graham 18 Vt 290, 63 A 146 (1906). also U.S. D.O.J. v Reprots Comm. for Freedom of the Press 103 L.Ed2d 774 (11989).

Now, it has come to my attention that pursuant to 28USC§ 1821 & D.C. Code 15-714, witnesses receive $40.00 a day for attendance in court. I wish to check the records in my case no. Fl386-96 United States v Vyron Wheeler to ascertain wheth-er public money was properly expended. This is what was ment by my FOIA/PA request, which is compatible with the purpose for which it was collected. Even if disclosure does not fall within the "Routine Use Exemption", disclosure will have no adverse effect because no confidentiality was ever issued in case Fl386-96 and this case is Final and Closed. see Hoyle Cr 92-284 (D.DC).

If you possess the responsive records but continue to withhold some of all of the material which was denied in my initial request, I ask that you send me an index of such material Vaughn Index , see Vaughn v Rosen, 484 F2d. 820 (D.C. Cir 1973) together with the juris diction for the denial of each item which is still withheld.

I expect a reply within the twenty working day time limit pursuant to title 5 USC§552(6)(A) ii).

Please be advised that refusal to comply with the FOI/PA will lead to a civil action.

Sincerly

Mr Vyron Wheeler#10989007
USP    Atlanta
Box    150160
601    McDonough    Blvd.,
S.E.   Atlanta  G.A.  30315
September  15th 2004

# CERTIFICATE OF SERVICE

I, _Vyron Wheeler 10989007_____ hereby certify that I have served a true and correct

copy of the following:

        Freedom of Information/Privacy Act Appeal 5USC 552§552a
        No. 04-2434
        wt. Exhibits 1-5

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the
court, _Houston v. Lack,_ 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or
his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

        Office of Information and Privacy
        United States Department of Justice
        570 Flag Building
        Washington D.C. 20530

and deposited same in the United States Postal Mail at the United States Penitentiary, Atlanta
Georgia, on this: ____15th____ day of: __September_____, 200 4
Certified Receipt No. 7002 0510 0003 6810 1103

        Mr. Vyron Wheeler
        U.S.P. Atlanta
        Box 150160
        601 McDonough Blvd, SE
        Atlanta GA 30315
        #10989007

Declaration under penalty of perjury:

    I, __Vyron Wheeler_____, hereby declare that the above
information is true and correct to the best of my knowledge. (28USC
§1746;18USC§1621.)

Date: _Sept 15,04_____

                _____
                (Singature of Affiant



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*            *Washington, D.C. 20530*

NOV - 3 2004

Mr. Vyron Wheeler
Register No. 10989-007
United States Penitentiary
P.O. Box 150160
Atlanta, GA  30315

     Re:   Request No. 04-2434

Dear Mr. Wheeler:

     This responds to your letter dated September 15, 2004, in which you sought to appeal from the failure of the Executive Office for United States Attorneys to respond to your request for access to records.

     I have notified the EOUSA of your communication. It is my understanding that the EOUSA is still processing your request. Although the Act authorizes you to treat the failure of the EOUSA to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the EOUSA. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the EOUSA completes its action on this particular request if any of the material is denied. We will then open a new appeal and review the EOUSA's substantive action on your request.

     In the event that the EOUSA still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

     Sincerely,

     Richard L. Huff
     Co-Director

RLH:PAJ:CIH
Ex. 1
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)
Page 22 of 39





04-2134
010/DRC

A G E N C Y                                    Direct Response To:

United States Attorney's          From: Mr Vyron Wheeler
Freedom of Information                  Fed# 10989-007
and Privacy Unit                  04 NOV 19 P 12:05  U.S.P/Atlanta
600 E Street, N.W.                      601 McDonough Blvd.,
Washington D.C. Room 7300               S.E. Atlanta GA 30315
20530

Marie A O'Rourke
Assistant Director


RE: Freedom of Information Act          IDENTIFICATION OF REQUESTOR:
    5U.S.C 552, Privacy Act
    5U.S.C 552a(d)(1) Request:
    Exemptions 5U.S.C 552(b)(c)(I)(b)(7),
    General U.S.C. 552a(K)(2), 552a(J)(2)
    Not Applicable to this request

**Name:** Vyron Wheeler
**Alais:** Von, Vaughn
**Soc.:** 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


Dear Sir/Madam

        I request disclosure and release of all available records
and/or data, contained in this request, contained in the files
of your agency. Your agency should be advised that, my criminal
case has been closed since April 27,2004 by the D.C. Superior
Court of Appeals (see Kansi v U.S. Dept of Justice 11 F. Supp
2d 2444 (D.D.C. 1998) ("Plaintiffs case is still on appeal, the
potential for interference with witnesses and highly sensitive
evidence... exist at least until plaintiffs conviction is final
at the close of the Appellate process.") internal citation
omitted). compare Maydak v Dept of Justice 218 F3d 762.


(I). There has never been confidentiality orders issued in In limine,
that pertains to related case No.F1386-96 United States vs
Vyron Wheeler and disclosure of the requested material
have an adverse effect. see Hoyle Cr. 92-284 (D.DC. 2004)

GOVERNMENT
EXHIBIT
G

**(II).** This request is to ascertain whether public money was properly expended in MY criminal case Fl386-96 United States vs Vyron Wheeler pursuant to 28 U.S.C.§ 1821 & DC Code 15-714. (witnesses recieve $40.00 per day for attendance in court).

**(III).** I wish to check witnesses payment vouchers in accordance to the provision of FOIA/PA which cites records as," any item, collection or grouping if information, about an individual that is maintained by a agency, including, but not limited to... financial transactions, that contain his name or identifying No",. Requestors Identifying No. on requested payment vouchers is **Fl386-96 United States vs Vyron Wheeler.**

**(IV).** This request has been upheld in cases like United States vs. Bagley 105 S.Ct. 3375 (1985) In which pursuant FOI/PA request respondent recieved copies of "ATF" contracts signed by the principal Government witnesses commensurate with the information furnished. Id at 3376.

**(V).** Your office should be advised," A party may in Good Faith, file with the same agency successive request for identical public records and thereafter appeal within thirty days of the denial of any portion of a particular request". see "Freedom of Information Acts 57A AM JUR 2d § 446" Board of Education v F.O.I. Comm. 545 A2d 1064. Requestor files this request in good faith to notify your agency that his criminal appeal is closed and his case is final as of April 27, 2004.

The following is a **specified request**, please be advised, if your agency withholds any part of this request, provide Jurisdiction for such action. I await a response pursuant to 5USC § 552(6)(A)(i), within TEN Days after reciept, excluding Sat, Sun & Holidays.
    I Further agree to pay any reasonable cost, or file In Forma Pauper's, for search and copying of material over $100.00 in cost,.

(2)

This Request consist of:

**1)** The information, records with dollar amounts of **all** witnesses, including expert witnesses, friends, relatives of and standby witnesses who were paid with Government payment vouchers in case No. F1386-96 United States vs Vyron Wheeler.

## conclusion

Requestor notes with clarity the following exemptions do not apply to this request;

Exemption 5U.S.C § 552c(1) " Whenever a request is made which involves access to records described in subsection (b)(7)(A) see 5U.S.C. § 552(b)". Section 552(b) "protects from disclosure, "records on information complied for law enforcement purposes" [only to the extent that [disclosure] could reasonably be expected to interfere with enforcement proceedings]". (b)(7)(A) The purpose is "to avoid" prejudice to a prospective enforcement action. see Mapother v D.O.J., 3F3d 1533, 1541 (DC Cir 1993), Pinkney v Huff et. al. C.V. No. 00-0637 (RCL)(2001) also see Philadelphia News Inc. v Dept of Health & Human Service., 96 F.Supp 2d 63, 67 (D.DC 1999)("Exemption 7(A) applies "Only to futuer proceedings in an "ongoing" investigation") compare Manna y D.O.J. 51 F3d 1158. Requestors case has been final since April 27, 2004 see enclosed exhibit. There is no ongoing investigation or actions.

Mr. Vyron Wheeler
Fed # 10989-007
U.S.P Atlanta
Box 150160
601 McDonough Blvd., S.E.
Atlanta G.A. 30315

Thank You in Advance

If for any reason it is determined that any portion of the material and records sought is exempt by statute or by regulation, I request specific citation of authority for such exemption. If it should be determined that any material be deemed CONFIDENTIAL due to

Wheeler v. EOUSA, Civil Action No. 05-1133(CKK) granted to Agency to delete

(3)

source identification **"ONLY"** from the material for release, see PATON V LAPARDE, 524 F.2d 862 (CA3 1975), Chastain v Kelly, 510 F.2d 1232.

Pursuant to Title 5 U.S.C. 552(6)(A)(i), it is noted that your agency has (10) working days to provide information and material sought. Should any delay occure, it is requested that your agency inform me of this delay as provided by regulation and the date as to when your agency will be able to act upon request.

## Certification

I, **Vyron Wheeler** hereby certify that I have served a true and correct copy of the following:

Freedom of Information/Privacy Act to the United States Attorneys Freedom of Information and Privacy Unit, 600 E Street, N.W. Washington D.C. Room 7300, Zip 20530 Att. **Marie A O'Rourke, Assistant Director**

and deposited same day in the **U.S.P mail at The U.S.Penn, Atl GA.,** on this: 15th day of November 2004 via, certified/return reciept mail # 7002 0510 0003 6810 1080

U.S.P. Atl
Vyron Wheeler
BOX 150160
601 McDonough Blvd., SE.
Atlanta Georgia 30315

Declaration under penality of perjury:

I Vyron Wheeler, hereby declare that the above information is true and correct to the best of my knowledge.(28USC§1746;18USC§1621).

Date: Nov 15,04

s/ Vyron Wheeler

end of document



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    _Vyron Wheeler #10989007_

Current Address    _U.S.P. Atlanta Box 150160, 601 McDonough Blvd SE AHG 30315_

Date of Birth    _11X14/64_

Place of Birth    _Washington DC_

Social Security Number [2]    _577 96 0166_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]    _Vyron Wheeler_    Date _Nov 15, 04_

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 7/31/98

FORM DOJ-361
FEB. 95



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04-4515    Date of Receipt: November 19, 2004

Requester: Vyron Wheeler

Subject of Request: Third parties (witnesses payment, etc.)

Dear Requester:                                    DEC 2 1 2004

    The Executive Office for United States Attorneys has
received your Freedom of Information Act request and assigned the
above number to the request.

    You have requested records concerning a third party (or
third parties).  Records pertaining to a third party generally
cannot be released absent express authorization and consent of
the third party, proof that the subject of your request is
deceased, or a clear demonstration that the public interest in
disclosure outweighs the personal privacy interest and that
significant public benefit would result from the disclosure of
the requested records.  Since you have not furnished a release,
death certificate, or public justification for release, the
release of records concerning a third party would result in an
unwarranted invasion of personal privacy and would be in
violation of the Privacy Act, 5 U.S.C.§552a.  These records are
also generally exempt from disclosure pursuant to sections (b)(6)
and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. §552.

    We have not performed a search for records and you must not
assume that records concerning the third party exist.  We will
release, if requested, any public records maintained in our
files, such as court records and news clippings, without the
express of authorization of the third party, a death certificate,
or public justification for release.  If you desire to obtain
public records, if public records exist in our files, please
submit a new request for public documents.

    Should you obtain the written authorization and consent of
the third party for release of the records please submit a new
request for the documents accompanied by the written
authorization.  A form is enclosed to assist you in providing us
the authorization and consent of the subject of your request.
The authorization must be notarized or signed under penalty of
perjury pursuant to 18 U.S.C. §1001.

(Page 1 of 2)
Form 006 - 6/02



GOVERNMENT
EXHIBIT

This is a final determination and your request for information will be closed.  You may appeal my decision in this matter by writing within 60 days, to:

> Office of Information and Privacy
> United States Department of Justice
> Flag Building, Suite 570
> Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure

050971

FOI/PA Request No. 04-4515                Date: Jan 26th, 05

To: Office of Information and Privacy      From: Vyron Wheeler

    United States Dept. of Justice          Fed#10989007

    570 Flag Building    **OFFICE OF INFORMATION AND PRIVACY**    USP Atl

    Washington D.C. 20530                    Box 150160

    **FEB 0 1 2005**                          Atlanta G.A. 30315

# RECEIVED

This is an "Administrative Appeal" under
the Freedom of Information Act, Title 5USC
§ 552(a)(6) and pursuant to 28C.F.R.§16.8

---

On December 21, 04, I received a response from Marie A. O'Rourke
Assistant Director for United States Attorney's Freedom of Infor-
mation Unit 600 E Street N.W., Room 7300 Washington D.C. 20530
denying my updated FOI/PA request for: information, records with
dollar amounts of all witnesses, including expert witnesses ,
friends, and relatives and standby witnesses who were paid with
Government payment voucher's (stipens) in my criminal case number
F1386-96 United States v Vyron Wheeler, this was a updated second
request my first request for this information dated April 24,2004
was denied pursuant to the Law Enforcement provision of the FOI/PA
Act sec., 5U.S.C on July 26,2004 by your office.

## In my Freedom of Information Request Denial Exemptions Cited

The following exemptions are cited by your agency as statute
to deny my FOI request. The following exemptions have one common
goal....., to protect disclosure of confidentially and unwarranted
invasion of personal privacy.

I. Exemption (6) Privacy Act 552(a)
II. Exemption (b)(7)(c)
III. Third Party Disclosure
I fully agree that private personal information can be harmful
and in some cases should not be released e.g.[names, addresses,
phone no., soc.sec. no, signatures and other identifying information


**GOVERNMENT EXHIBIT**

state your agency may delete source information this "Guidance to your own agency regulation 28CFR§16.45 which clearly states," The record shall not be disclosed to the requestor **unless** the componet is able to **"delete"** the confidential source Id. 28CFR 16.45(a). This was surley drafted in accordance to the **Segregating** provision of the FOI which directs," Where disclosure of an entire record would result in a clearly unwarranted invasion of privacy, the statute [requires] that the agency **must** provide "[A]ny reasonable segrable portion...after deletion of the portions which are exempt". Id.5USC&552(b).

I'm not interested in the witnesses information only in the amount paid by stipen/voucher. This can be accomplished in the following manner: e.g. Witness's identifying information can be blocked out and the amount paid exposed on the stipen's also date's,along with the reason : transportation or appearing in court. see pp14-15 of the Attorney Generals Memorandum on the 1974 Amendments to the Act, which states," Even "Unintelligible portions" of records **must** be released. Id. National Prison Project of the ACLU v Sigler 390 F,Supp at 794. also Robles v E.P.A., 489 F2d at 847-48. As you will note confidentality & privacy was not intended to defete the 1974 Freedom of Information Admendment. [Noting Exemption 7 does not apply to information compiled to determine whether an agency's internal operations comport with the law (DC Code 15-714 & 28USC §1821)(witnesses should receive $40.00 per day for fee and/or transportation cost).
Your agency has denied me the entire record and has made no effort to even look for it. see Letter of Denial page **(1)** states," We have not performed a search for records and you must not assume the records concerning the Third Party exist". **Your agency is not entitled to presume the information doesn't exist nor that the requested is exempt see.e.g. US v Landano 24 L.Ed2d 845(1993).** There were over 14 different witnesses who testified at my trial. If your office does not possess this material, than direct me to the component which may possess it.

**The Privacy Act's Central Provision**

-   The Central Provision of the Privacy Act Access Right is §552a(d)(1) which provides that each agency maintaining a system of records **must** upon request by an individual to gain access to his records or to gain access to any information pertaining to him which is contained in the System,permit him... to review the record and have a copy made of all or **any portion thereof** in a form comprehensible to him.

According to the Supreme Court of the United States in Rose <u>425 US</u>
<u>372,375,378-82</u>, the weight in the scale opposite privacy is " the
presevation of the basic purpose of the Freedom of Information Act,
to open Agency actions to the light of public scrutiny". 425 US 372.

- Thus, the wightiest cases for the public intrest are those
inwhich the information will serve to inform the public about agency
(mis)behavior. As noted in <u>Ferri v Bell 645 F2d 1218</u> the 3rd Cir
found an indirect public purpose in exposure by an inmate of a deal
between a prosecutor and a witness that overcame the privacy intrest
in the witness arrest record.

- In light of the stated and to the extent that the public has a
interest to know if your agency is in compliance with the law
I request you to release the requested information by "Segregating"
the record, which would overcome Exemption 6 & 7.

- The FOIA doesn't permit withholding on grounds of ongoing Ad-
ministrative Action or litigation. Your office cited in my first
FOIA for this information,it would wait until my prior FOIA were
filed and if I did not receive request you would review further.

- The FOIA doesnt confer greater access, not is it a bar to using
the Act to secure information, not other wise available, <u>see NLRB v</u>
<u>Sears 412 US 132,143 n.10 see e.g.</u>

## I.  Exemption 6 of the Privacy Act 552a

Exemption 6 provides that the FOIA does not apply to matters that
are: personal and medical files and similar files, the disclosure of
which constitute a clearly unwarranted invasion of personal privacy.

- The Exemption balancing approach is an exception to the Act's
General "any person rule", and that while the public interest is
predominate in the disclosure side of the scale. The requestor is
certainly part of the public and his interest can be considered for
that reason alone. see e.g. <u>Ditlow v Shultz, 517F2d 170-71.</u> For
simular reason the D.C. Cir now suggest that no limitation on the
requester's use is appropriate Id at 171-72

- The clearly Unwarranted Invasion of personal privacy, enunciate
a policy that will involve a balancing of interest between the pro-
tection of an individual's private affairs from unnecessary public

and the right to Government Information
No. 813, 89th Cong. 1st Sess (1965) at.9 see also <u>H.R. Rep.</u>

No. 1495, 89th Cong., 2d Sess.(1966) at 11. Although exemption 6 was
unchanged by the 1974 Admenments, a related provision was enacted
exempting "investigatory records" compiled for law enforcement.
purposes, but only to the extent that production of such records
would.....(c) Constitute an unwarranted invasion of personal pri-
vacy". Exemption 7, as admended in 1974.

-    Thus, material in personal files may or may not be exempt de-
pending upon the  outcome of the balancing process. Schonberger v
National Transportation Safty Board 508 FSupp941 (D.D.C 1981).

### The meaning of "A Clearly Unwarranted Invasion of Personal Privacy."

The meaning of "A Clearly Unwarranted Invasion of Personal
Privacy."
I. The cases are uniform in holding that the language "clearly unwa-
rranted" the statute instructs the court to tilt the balance in
favor of disclosure". Gotman v NRLB, 450 F2d 670,674(DC CIR 1971),
Rose 425 US 378 n.16, Board of Trade 627 F2d at 398, Ditlow v
Schultz 517 F2d 166,169 (DC Cir 1975); Robles v EPA 484 F2D 843,846
(4th CIR 1973); Rural Housing Alliance 498 F2d 77. also see NPP of
ACLU v Sigler 390 F.Supp 789 (D.DC 1975)(released deletion of
identifying details held sufficient).

### II. Exemption (7)(c) Law Enforcement Exemption & Third Party Info.

Exemption 7 in essentially its present language was introduced
by Sen. Philip Hart 1974 Amnd. It allow's but does not require
withholding of investigatory records not whole files "compiled
for Law Enforcement purposes, but only to the extent that the pro-
duction of such record would" cause one of six specifically harms.

Unwarranted Invasion of privacy is unlike exemption 6 "Clearly" un-
warranted invasion of personal privacy. However, as with exemption 6,
the balance is to be tilted in favor of disclosure see Congressional
News Syndicate v Dept of Justice 438 F.Supp at 542 quoting Getman v
NRLB 450 F2d 670,674 (DC Cir 1971).There is no per se rule that
mere connection of an individual with criminal investigation con-
Ex. 1
Wheeler v. DOUSA, Civil Action No. 05-1f33(CKK) cy. Common Cause v Nat. Arch-
Page 33 of 39 rds Serv. 628 F2d 179,184 (DC Cir 1980).

(4)

The most common use of 7(c) is to delete names of third parties under investigation.see e.g. Bast v U.S. Dept of Justice 665 F2d1251 (D.C. Cir 1981); Kuehnert v FBI 620 F2d 662,667 (5th Cir 1980).....
However this is not a per se rule, a strong enought showing of public interest, or statutory policy can over come "even" this sort of 7(c) claim. see Foundation Constitutional Government 656 F2d at 862.

Legislative history of 7(c) indicates that  exemption intended to "make clear" that the protections in (exemption 6) for personal privacy also apply to disclosure under (exemption 7)[1975 FOIA Source Book  333 (Remarks of Senator Hart)]. As with all exemptions the Government has the burden of proving that requested is properly withheld.

Your agency cited [exemption 552 (b)(7)(c)] for withholdinng information. This exemption, like exemption 6, involves a balancing of the public interest in disclosure against the degree of the invasion of privacy which would result from disclosure. Lesar v. Dept. of Justice, 636 F.2d 486.  (b)This exemption applies to matters that are ....(7) investigatory records compiled for law enfprcement purposes but only to the extent that production of such records would.... (c) Constitute an unwarranted invasion of personal privacy. Noting the language was drafted in favor of disclosure.see Congressional News syndicate v Department of Justice, 438 F.Supp 542, quoting Getman v. NLRB, 450 F.2d 670, 674 (D.C. Cir 1971).

## Conclusion

In closing, I note that your agency has the right to properly segregate document's when a statue exempts information of a personal private nature. see Iron v Gottschalk 548 F2d 992 (DC Cir 1976). also Irons v Parker 434 US 965 (1977). This can be accomplished as stated in this appeal. If Your agency continue to withholdd the material which was denied in my initial request to your agency. I ask that you send me justification for such denial of  deletion of said witness source idenity information within the twenty working day time limit pursuant 552(6)(A)(ii). Be advised that my next appeal will be in the District Court of the District of Columbia, if we can't resolve this matter amoung our selves. Thank You.

This is a specified example of a method of blocking out personal unwarranted information:

**Ex.1:**Voucher/Stipen #00001

Case ID No: F1386-96

Name of Witness: Renika Young

Social Security No: 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

Address: 2622 Dougles Place S.E. #2

Phone No: (202) 678-6165

Reason: Witness Fee

Date  : 2/28/97

Amount: $40.00                              s/ Renika Young

------------------------------------------------------------------

**Ex.2:**Voucher/Stipen #00006

Case ID No: F1386-96

Name of Witness: Renika Young

Social Security No: 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

Address: 2622 Dougles Place S.E. #2

Phone No: (202) 678-6165

Reason: Witness Fee/Transportation

Date  : 3/1/97

Amount: $50.00                              s/ Renika Young

------------------------------------------------------------------

     The above vouchers can be segregated in the following manner.
Blockout (Name, Address, Phone No., Social Security No., & Signature).
The information that is left fall's into FOIA/PA disclosure.
*Please note in (**Ex.1 & Ex.2**)the witness is Renika Young. The date
of each payment is different and the Voucher/Stipen no. is different
to cure this problem of same or like payment identification per wit-
ness,requestor ask that "every" payment made to same person be
labled ( A-Z ). see the following example on the proceeding page.

(6)

**Ex.1**:Voucher/Stipen #00001
**Ex.1 Blockedout** persuant to 5USC 552 & 552(a)
Case ID No. F1386-96
Name of Witness:                                    **Witness (A)**
Social Security No.
Address:
Phone No.:
Reason: Witness Fee
Date  : 2/28/97
Amount: $40.00                              s/_____

-----------------------------------------------------------------

**Ex.2**:Voucher/Stipen #00006 **Blockedout** pursuant to 5USC 552 & 552(a)
Case Id No: F1386-96
Name of Witness:                                    **Witness (A)**
Social Security No:
Address:
Phone No.:
Reason: Witness Fee/Transportation
Date  : 3/1/97
Amount: $50.00
                                           s/_____
_____

Note the following:
1) All "Unwarranted Invasion of Personal Private Identifying infor-
mation has been deleted".
2) All " Source Idenity" information has been removed.
3) The information that exist is, to Public Monies spent by your
agency "only".
4) Requestor's "Idenifying No. F1386-96", is on the requested in-
formation inwhich he is entitled.***[:**Notice that every payment
made to Ms. Young is [L]abled "Witness A" with** DATE, REASON,and AMOUNT. ]
Requestor request that this process be followed for every person
as requested in his prior FOIA/PA request. see attachment.

As stated, there were over 14 different witnesses who testified at
my trial inwhich I have names.I request payment of these witnesses
without revealing their idenity's. Thank You.

My suspician as to your agency concerning witness payment has been hightened by articles appearing in the NewPaper, "Washington Post" and the "USA TODAY". see enclosed Articles 1+2

## Certificate of Service

I **Vyron Wheeler**, certify that a true accurate original copy of this,"Administrative Appeal", was mailed this 28th day of January to The Office of Infromation and Privacy United States Department of Justice Flag Building, Suite 570 Washington D.C. 20530 Cert. Ret/Rec Mail The Forwarded is true under the penality of perjury.

Certified Ret/Rec.# 7002 0510 0003 6810 1240

Vyron Wheeler
10989-007
United States Penitentiary
Box 150160
Atlanta G.A. 30315

s/ _Vyron Wheeler_



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

FEB 1 4 2005

Mr. Vyron Wheeler
Register No. 10989-007
United States Penitentiary
P.O. Box 150160
Atlanta, GA 30315

     Re:  Request No. 04-4515

Dear Mr. Wheeler:

     This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on February 1, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-0971**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

          Sincerely,

          Priscilla Jones
          Chief, Administrative Staff

Ex. 1
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)
Page 38 of 39

EOUSA 



**U.S. Department of Justice**

RECEIVED

Office of Information and Privacy

2005 OCT 25 PM 2: 20
DEPT. OF JUSTICE/EOUSA

_Telephone: (202) 514-3642_                   _Washington, D.C. 20530_

OCT 2 4 2005

Mr. Vyron Wheeler
Register No. 10989-007
U.S.P.- Hazelton                   Re:  Appeal No. 05-0971
Post Office Box 2000                    Request No. 04-4515
Bruceton Mills, WV  26525               DJM:MAP:JYC:GLB

Dear Mr. Wheeler:

     You appealed from the action of the Executive Office for United
States Attorneys on your request for access to records concerning
payments made to third party witnesses in your trial.

     I have been informed that, subsequent to the filing of your
appeal with this Office, you filed a complaint for judicial review of
the action of the EOUSA in the United States District Court for the
District of Columbia.  Inasmuch as this matter is now before the
Court, any action by this Office would be inappropriate.  I am,
therefore, closing your appeal file in this Office pursuant to
28 C.F.R. § 16.9(a)(3) (2004).

                              Sincerely,

                              Daniel J. Metcalfe
                              Director

                              By:

                                   Melanie Ann Pustay
                                   Deputy Director



GOVERNMENT
EXHIBIT

K