IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER,  )
 )
        Plaintiff,  )
 )
v.  )
 )   No.   1:05-CV-1133 CKK
UNITED STATES DEPARTMENT OF  )
JUSTICE, EXECUTIVE OFFICE FOR  )
UNITED STATES ATTORNEYS,  )
 )
        Defendants.  )
 )

### DECLARATION OF DAVID LUCZYNSKI

1. This is a supplemental declaration relating to the handling of Mr. Wheeler's FOIA request. Prior to this an additional request for records by the Plaintiff has resulted in a misinterpretation of the types of records that Plaintiff was seeking. This declaration addresses the resolution of that conflict.

2. The complete records relating to Plaintiff have been found in the United States Attorneys' Office for the District of Columbia. On November 6th, 2006 Plaintiff was notified that records had been located. Accompanying this letter were 22 pages of processed material that were released in full ("RIF"), and 42 pages that were released in part ("RIP"). Plaintiff was also notified that 62 pages of materials were withheld in full ("WIF"). In addition, the requester was advised that FOIA exemptions 5 U.S.C. §552 (b)(5), (b)(7)(C), and PA Exemption 5 U.S.C. §552a (j)(2), had been applied to the withheld material. **Exhibit A.**

Ex. 3
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)

## ADEQUACY OF THE SEARCH

3. After receiving Plaintiff's FOIA request, EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. Upon receiving Plaintiff's FOIA request, the EOUSA forwarded the request to the FOIA Contact for the District of Columbia ("DDC"). Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. The FOIA Contact began a systematic search for records on Vyron Wheeler to determine the location of any and all files relating to him in order to comply with the request. FOIA Contact searched for records from the case files in that case. After a search of the computer systems the FOIA Contact for the U.S. Attorney's Office for the District of Columbia reported that she found records responsive to Plaintiff's request.

4. To accomplish the search, the FOIA Contact looked for records in the computer tracking system for the USAO/DDC that were listed under the name "Wheeler". The FOIA Contact used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files.

5. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA Contact used the LIONS system to locate records based upon the name "Wheeler".

Ex. 3
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

6. All documents responsive to Plaintiff's FOIA request have been located in the United States Attorneys Office for the District of Columbia, ("USAO/DDC"). The records are maintained in the Criminal Case File System (Justice/USA-007) entitled United States v. Vyron Wheeler. The case pertains to the investigation, prosecution, and conviction of the Plaintiff for his crime of homicide.

7. There are no other records systems or locations within the District of Columbia in which other files pertaining to Plaintiff's criminal case, were maintained.

### VAUGHN INDEX

8. In order to explain the withholdings made by EOUSA, I prepared a Vaughn Index, which is attached to this Declaration as **Exhibit B**. The Vaughn Index was developed pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.D.C. 1973). As shown by the Vaughn Index, EOUSA withheld in full 62 pages of documents and released in part 42 pages. The Vaughn Index attached to this declaration describes each document and sets forth the reasons for EOUSA's decisions regarding withholding information for each document.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

9. EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2).

Ex. 3
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)

Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next reviewed the records under the provisions of the FOIA.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
### EXEMPTION 5 U.S.C. §552(b)(5)

10. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

11. EOUSA asserted this exemption to protect information pursuant to the attorney work product and deliberative process privileges to Document 7.

12. The records or portions of records to which the attorney work product privilege was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Plaintiff's criminal case. The records contain deliberations concerning a homicide investigation. The records were prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. The substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to this privilege.

13. In addition, these same records, in certain instances, contain deliberative process of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against the Plaintiff. To disclose this information would reveal pre-

Page 4 of 6

Ex. 3
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)

decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. The attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.

## EXEMPTION 5 U.S.C. §552(b)(7)(C)

14. Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to assist in the investigation and prosecution of Vyron Wheeler.

15. Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to their detriment. EOUSA determined that information contained in such references could not be disclosed and should be deleted and segregated in all the documents to which this exemption was applied.

16. EOUSA determined that there was no public interest in the release of this privacy-protected information because dissemination of the information would not help explain the activities and operations of the EOUSA or the United States Attorney's office. No public interest would counterbalance the law enforcement and third party individuals' privacy right in the

Ex. 3
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)

information withheld under this exemption. Moreover, no individual provided any authorization or consent to disclose such information.

17. EOUSA applied this exemption to all 7 Documents listed in the attached Index.

## SEGREGABILITY

18. Each document, and each page contained in each document, was evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA exemption. Where a document was withheld in its entirety, EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole. Plaintiff was provided with all information which did not reveal information protected by statute or which, if disclosed, would violate the personal privacy of third parties. The documents withheld in full by EOUSA were carefully analyzed for segregability purposes. No reasonably segregable non-exempt information was withheld from Plaintiff.

## CONCLUSION

19. Each step in the handling of Mr. Wheeler's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 6th, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

Ex. 3
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)



U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: Wheeler, Vyron           Request Number: 04-2434
Subject of Request: Self/DDC

Dear Requester:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [   ] full denial.

    Enclosed please find:

  __22__ page(s) are being released in full (RIF);
  __42__ page(s) are being released in part (RIP);
  __62__ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552                                                                 Section 552a

[ ] (b)(1)      [ ] (b)(4)       [ ] (b)(7)(B)                 [ X ] (j)(2)
[ ] (b)(2)      [ X ] (b)(5)     [ X ] (b)(7)(C)               [ ] (k)(2)
[ ] (b)(3)      [ ] (b)(6)       [ ] (b)(7)(D)                 [ ] (k)(5)
                [ ] (b)(7)(A)    [ ] (b)(7)(E)                 [ ] _____
                                 [ ] (b)(7)(F)

    [ ] In addition, this office is withholding grand jury material which is retained in the District.

(Page 1 of 2)
Form No. 021- no fee - 2/06

**A**

[ X ]  There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[  ]  Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

---

[  ]  See additional information attached.

This is the final action on this above-numbered request. You may **appeal** this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

*[signature]*

William G. Stewart II
Acting Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 021 - no fee -2/06

## SUMMARY OF ABBREVIATIONS

"RIF" - Released in full
"RIP" - Released in part
"WIF" - Withheld in full
"NS" - Deemed not segregable after review for segregability.

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 1 | 25 | Document titled "Complainant/ Witness Statement". It contains descriptions of events as observed by various witnesses, their impressions, names and contact information. These notes were taken down by several different investigating officers. Only names of individuals and their identifying information has been redacted from this document. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |
| 2 | 5 | Document titled "Affidavit In Support Of An Arrest Warrant". The document contains numerous details of the investigation of Plaintiff. It provides a description of the course of action taken in the investigation as well as the bases for the beliefs stemming from searches, interviews, and other methods of gathering information. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |



| Doc. # | Pages | Description | Exempt/Status | Justification |
|---|---|---|---|---|
| 3 | 7 | Only names of individuals and their identifying information has been redacted from this document. | | |
| | | This Document consists of xeroxed pages of photographs depicting individuals as well as physical locations of buildings within a neighborhood. Only faces of the individuals photographed have been redacted. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |
| 4 | 5 | Document titled "Search Warrant". Document discusses the case and its investigative history, evaluating evidence in the case, and giving opinions about probable cause and reasons why the listed location should be searched. The document also contains names of third parties giving information to law enforcement and other third parties mentioned. Only names of individuals and their identifying information has been redacted from this document. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |
| 5 | 6 | This Document consists of xeroxed pages of photographs | (b)(7)(C), j(2) | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who |

2

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 6 |  | depicting various individuals. The photographs only show 'headshots' and 'mug shots' of individuals thus redacting the face portion of the document would render it completely unintelligible. | WIF | provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. No page was determined segregable after review for segregability. |
| 7 |  | Document titled "Victim Impact Statement" This contains descriptions of the effects the victim's death has had on various individuals close to him. Whether they are close friends or relatives, the information contained is sensitive and private. Whereabouts, locations, activities and ties to other third parties are scattered throughout these pages. Redacting all the privacy protected items would render this document unintelligible. | (b)(7)(C), j(2) WIF | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. No page was determined segregable after review for segregability. |
| 7 | 49 | This Document consists of photocopied pages of an attorney's notebook. All of them contain handwritten information concerning his investigation of the | (b)5, (b)(7)(C), j(2) WIF | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and |

3

| Doc. # | Pages | Description | Exempt/Status | Justification |
|---|---|---|---|---|
| | | case. It is a compilation of facts and thoughts used in case preparation. It contains lists of names of various individuals, and notes about trial strategy relating to the case. | | contains the thoughts and impressions of an attorney. Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government. Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. There are no public interests to weigh. |

4