IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VYRON WHEELER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, EXECUTIVE OFFICE FOR )<br>UNITED STATES ATTORNEYS, )<br>)<br>Defendants. )<br>_____) | No.  1:05-CV-1133 CKK |

## AFFIDAVIT OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. Regarding Plaintiff's claim that records are improperly withheld, I would like to state that EOUSA has understood Plaintiff's second FOIA request dated November 19, 2004, as the same request that has been narrowed down in its scope. This is a normal occurrence when individuals who ask for "all records relating to me" are notified of the possible lengthy waiting period. In this case, the short time period between the requests has been construed as a narrowing of the original request.

2. As such, the narrowed request contained language which on its face already violated third party privacy rights. Due to this, the records were not reviewed.

3. In an attempt to remedy the omission and satisfy Plaintiff's FOIA request as much as

Ex. 4
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)

permissible, EOUSA requested that all records relating to Plaintiff be sent to EOUSA. These records have already been processed and sent to the Plaintiff on November 14th, 2006.

4. While the specific search for witness payments and vouchers was not performed, this was only due to the fact that the search was now for all records relating to Plaintiff. Since many of the case files to be searched are several years old, certain folders and documents tend to be misplaced or just filed incorrectly. Various individuals organize the records in different ways which does not help when looking for specific records. This is the main reason why EOUSA performed the search for all records instead of just a folder dealing with trial information or one containing information regarding witnesses.

5. Due to these concerns, and to ensure that all available records were reviewed, EOUSA's search was expanded to its broadest scope. Once all the records were found and sent to EOUSA for processing, it is believed that if there were any records dealing with witness payments and vouchers, this was the highest probability of finding them.

6. As a result of the search a total of 126 pages of records were found and sent to EOUSA. After going through all the records in their entirety, 42 pages of records were released in part ("RIP") and 22 pages were released in full ("RIF") to the Plaintiff. There were no records pertaining to witness payments or vouchers anywhere in the file. If there are any other records relating to the Plaintiff and his case, they are not in any EOUSA office nor under EOUSA's control. I am not aware of what other agencies were involved in the prosecution and conviction of the Plaintiff, but it is possible that some other agency may have other records which Plaintiff is seeking.

7. Each step in the handling of Mr. Wheeler's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an

Ex. 4
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)

equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21st, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

Ex. 4
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)