## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------X
                                                        :
VYRON WHEELER,                                          :
                                                        :
      Plaintiff,                                   :
                                                        :    Civil Action No. 1:05-1133-CKK
                                                        :
          v.                                   :
                                                        :
EXECUTIVE OFFICE OF UNITED STATES                      :
ATTORNEYS,                                              :
                                                        :
      Defendant.                                   :
-----------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANT'S NOVEMBER 22, 2006 MOTION FOR
## SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF PLAINTIFF'S
## PENDING MOTION FOR SUMMARY JUDGMENT

      Plaintiff Vyron Wheeler hereby responds to the motion for summary judgment of

Defendant Executive Office of United States Attorneys (the "government").  As confirmed by

its own submission, the government has not undertaken an adequate search of pertinent

records in response to Mr. Wheeler's requests and therefore has not discharged its obligations

under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as to those requests.  The

government's motion should be denied, Mr. Wheeler's cross-motion should be granted, and

the government should be ordered to conduct a more extensive search as detailed below.

### Background

      The FOIA requests at issue in this case and the procedural history are set forth in

detail in the Court's September 18, 2006 opinion.  *See* Mem. Op., Civil Action No. 05-1133-

CKK (Sept. 18, 2006).  By way of summary, Mr. Wheeler submitted his initial FOIA request

on April 24, 2004, seeking records relating to his criminal prosecution.  *Id.* at 2.  In particular,

Mr. Wheeler requested "full disclosure and release of all records and/or data contained in the

files of your agency, and specifically under my name and/or an identifier assigned to my name." *Id.* He also specifically requested "[t]he information, records with dollar amounts of all witnesses including expert witnesses, friends, relatives, and standby witnesses who were paid with Government vouchers in case No. F1386-96." *Id.* at 3. In addition, Mr. Wheeler advised the government that "[i]f it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release." *Id.*

On November 15, 2004, Mr. Wheeler once again requested information regarding payments to witnesses, stating his desire "to ascertain whether public money was properly expended in MY criminal case F1386-96 United States v. Vyron Wheeler." *Id.* at 5. Mr. Wheeler further advised the government that "[i]f it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release." *Id.*

The government decided to ignore Mr. Wheeler's original request and respond only to his renewed request for witness payment materials. As to that request, the government did not produce the requested materials. *Id.* Rather, the government refused even to search for them on the basis that Mr. Wheeler had not submitted releases from the third parties whose names or other private information might appear on the materials. *Id.* at 5-6 (noting that the government had "not performed a search for records and you must not assume that records concerning a third party exist").[1] The government took the position that such releases were required before it would even search for the requested materials. *Id.*

---

[1]     The government persisted in this position with the Court, arguing in its earlier summary judgment motion that it still would not search for the requested documents because Mr. Wheeler "failed to submit

Mr. Wheeler brought this action *pro se* on June 7, 2005.  The parties filed cross motions for summary judgment.  In his motion, Mr. Wheeler challenged the government's failure to process his requests, including the government's erroneous assertion that Mr. Wheeler was required to submit releases from third parties who may be the subject of his FOIA requests.  *See* Pl.'s Mot. for Summ. J. at 7 (Jan. 31, 2006).

On September 18, 2006, the Court denied the government's motion and ordered Mr. Wheeler's motion held in abeyance.  The Court stated that it was unable to ascertain whether the government had properly denied Mr. Wheeler's FOIA requests, because the government had not explained "why segregating identifying third-party information in the witness vouchers from the non-identifying information would insufficiently protect the third-party interests implicated under Exemptions 6 and 7(c) of FOIA."  Mem. Op. at 23.  The Court ordered the following additional actions:

- First, the Court directed the government to file a brief and accompanying affidavit "addressing why a 'Glomar' response was an adequate response to Mr. Wheeler's request for witness voucher documents with third-party information such as names, addresses, and other identifying information redacted from such payment statements."

- Second, the Court ordered the government to address "why [Mr. Wheeler's] request for the aforementioned information coupled with [the government's] duty to segregate non-exempt agency materials does not require disclosure of the requested information. . . ."

- Third, the Court ordered the government to submit a status report indicating whether "it has fulfilled [Mr. Wheeler's] request . . . [and] setting out a schedule to provide a *Vaughn* index to the Court with respect to any withheld or redacted documents and a dispositive motion if appropriate."

---

releases from the third parties who are the subject of his FOIA request." *See* Def.'s First Mem. in Supp. of Summ. J. at 1 (Nov. 28, 2005).

*Id.* at 24-25.[2]

Having lost its summary judgment motion, the government conducted a search and from that search produced 65 pages of materials to Mr. Wheeler. On November 22, 2006, the government filed papers in response to the Court's September 18 order and filed a new motion for summary judgment, essentially taking the position that it had finally conducted a search of its documents and produced everything that it found (except as indicated in the *Vaughn* index). *See* Def.'s Second Mem. in Supp. of Summ. J. at 1 (Nov. 22, 2006). In particular, the government reported having released to Mr. Wheeler 22 pages of materials in full and 43 pages of materials in part and having withheld 62 pages in full. *Id.* at 7. The *Vaughn* index indicates that the materials that were withheld were withheld on privacy or deliberative process grounds, or both. *Id.* at 12-16.

The government's new motion for summary judgment and Mr. Wheeler's initial cross-motion for summary judgment are now before the Court.

### Standard of Review

The standard of review of agency action by district courts in FOIA cases is *de novo*. 5 U.S.C. § 552(a)(4)(B).

### Argument

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party if entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the

---

[2]     Following the Court's decision, Mr. Wheeler's case was referred to undersigned counsel, who entered an appearance on his behalf.

burden of demonstrating that there is an absence of sufficient evidence to support the

nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Where, as here, there are cross-motions for summary judgment, the Court must review

each motion separately on its own merits "to determine whether either of the parties deserves

judgment as a matter of law." *Phillip Morris, Inc. v. Harshbarger*, 122 F.3d 58, 62 n. 4 (1st

Cir. 1997). When considering each individual motion, the Court must take care to "resolve all

factual disputes and any competing, rational inferences in the light most favorable" to the

party opposing that motion. *See Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228,

230 (1st Cir. 1996). A cross-motion for summary judgment does not concede the factual

assertions of the opposing motion. *CEI Washington Bureau, Inc. v. Department of Justice*,

469 F.3d 126, 129 (D.C. Cir. 2006). Accordingly, the Court must review each party's motion

independently and resolve all factual disputes in favor of the non-moving party.

## I.    THE GOVERNMENT'S LIMITED SEARCH FOR DOCUMENTS WAS UNREASONABLY NARROW AND MUST BE EXPANDED TO OTHER OBVIOUS SOURCES OF POTENTIALLY RESPONSIVE DOCUMENTS

Now that the government has conducted a search, albeit belatedly, and produced (or

withheld with a *Vaughn* index) many of the materials that Mr. Wheeler requested in 2004, the

principal issue presented by the cross-motions is whether the government's search was

adequate.[3] For reasons discussed below, it was not, and the Court should order the

government to conduct a more complete search.

To avoid being required to conduct a more thorough search, the government must

establish that it "has conducted a search reasonably calculated to uncover all relevant

---

[3]    Mr. Wheeler does not challenge the government's decisions to produce, redact, or withhold the specific documents identified in its belated response.

documents." *Steinberg v. Department of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994); *see also*

*Miller v. Department of State*, 779 F.2d 1378, 1383 (8th Cir. 1985) (holding that an "'agency

must show beyond reasonable doubt . . . that it has conducted a search reasonably calculated

to uncover all relevant documents.'" (quoting *Weisberg v. Department of Justice*, 705 F.2d

1344, 1350 (D.C. Cir. 1983)).  Although the government is not required to uncover "every

document extant," the "factual question . . . is whether the search was reasonably calculated to

discover the requested documents." *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1200

(D.C. Cir. 1991).  Of course, the adequacy of a search is necessarily "dependent upon the

circumstances of the case." *Truitt v. Department of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

      The government's most recent filing demonstrates the inadequacy of its search under

those requirements.  The government concedes that its search was limited to a search of court

records using the Public Access to Court Electronics Records or PACER system and a search

of certain other files contained within the Legal Information Office Network System or

LIONS.  Def.'s Second Mem. in Supp. of Summ. J. at 6 (Nov. 22, 2006).  According to the

government, "[t]he LIONS system allows a user to access databases which can be used to

retrieve information based on a defendant's name, a USAO internal administrative number, or

a district court case number." *Id.*  In this case, the government used the LIONS system to

locate records using Mr. Wheeler's last name, "Wheeler." *Id.*

      The search of LIONS was plainly inadequate.  Although Mr. Wheeler requested *all*

files relating to his criminal case, the government did not even bother to search under Mr.

Wheeler's or his co-defendant's trial (or appellate) court case numbers or USAO internal

administrative numbers.  Nor did it search under Mr. Wheeler's co-defendant's name.[4]
Rather, it limited its query to Mr. Wheeler's last name.  Def.'s Second Mem. in Supp. of
Summ. J. at 6.  Nothing in the government's submission establishes that a search that
excludes Mr. Wheeler's or his co-defendant's trial court case numbers or USAO internal
administrative numbers (or Mr. Wheeler's codefendant's name) is "reasonably calculated to
uncover *all* relevant documents."  *See Weisberg*, 705 F.2d at 1350 (emphasis added).

The government likewise provides no evidence that limiting its search to LIONS and
PACER was reasonable, beyond bare conclusory assertions.  Indeed, in an earlier submission
to the Court, the government's declarant promised that "so long as there is no certainty of the
destruction of records, the Federal Records Center as well as the District's offices will be
searched thoroughly."  Decl. of David Luczynski  ¶ 6 (Jan. 27, 2006).

The government has not established that such a "thorough" search ever happened.
There is no evidence of any kind that the government searched the Federal Records Center.
The government likewise did not "thoroughly" search the District's offices.  For example, the
files of the individual assistant United States Attorneys who participated in Mr. Wheeler's
prosecution (or the prosecution of his co-defendant) were not searched.  A more complete
search is required here, and the government should be ordered to undertake it.

The government's declarations on the adequacy of its search – which consist of four
sworn declarations from David Luczynski, an attorney advisor to the Executive Office of
United States Attorneys – are conclusory and contradictory and therefore cannot sustain the
government's required showing.  In his second declaration, Mr. Luczynski states that a
thorough search of the Federal Records Center and the local United States Attorney's office

---

[4]    The government's prosecution of Mr. Wheeler and his co-defendant is discussed in general in *United States v. Vyron Wheeler*, 832 A.2d 1271 (D.C. 2003).

would be conducted.  Decl. of David Luczynski  ¶ 6 (Jan. 27, 2006).  In his third affidavit,

based on nothing more than an assurance of an unnamed "FOIA contact person" within the

D.C. United States Attorney's office, he asserts that "all documents responsive to Plaintiff's

FOIA requests have been located" through the limited search of the two databases discussed

above.  Decl. of David Luczynski  ¶ 6 (Nov. 6, 2006).   He similarly makes the incredible

statement, on the same hearsay basis, that "there are no other records systems or locations

within the District of Columbia in which other files pertaining to Plaintiff's criminal case, are

maintained."  *Id.* ¶ 7.  In his final affidavit, he further contradicts his assertions that the search

of the PACER and LIONS database was adequate by asserting that "[v]arious individuals

organize the records in different ways."  Decl. of David Luczynski ¶ 4 (Nov. 21, 2006).

      Mr. Luczynski's declarations do not establish an adequate search.  In addition to being

inconsistent with one another, Mr. Lucynski provides no basis, in the form of document

retention policies or like materials (or non-conclusory information about such policies), that

the two places that the "FOIA contact person" purportedly searched for files are, indeed, the

only "locations" in which files exist.  He also provides no basis for concluding that emails and

other electronic documents are captured within the LIONS or PACER systems or, crucially

for this case, that witness payment vouchers are entered into or are otherwise available

through LIONS or PACER.  Rather, having affirmed that "[v]arious individuals organize the

records in different ways," he essentially concedes that a search of the files of the "various

individuals" involved in Mr. Wheeler's prosecution is needed before he can reasonably assert

that "all documents" have been located.  His earlier assurance that the Federal Records Center

would be searched likewise suggests that such a search needs to be conducted.

Based on all these reasons, the government's search was not adequate, and its motion for summary judgment should be denied and Mr. Wheeler's cross-motion should be granted.

## II.    THE GOVERNMENT'S REFUSAL TO SEARCH FOR MATERIALS RESPONSIVE TO MR. WHEELER'S REQUEST WAS UNREASONABLE.

Until its November 22, 2006 filing with the Court, the government maintained the untenable position that it could avoid even searching for responsive materials on the basis that they might contain third-party identifying information. As the Court suggested in its Memorandum Opinion, that position is baffling because (1) any identifying information could be redacted from responsive materials and (2) there is no basis for the assertion that merely acknowledging the existence of records would somehow reveal information protected from FOIA disclosure. The government disputes this Court's characterization of its refusal as a "Glomar" response.[5] Nevertheless, the record clearly establishes that the government refused to even search for records by stating that it "did not perform[] a search for records and you must not assume that records concerning a third party exist." Mem. Op. at 6.

Regardless of how the government's response is characterized, the government's refusal to conduct a search was a serious breach of its FOIA obligations and, if the Court had not deferred ruling on Mr. Wheeler's motion before the government finally conducted a search, his motion would have been granted. As FOIA requires and numerous cases have confirmed, the government first must conduct its search and then determine whether the materials at issue can be released consistent with FOIA and the Privacy Act. *See* 5 U.S.C. § 552 *et seq.*; *see generally Department of Justice v. Reporters Committee for Freedom of the*

---

[5]    The term "Glomar response" developed from *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976), a case in which the CIA responded to a FOIA request for certain documents pertaining to the *Glomar* research vessel by neither confirming nor denying the existence of the records.

*Press*, 489 U.S. 749 (1989).   In addition, to the extent that portions of materials can be

released, the government has the duty to segregate those portions from protected portions

through redactions.  5 U.S.C. § 552(b).

The government cannot do what it did here – avoid doing a search by theorizing that

the resulting materials would be wholly exempt from FOIA.  To the extent that such a

procedure would ever be appropriate, it certainly would not be in the case of witness

vouchers, which are form documents from which personal identifying information could

readily be redacted, leaving the rest of the voucher, including such important information as

the date and amount of the voucher, available for production.  Given that the D.C. U.S.

Attorney's Office has, in the past, been accused of abusing the voucher system to "encourage"

testimony from government witnesses, knowing even the number of vouchers that were used

in a particular case and the amount paid on each voucher could have substantial importance

both to the defendant in the case and the public at large.  *See* Henri E. Cauvin, *Misconduct*

*Probe Cuts Sentences in D.C. Case*, WASHINGTON POST, Dec. 23, 2004, *available at*

http://www.truthinjustice.org/paul-howes.htm.   Moreover, there is no reason why merely

acknowledging the existence of such responsive materials would reveal FOIA-protected

information, a prerequisite for a valid "Glomar" response.  *See Nation Magazine v. Customs*

*Service*, 71 F.3d 885, n.8 (D.C. Cir. 1995) (concluding that a "Glomar" response is

appropriate "where an acknowledgment that [the] record exists would provide the requester

with the very information the [FOIA] exemption is designed to protect").

Instead of responding directly to the Court's direction that it explain why a "Glomar"

response was appropriate (which it clearly was not), the government in its November 22 filing

relies on two propositions to try to moot the Court's request.  First, the government asserts

that it "did not raise a 'Glomar' argument in its previously filed partial Motion for Summary Judgment."  Defendant's Second Summary Judgment Memorandum at 4, n.2.  Second, the government argues that the "more expansive search for records responsive to Mr. Wheeler's first FOIA request would encompass those relevant to Mr. Wheeler's second request for witness payments and vouchers."  *Id.* at 4-5, n.3.

Taking the government's arguments together, the Court can only conclude that the government effectively concedes that its initial response – whether "Glomar" or, more generally, its refusal to search for responsive records – was inappropriate and that, at a minimum, it should have undertaken in response to Mr. Wheeler's requests in 2004 the search it finally conducted in response to this Court's order of September 18, 2006.  The government's failure to do so violated FOIA, and the Court should hold as such.  A FOIA requester should not need to initiate federal court litigation to obtain even a threshold search for responsive materials.

The facts are particularly egregious here.  The government based its "Glomar" response on FOIA Exemptions 6 and 7(C) – exemptions addressed to personal privacy– when Mr. Wheeler's request expressly agreed to redaction of personally identifying information. *See* 5 U.S.C. §§ 552(b)(6), (7)(C).  Moreover, these exemptions require balancing of interests in the context of specific documents, absent a categorical exception not claimed here.[6] Indeed, the government ultimately redacted materials that it felt where subject to privacy

---

[6]      Exemptions 6 and 7(C) are similar.  *Beck v. Department of Justice*, 997 F.2d 1489, 1492 (D.C. Cir. 1993).  Both require the balancing of the public's interest in disclosure with the individual's privacy interest in the records at issue.  *McCutchen v. Department of Health and Human Services*, 30 F.3d 183, 185 (D.C. Cir. 1994).  The public-private balancing analysis under these exemptions requires an evaluation of the public's interest in whether the requested information would "shed[] light on an agency's performance of its statutory duties."  *Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989). This balancing should be conducted in the context of the specific documents at issue.

exemptions from the materials it did produce and withheld other materials in their entirety based on privacy exemptions.

Accordingly, if contrary to the argument presented in Section I, the Court concludes that the government has now discharged its FOIA obligations, the Court should not condone the government's willful violation of the law over the last two years by granting the government's motion for summary judgment or denying Mr. Wheeler's cross-motion. Instead, the Court could dismiss the respective motions as moot (or grant Mr. Wheeler's motion but dismiss the action as moot).

## Conclusion

For the foregoing reasons, Mr. Wheeler respectfully requests that the Court grant his motion for summary judgment, deny the government's cross-motion for summary judgment, and award him his costs of bringing this action.


January 26, 2007                          Respectfully submitted,

                                          /s/ Matthew D. Slater
                                          Matthew D. Slater (D.C. Bar No. 386986)
                                          Steven J. Kaiser (D.C. Bar No. 454251)
                                          Antonio J. Reynolds (D.C. Bar No. 500851)
                                          Cleary Gottlieb Steen & Hamilton LLP
                                          2000 Pennsylvania Avenue, N.W.
                                          Washington, D.C. 20006
                                          (202) 974-1500

                                          Attorneys for Plaintiff Vyron Wheeler

CERTIFICATE OF SERVICE

I, Allison E. Collins, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On January 26, 2007, a copy of the foregoing Memorandum in Opposition to Defendant's November 22, 2006 Motion for Summary Judgment and in Further Support of Plaintiff's Pending Motion for Summary Judgment and accompanying attachments have been served by electronic transmission through the Court's CM/ECF System on the following party:

> Beverly Maria Russell
> U.S. ATTORNEY'S OFFICE FOR D.C.
> Civil Division
> 555 4th Street, NW
> 4th Floor
> Washington, DC 20530
> beverly.russell@usdoj.gov

Dated: January 26, 2007                              ___/s/ Allison E. Collins___
                                                            Allison E. Collins