UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------X
:
VYRON WHEELER,                                             :
                                                           :
    Plaintiff,                                            :    Civil Action No. 1:05-1133-CKK
                                                           :
                v.                                   :
                                                           :
EXECUTIVE OFFICE OF UNITED STATES                          :
ATTORNEYS,                                                 :
                                                           :
    Defendant.                                             :
-----------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL
FACTS NOT IN DISPUTE**

Plaintiff Vyron Wheeler hereby submits his response to Defendant's Statement of Material Facts Not in Dispute.

Defendant's Proposed Statement of Material Fact 1

1.    On or around April 24, 2004, Plaintiff submitted to Defendant a Freedom of Information Act request for records relating to himself.  *See* Ex. 1, Declaration of David Luczynski, ¶ 4, and Attach. A (Nov. 10, 2005).  Plaintiff provided "examples of specific requests" which included witness agreements, inducements or promises relating to criminal case #F-1386-96 as well as records relating to payment of witnesses in the same criminal case.  *Id.*

Plaintiff's Response to Defendant's Proposed Statement of Material Fact 1

Undisputed.

Defendant's Proposed Statement of Material Fact 2

2.    Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. Ex. 3, Declaration of David Luczynksi, ¶ 1 (Nov. 6, 2006)(Luczynksi

II Decl.). Accordingly, the EOUSA forwarded Plaintiff's request to the FOIA contact for the U.S. Attorney's Office for the District of Columbia ("USAO/DDC"). *Id.* ¶ 3.

Plaintiff's Response to Defendant's Proposed Statement of Material Fact 2

Undisputed.

Defendant's Proposed Statement of Material Fact 3

3. The USAO/DDC FOIA contact, in turn, undertook a systematic search for records on Vyron Wheeler to determine the location of any and all files relating to him. *Id.* To accomplish the search, the FOIA contact looked for records in the computer tracking system that were listed under the name "Wheeler." *Id.* ¶ 4.

Plaintiff's Response to Defendant's Proposed Statement of Material Fact 3

Disputed. The search conducted was neither systematic nor reasonably calculated to lead to the discovery of "any and all files" relating to Mr. Wheeler. In his FOIA requests, Mr. Wheeler requested "full disclosure and release of all records and/or data contained in the files of your agency, and specifically under my name and/or an identifier assigned to my name." Def.'s Second Mem. in Supp. of Summ. J., Ex. 1 ¶ 4 (Nov. 10, 2005) (Decl. of David Luczynski) (citing Ex. A at 1 (Mr. Wheeler's April 2004 Request)). In addition, Mr. Wheeler requested various sets of specific documents. *Id.* at 2-3. Despite these specific requests, the government conducted a limited search using Mr. Wheeler's last name and did not search under Mr. Wheeler's or his co-defendant's case identifiers. *See* Def.'s Second Mem. in Supp. of Summ. J., Ex. 3 ¶ 5 (Nov. 6, 2006) (Decl. of David Luczynski).

Defendant's Proposed Statement of Material Fact 4

      4.      The systems utilized in searching for responsive records were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). *Id.* ¶ 5. The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. *Id.* The LIONS system allows a user to access databases which can be used to retrieve information based on a defendant's name, a USAO internal administrative number, or a district court case number. *Id.*

Plaintiff's Response to Defendant's Proposed Statement of Material Fact 4

    Undisputed.


Defendant's Proposed Statement of Material Fact 5

      5.      In this case, the FOIA Contact used the LIONS system to locate records based upon the name "Wheeler." *Id.* The FOIA contact used the system to determine all possible locations of responsive files. *Id.* ¶ 4.

Plaintiff's Response to Defendant's Proposed Statement of Material Fact 5

    Disputed. Because LIONS can also be searched by other means including USAO internal number and trial court case number, and because responsive materials may have existed in other locations (as detailed below), the search could not possibly have "determine[d] all possible locations of responsive files." *See* Def.'s Second Mem. in Supp. of Summ. J., Ex. 3 ¶ 5 (Nov. 6, 2006) (Decl. of David Luczynski) (stating that the government conducted a search of the Public Access to Court Electronic Records and the Legal Information Office Network System); *compare* Def.'s Second Mem. in Supp. of Summ. J., Ex. 2 ¶ 6 (Jan. 27, 2006) (Decl. of David Luczynski) (asserting that "the Federal Records Center as well as the District's offices will be searched thoroughly").

3

Defendant's Proposed Statement of Material Fact 6

6.     Records responsive to Plaintiff's request are maintained in the Criminal Case File System (Justice/USA-007) entitled *United States v. Vyron Wheeler*. *Id.* ¶ 6. The case pertains to the investigation, prosecution, and conviction of the Plaintiff for his crime of homicide. *Id.*

Plaintiff's Response to Defendant's Proposed Statement of Material Fact 6

Undisputed that some records responsive to Mr. Wheeler's request are so maintained. As set forth above and below, it is disputed that all responsive records are so maintained.

Defendant's Proposed Statement of Material Fact 7

7.     On November 6th, 2006, after completion of the search for responsive records, Defendant notified Plaintiff that records had been located. *Id.* ¶ 2. Accompanying this notification were 22 pages of processed material that were released in full, and 42 pages that were released in part. *Id.* Plaintiff was also notified that 62 pages of materials were being withheld in full. *Id.* In addition, Plaintiff was advised that FOIA exemptions 5 U.S.C. § 552 (b)(5) and (b)(7)(C), and Privacy Act Exemption 5 U.S.C. § 552a (j)(2), had been applied to the withheld material. *Id.*

Plaintiff's Response to Defendant's Proposed Statement of Material Fact 7

Undisputed.

## Additional Facts That Are Undisputed

8.     In his FOIA requests, Mr. Wheeler advised the government that "[i]f it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release." *See generally* Def.'s Second Mem. in Supp. of Summ. J., Ex. 1 ¶ 4 (Nov. 10, 2005)

4

(Decl. of David Luczynski) (citing Ex. A (Mr. Wheeler's April 2004 Request)); Def.'s Second Mem. in Supp. of Summ. J., Ex. 1 ¶ 10 (Nov. 10, 2005) (Decl. of David Luczynski) (citing Ex. G (Mr. Wheeler's November 2004 Request));

9.  As to Mr. Wheeler's FOIA requests, the government refused to search for responsive documents on the basis that Mr. Wheeler had not submitted releases from the third parties whose names or other private information might appear on the materials. Def.'s Second Mem. in Supp. of Summ. J., Ex. 1 ¶ 11(Nov. 10, 2005) (Decl. of David Luczynski) (citing Ex. H at 1 (December 2004 EOUSA Denial)). In particular, the government stated that "[w]e have not performed a search for records and you must not assume that records concerning a third party exist." *Id.* at 2.

10. Although Mr. Wheeler requested *all* files relating to his criminal case, the government did not search under Mr. Wheeler's or his co-defendant's trial court case numbers or USAO internal administrative numbers. Nor did it search under Mr. Wheeler's co-defendant's name. Rather, it limited its query to Mr. Wheeler's last name. *See* Def.'s Second Mem. in Supp. of Summ. J., Ex. 1 ¶ 4 (Nov. 10, 2005) (Decl. of David Luczynski) (citing Ex. A (Mr. Wheeler's April 2004 Request)); *compare* Def.'s Second Mem. in Supp. of Summ. J., Ex. 3 ¶ 5 (Nov. 6, 2006) (Decl. of David Luczynski).

11. The government promised that "so long as there is no certainty of the destruction of records, the Federal Records Center as well as the District's offices will be searched thoroughly." Def.'s Second Mem. in Supp. of Summ. J., Ex. 2 ¶ 6 (Jan. 27, 2006) (Decl. of David Luczynski).

12. The government did not search the Federal Records Center. It only searched PACER and LIONS (and only partially searched LIONS). *See* Def.'s Second Mem. in Supp. of Summ. J., Ex. 3 ¶ 5 (Nov. 6, 2006) (Decl. of David Luczynski).

13. The government did not search the records of the individual Assistant United States Attorneys who participated in Mr. Wheeler's prosecution (or the prosecution of his co-defendant). It only searched PACER and LIONS (and only partially searched LIONS). *See* Def.'s Second Mem. in Supp. of Summ. J., Ex. 3 ¶ 5 (Nov. 6, 2006) (Decl. of David Luczynski).

14. The government did not conduct any search for documents in response to Mr. Wheeler's request until after this Court issued its Order of September 18, 2006. *See* Def.'s Second Mem. in Supp. of Summ. J., Ex. 3 (Nov. 6, 2006) (Decl. of David Luczynski).

January 26, 2007

Respectfully submitted,

/s/ Matthew D. Slater
Matthew D. Slater (D.C. Bar No. 386986)
Steven J. Kaiser (D.C. Bar No. 454251)
Antonio J. Reynolds (D.C. Bar No. 500851)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 974-1500

Attorneys for Plaintiff Vyron Wheeler