UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------------X
                                                           :
VYRON WHEELER,                                             :
                                                           :
        Plaintiff,                                         :    Civil Action No. 1:05-1133-CKK
                                                           :
              v.                                           :
                                                           :
EXECUTIVE OFFICE OF UNITED STATES                          :
ATTORNEYS,                                                 :
                                                           :
        Defendant.                                         :
-----------------------------------------------------------X
```

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR AN EXTENSION OF TIME**

Plaintiff Vyron Wheeler respectfully submits this opposition to the government's March 1, 2007 motion for extension of time to reply to Mr. Wheeler's response in opposition to the government's motion for summary judgment ("Mr. Wheeler's Response").

Although the government purports to offer two grounds for its motion, the reality is only one is presented, and it does not provide the good cause for the requested extension. To understand the current motion, one must recall the government's first motion for extension, to which Mr. Wheeler consented.[1] In it, the government stated that it needed additional time "to allow the responsive Agency an additional period to provide input to support Defendant's Reply." Defendant's Motion for an Extension of Time, Docket No. 53, at 2. Likewise, the government's current motion now says that it needs more time "to provide the Agency an additional period to produce the required information to support Defendant's Reply." (Mot. at 1). Although the current motion (but not the first motion) also refers to counsel's calendar,

---

[1] Mr. Wheeler objected to the submission of additional agency affidavits with a reply brief, to which objection he adheres. Apart from the government putting him at a disadvantage by offering such evidence only in reply, the search for such affidavits could only lead to further delay, as the present motion for extension proves.

counsel's calendar is irrelevant in the absence of agency input.[2]  Thus as a practical matter, the only basis for the current motion is the need for the still-missing agency input.

As to the latter, the motion is devoid of any information or any reason, let alone good cause, to wait longer.  Indeed, there is no showing of any kind on this point beyond the words quoted above.  There is no indication of what additional information is being sought or how it would in any useful way augment the four piecemeal and inconsistent affidavits the agency has already submitted in this case.  *See* Plaintiff's Memorandum in Opposition to Defendant's November 22, 2006 Motion for Summary Judgment and in Further Support of Plaintiff's Pending Motion for Summary Judgment at 7-8 (January 26, 2007).  No one from the agency has provided evidence to the Court that the agency is seeking any additional information or is committed to provide it within the time requested now; needless to say, no such evidence or commitment were proffered with the original request for extension either.  Thus, there is no basis for a further extension now.

And this is the crux of this case.  A further extension in these circumstances would only serve to continue the seemingly endless delay and foot dragging that has characterized the government's response to Mr. Wheeler's FOIA requests from the beginning.  In that regard, as detailed in Mr. Wheeler's substantive brief, the government refused to respond to Mr. Wheeler's 2004 FOIA requests for more than two and a half years and then did so (albeit inadequately) only after Mr. Wheeler brought this action and the Court denied the government's motion for summary judgment in September 2006.  At that time, the Court issued a schedule that would

---

[2]   And, in fact, the absence of agency information was the only reason advanced by government counsel as grounds for extension when she called Mr. Wheeler's counsel the evening of March 1.  No scheduling concerns were mentioned at all.  Thus while we are of course attentive to mutual courtesy to accommodate competing professional obligations, that was not placed at issue by the government in communications between counsel and, as indicated above, is not really at issue for purposes of the present motion.

have led to prompt submission of the remaining issues to the Court in 2006. Instead, the government sought and obtained several further extensions.[3]

The history of the case makes clear that the only thing that will cause the agency to meet its obligations under the FOIA is a court order requiring it to do so. Mr. Wheeler has shown through his papers that he is entitled to such an order, and in the circumstances, "[t]he judgment sought shall be rendered forthwith." FED. R. CIV. P. 56(c).

For the foregoing reasons, the government's latest motion for an extension of time should be denied.

March 5, 2007                                              Respectfully submitted,

                                                                    /s/ Matthew D. Slater
                                                           Matthew D. Slater (D.C. Bar No. 386986)
                                                           Steven J. Kaiser (D.C. Bar No. 454251)
                                                           Antonio J. Reynolds (D.C. Bar No. 500851)
                                                           Cleary Gottlieb Steen & Hamilton LLP
                                                           2000 Pennsylvania Avenue, N.W.
                                                           Washington, D.C. 20006
                                                           (202) 974-1500

                                                           Attorneys for Plaintiff Vyron Wheeler

---

[3] Mr. Wheeler also asked for a three-week extension (from January 5 to January 26, 2007) to accommodate his new counsel's entry into the case and the holidays, hardly a parallel situation.

CERTIFICATE OF SERVICE

I, Allison E. Collins, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On March 5, 2007, a copy of the foregoing Plaintiff's Opposition to Defendant's Second Motion for an Extension of Time has been served by electronic transmission through the Court's CM/ECF System on the following party:

> Beverly Maria Russell
> U.S. ATTORNEY'S OFFICE FOR D.C.
> Civil Division
> 555 4th Street, N.W.
> 4th Floor
> Washington, D.C. 20530
> beverly.russell@usdoj.gov

Dated: March 5, 2007                               /s/ Allison E. Collins
                                                        Allison E. Collins