UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------X
:
VYRON WHEELER, :
:
     Plaintiff, : Civil Action No. 1:05-1133-CKK
:
         v. :
:
EXECUTIVE OFFICE OF UNITED STATES :
ATTORNEYS, :
:
     Defendant. :
-------------------------------------------------------------X

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S THIRD MOTION FOR AN EXTENSION OF TIME**

     Plaintiff Vyron Wheeler respectfully submits this opposition to the government's March 15, 2007 motion for a third extension of time to reply to Mr. Wheeler's response in opposition to the government's motion for summary judgment.

     The government's motion should be denied. In the Court's order granting the government's second motion for an extension of time, to which Mr. Wheeler objected, the Court ordered that there would be "no further extensions." Notwithstanding the Court's order, the government seeks just such an extension. Not only is the asserted reason lacking good cause, it has nothing to do with preparing papers. Rather, the government simply wants more time to do what it should have done over two years ago – properly process Mr. Wheeler's original FOIA request and produce responsive records. Indeed, the government now says that it has finally searched the Federal Records Center – a deficiency noted in our opposition to summary judgment seven weeks ago – and has turned up a substantial volume of documents potentially responsive to Mr. Wheeler's request. It says that it needs time to process these documents and

produce them to Mr. Wheeler or provide a *Vaughn* index. That is a FOIA task, however, and not a reply brief task.

The government's latest assertions demonstrate conclusively that Mr. Wheeler is entitled to summary judgment in his favor. As the Court may recall, Mr. Wheeler brought this suit to challenge the government's refusal even to search for materials responsive to his FOIA request filed in April 2004. (The government had sought to evade its FOIA obligations by issuing a dubious *Glomar* response to Mr. Wheeler's request for witness vouchers and ignoring his broader requests for documents pertaining to the government's prosecution of Mr. Wheeler.) Confronted with the Court's apparent skepticism with its conduct to date, the government reversed course in the Fall of 2006 and conducted a partial search for records and located some. This limited effort itself demonstrated that the government's conduct up until the suit was filed did not comport with the requirements of the FOIA and that Mr. Wheeler was entitled to the relief he sought. The even more belated search of the Federal Records Center demonstrates the search in Fall 2006 was inadequate and again confirms that Mr. Wheeler is entitled to the relief he sought through this action. And because the government's conduct has been so lax in this case even while facing the Court's skepticism, only a formal judgment mandating full compliance with the law will assure that the government will meet its obligations.

More fundamentally, the government misconceives the purposes of these proceedings. In essence, the government asks this Court to sanction a process whereby it can ignore its FOIA obligations with impunity until the moment when judgment is about to be entered against it. Such a process would eviscerate the requirements of the FOIA for prompt release of documents on request and replace it with a judicially-supervised discovery process. The purpose of these proceedings is to review the government's response to Mr. Wheeler's FOIA requests to the time

the suit was filed, not to supervise the responses *after* the suit was filed.  The record establishes conclusively that the government's response did not comport with the requirements of FOIA.  In such circumstances, Mr. Wheeler is entitled to summary judgment.  The government certainly is not entitled to summary judgment in its favor and in any case is not entitled to a further extension of time.  A further extension would not serve to address the merits of Mr. Wheeler's claim, but would only serve to enable the government to try to obscure the fact that it has violated the law.  It would also make a mockery of the Court's "no further extension" order.

       For the foregoing reasons, Mr. Wheeler respectfully requests that the Court deny the government's motion for a third extension of time and grant Mr. Wheeler's motion for summary judgment forthwith.

March 16, 2007                                  Respectfully submitted,

                                                        /s/ Matthew D. Slater
                                                      Matthew D. Slater (D.C. Bar No. 386986)
                                                      Steven J. Kaiser (D.C. Bar No. 454251)
                                                      Antonio J. Reynolds (D.C. Bar No. 500851)
                                                      Cleary Gottlieb Steen & Hamilton LLP
                                                      2000 Pennsylvania Avenue, N.W.
                                                      Washington, D.C. 20006
                                                      (202) 974-1500

                                                      Attorneys for Plaintiff Vyron Wheeler

CERTIFICATE OF SERVICE

I, Erika J. Davis, managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On March 16, 2007, a copy of the foregoing Plaintiff's Opposition to Defendant's Third Motion for an Extension of Time has been served by electronic transmission through the Court's CM/ECF System on the following party:

> Beverly Maria Russell
> U.S. ATTORNEY'S OFFICE FOR D.C.
> Civil Division
> 555 4th Street, N.W.
> 4th Floor
> Washington, D.C. 20530
> beverly.russell@usdoj.gov

Dated: March 16, 2007                              /s/ Erika J. Davis
                                                    Erika J. Davis