UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VYRON WHEELER,<br>    Plaintiff | )<br>)<br>) |
| v. | )   Civil Action No. 05-1133 (CKK)<br>) |
| DEPARTMENT OF JUSTICE,<br>    Defendant. | )<br>)<br>) |

DECLARATION OF SUSAN BOWMAN

I, Susan Bowman, pursuant to Title 28, United States Code, Section 1746, declare and state as follows:

1) I am the Supervisory Operations Specialist for the Superior Court Division, United States Attorney's Office (hereinafter USAO) for the District of Columbia and my office is in Washington, D.C. One of my responsibilities includes the coordinating of Freedom of Information Act/Privacy Act (hereinafter FOIA/PA) requests for access to records located in the United States Attorney Office (USAO). I identify, discuss and ship records directly to EOUSA, but make no determinations regarding the release or withholding of the documents. I have been the FOIA contact person for the USAO for the District of Columbia since January 2006. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.

2) Due to the nature of my official duties, I have become familiar with the procedures that were followed by this office in coordinating the FOIA request for Vyron Wheeler.

3) In March 2006, the FOIA/PA request for Vyron Wheeler was sent to me via email by the EOUSA (FOIA/PA Request No. 04-2434).

4) The Superior Court for the District of Columbia has a computerized docketing/case

Ex. 5
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)

management system known as the Court Information System (CIS). This computerized system of records (RCIS) was replicated by the USAO for the District of Columbia to track cases or matters for USAO's Superior Court Division. Whenever an office file on a new matter or new case is opened, the Division's Superior Court numbering Section will enter applicable information into the CIS computer system and assign the case or matter a case number which will be used as an internal tracking number for the Office. The information entered into the computer is based on a series of individual records which are linked together, or related, or in logical order. These records may include, but are not limited to, the names of the parties, the names of any related cases, what the case is about, what Assistant United States Attorney is handling the case, the Court assigned to the case, and what stage the case is in.

6) The RCIS system is the current computerized record tracking system that is available and used by the Superior Court Division for the District of Columbia. The RCIS system allows the user to search Superior Court Division matters by specific names. The RCIS system is capable of cross-referencing other related cases if such related case information is entered into the system. Due to the large number of files maintained by the Office (in excess of 70,000 files of which over 10,000 are active and 60,000 are closed files), any search for case related documents must be performed by the use of RCIS. A purely manual search for specific files/documents would be so burdensome as to be virtually impossible for the United States Attorney for the District of Columbia. Moreover, files are closed on a timely basis and such records are shipped periodically to the Federal Records Center in Suitland, Maryland where they are maintained for a specified number of years (typically 10 years).

7) I understand that a prior declaration related to this suit stated that Lions and Pacer were used. I believe that this information was provided in error, because, as to both of my

searches, RCIS and the Closed Files Information Tracking System, CFITS were used. The CFITS system is the current computerized record tracking system that is available and used by the Superior Court Division for the District of Columbia to locate closed files. The CFITS system allows the user to search Superior Court Division matters by specific names. The CFITS system is capable of cross-referencing other related cases if such related case information is entered into the system.

8) On or about, April 2006, I performed a search on RCIS for all cases relating to Vyron Wheeler. I went into RCIS and searched by his name "Vyron Wheeler" and case number F-1386-96. As a result of this search, I requested the Closed Files Section in the USAO for the District of Columbia to order the closed case file from the Federal Records Center, in Suitland, Maryland. Upon receipt of the two boxes requested, I copied them and sent them to EOUSA for further processing.

9) I consulted with Assistant U.S. Attorney Teresa Howie, the prosecutor in Mr. Wheeler's case, to determine whether she had any documents related to this case in her possession. AUSA Howie did not have any documents in her possession related to the Vyron Wheeler file. I forwarded the copies of records responsive to Mr. Wheeler's request to EOUSA for further processing.

10) Based upon points argued in the Plaintiff's opposition memorandum filed on or around January 26, 2007, the Defendant conducted a second search to locate specific records in the case file, using the same search terms and process described above. Any responsive records related to Vyron Wheeler, including witness vouchers related to his criminal case, should be contained in the files retrieved through RCIS.

11) On March 7, 2007, I requested the Closed Files Section in the USAO for the District of

Columbia to re-order the closed case from the Federal Records Center, in Suitland, Maryland.

12) On March 8, 2007, the Federal Records Center delivered two boxes to the Superior Court Division relating to Vyron Wheeler. I copied *all* of the responsive documents in the boxes and forwarded them to EOUSA for further processing.

13) During the first search, I provided responsive documents that did not note personal information, i.e., names, to the EOUSA. As a result, only 126 pages were forwarded to EOUSA for further processing.

14) On March 23, 2007, I contacted Assistant U.S. Attorney Teresa Howie to clarify whether she had any email or other electronic media referencing Vyron Wheeler. On March 23, 2007, she responded that she had no emails or other electronic media referencing Vyron Wheeler. As to my second search, as indicated above, I forwarded *all* responsive documents to EOUSA for further processing.

15) I believe my search was reasonably done and calculated to lead to any potentially responsive documents to Mr. Wheeler's FOIA/PA request. The handling of Mr. Wheeler's request was entirely consistent with EOUSA and the USAO procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of March, 2007.

*Susan Bowman*
Susan Bowman
Supervisory Operations Specialist

Ex. 5
Wheeler v. EOUSA, Civil Action No. 05-1133(CKK)