IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VYRON WHEELER | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 1:05-CV-1133 CKK |
| UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL DECLARATION OF DAVID LUCZYNSKI**

1. This is a supplemental declaration relating to the handling of Mr. Wheeler's FOIA request. Prior to this an additional request for records by the Plaintiff has resulted in a misinterpretation of the types of records that Plaintiff was seeking. This declaration addresses the resolution of that conflict.

2. In addition to the prior release of 22 pages of processed material that were released in full ("RIF"), and 42 pages that were released in part ("RIP") EOUSA has received and processed additional records responsive to Plaintiff's request. After the final search performed, EOUSA has released to Plaintiff an additional 315 ("RIF"), 80 pages ("RIP"), while withholding in full ("WIF") 266 pages of records.

## ADEQUACY OF THE SEARCH

3. After receiving Plaintiff's FOIA request, EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. Upon receiving Plaintiff's FOIA request, the EOUSA forwarded the request to the FOIA Contact for the District of Columbia ("DDC"). Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. The FOIA Contact began a systematic search for records on Vyron Wheeler to determine the location of any and all files relating to him in order to comply with the request. FOIA Contact searched for records from the case files in that case. After a search of the computer systems the FOIA Contact for the U.S. Attorney's Office for the District of Columbia reported that she found records responsive to Plaintiff's request.

4. To accomplish the search, the FOIA Contact looked for records in the Superior Court database that were listed under the name "Wheeler".

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

5. All documents responsive to Plaintiff's FOIA request have been located in the United States Attorneys Office for the District of Columbia, ("USAO/DDC"). The records are maintained in the Criminal Case File System (Justice/USA-007) entitled United States v. Vyron Wheeler. The case pertains to the investigation, prosecution, and conviction of the Plaintiff for his crime of homicide.

6. There are no other records systems or locations within the District of Columbia in which other files pertaining to Plaintiff's criminal case, were maintained.

VAUGHN INDEX

7. In order to explain the withholdings made by EOUSA, I prepared a Vaughn Index, which is attached to this Declaration as **Exhibit A.** The Vaughn Index was developed pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.D.C. 1973). As shown by the Vaughn Index, EOUSA withheld in full 266 pages of documents and released in part 80 pages. The Vaughn Index attached to this declaration describes each document and sets forth the reasons for EOUSA's decisions regarding withholding information for each document.

JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

8. EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2). Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next reviewed the records under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

EXEMPTION 5 U.S.C. §552(b)(2)

9. Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. This has been interpreted to mean internal matters of a relatively trivial nature that are not subject to a genuine and significant public interest. EOUSA applied this exemption to documents which are solely standard forms used for everyday matters ongoing within the agency.

EXEMPTION 5 U.S.C. §552(b)(5)

10. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

11. EOUSA asserted this exemption to protect information pursuant to the attorney work product and deliberative process privileges to Document 7.

12. The records or portions of records to which the attorney work product privilege was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Plaintiff's criminal case. The records contain deliberations concerning a homicide investigation. The records were prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. The substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to this privilege.

13. In addition, these same records, in certain instances, contain deliberative process of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against the Plaintiff. To disclose this information would reveal pre-

decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. The attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.

EXEMPTION 5 U.S.C. §552(b)(7)(C)

14. Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to assist in the investigation and prosecution of Vyron Wheeler.

15. Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to their detriment. EOUSA determined that information contained in such references could not be disclosed and should be deleted and segregated in all the documents to which this exemption was applied.

16. EOUSA determined that there was no public interest in the release of this privacy-protected information because dissemination of the information would not help explain the activities and operations of the EOUSA or the United States Attorney's office. No public interest would counterbalance the law enforcement and third party individuals' privacy right in the

information withheld under this exemption. Moreover, no individual provided any authorization or consent to disclose such information.

17. EOUSA applied this exemption to all 7 Documents listed in the attached Index.

## SEGREGABILITY

18. EOUSA closely evaluated for segregability all documents that were either released-in-part or withheld-in-full. All nondisclosed information was exempt from release pursuant to one or more of the various FOIA and/or PA exemptions listed above, and EOUSA determined that no meaningful portions of the withheld documents could reasonably be released without destroying the integrity of those document as a whole. In short, no reasonably segregable non-exempt information has been withheld from the Requester.

## CONCLUSION

19. Each step in the handling of Mr. Wheeler's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9th, 2007.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | **SUMMARY OF ABBREVIATIONS**<br>**"RIF"- Released in full**<br>**"RIP"- Released in part**<br>**"WIF"-Withheld in full**<br>**"NS" - Deemed not segregable after review for segregability.** |
| 1 | 6 | Document titled "Government's Exhibit List".<br><br>It contains a list of possible items used as exhibits at Plaintiff's trial. Some exhibits are checked off and some are not which leads to a conclusion that it was prepared as a draft by an attorney who had not quite decided yet which will be beneficial. | b(5)<br>(b)(7)(C),<br>j(2)<br>WIF | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process thus the document is not segregable. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 2 | 27 | Draft of an Opening Statement<br><br>This is a draft copy of an opening statement prepared by an attorney getting ready to go to trial. It contains the case strategy, arguments, witness lists, along with handwritten notations on various pages. | (b)5, j(2) WIF | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government<br><br>No page was determined segregable after review for segregability.<br><br>Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |
| 3 | 6 | Pages from NCIC "National Crime Information Center"<br><br>Record contains information about third party individuals. The particulars include names, addresses, prior criminal history, and determination. | (b)(7)(C), j(2) WIF | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| Doc # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |
| 4 | 12 | Document titled "Writ of Habeas Corpus"<br><br>This is an attorney communication letter regarding the disposition of the Writ. It was requested by a third party and the document contains thoughts and opinions of attorneys working on the case. | (b)(5)<br>(b)(7)(C),<br>j(2)<br>**WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process thus the document is not segregable. |
| 5 | 21 | Document titled "Autopsy Report" | (b)(7)(C),<br>j(2) | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | It is made up of graphs and charts showing the victims wounds as well as several pages of accompanying description by a medical examiner. | WIF | provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |
| 6 | 122 | This document is a compilation of facsimile pages of an investigator's or possibly an informant's notebook with handwritten notations. | (b)(7)(C), j(2) WIF | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |
| 7 | 27 | Document titled "Witness Information"<br><br>This is a compilation of various information concerning third party individuals, providing their personal information in the form of addresses, occupation, phone numbers and other contact information. In some cases, the possible witnesses are linked to items which could be used as | (b)5, (b)(7)(C), j(2) WIF | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | exhibits at trial. A large percentage of these pages is marked with handwriting containing attorney's thoughts and ideas. | | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable.<br><br>There are no public interests to weigh. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 8 | 11 | Document titled "Case Impression Memo"<br><br>It is a compilation of facts and thoughts used in case preparation. It contains lists of names of various individuals, and notes about trial strategy relating to the case. Document contains facts of the case, names of witnesses and investigators and it is used to evaluate a case. | (b)(5), (b)(7)(C), j(2) WIF | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |
| 9 | 16 | Document titled "Victim Impact Statement"<br><br>This contains descriptions of the | (b)(7)(C), j(2) WIF | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | effects the victim's death has had on various individuals close to him. Whether they are close friends or relatives, the information contained is sensitive and private. Whereabouts, locations, activities and ties to other third parties are scattered throughout these pages. Redacting all the privacy protected items would render this document unintelligible. | | privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability |
| 10 | 12 | Document titled "Closing Argument"<br><br>Information within contains various topics ranging from strategy to legal bases applied to the particular case. Some pages contain handwritten information concerning his the handling of the case. It is a compilation of facts and thoughts used in case preparation. | (b)(5), (b)(7)(C), j(2) WIF | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning Plaintiff's prosecution. Thus the document is not segregable. |
| 11 | 2 | Obituary as well as a Memorial Service description of events for victim's funeral. | (b)(7)(C), j(2) **WIF** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |
| 12 | 1 | Property Release form.<br><br>Contains a description of items belonging to an third party. | (b)(2) (b)(5), j(2) **WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning Plaintiff's prosecution. Thus the document is not segregable. |
| 13 | 1 | Handwritten notations made by an attorney. Notes contain comments about a Writ, talk about a third party individual as well as mention some items needed for trial. | (b)(5), j(2) WIF | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 14 | 2 | Commendation letter to the detectives involved in plaintiff's case investigation. First page describes the accomplishments and the second contains a photograph of the individuals. | (b)(7)(C), j(2) WIF | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |
| 15 | 45 | Document titled "Affidavit in Support of an Arrest Warrant"<br><br>Document contains a recollection of events described by various investigating law enforcement personnel. The descriptions contain particulars such as locations, witness names, their impressions, as well as personal observations. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 16 | 4 | Subpoenas served on various third parties in order to gather records, testimony, and other information for investigative purposes. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 17 | 6 | Document titled "Certificate for Emergency Payment of Witness Fees"<br><br>Standard Court form allowing witnesses to obtain payment for their contribution to the case. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh. |
| 18 | 9 | Document titled "Complainant/ Witness Statement".<br><br>It contains descriptions of events as observed by various witnesses, their impressions, names and contact information. These notes were taken down by several different investigating officers. Only names of individuals and their identifying information has been redacted from this document. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh. |
| 19 | 7 | Document titled "Grand Jury Transcript Order Form"<br><br>This looks to be a standard office copy of an order form. The only item redacted was a name of a third party that appears in one place on the page. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh.. |
| 20 | 3 | Standard police form titled | (b)(7)(C), | Exemption (b)(7)(C) is asserted to protect the names and other identifying |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | "Homicide Section Case Intake and Arrest Warrant Review Form"<br><br>Only names of detectives as well as individuals interviewed have been redacted from the pages. | j(2)<br>**RIP** | information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 21 | 1 | Homicide Department's Fax Cover Sheet.<br><br>Standard fax cover with a redacted name to whom it was sent. | (b)(7)(C),<br>j(2)<br>**RIP** | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh. |
| 22 | 7 | Communication letters between an AUSA involved in Plaintiff's case and another attorney. Only names of third parties have been redacted. | (b)(7)(C),<br>j(2)<br>**RIP** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 23 | 1 | Xerox copy of a handwritten letter. The identities of the person writing as well as the addressee are the only redacted portions of the page | (b)(7)(C), j(2) **RIP** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |
| 24 | 49 | Document labelled "Department of the Army, Institute of Pathology"<br><br>Chemical analysis page of an individuals blood contents. Names of the forensic examiners as well as the subject are the only redactions. | (b)(7)(C), j(2) **RIP** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |