UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------X
:
VYRON WHEELER,                                                 :
:
:
:
    Plaintiff,                                                 :
:   Civil Action No. 1:05-1133-CKK
        v.                                                     :
:
EXECUTIVE OFFICE OF UNITED STATES                              :
ATTORNEYS,                                                     :
:
:
    Defendant.                                                 :
---------------------------------------------------------------X

**PLAINTIFF'S SURREPLY IN OPPOSITION
TO DEFENDANT'S NOVEMBER 22, 2006 MOTION FOR
SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF PLAINTIFF'S
PENDING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Vyron Wheeler hereby responds to the supplemental memorandum filed by Defendant Executive Office of United States Attorneys (the "government") on April 9, 2007 in support of its pending motion for summary judgment. Through both word and deed, the government has conceded that it did not fulfill its obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, when it failed to conduct a reasonable and timely search for documents in response to Mr. Wheeler's FOIA requests in April 2004. Two and a half years later, the government finally processed an initial search for documents, but only *after* the Court in its September 18, 2006 opinion directed the government to justify its position that it was not obligated to search for the documents requested by Mr. Wheeler. More recently, after Mr. Wheeler demonstrated through a review of the government's affidavits that the search was inadequate, the government admitted that those affidavits were false and submitted a new affidavit. Relying on its new affidavit, the government now says that it conducted a second

1

search and that search was adequate. But, even now, after two years of litigation, the government still has not searched records pertaining to Mr. Wheeler's co-defendant. This is a logical place where responsive additional records may be found.

As described further herein, the government's inappropriate refusal to conduct *any* search before this litigation was filed, followed by its inadequate searches *after* this litigation was filed, establishes that the government is not entitled to summary judgment. Rather, because the government's searches for documents responsive to Mr. Wheeler's FOIA request were inadequate, the Court should grant Mr. Wheeler's motion for summary judgment, deny the government's cross-motion for summary judgment, and direct the government to conduct a proper search.

Even if the government's latest search was adequate, the Court should still grant Mr. Wheeler's motion for summary judgment because the government's initial refusal to conduct a search due to the potential presence of privacy materials, and its subsequent policy of not processing documents that may contain such information, rather than redacting them, is a clear contravention of the FOIA. In the alternative, if the Court concludes that the case is moot, the Court should deny the government's motion for summary judgment on that basis.

In all events, Mr. Wheeler is also entitled to attorneys' fees and costs under the FOIA, and the Court should grant Mr. Wheeler leave to supplement his previously filed request for payment of costs.

## Procedural History

The FOIA requests at issue in this case and the procedural history are set forth in detail in the Court's September 18, 2006 opinion. *See* Mem. Op., Civil Action No. 05-1133-CKK (Sept. 18, 2006). In summary, Mr. Wheeler submitted various FOIA requests to the government in

2004 seeking records relating to his criminal prosecution. *See id*. at 2-7 (Sept. 18, 2006). In particular, on April 24, 2004 and again on July 21, 2004, Mr. Wheeler requested "full disclosure and release of all records and/or data contained in files of your agency, and specifically under my name/and or identifier assigned to my name." *Id.* at 2-3. He also specifically requested "[t]he information, records with dollar amounts of all witnesses including expert witnesses, friends, relatives, and standby witnesses who were paid with Government vouchers in case No. F1386-96." *Id.* On November 15, 2004, Mr. Wheeler once again requested information regarding payments to witnesses in order "to ascertain whether public money was properly expended in MY criminal case F1386-96 United States vs. Vyron Wheeler." *Id.* at 5.

On December 21, 2004, the government denied Mr. Wheeler's requests. The government advised Mr. Wheeler that it would not process his FOIA requests – in other words, it would not even search for the requested records – because "[r]ecords pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest. . . ." Mem. Op. at 6 (quoting Compl., Ex. 9 at 1 (Dec. 2004 EOUSA Denial)). The government further indicated that absent a release, death certificate, or public justification, it would be precluded from releasing the records requested by Mr. Wheeler – even in redacted form – because of the Privacy Act, 5 U.S.C. § 552(a). *Id.* Finally, the government advised Mr. Wheeler that "[w]e have not performed a search for records and you must not assume that records concerning a third party exist." *Id*. In short, although the FOIA requires an agency to segregate protected information from other non-exempt information whenever possible, *see* 5 U.S.C. § 552(b), the government simply refused to conduct the search altogether.

3

Mr. Wheeler initiated this litigation on June 7, 2005, and asserted that the government improperly denied his FOIA requests. In the government's first motion for summary judgment, filed on November 28, 2005, the government persisted in its contention that it had properly refused to process Mr. Wheeler's FOIA request because Mr. Wheeler sought records pertaining to a third party. *See* Def.'s First Mem. In Supp. of Summ. J. at 1 (Nov. 28, 2005). The Court, in denying the government's motion, ordered that the government explain "why segregating identifying third-party information in the witness vouchers from the non-identifying information would insufficiently protect the third-party interests implicated under Exemptions 6 and 7(c) of FOIA." Mem. Op. at 23.

Rather than explain its initial position, the government essentially abandoned it by professing to have conducted a search for documents and releasing 65 pages of materials to Mr. Wheeler. *See* Def.'s Second Mem. In Supp. of Summ. J. at 7 (Nov. 22, 2006). The government, through its affiant, David Luczynski, represented that it had searched the Public Access to Court Electronic Records ("PACER") and the Legal Information Office Network System ("LIONS"). *Id.* at 6. Mr. Luczynski further declared that "[t]here are no other records systems or locations within the District of Columbia in which other files pertaining to Plaintiff's criminal case, [sic] were maintained." Decl. of David Luczynski ¶ 7 (Nov. 22, 2006). In short, the government contended it was entitled to summary judgment because it had conducted an adequate search for documents in PACER and LIONS.

As Mr. Wheeler noted in his response to the government's filing, the government's averment regarding the records systems that could be searched was inconsistent with a previous declaration that stated the government also would search the Federal Records Center and the local United States Attorney's office. *See* Pl.'s Mem. in Opp. to Def. Mot. for Summ. J. at 7-8

4

(Jan. 26, 2007). Based on this inconsistency, Mr. Wheeler urged the Court to order the government to conduct a more complete search, *id.* at 5, and deny the government's motion for summary judgment, *id.* at 9.

In response, the government conceded that the previous affidavit submitted by David Luczynski contained information that was "submitted in error." Def.'s Rep. to Pl.'s Op. at 4 (Mar. 21, 2007). It represented that "upon consideration of certain points presented in Plaintiff's opposition, Defendant, on its own, conducted a second search." *Id.* at 2. The second search yielded additional responsive documents and, on May 2, 2007, the government produced approximately 400 pages of documents to Mr. Wheeler's counsel, including eight witness payment vouchers.[1] In addition, the government withdrew its arguments related to the adequacy of its first search. *Id.*

The government now claims that it has met its obligations under the FOIA through its belated second search. Def.'s Supplemental Mem. in Supp. of Mot. for Summ. J. at 1-2 (April 9, 2007). According to the government, the FOIA contact, Susan Bowman, conducted a search of a computerized records tracking system ("RCIS") in order to obtain information about all records that are linked to Mr. Wheeler's case in April 2006 and again in March 2007.[2] *Id.* at 3; *see also* Decl. of Susan Bowman ("Bowman Decl.") ¶¶ 8, 11 (Mar. 23, 2007). Based on the information gleaned from the RCIS search each time, Ms. Bowman requested the Closed Files Section in the USAO to order the "Wheeler case file" from the Federal Records Center in Suitland, Maryland.

---

[1] The government still has failed to produce vouchers for individuals who testified or otherwise appeared during Mr. Wheeler's trial. Upon examination of the vouchers that have been transmitted, it appears that these vouchers are only for pretrial and grand jury proceedings.

[2] Ms. Bowman notes that she conducted the exact same search each time. Bowman Declaration ¶¶ 8, 10 (Mar. 23, 2007). During the first search, Ms. Bowman only forwarded "responsive documents that did not note personal information, i.e. names, to the EOUSA." *Id.* at 13. During the second search, she "copied *all* of the responsive documents in the boxes and forwarded them to EOUSA for further processing." *Id.* at 12.

*Id.* at 4. Nevertheless, nowhere in the declaration does Ms. Bowman indicate that she ordered the closed files of related cases, including Mr. Wheeler's co-defendant.

### Argument

**I. THE COURT SHOULD DENY THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE AFFIDAVITS SUBMITTED IN SUPPORT OF THE MOTION ARE UNRELIABLE**

The Court should not rely on the affidavits submitted by the government in support of its motion for summary judgment because the proffered affidavits are inconsistent and several are not based on personal knowledge. Fed. R. Civ. P. 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Despite these requirements, the government has submitted several affidavits from David Luczynski, who in those affidavits swore, under penalty of perjury, that the government conducted a search of PACER and the LIONS system. Decl. of David Luczynski ¶ 6 (Nov. 22, 2006). Mr. Luczynski also swore that "[t]here are no other records systems or locations within the District of Columbia in which other files pertaining to Plaintiff's criminal case, [sic] were maintained." *Id.* at 7. According to the declaration of Ms. Bowman, Bowman Decl. ¶ 5, the individual who evidently conducted the searches, and as the government concedes, Mr. Luczynski's sworn declarations were inaccurate.

Rather than requiring Mr. Luczynski to recant and explain the basis for his erroneous testimony, the government glosses over this material misstatement in its filings and simply states that this information was submitted "in error." *Id.* On their own, Mr. Wheeler and the Court are now left to figure out why the government submitted a false affidavit. In addition, the Court must reconcile the inconsistent testimonies in order to determine what search the government actually conducted. With this confusion remaining and absent additional fact-finding or

6

admissions by the original affiant, and in light of the gaps outlined in the next section, the government has not established an adequate record on which the Court could conclude that the government conducted an adequate search for documents. Accordingly, the government's motion for summary judgment should be denied.

> II. **THE COURT SHOULD DENY THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE GOVERNMENT HAS NOT ESTABLISHED THAT IT CONDUCTED AN ADEQUATE SEARCH FOR RECORDS IN THE RCIS SYSTEM**

Even if taken as true, Ms. Bowman's declaration is inadequate to establish a sufficient search here. Although Ms. Bowman states that she performed a search on RCIS for all cases related to Mr. Wheeler in April 2006 and March 2007, Ms. Bowman's declaration does not divulge what information she obtained from the RCIS system prior to requesting documents from the Federal Records Center. In addition, Ms. Bowman's declaration does not explain how related cases are tracked and processed in the RCIS system. Finally, Ms. Bowman's declaration does not explain what instructions she provided to the Closed Files Section in the USAO relating to closed files of related cases, and, as discussed in the next section, the action she took illustrates a deliberate failure to comply with the FOIA.

An agency may prevail on its motion for summary judgment based solely on its declarations only if the declarations are "reasonably detailed" and "nonconclusory." *See Baker & Hostetler LLP v. U.S. Dep't. of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006) (citing *Steinberg v. Dep't. of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)).

Ms. Bowman's declaration leaves many questions unanswered.[3] In particular, it is not clear whether Ms. Bowman requested the full case file for Mr. Wheeler's co-defendant, which

---

[3]   Ms. Bowman merely declares that she "went into RCIS and searched by his name 'Vyron Wheeler' and case number F-1386-96," and that "[a]s a result of this search, [she] requested the Closed Files Section in the

likely contains many documents that are directly responsive to Mr. Wheeler's FOIA requests, such as the missing vouchers, *supra* n.1.  In addition, without knowledge of the RCIS search results, Mr. Wheeler and the Court have no way of ascertaining whether Ms. Bowman's request would likely turn up Mr. Wheeler's entire case file.  Without this significant information, the government has not established that it conducted an adequate search for records in the RCIS system.  The Court should therefore deny the government's motion for summary judgment.

### III.    THE COURT SHOULD GRANT MR. WHEELER'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE GOVERNMENT'S POLICY IS IN CLEAR CONTRAVENTION OF THE FOIA

Even if the Court determines that the government has now met its obligations under the FOIA, the Court should deny the government's motion because the government's on-going policy of refusing to search for or produce records that may contain privacy information, rather than segregating such information, violates the FOIA.  As the D.C. Circuit concluded in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988), if an agency's refusal to supply information in response to a FOIA request "evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials, a party's challenge to the policy or practice cannot be mooted by the release of the specific documents that prompted the suit."

The circumstances of *Payne* are particularly instructive here.  In *Payne*, the plaintiff filed a FOIA request for bid abstracts with base officers at Air Force Logistics Command bases.  *Id.* at 487.  The base officers, invoking FOIA Exemptions 4 and 5, immediately denied the plaintiff's request.  *Id.*  Subsequently, the plaintiff appealed the denials to the Secretary of the Air Force,

---

USAO for the District of Columbia to order the closed case file from the Federal Records Center in Suitland, Maryland."  Bowman Decl. ¶ 8 (Mar. 23, 2007).

8

who ordered disclosure of the requested documents. *Id.* Nevertheless, the base officers refused to release the requested documents. *Id.*

After the denial, the plaintiff filed suit in federal district court in order to challenge the Air Force's "practice of unjustified delay and seeking declaratory and injunctive relief to compel the defendants to compel the base officers to release [the requested documents]." *Id.* The district court initially ruled against the plaintiff and concluded that the plaintiff had received the requested relief during the appeal before the Secretary of the Air Force. *Id.* at 488. After the plaintiff filed a notice of appeal with the D.C. Circuit, the base officers finally began to grant the plaintiff's FOIA requests. *Id.* In addition, the base officers promised that they would continue to release the documents in the future. *Id.*

The D.C. Circuit reversed the district court, concluded that the base officers' voluntary cessation of their impermissible practice did not moot the plaintiff's claim, and held that the base officers' practice of "unreasonably delaying the release of [the requested documents] 'has a direct and immediate' impact on the [plaintiff]." *See id.* at 494 (quoting *Better Gov't Ass'n v. Department of State*, 780 F.2d 86, 93 (D.C. Cir. 1986)). The D.C. Circuit emphasized that "'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot. A controversy may remain to be settled in such circumstances, *e.g.*, a dispute over the legality of the challenged practices. The defendant is free to return to his old ways.'" *Payne Enterprises*, 837 F.2d at 491 (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629 (1953)).

As in *Payne*, in the present case, the government, through repeated recalcitrance, has demonstrated that it will not comply with the FOIA absent judicial intervention. In its December 2004 denial letter, the government admitted that it had not searched for the requested documents

9

because Mr. Wheeler "failed to submit releases from the third parties who are the subject of his FOIA request." Mem. Op. at 5-6. Ms. Bowman's recent declaration confirmed that, upon her initial search in April 2006, she did not forward for processing any documents that contained the names of third parties. *See* Bowman Decl. ¶ 13. The government, which has continued to delay resolution of the case until the eleventh hour, did not even process the documents it collected until confronted with a preliminary order from the Court questioning the government's practices. And it did not collect and process responsive documents containing privacy material until after plaintiff challenged the government's summary judgment affidavit that has now been proven false. It is apparent that the government will not change its policies until it is directed to do so by the Court.

The government's refusal to process FOIA requests on privacy grounds constitutes a "policy" even if it is not a routinely followed written regulation. "The fact that the practice at issue is informal, rather than articulated in regulations or an official statement of policy, is irrelevant to determining whether a challenge to that policy or practice is moot." *Payne Enterprises*, 837 F.2d at 491. Even if the government's second search was reasonable, therefore, the question of the lawfulness of the government's policy remains and should be resolved by granting Mr. Wheeler's motion for summary judgment.

> **IV.    MR. WHEELER IS ENTITLED TO AN AWARD OF HIS ATTORNEYS' FEES AND COSTS BECAUSE HE HAS SUBSTANTIALLY PREVAILED IN THE CAPTIONED MATTER**

In all events, the Court should grant Mr. Wheeler leave to supplement his previously filed request for payment of costs. The FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Mr.

Wheeler has established, and more important, the government has admitted, that the conduct that gave rise to this litigation was improper. Through this litigation alone, the government has been forced to conduct an actual search – which prior to litigation it had refused to do – and to produce hundreds of pages of materials that never would have been produced had Mr. Wheeler not brought this litigation. Mr. Wheeler has by any measure "substantially prevailed" and is entitled to recover his reasonable attorneys' fees and costs. Moreover, the government's submission of false affidavits and summary judgment briefing based on those affidavits makes it particularly appropriate that attorneys' fees and costs be awarded here.

## Conclusion

For the foregoing reasons, the Court should grant Mr. Wheeler's motion for summary judgment, deny the government's cross-motion, and direct the government to conduct a proper search. In the alternative, if the Court concludes that Mr. Wheeler's claim is moot, the Court should deny the government's motion for summary judgment on that basis. In any event, the Court should grant Mr. Wheeler attorney's fees and costs, in an amount to be established upon Mr. Wheeler's substantiation of those fees and costs through a further submission.

May 25, 2007                                                Respectfully submitted,

                                                                      /s/ Matthew D. Slater
Matthew D. Slater (D.C. Bar No. 386986)
Steven J. Kaiser (D.C. Bar No. 454251)
Antonio J. Reynolds (D.C. Bar No. 500851)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 974-1500

Attorneys for Plaintiff Vyron Wheeler

CERTIFICATE OF SERVICE

I, Erika J. Davis, managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On May 25, 2007, a copy of the foregoing Surreply in Opposition to Defendant's November 22, 2006 Motion for Summary Judgment and in Further Support of Plaintiff's Pending Motion for Summary Judgment and accompanying attachments have been served by electronic transmission through the Court's CM/ECF System on the following party:

> Beverly Maria Russell
> U.S. ATTORNEY'S OFFICE FOR D.C.
> Civil Division
> 555 4th Street, NW
> 4th Floor
> Washington, DC 20530
> beverly.russell@usdoj.gov

Dated: May 25, 2007                     /s/ Erika J. Davis
                                            Erika J. Davis