UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VYRON WHEELER, | ) |
|       Plaintiff | ) |
|   v. | ) Civil Action No. 05-1133(CKK) |
| EXECUTIVE OFFICE FOR U.S. ATTORNEYS, | ) |
|       Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SURREPLY IN OPPOSITION
TO DEFENDANT'S NOVEMBER 22, 2006 MOTION FOR SUMMARY JUDGMENT**

In his Surreply, Plaintiff asserts that the search for records in response to his Freedom of Information Act ("FOIA") request was inadequate, that Defendant Executive Office for United States Attorneys ("EOUSA") has engaged in a pattern and practice of refusing to process FOIA requests on privacy grounds, and that he is entitled to fees and costs because he has "substantially prevailed" in this suit.  R. 64, Plaintiff's Surreply in Opposition to Defendant's November 22, 2006 Motion for Summary Judgment and in Further Support of Plaintiff's Pending Motion for Summary Judgment (Pl.'s Surreply"), p. 2. Defendant believes that Plaintiff's assertions are devoid of merit, and thus, are insufficient bases upon which to defeat Defendant's Motion for Summary Judgment.

**ARGUMENT**

I.  **Defendant's Interpretation of Plaintiff's Request Was Reasonable, and Thus, Its Search Was Adequate.**

In Plaintiff's initial FOIA request, Plaintiff sought "release of all records and / or data contained in the files of [the United States Attorney's Office], *and specifically under [Plaintiff's] name and /or an identifier assigned to [Plaintiff's] name*." See Pl.'s Compl. Ex. 1, Freedom of Information Act and Privacy Act Request, April 24, 2004 (emphasis added). Plaintiff made a similar request on July 21, 2004, providing as examples of specific requests, records related to his criminal case. Pl.'s Compl., Freedom of Information Act and Privacy Act Request, July 21, 2004 (emphasis added). On or around November 15, 2005, plaintiff submitted another FOIA request which he characterized as a "specified request" for witness payment records in his criminal trial, United States v. Vyron Wheeler, Case No. F1386-96.

In his Complaint before this Court, Plaintiff characterized his FOIA request as one for records "pertaining to his criminal case F1386-96." Pl.'s Compl. at 2. He alleged "[n]oncompliance and failure to allow plaintiff access to records *contained in his criminal case F1386-96 Vyron Wheeler v. United States of America*. . ." Pl.'s Compl. at 7 (emphasis added).

2

Consistent with Plaintiff's FOIA request, the Superior Court Division of the United State's Attorney's Office for the District of Columbia searched its computerized system of records for cases related to "Vyron Wheeler."  See Defendant's Supplemental Memorandum in Support of Its Motion for Summary Judgment, Ex. 5, Declaration of Susan Bowman, ¶ 8 (March 23, 2007).

Notwithstanding the fact that Plaintiff characterized his claim before this Court as a refusal to allow access to records contained in his criminal case, Plaintiff now avers that the search was inadequate because the government has not searched records pertaining to Plaintiff's co-defendant.  Pl.'s Surreply, at 2.  However, given Plaintiff's own characterization of his request, i.e., for records contained in his criminal case, Defendant's search for cases related to "Vyron Wheeler" was eminently reasonable.  Although an agency certainly has a duty to construe a FOIA request liberally, see Washington Bureau v. U.S Customs Service, 71 F.3d 885, 890 (D.C. Cir. 1995), it does not have to be clairvoyant, and there is nothing in Plaintiff's requests and Complaint suggesting or recommending that Defendant's search should have encompassed files that were not "under Plaintiff's name" or in his criminal case.  See Campbell v. United States Dep't of Justice, 164 F.3d 20, 29 (D.C. Cir. 1998) (explaining that a requester must establish a "sufficient predicate" to justify searching for a particular type of record).

3

**II.  Plaintiff's "Pattern and Practice" Claim is Without Merit.**

Only in limited circumstances not applicable here does the FOIA provide for judicial review of claims that an agency has adopted a policy or practice of improperly responding to FOIA requests -- i.e., (i) where the agency has a written, generally applicable policy that has been challenged, see, e.g., Public Citizen v. Dept. of State, 276 F.3d 634, 641-42 (D.C. Cir. 2002) (challenge to "published [FOIA] guidance" ripe for review); Better Government Ass'n v. Department of State, 780 F.2d 86 (D.C. Cir. 1986) (challenge to published FOIA guidelines and regulation ripe for review) or (ii) when such claims are predicated on repeat, *specific* conduct, see, e.g., Payne Enters., Inc. v. United States, 837 F.2d 486 (D.C. Cir. 1988); Long v. IRS, 693 F.2d 907 (9th Cir. 1982).  Compare Regional Mgmt. Corp., Inc. v. Legal Services Corp., 186 F.3d 457, 464-66 (4th Cir. 1999) (challenge to alleged FOIA policy not ripe, where contours of alleged policy unclear).

In Payne, for example, the plaintiff was a repeat requester of one type of document – bid abstracts.  Payne, 837 F.2d at 488. Air Force FOIA officers repeatedly refused to release these abstracts upon request, although no FOIA exemption applied.  Id. at 487-88.  Upon administrative appeal to the Secretary of the Air Force, the Secretary "without exception ordered disclosure" of the abstracts.  Id. at 487.  "Nevertheless, [the FOIA] officers continued to refuse [plaintiff's] FOIA requests for bid

4

abstracts, thereby necessitating further – and invariably successful – administrative appeals." Id.  In the face of such *repeated* conduct respecting *specific documents* and a *repeat requester* of such documents, the court held that the challenged "policy" was sufficiently "crystallized. . ." Id. at 493.

Here, aside from the EOUSA's December 21, 2004 denial of Plaintiff's request for witness payment information due to privacy concerns (and the arguments made related to that one decision before this Court), there is simply nothing to suggest that the EOUSA has repeatedly refused, as a matter of practice, to process FOIA requests on privacy grounds as asserted by Plaintiff.  See Pl.'s Surreply, at 10.

"This case would be quite different if, for example, [EOUSA] announced a firm policy, applicable in all cases" of not processing FOIA requests on privacy grounds, or Plaintiff could demonstrate that he submitted multiple FOIA requests for a certain type of document to the EOUSA and such requests were improperly denied multiple times on privacy grounds.  Regional Mgmt., 186 F.3d at 465.  The EOUSA, of course, has done no such thing, and the events in this case are simply not comparable to those set forth in Payne.  In summary, Plaintiff's "pattern and practice" argument is without merit and should be rejected.

**III. Plaintiff Is Not Entitled to Attorney Fees.**

Section 552(a)(4)(E) of the FOIA, 5 U.S.C. § 552(a)(4)(E), provides that "[t]he court may assess against the United States

5

reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." Id.  The FOIA's fee provision involves a two step analysis, which requires a court to determine whether a plaintiff is "eligible" for an award of fees and costs and whether the plaintiff is "entitled" to such an award.  See, e.g. Edmonds v. FBI, 417 F.3d 1319, 1327 (D.C. Cir. 2005); Tax Analysts v. U.S. Department of Justice, 965 F.2d 1092, 1093 (D.C. Cir. 1992); Piper v. Department of Justice, 339 F. Supp.2d 13, 17 (D.D.C. 2004).  Even if a plaintiff is found both eligible and entitled to an award of fees and costs, the grant of such an award is entirely discretionary with the court.  5 U.S.C. 552(a)(4)(E) (court *may* assess . . . reasonable fees); Tax Analysts, 965 F.2d at 1094.

The District of Columbia Circuit has made clear that "in order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." Oil, Chemical and Atomic Workers Int'l Union v. Department of Energy, 288 F.3d 452, 456-457 (D.C. Cir. 2002) [Oil, Chemical], citing, Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Services, 532 U.S. 598, 603 (2001).  Here, given that there has been neither a judgment on the merits nor a "court-ordered

6

consent decree," Plaintiff's request for attorney fees should be denied. At the very least, given the posture of this case, Plaintiff's request is premature.

                                          Respectfully Submitted,

                                          /s/ Jeffrey A. Taylor /dch
                                          _____
                                          JEFFREY A. TAYLOR, D.C. BAR #498610
                                          United States Attorney

                                          /s/ Rudolph Contreras
                                          _____
                                          RUDOLPH CONTRERAS, D.C. BAR #434122
                                          Assistant United States Attorney

                                          /s/ Beverly M. Russell
                                          _____
                                          BEVERLY M. RUSSELL, D.C. Bar #454257
                                          Assistant United States Attorney
                                          U.S. Attorney's Office for the
                                           District of Columbia, Civil Division
                                          555 4th Street, N.W., Rm. E-4915
                                          Washington, D.C.  20530
                                          Ph:  (202) 307-0492

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of ***Defendant's Response to Plaintiff's Surreply in Opposition to Defendant's November 22, 2006 Motion for Summary Judgment*** was made by the Court's Electronic Case Filing System to:

Matthew David Slater
Cleary, Gottleib, Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1812
mslater@cgsh.com

this 28th day of June, 2007.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney