UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------X
:
VYRON WHEELER, :
:
:
:
Plaintiff, :
: Civil Action No. 1:05-1133-CKK
v. :
:
EXECUTIVE OFFICE OF UNITED STATES :
ATTORNEYS, :
:
:
Defendant. :
------------------------------------------------------------X

**JOINT STATUS REPORT AND JOINT MOTION FOR DISPOSITION
ON REMAINING ISSUE IN THIS SUIT BASED ON
THE PARTIES' RESPECTIVE ARGUMENTS PRESENTED HEREIN**

Pursuant to the Court's January 17, 2008 Memorandum Opinion and subsequent minute orders, Plaintiff Vyron Wheeler and Defendant Executive Office of United States Attorneys ("EOUSA") respectfully file this joint status report and state as follows:

1. On January 17, 2008, the Court granted Mr. Wheeler's motion for summary judgment and granted in part and denied in part EOUSA's motion for summary judgment.

2. The Court ordered EOUSA to "produce any remaining documents as a result of the search described in this Memorandum Opinion no later than February 5, 2008." Mem. Op. at 17. The Court further directed the parties to file a joint status report no later than February 8, 2008, "concerning Defendant's compliance with this additional search and any disputes arising from information deemed exempt from disclosure." Id.

3. On February 5, EOUSA produced to Mr. Wheeler's counsel 235 pages in full and 88 pages with redactions. In addition, EOUSA indicated that it was withholding 1832 pages in full

and noted that "[t]he redacted/withheld documents were reviewed to determine if any information could be segregated for release." EOUSA clarified that among the 1832 pages withheld in full, 417 pages were withheld because the government concluded that no meaningful information would remain after redacting exempt information, and 1415 pages were withheld because they were located in records found that pertained to Mr. Wheeler's co-defendant's case but did not relate to Mr. Wheeler. Because the EOUSA believes that the documents are not responsive to the FOIA request, it has not asserted any applicable exemptions to the latter 1415 pages and is not waiving any right to do so.

4. Following this production and statement of position from EOUSA, counsel for the parties have conferred with respect to three issues: (1) the segregability of non-exempt information in 353 of the 417 pages that have been withheld in full based solely on privacy grounds;[1] (2) whether the EOUSA is obligated to produce the 1415 pages that have been withheld in full based on the assertion that they are related to Mr. Wheeler's co-defendant only; and (3) attorney's fees and costs. As discussed in paragraphs 5 and 7 below, the parties have agreed on the disposition of the first and third issues. Only the second issue remains in dispute, and the parties respectfully request that the Court resolve the issue on the basis of the statements of position in paragraph 6 below.

5. Regarding the 353 pages withheld in full based on privacy grounds, at the request of Plaintiff's counsel, EOUSA's counsel has personally reviewed the documents, has confirmed that the documents do not contain any witness vouchers, and has indicated that she agrees with the FOIA office's withholding determination with the possible exception of approximately 20-50 pages. Subject to confirmation with EOUSA's FOIA office, the parties agree that EOUSA will

---

[1] The EOUSA explained that the basis for withholding in full the remaining 64 of the 417 pages included grounds other than or in addition to privacy, and there is no dispute between the parties as to any of those pages.

produce those pages if determined to contain segregable information, in redacted form, on or about April 25, 2008, which will constitute final resolution of this issue.

      6.   The parties' positions with respect to documents located in Plaintiff's co-defendant's files are as follows:

      <u>Government's Position On Disputed Issue</u>:   "The FOIA requires a requester to reasonably describe the records sought."  <u>Wewee v. I.R.S.</u>, Docket No. CIV 99-475 TUC JMR (GEE), 2000 WL 34539871, *2000-6868 (D.Ariz. Oct. 13, 2001), citing 5 U.S.C. § 552(a)(3).  In this same regard, the District of Columbia Circuit has held that "an agency must read a FOIA request as it is drafted – *not as the requester might wish it was drafted*."  <u>Mogenhan v. Dept. of Homeland Security</u>, Civil Action No. 06-2045(EGS), 2007 WL 2007502, *3 (D.D.C. July 10, 2007), citing, <u>Miller v. Casey</u>, 730 F.2d 773, 777 (D.C. Cir. 1984)(emphasis added).  In this suit, Plaintiff sought records pertaining to his criminal case *F1386-96*.  Pl.'s Compl., p. 2 and 7.  On November 15, 2005, Plaintiff made a more "Specified FOIA Request" to the EOUSA requesting only information, records with dollar amounts of all witnesses, standby witnesses, including expert witnesses, friends, and relatives who were paid with Government payment vouchers *in Plaintiff's case F-1386-96*.  <u>Id.</u> at 4 (emphasis added).

      In his April 24, 2004 Freedom of Information Act request, Plaintiff requested records from the files of the United States Attorney *specifically* under his name and/or an identifier assigned to his name.  Examples of specific requests included (1) any scientific information maintained by the United States Attorney's Office as to physical evidence recovered from the crime scene in *Case No. F1386-96*, (2) any deals, agreements, inducements or promises made to any persons, witnesses or stand-by witnesses relating to *Case No. F1386-96*, (3) any statements made by any person, witness or stand-by witness relating to *Case No. F1386-96*, (4) any investigation and/or investigatory reports obtained by the United States Attorney's Office

relating to *Case No. F1386-96*, and (5) final and closing investigation reports as to *Case No. F1386-96*.  Although the Court ordered the Executive Office of United States Attorneys to search the files of Plaintiff's co-defendant for responsive records, which has been completed, based on the scope of Plaintiff's request, the EOUSA believes that it reasonably concluded that production of responsive documents related to *Plaintiff's criminal case no. F1386-96* and *files under his name or an identifier assigned to his name*.  Thus, EOUSA believes that files related to Plaintiff's co-defendant, whose criminal cases are identified by F3311-96 and F3783-96, are outside of the scope of Plaintiff's original request, including the 1,415 pages not produced.  See, e.g. Hayden v. Dept. of Justice, No. 03-5078, 2003 WL 22305071 (Oct. 6, 2003)(The District of Columbia Circuit held that, based on appellant's FOIA request, the Drug Enforcement Agency reasonably limited the scope of its search to appellant's criminal case although appellant urged that agency should have searched the files of another individual mentioned during appellant's criminal trial.); Landmark Legal Foundation v. E.P.A., 272 F.Supp.2d 59, 63-64 (D.D.C. 2003); Mogenhan, 2007 WL 2007502, *3 (Court held that agency acted properly by limiting scope of responsive records to "four corners of request" which sought only investigative files pertaining to plaintiff; request did not encompass plaintiff's employment file.); Russell v. Barr, No. 92-2546, 1998 U.S. Dist. LEXIS 14515, at *6-7 (D.D.C. Aug. 28, 1998)(ruling that agency was not required to search for records under requester's wife's maiden name when requester provided only her married name): Williams v. Ashcroft, 30 Fed. Appx. 5 (D.C. Cir. 2002)(In case in which appellant sought a list of telephone calls under his personal identification number, the Bureau of Prisons, the responding agency, was not required to search or provide tape records of appellant's calls because the tape records were not part of the original request.).  In summary, the Court ordered EOUSA to search files associated with Plaintiff's co-defendant and produce *responsive* records.  R. 66, Order.  EOUSA respectfully submits that the Order did not compel or

require EOUSA to produce records which are not responsive to the four corners of Plaintiff's FOIA request.

      Mr. Wheeler's Position On Disputed Issue: The government's position is untenable. The Court's January 17, 2008 Memorandum Opinion requires the production of the disputed material. In the Court's January 17 opinion, the Court ordered the government to comply with Mr. Wheeler's requests, which the Court held pertained to his *case*, and not, as the government would have it, just documents associated with his name. See Jan. 2008 Mem. Op. at 16 (requiring search for records in the co-defendant's file; "Plaintiff has requested documents pertaining to his case (not just those associated with his name)"). Indeed, noting that the government has an obligation to construe FOIA requests liberally, the Court directed the government to conduct the search for records in "accordance with this Court's Order and accompanying Memorandum Opinion," allowing only for the possibility of withholding on the basis that "information [is] deemed exempt from disclosure." Id. at 15, 17. No such specific FOIA exemption has been claimed or shown.

      The cases that the government cites do not support the government's decision not to produce the 1415 pages of documents located in the files of Mr. Wheeler's co-defendant. Those cases consider the scope of the subject FOIA request, which is not necessary here because the Court has already construed Mr. Wheeler's requests and concluded that they relate to his case and not just his name. Id. at 16. Because the Court has already defined the scope of Mr. Wheeler's request, there is no basis for the government's continuing unwillingness to produce the 1415 pages of documents located in the files of Mr. Wheeler's co-defendant. As such, Mr. Wheeler respectfully requests that the Court order the government to produce those pages in full.

7. The parties have agreed to settle Mr. Wheeler's claims for attorney's fees and costs in the amount of $60,000 and respectfully request that, in connection with the Court's disposition of the one remaining disputed issue (encompassed within the fee amount), the Court recognize the Parties' agreement to payment by the defendant of that amount.

April 16, 2008

        Respectfully submitted,

        /s/ Jeffrey A. Taylor, with permission/AJR
        JEFFREY A. TAYLOR, D.C. BAR #498610
        United States Attorney

        /s/ Rudolph Contreras, with permission/AJR
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney

        /s/ Beverly M. Russell, with permission/AJR
        BEVERLY M. RUSSELL, D.C. Bar #454257
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        555 4th Street, N.W., Rm. E-4915
        Washington, D.C. 20530
        Ph:  (202) 307-0492

        Attorneys for Defendant EOUSA

        /s/ Matthew D. Slater /AJR
        Matthew D. Slater (D.C. Bar No. 386986)
        Steven J. Kaiser (D.C. Bar No. 454251)
        Antonio J. Reynolds (D.C. Bar No. 500851)
        Cleary Gottlieb Steen & Hamilton LLP
        2000 Pennsylvania Avenue, N.W.
        Washington, D.C. 20006
        (202) 974-1500

        Attorneys for Plaintiff Vyron Wheeler

**CERTIFICATE OF SERVICE**

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On April 16, 2008, a copy of the foregoing Joint Status Report And Joint Motion For Disposition On Remaining Issue In This Suit Based On The Parties' Respective Arguments Presented Herein has been served by electronic transmission through the Court's CM/ECF System on the following party:

> Beverly Maria Russell
> U.S. ATTORNEY'S OFFICE FOR D.C.
> Civil Division
> 555 4th Street, NW
> 4th Floor
> Washington, DC 20530
> beverly.russell@usdoj.gov

Dated: April 16, 2008                            /s/ Emily C. Capehart
                                                 Emily C. Capehart