UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VYRON WHEELER,

    Plaintiff,

v.

EXECUTIVE OFFICE OF U.S. ATTORNEYS,

    Defendant.

Civil Action No. 05–1133 (CKK)

**MEMORANDUM OPINION**
(April 28, 2008)

Currently pending in this Freedom of Information Act ("FOIA") case is the Parties' [74] Joint Motion for Disposition. The Court previously resolved the Parties' Cross-Motions for Summary Judgment on January 17, 2008. *See Wheeler v. Exec. Office of United States Attys.*, Civ. A. No. 05-1133, 2008 U.S. Dist. LEXIS 3445 (D.D.C. Jan. 17, 2008). The Court ordered Defendant Executive Office of U.S. Attorneys ("EOUSA") to search for additional responsive documents and ordered the Parties to file a Joint Status Report concerning any remaining issues that required resolution prior to entry of a final judgment. *Id.* at *27. The Parties' submitted the instant Motion on April 16, 2007, indicating that they had resolved all remaining issues in the case except for one,[1] which the Parties now ask the Court to resolve.[2]

---

[1] The Motion was submitted as a consolidated Joint Status Report.

[2] For purposes of this Memorandum Opinion, the Court shall assume familiarity with, and incorporate herein, its January 17, 2008 Memorandum Opinion which describes in detail the background of this case. As such, the Court only briefly addresses those facts necessary to resolve the Parties' instant Motion.

Plaintiff Vyron Wheeler submitted two FOIA requests to the EOUSA in 2004. The first request sought the "full disclosure and release of all records and/or data contained in the files of [the] agency, and specifically under [Mr. Wheeler's] name and/or an identifier assigned to [Mr. Wheeler's] name," in addition to several related but more specific categories of documents. *Id.* at *2. The second request sought "witness payment vouchers" in order "to ascertain whether public money was properly expended in MY criminal case F1386-96 United States [v.] Wheeler." *Id.* *4. This request also referenced "[t]he information, records with dollar amounts of all witnesses, including expert witnesses, friends, relatives of and standby witnesses who were paid with Government payment vouchers in case No. F1386-96 United States [v.] Vyron Wheeler." *Id.* *4-*5. After the EOUSA undertook several deficient searches for documents, *see id.* at *10-*18, the Court's January 17, 2008 Order required Defendant to search for additional documents responsive to Mr. Wheeler's FOIA requests "in the files of the co-defendant in Plaintiff's criminal case." *Id.* at *22. The Parties' Joint Motion indicates that the EOUSA has conducted this search and has withheld 1,415 pages of records that "did not relate to Mr. Wheeler" and "are related to Mr. Wheeler's co-defendant only." Joint Mot. at 2.

The only remaining dispute in this case concerns whether the EOUSA must release these 1,415 pages of records to Mr. Wheeler. The EOUSA argues that Mr. Wheeler's FOIA requests sought records related to *his* name, case, or other identifiers, and not records related to his co-defendant. *Id.* at 3. Accordingly, the EOUSA argues that it should not be required to release these records to Mr. Wheeler. *Id.* at 4. In contrast, Mr. Wheeler argues that "the Court ordered the government to comply with Mr. Wheeler's requests, which the Court held pertained to his case, and not, as the government would have it, just documents associated with his name." Joint

Mot. at 5 (citing the Court's January 17, 2008 Memorandum Opinion). Plaintiff surmises that "[b]ecause the Court has already defined the scope of Mr. Wheeler's request, there is no basis for the government's continuing unwillingness to produce the [1,415] pages of documents located in the files of Mr. Wheeler's co-defendant." *Id.*

The Court finds that the EOUSA has properly withheld these records because Mr. Wheeler's FOIA requests, which sought information related to him and his case, cannot be read to include a request for records related only to Mr. Wheeler's co-defendant. The Court's January 17, 2008 Order did not expand the scope of Mr. Wheeler's FOIA requests, but rather required the EOUSA to search for otherwise responsive records in additional areas (i.e., in the files associated with Mr. Wheeler's co-defendant). *See Wheeler*, 2008 U.S. Dist. LEXIS 3445 *25 (concluding that Defendant "failed to . . . search for responsive records in the files of Plaintiff's co-defendant," not that the records in the files of Plaintiff's co-defendant were necessarily responsive records). The D.C. Circuit has held that an agency need only "'conduct a search reasonably calculated to uncover all relevant documents'" and need not "look beyond the four corners of the request . . ." (quoting *Truitt v. Department of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). Because the EOUSA properly concluded that records related only to Mr. Wheeler's co-defendant were not responsive to his FOIA requests, the Court finds that the EOUSA properly withheld the 1,415 pages of records at issue.[3]

---

[3] The Court notes that the Parties' Joint Motion for Disposition indicates that they have reached a settlement agreement regarding Mr. Wheeler's claims for attorney's fees and costs in the amount of $60,000. *See* Joint Mot. at 6.

## CONCLUSION

Based on the reasoning set forth above, the Court shall grant the Parties' [74] Joint Motion for Disposition and shall issue an appropriate Order consistent with this Memorandum Opinion. This case shall be dismissed in its entirety.

Date: April 28, 2008

                                                /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge